UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DENNIS COOK,

        Plaintiff,

    v.                                        C-1-02-073

CITY OF NORWOOD, et al.,

        Defendants.

## ORDER

This matter is before the Court upon plaintiff's motion for inclusion of no just cause for delay language in the Court's Order dated February 25, 2004 (doc. 71). The Order granted in part and denied in part defendants' motions for summary judgment (doc. 68). In support of his motion, plaintiff states that he wishes to appeal that decision and the appeal is not interposed for purposes of delay. Subsequent to filing the motion, plaintiff filed a Notice of Appeal from the Order (doc. 72).

    Fed. R. Civ. P. 54(b) provides, in pertinent part, as follows:

> When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of the parties.

Whether to direct entry of a final judgment under Fed. R. Civ. P. 54(b) is within the district court's discretion. ***Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc.,*** 807 F.2d 1279, 1282 (6th Cir. 1986). That discretion is not, however, unbridled. ***Id.*** Rule 54(b) is not to be used routinely or as a courtesy to counsel. ***Id.*** It should be invoked only "in the infrequent harsh case" where its use would facilitate the administration of justice. ***Id.*** The Court must consider judicial administrative interests as well as the equities involved with an eye toward preserving the federal policy against piecemeal appeals. ***Id.*** (citing ***Curtiss-Wright Corp. v. G.E. Co.,*** 446 U.S. 1, 8 (1980)).

Application of Rule 54(b) is not warranted in this case. Plaintiff has not alleged any circumstances which suggest that it would be inequitable to require final disposition of all of plaintiff's claims before plaintiff may pursue an appeal. Furthermore, the interest of judicial economy would best be served by allowing plaintiff to pursue an appeal only after final judgment has been entered on all claims against all defendants. Therefore, the Court exercises its discretion to decline to direct entry of a final judgment under Rule 54(b). Plaintiff's motion to include language finding no just cause for delay is **DENIED.**

    **IT IS SO ORDERED.**

S/ Herman J. Weber
HERMAN J. WEBER
SENIOR JUDGE, UNITED STATES DISTRICT COURT

J:\HJWA\02-73R54.wpd