# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **DENNIS COOK** | : | **CASE NO. 1:02cv00073** |
| | : | |
| **Plaintiff** | : | **(Weber, J.)** |
| | : | |
| **-v-** | : | |
| | : | |
| **CITY OF NORWOOD, et al.** | : | |
| | : | |
| **Defendants** | : | |

## DEFENDANT CITY OF NORWOOD'S MOTION
## FOR ORDER IN LIMINE TO EXCLUDE EVIDENCE

Comes now the defendant, The City of Norwood, and hereby respectfully moves this

Court to exclude all evidence not relevant to the issue of disability discrimination.  This Motion

is made pursuant to Rules 402 and 403 of the Federal Rules of Evidence and is supported by the

attached Memorandum.

_____**s/Lawrence E. Barbiere**_____

Lawrence E. Barbiere
Ohio Bar Number: 0027106
Michael E. Maundrell
Ohio Bar Number: 0027110
Attorney for Defendant, City of Norwood
**SCHROEDER, MAUNDRELL, BARBIERE & POWERS**
11935 Mason Road, Suite 110
Cincinnati, OH  45249
(513) 583-4200
(513) 583-4203 (fax)
Email:  lbarbiere@schroederlaw.com

# M E M O R A N D U M

The Complaint of Plaintiff Dennis J. Cook originally contained claims for age discrimination pursuant to the ADEA and R.C. § 4112.14, sexual harassment pursuant to Title VII, violations of 42 U.S.C. §§ 1983, 1985, and 1986, disability discrimination under the ADA and R.C. §4112.02, negligent hiring, and intentional infliction of emotional distress.  On summary judgment, the Court dismissed with prejudice Plaintiff's claims for discrimination based on age, race, color, religion and sex, sexual harassment, violations of 42 U.S.C. §§ 1983, 1985, and 1986, and punitive damages against the Defendant City of Norwood.  The Court dismissed without prejudice Plaintiff's state law claims for age discrimination, intentional infliction of emotional distress, and negligent hiring.  All that remains for trial before this Court are Plaintiff's claims for disability discrimination under federal and state law.  (Order, p. 25.)

> Rule 403 of the Federal Rules of Evidence provides:
>
> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Plaintiff has listed numerous witnesses both in interrogatory responses and in disclosures who will offer testimony regarding issues regarding age, race, color, sex and religion which are no longer relevant to this case.  Even if the evidence pertaining to Plaintiff's age, race, color, sex, and religion was found to be relevant, the unfair prejudice, confusion of the issues, undue delay, and waste of time caused by the admission of such evidence would far outweigh its probative value on the remaining  issue of disability discrimination.

In Plaintiff's Rule 26 Submission and his subsequent responses to discovery requests of Defendants, Plaintiff identified numerous potential witnesses and summarized the expected

testimony of these potential witnesses.  (Plaintiff's Rule 26 Submission; Plaintiff's Third

Amended Answers to Defendant Joseph J. Hochbein's First Set of Interrogatories).   Many of the

individuals identified by Plaintiff are expected to testify regarding claims of Plaintiff other than

those remaining for trial.  In order to avoid unfair prejudice and confusion of issues that would

occur if these potential witnesses were allowed to testify as expected by Plaintiff, the testimony

of these potential witnesses should be limited to Plaintiff's remaining claims or excluded in its

entirety.

Plaintiff expects Dennis Jones to testify, at least in part, as follows: "He suffered under

conditions created by Defendants, including Hochbein, Hubbard, Cross and Norwood that made

jobs of older men more difficult than younger men and the harassment of older men.  Witness to

the toleration of the conditions at Public Works by Mayor Hochbein."   Jones' testimony

pertaining to Plaintiff Cook's dismissed age discrimination claims should be excluded.

Plaintiff also expects Jones to testify that he "[h]eard repeated racial remarks by Hubbard

and name calling by the Defendants about older men including the Plaintiff." Any testimony

pertaining to racial remarks by Defendant Hubbard should be excluded as unfairly prejudicial in

light of the fact that they did not apply to plaintiff or the group of which he is a member and

Plaintiff's claim of racial discrimination has been dismissed.

Finally, Plaintiff expects Jones to testify to "Hubbard reading Cook's medical records on

the jobsite."  Any testimony pertaining to Hubbard reading Cook's medical records on the jobsite

at Drex Avenue should be excluded since this incident occurred in 1996.   Cook himself testified

in deposition that he was made aware of the conduct at or near the time that it occurred in 1996.

(Cook Dep. 167.)  Pursuant to the Court's Order of February 25, 2004, Plaintiff may pursue his

claim only with respect to incidents occurring within the 180-day period before he filed his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Order, p. 19.)  Plaintiff's Amended Charge number 645 in which he made his allegation of disability discrimination was not filed until June 16, 1998; therefore, any testimony regarding this incident of which Plaintiff learned two years earlier should be excluded.

Plaintiff expects Ray Erwin to testify to the treatment of older workers.  The testimony of Erwin pertaining to matters other than Plaintiff's disability discrimination claims should be excluded.

Plaintiff also expects Erwin to testify to "Hubbard's repeated racial remarks at Norwood Public Works jobsites and statements to the Plaintiff with cuss words referring to the Plaintiff." Based upon the Court's dismissal with prejudice of the Plaintiff's claim for racial discrimination, unfair prejudice would result from testimony regarding racial epithets used by Defendant Hubbard; therefore, the Court should exclude any such testimony.

Plaintiff Dennis Cook's testimony should be limited to evidence pertaining to his remaining claims for disability discrimination.  Specifically excluded should be any testimony pertaining to his dismissed claims for discrimination based on age, race, color, religion and sex, sexual harassment, violations of 42 U.S.C. §§ 1983, 1985, and 1986, punitive damages against the City of Norwood and his state law claims for age discrimination, intentional infliction of emotional distress, and negligent hiring.

Plaintiff expects Leo Osterday to testify regarding "instructions received from them concerning the treatment of Cook and other older employees of Norwood Public Works." Osterday's testimony should be limited to evidence pertaining to Plaintiff Cook's claim for disability discrimination.

Plaintiff expects Joe Lacinak to testify to the "treatment of older men." Lacinak's testimony should be limited to evidence pertaining to Plaintiff Cook's claims for disability discrimination. Any testimony concerning Defendants' treatment of older employees should be excluded.

Plaintiff expects Roger Perkins to testify to "Defendants attempting to get rid of older men by forcing them from their jobs, vulgar language and treatment of older men by the Defendants and the discrimination against them." All of Jones' testimony other than that pertaining to Plaintiff Cook's disability discrimination claims should be excluded.

Plaintiff also expects Perkins to testify regarding "Hubbard reading the Plaintiff's medical records to him on the job site." Any testimony pertaining to Hubbard reading Cook's medical records on the jobsite should be excluded for the reason provided above with respect to the expected testimony of Dennis Jones.

The testimony of the following individuals identified by Plaintiff as potential witnesses should be excluded in their entirety as the testimony expected by Plaintiff pertains solely to Plaintiff's dismissed claims for age discrimination: Michael Fraley, Randy Harris, Donna Laake, Terry Sexton, Gene Gibson, Mike McKeehan, and Thomas Knowel.

The testimony of Jeffrey B. Cook, Dennis J. Cook, Eden C. Cook, Micah E. Cook, Christian V. Cook, Destiny J. Cook, and Stephanie Black identified by Plaintiff as potential witnesses should be excluded in their entirety as Plaintiff expects each of these witnesses to testify "to the changes in the Plaintiff as the result of the harassment of the Plaintiff by the Defendants and the effect on her and the other members of the immediate family. She will testify to the lack of mony in the household, what the family did without as a result of her Father losing his job because of the harassment.".

Any testimony concerning racist, sexist or religious slurs made by Defendant Gary Hubbard should be excluded as unfairly prejudicial in light of the dismissal of Plaintiff's race, sex and religious discrimination claims.

Any testimony referring to drinking on company time should be excluded as unfairly prejudicial.

All testimony from cases filed by other employees and former employees of the City of Norwood, which pertains to any claims other than disability discrimination, should be excluded, including, but not limited to: Perkins v. City of Norwood, S.D. Ohio,W.D., C-1-99-384; Jones v. City of Norwood, S.D. Ohio, W.D., C-1-99-669; Osterday v. City of Norwood, S.D. Ohio, W.D., 1:03CV222; and Erwin v. City of Norwood, Court of Common Pleas, Hamilton County, A0201957, which cases address allegations of age discrimination.

With respect to document exclusion, in Williams v. The Nashville Network, 132 F.3d 1123, 1128 (6th Cir. 1998), the Sixth Circuit determined that the district court did not abuse its discretion by granting defendant's motion in limine to exclude the probable cause determination of the EEOC.  Further the district court noted that an EEOC letter of violation is "presumptively inadmissible 'because it 'suggests that preliminarily there is reason to believe that a violation has taken place' and therefore results in unfair prejudice to the defendant.'" (Citations omitted.)  For this reason, the EEOC's Determination letter regarding Plaintiff's Charges numbered 645 and 717 should be excluded.

Further, all documents and testimony pertaining to EEOC Charges filed by employees or former employees of the City of Norwood, other than Amended Charge No. 221980646 and Charge No. 221980717 on which Plaintiff is proceeding, should be excluded.  Specifically, any

reference to Charge No. 221980646 dismissed by Plaintiff and Charge No. 221980718, dismissed by Plaintiff should be excluded.

Similarly, all documents and testimony pertaining to Grievance Reports and Unfair Labor Practice Charges filed by Plaintiff or other employees or former employees of the City of Norwood that do not pertain to Plaintiff's claim for disability discrimination should be excluded. Specifically, any reference to Grievance Report No. 12322 dated December 2, 1997 concerning B1 labor posting; Grievance Report No. 12323 dated December 18, 1997 concerning driving salt truck; Grievance Report No. 12324 dated December 15, 1997 concerning changing pay period from weekly to bi-weekly; Grievance Report No. 12325 dated December 17, 1997 concerning denying Cook's attendance at SERB seminar; Grievance Report No. 12326 dated December 17, 1997 concerning "labor-management" meeting; Grievance Report No. 12328 dated January 2, 1998; Grievance Report No. 12330 dated January 13, 1998; Grievance Report No. 12334 dated March 11, 1998 regarding disciplinary hearing of Ray Erwin; Grievance Report No. 12335 dated March 16, 1998; Unfair Labor Practice Charge 97-ULP-12-0734 filed December 24, 1997; Unfair Labor Practice Charge 97-ULP-12-0735 filed December 24, 1997 accusing Union of collaboration with City.

       **s/Lawrence E. Barbiere**
Lawrence E. Barbiere
Ohio Bar Number: 0027106
Michael E. Maundrell
Ohio Bar Number: 0027110
Attorney for Defendant, City of Norwood
**SCHROEDER, MAUNDRELL, BARBIERE & POWERS**
11935 Mason Road, Suite 110
Cincinnati, OH  45249
(513) 583-4200
(513) 583-4203 (fax)
Email:  lbarbiere@schroederlaw.com

-7-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **May 5, 2004,** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following: Robert G. Kelly, Esq., ***Attorney for Plaintiff***, W. McGregor Dixon, Jr., Esq., ***Attorney for Joseph J. Hochbein***, James F. Brockman, Esq., ***Attorney for Kevin Cross***, and to Steven Martin, Esq., ***Attorney for Defendant, Gary Hubbard.***

**s/ Lawrence E. Barbiere**

Lawrence E. Barbiere
Ohio Bar Number: 0027106