UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **DENNIS COOK** | : | CASE NO. 1:02cv00073 |
| | : | |
| Plaintiff | : | (Weber, J.) |
| | : | |
| -v- | : | |
| | : | |
| **CITY OF NORWOOD, et al.** | : | |
| | : | |
| Defendants | : | |

**DEFENDANT CITY OF NORWOOD'S MOTION FOR ORDER IN LIMINE TO FIND PLAINTIFF DENNIS J. COOK INCOMPETENT TO TESTIFY AT TRIAL**

Defendant City of Norwood moves the Court pursuant to the Federal Rules of Evidence Rules 403, 601, 602, and 603 to find Plaintiff Dennis J. Cook incompetent to testify as a witness in the trial of the above captioned matter. This Motion is supported by the attached Memorandum.

                s/Lawrence E. Barbiere
Lawrence E. Barbiere
Ohio Bar Number: 0027106
Michael E. Maundrell
Ohio Bar Number: 0027110
Attorney for Defendant, City of Norwood
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
11935 Mason Road, Suite 110
Cincinnati, OH  45249
(513) 583-4200
(513) 583-4203 (fax)
Email:  lbarbiere@schroederlaw.com

## **M E M O R A N D U M**

Rule 601 of the Federal Rules of Evidence provides:

> Every person is competent to be a witness except as otherwise provided in these rules. However, in civil actions and proceedings, with respect to an element of a claim or defense, as to which State law supplies the rule of decision, the competency of a witness shall be determined in accordance with State law.

Rule 602 provides:

> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of rule 703, relating to opinion testimony by expert witnesses.

Rule 603 provides:

> Before testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness' conscience and impress the witness' mind with the duty to do so.

In this case, Plaintiff falls within the exceptions of Rules 602 and 603 to the general rule of competence of Rule 601. The testimony of Plaintiff in deposition reveals that both his mental condition and the medicines that he takes to address this condition have affected, and continue to affect, his memory to such an extent that he can neither be considered to have personal knowledge of the matters to which he will testify nor can he comply with the oath to testify truthfully.

Plaintiff testified that he and his doctors have noted that his thoughts, at least since 1998, are out of the ordinary and fragmented:

> Q. I want to ask you a series of questions about your opinion about your medical condition as we sit here today. I'm not asking for a medical opinion, an expert's opinion, I'm asking for your opinion. Do you understand?

> A. Yes, sir.
> Q. Do you agree that in the last several years you've had difficulty in concentrating?
> A. Please define several years.
> Q. Since at least 1998.
> A. Since about '98, yeah. '98 and '99.
> Q. Do you also agree that for the last several years you have been forgetful?
> A. Yes, sir.
> Q. Do you also agree that you lose your train of thought?
> A. Yes, sir.
> Q. Now with reference to those three items just for a moment, the concentration, forgetful and loses train of thought, do you recall any doctors indicating to you that it was their opinion that you lost concentration, were forgetful and lost your train of thought?
> A. Yes, sir.
> Q. Which doctor or doctors have told you that?
> A. Dr. Parsons.
>
> ***
>
> Q. Do you believe–I'll break it down for you, okay? Do you believe you have thoughts which are out of the ordinary?
> A. Yes, sir.
> Q. Would you agree that those thoughts, those out of the ordinary thoughts, you've had for several years?
> A. Since '98/'99, yes, sir.
> ***
> Q. Yes. Have your thoughts been broken up or distracted over the last couple years?
> A. Yes, sir.
> ***
> Q. Has any other doctor indicated to you that your thoughts are out of the ordinary or subject to distraction, other than Dr. Parsons?
> A. Yes, sir.
> Q. And who or which doctor or doctors have so indicated to you"
> A. Dr. Helm.
> Q. Any other doctor?
> A. Dr. Stone. There was another doctor. I can't recall his name.
> Q. Do you remember what type of doctor he was?
> A. It was a psychiatrist that evaluated me for PERS.
> Q. Dr. Beatty?
> A. Yes, sir.

(Cook Deposition, pp. 28-32.)

Plaintiff testified to his ongoing loss of memory and his pretense of memory to compensate for that loss:

> Q. Going back to your opinion again, do you agree with me that you have suffered a significant memory loss?
> A. Yes, sir.
> Q. And could you give me some idea of the kinds of things that cause you to be aware of the fact that you've suffered a significant memory loss?
> A. People come up to me and talk to me as if we're old friends, and I don't remember them.
> \*\*\*
> Q. Are there any events or circumstances which you are better able to remember as opposed to others that you cannot remember?
> **A. Sometimes I remember them and sometimes I don't, and sometimes I act like I do.**
> **Q. And you don't?**
> **A. And I don't.**
> Q. Are there events and circumstances of which you are aware of as having no memory of?
> A. My wife tells me about stuff that has occurred that I have no recollection of.
> \*\*\*
> Q. So you have problems, both long-term and short-term memory loss.
> A. Yes, sir.
> Q. When she attempt–strike that. Does she attempt to refresh your recollection when it is apparent that you do not remember the event or circumstances?
> A. Sometimes she does.
> Q. When she attempts to refresh your recollection, does it, in fact, refresh your recollection?
> A. Sometimes.

(Emphasis added.) (Cook Dep. pp. 42- 44.)

Plaintiff's counsel acknowledged Plaintiff's inability to testify for himself:

> MR. KELLY: I know we have, but the only thing I'm trying to do is make sure it's clarified because he's on a lot of medicine, Mr. Maundrell.

(Cook Dep. 127.) Plaintiff testified to taking numerous medications on a daily basis, which affect his memory. (Cook Dep. 7-14.)

Plaintiff also testified that his thoughts have been confused, disoriented, and delusional since at least as far back as May of 1999:

> Q. Have you ever had experiences where you thought something was happening but in reality it wasn't?
> A. Yes, sir. In 1999 that occurred.
> Q. 1999 was the first time you had any experiences of delusional thought?
> A. Yes, sir.
> Q. Have you, as of today for example, still have delusional thoughts?
> A. I don't know.

(Cook Deposition, p. 35.) Plaintiff testified further with respect to his delusions:

> Q. I want to ask you about another incident that I forgot to touch upon yesterday. Do you recall the situation in which your wife left a bullet on the table?
> A. I remember a bullet being on the table, and that's when I had a severe nervous breakdown. My wife did not leave the bullet on the table. That was in my imagination that my wife had left the bullet on the table.

(Cook Dep. pp. 203-204.)

Plaintiff is incompetent to testify due to the defects in his memory and his professed tendency to compensate for these defects by pretending to remember certain things or to accept as fact the memory of another. Even if Plaintiff is not found incompetent to testify as failing to meet the requirements of Rules 602 and 603, his testimony should be excluded pursuant to Rule 403, which provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

During his deposition, Plaintiff frequently failed to respond to Defendant's counsel's questions. Instead, Plaintiff pursued his own agenda. In the process, Plaintiff worked himself into such distress that he needed to take breaks to collect himself. (Cook Dep. 208.) There remains from Plaintiff's original Complaint only his claims of disability discrimination. Plaintiff's testimony at his deposition reveals that it will be impossible for Plaintiff to limit his testimony to counsel's questions or to the evidence relevant to these remaining claims. His

testimony would, therefore, unfairly prejudice the Defendant and confuse the issues before the jury, as well as cause undue delay and a waste of time.

Plaintiff's distress, as well as his tendency to rant about matters nonresponsive to counsel's questions, are clearly illustrated in the videotape of his deposition.   Based upon his viewing of the videotaped deposition, J. Nick Marzella, Ph.D. determined that Plaintiff "continues to experience a Bipolar Affective Disorder type II...."  He further noted "Mr. Cook's cyclical alternations of major depressive symptoms characterized by poor concentration, ..., coupled with periods of mania characterized by paranoia, expansiveness, flight of ideas, and distractability, ...." **(Report of Dr. Marzella, file herein).**  Dr. Merritt Oleski, who examined Plaintiff for the Bureau of Workers Compensation on October 24, 2000, testified in deposition that it was hard to keep Plaintiff focused for more than a few seconds. (Oleski Dep. 22.)

Plaintiff's admitted inability to remember events and his pretense to memories suggested to him by others would prevent him from complying with the requirements of the Federal Rules of Evidence that he have personal knowledge of events and that he understand his obligation to testify truthfully.  The unfair prejudice caused by his inability to concentrate or to limit his responses to evidence relevant to his remaining claims would outweigh the probative value of these responses.  For these reasons, Plaintiff should be found incompetent to testify as a witness in the above captioned matter.  In the alternative, Defendant requests the Court provide an instruction to Plaintiff and his counsel that Plaintiff limit his testimony to evidence responsive to counsel's questions and relevant to his remaining claims of disability discrimination.

                                                **s/Lawrence E. Barbiere**
                                     Lawrence E. Barbiere
                                     Ohio Bar Number: 0027106
                                     Michael E. Maundrell
                                     Ohio Bar Number: 0027110
                                     Attorney for Defendant, City of Norwood
                                     SCHROEDER, MAUNDRELL, BARBIERE & POWERS
                                     11935 Mason Road, Suite 110
                                     Cincinnati, OH  45249
                                     (513) 583-4200
                                     (513) 583-4203 (fax)
                                     Email:  lbarbiere@schroederlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on **May 5, 2004,** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following:  Robert G. Kelly, Esq., *Attorney for Plaintiff*,  W. McGregor Dixon, Jr., Esq., *Attorney for Joseph J. Hochbein*, James F. Brockman, Esq., *Attorney for Kevin Cross*, and to Steven Martin, Esq., *Attorney for Defendant, Gary Hubbard.*

                                                **s/ Lawrence E. Barbiere**
                                    Lawrence E. Barbiere
                                    Ohio Bar Number: 0027106