UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DENNIS COOK | : | CASE NO. C-1-02-073 |
| | : | (Judge Weber/Magistrate Judge Hogan) |
| Plaintiff | : | |
| -vs.- | : | |
| | : | |
| CITY OF NORWOOD, et al. | : | MEMORANDUM IN OPPOSITION TO |
| | : | DEFENDANT NORWOOD'S MOTION |
| | : | FOR ORDER IN LIMINE TO EXCLUDE |
| | : | EVIDENCE (Witnesses) |

Now comes the Plaintiff, by and through undersigned counsel, and for his response to Defendant Norwood's motion for order in limine to exclude evidence and states as follows:

The Defendant Norwood has artfully and carefully attempted to denude this case of every piece of evidence that in any manner points to the nefarious deeds committed at the expense of the Plaintiff. In analyzing the motion presented by Norwood, the following facts are not in dispute: the remaining issues before the Court for determination are the Plaintiff's disability claims under federal and state law.

The factual issues before the Court are the Plaintiff's need to present a prima facie case concerning the issue of disability under both federal and state law which the Plaintiff relishes. The issues of religious intolerance by the Defendant Hubbard and the toleration of same by Hochbein, Cross and Norwood are all relevant to the issue of disability discrimination. The Plaintiff anticipates presenting evidence from more than one witness that the Defendant Hubbard "was going to drive [the Plaintiff] Cook nuts." Hubbard's use of different devices to drive the Plaintiff nuts included mocking the Plaintiff's religion through the use of comments such as: "If Jesus Christ was here right now I would bend him over and fuck him in the ass." The use of the foregoing transcends the normal cuss

words one would encounter in a blue collar working place. The language was designed to provoke the Plaintiff into a physical response in the presence of Hochbein to attempt to terminate the Plaintiff. Hubbard did not receive the desired result but the offensive language used by the Defendant Hubbard continues to ring in the ears of the Plaintiff to this day. Certainly the Plaintiff should be able to present evidence to the jury to detail the hostile environment to which he was subjected and to permit the jury to make the determination if the comments of Hubbard were intended to discriminate against the Plaintiff.

The Plaintiff has no objection to limiting the testimony of Dennis Jones to the disability claims and in particular "the toleration of the conditions at Public Works by Mayor Hochbein" and the reading of the medical records by Hubbard. Certainly in the face of the Court's ruling concerning the age discrimination claim, the Plaintiff does not intend to introduce testimony concerning age discrimination in the trial of the case. The testimony of Jones will simply address what he saw at Norwood Public Works and the treatment of the Plaintiff Cook.

To exclude the testimony of Jones concerning the racial remarks made by Hubbard is not prejudicial to Norwood. The racial remarks made by the Defendant Hubbard were calculated to "drive the Plaintiff fucking nuts" according to testimony to be presented at a minimum by Ruth Cain, Joseph Lacinak, Leo Osterday and Melissa Andler. The comments made by Hubbard were directed at the Plaintiff since the Plaintiff's daughter was married to a black man. The testimony to be presented at trial will reflect that the Defendant Hubbard, upon seeing a white woman with a black man when the Plaintiff was present would state: "you know what she is going to be sucking on tonight." The remarks once again were made to harass the Plaintiff since the Defendant Hubbard was aware of the egg shell nature of the Plaintiff and attempted to push the Plaintiff over the edge.

Norwood is correct that Hubbard read the medical records to Jones in 1996, but the key issue is when Jones disclosed to the Plaintiff that the medical records were read to him. The testimony presented by Jones will demonstrate that the disclosure did not occur until May 1998. It is up to the jury to make the final determination on the issue of when the disclosure took place. Further, what is even more bizarre is that Norwood seeks to limit the introduction into evidence of testimony of Jones based on deposition testimony of the Plaintiff, yet Defendant Norwood alleges that the Plaintiff is incompetent to testify. In other words, the Defendant Norwood seeks to prevent introduction into evidence the testimony of Jones based on a witness the Defendant Norwood seeks to prevent from testifying because he is allegedly incompetent.

The Plaintiff will not present testimony from Erwin concerning the age discrimination claims for the same reason set forth for Jones: THE COURT MADE A RULING AND THE PLAINTIFF WILL COMPLY WITH THE ORDER. The testimony to be elicited from Erwin will concern all allegations contained in the complaint which remain for trial.

The Plaintiff will not present testimony from the Plaintiff concerning any claim other than the Plaintiff's disability claims.

Osterday's testimony will address the Plaintiff's claim for disability and the treatment of other workers at Norwood Public Works with a disability. Evidence of Osterday's treatment of workers at Norwood Public Works upon instruction from Hubbard is relevant and testimony concerning the disabling of the street sweeper is relevant to place the Plaintiff in a more difficult position is relevant to the trial of the issue of the disability claims.

Lacinak's testimony will address the issue of the Plaintiff's remaining claims and Hubbard and Cross' comments which demonstrated they were out to get the Plaintiff and the disabled equipment.

Lacinak will testify to what he witnessed at Norwood Public Works and the treatment of Norwood Public Works employees with a disabiltiy.

Perkins' testimony will address the issue of the reading of the Plaintiff's medical records on the jobsite and the remaining disability claims pending.

The Plaintiff does not object to the exclusion of Michael Fraley, Randy Harris, Terry Sexton, Gene Gibson, Mike McKeehan or Thomas Knowel. The Plaintiff does not intend to call any of the foregoing witnesses at the trial of the case. The Plaintiff will call Donna Laake concerning the selective enforcement of the City of Norwood's drug policy and the failure of the Defendant Norwood to follow the drug policy as applied to the Plaintiff. The issue of Laake's testimony is definitely relevant concerning what the Defendant Norwood's drug and alcohol policy is, the failure of the Defendants to follow the policy and the expectation that she is the only individual who enforces the policy and understands the policy in the City of Norwood.

The Plaintiff does not anticipate calling Jeffrey B. Cook, Dennis J. Cook (son of Plaintiff), Eden C. Cook, Micah E. Cook, Christian V. Cook, Destiny . Cook or Stephanie Black and therefore does not oppose their exclusion for the purpose of the disability claims only.

Testimony concerning racist, sexist or religious slurs made by Defendant Hubbard are relevant to the Defendant Hubbard's attempt to terminate the Plaintiff. The Defendant Norwood's attempt to exclude the evidence is too little too late. When the Defendant Norwood had the opportunity to put a stop to the racist, sexist or religious remarks of the Defendant Hubbard, Norwood gave the Defendant Hubbard a green light and did nothing. Norwood now seeks the protection of an order from this Court to attempt to prevent a jury from having the opportunity to fully evaluate the evidence of the disability discrimination.

Any allegations contained in <u>Perkins vs. City of Norwood</u>, S.D. Ohio W.D., C-1-99-384, <u>Jones vs. Norwood</u>, S.D. Ohio, W.D., C-1-99-669; <u>Osterday vs. City of Norwood</u>, S.D. Ohio, W.D., 1:03CV222; and <u>Erwin vs. City of Norwood</u>, Court of Common Pleas, Hamilton County, Ohio, A-0201957 are all relevant as they address issues of retaliation against the Plaintiffs in those actions. Further, the Plaintiff will seek to introduce testimony concerning the issues of disability and the attempt by the Defendant Norwood to prevent one or more of the Plaintiffs from testifying in any other court proceedings involving the Defendant Norwood.

The Plaintiff has not listed the EEOC violation letter as an Exhibit in the trial of this matter.

The Plaintiff is unable to respond to the paragraph at the bottom of page 6 of the memorandum, as it is unclear what exactly the Defendant Norwood seeks to exclude. The exclusion of all documents and testimony pertaining to EEOC charges by any other employee excludes many of the documents upon which the Plaintiff relies. The documents were used in multiple cases and presented at trial in at least one proceeding. Further, the final paragraph of the Plaintiff's memorandum seeks to exclude additional documents which detail for the Defendant the conduct violative of the Plaintiff's rights and demonstrates a pattern and practice of discrimination against the Plaintiff. The Defendant seeks to prevent the Plaintiff from introducing evidence, largely of the Defendant's own making, and the time for the Defendant to think about the nature of the evidence was at the time of its creation by the Defendants. Documents and testimentary evidence are not prejudicial simply because they are truthful and tell a story which the Defendant Norwood seeks to conceal. The truth shall set you free and the Defendant Norwood should let the light shine in on its conduct and possess the confidence in a jury system which will weigh the evidence and come to a just conclusion. The Plaintiff relishes the opportunity to present the evidence and permit a jury to make

5

its decision, whether good or bad, and the Plaintiff intends to follow the law and abide the final decision in this matter. If a trial is to seek the truth, the Defendant Norwood is doing its best to conceal it from the jury under the guise of some notion of prejudice.

/s/Robert G. Kelly
Robert G. Kelly        0002167
Attorney for Plaintiff
4353 Montgomery Road
Norwood, Ohio 45212
1-513-531-3636
1-513-531-0135 fax
Email: rgkfskgreg@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following: James F. Brockman, Esq., Attorney for Defendant Kevin Cross, Lawrence E. Barbiere, Esq., Attorney for Defendant City of Norwood, Steven Martin, Esq., Attorney for Defendant Gary Hubbard and McGregor Dixon, Jr., Esq., SHIPMAN, DIXON & LIVINGSTON CO., L.P.A., Attorney for Defendant Joseph Hochbein.

/s/Robert G. Kelly
Robert G. Kelly            0002167
Attorney for Plaintiff