UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DENNIS COOK | : | CASE NO. C-1-02-073 |
| | : | (Judge Weber/Magistrate Judge Hogan) |
|     Plaintiff | : | |
| -vs.- | : | |
| | : | |
| CITY OF NORWOOD, et al. | : | MEMORANDUM IN OPPOSITION TO |
| | : | DEFENDANT NORWOOD'S MOTION |
| | : | FOR ORDER IN LIMINE TO FIND |
| | : | PLAINTIFF DENNIS J. COOK |
| | : | INCOMPETENT TO TESTIFY AT TRIAL |

Now comes the Plaintiff, by and through undersigned counsel, and for his response to Defendant Norwood's motion for order in limine to exclude evidence and states as follows:

The Defendant Norwood's request to prevent the Plaintiff from testifying is a disingenuous attempt to use the deposition testimony of the Plaintiff to argue it is entitled to summary judgment on the one hand, and then at the trial of the case, to state the Plaintiff is incompetent to testify based on the Plaintiff's deposition testimony. If the Defendant Norwood believed the Plaintiff was incompetent at the time of the deposition, the fact was not disclosed by the Defendant in its Motion for Summary Judgment. Taken in its most favorable light, the Defendant Norwood has essentially offered incompetent evidence to the Court in Norwood's Motion for Summary Judgment, which Norwood deems acceptable, but Norwood does not want a jury to hear the testimony of the Plaintiff at the trial of the matter based on the Plaintiff's alleged incompetence proven by Plaintiff's deposition testimony. If the Court is going to entertain the Defendant's motion to prevent the Plaintiff from testifying, the Defendant Norwood should step forward and state with particularity when the Plaintiff became incompetent and the Court should revisit the Plaintiff's request to toll the statute of limitations on Plaintiff's claims considered in the Motions for Summary Judgment.

The Defendant Norwood's motion alleges the Plaintiff's thoughts have been confused, disoriented and delusional since May 1999. Defendant Norwood alleges the Plaintiff's deposition testimony shows the Plaintiff was incompetent for the period May 1999 through the date of Plaintiff's deposition at a minimum. The Defendant Norwood relies on the expert opinion of Dr. Marzella, who viewed a videotape of the Plaintiff's deposition, but who has not examined the Plaintiff since July 1998. The evidence at trial will reveal Hubbard hired Marzella because Marzella was "the best fucking nut doctor" to examine the Plaintiff. Dr. Oleski's evaluation of the Plaintiff was not even related to the case before the Court. The Plaintiff does concede and corroborate that the Plaintiff was incompetent from May 1999 through and including at least the time of Dr. Oleski's examination in 2000 and the deposition of the Plaintiff in September 2002. The Plaintiff further concedes that the Plaintiff was incompetent through and including the time of his deposition as alleged by the Defendant Norwood for the sole purpose of this motion. The fact that the Plaintiff was incompetent through and including the time of his deposition does not prevent him from testifying since "as long as a witness appreciates his duty to tell the truth, and is minimally capable of observing, recalling, and communicating events, his testimony should come in for whatever it is worth. It is then up to the opposing party to dispute the witness' powers of apprehension, which well may be impaired by mental illness or other factors." No. 92-5509 (6th Cir.) U.S. v. Phibbs 999 F.2d 1053. The Court in Phibbs made it clear the Federal Rules of Evidence strongly disfavor barring witnesses on competency grounds due to mental incapacity.

In the event the Court rules the Plaintiff is not competent to testify, an instruction should be provided to the jury that the Defendant Norwood filed a motion with the Court to have the Plaintiff declared incompetent and the Plaintiff is thereby prevented from testifying at the trial of this matter.

The Defendant Norwood makes a number of allegations concerning the incompetency of the Plaintiff and included among them are the following:

a.  failing to respond to questions. The deposition reflects that the Plaintiff answered all questions asked of him.

b.  Plaintiff worked himself into distress that he needed to take breaks. The truth is the Plaintiff was advised by counsel for Norwood "And if you need a break, you yell." Cook Depo. Pp. 64-65. Now the Defendant Norwood is attempting to implicate the Plaintiff was in distress when the Plaintiff mistakenly took advantage of the professional kindness extended to him which Defendant Norwood now attempts to misconstrue as distress. If the Defendant Norwood did not want the Plaintiff to take a break it should have so advised the Plaintiff. To be accommodating to the Plaintiff and then to punish him for taking advantage of the kindness borders on the ridiculous to allege it is a sign of distress.

c.  Plaintiff's testimony at the deposition reveals it will be impossible for Plaintiff to limit his testimony to counsel's questions. Plaintiff can limit his answers to the questions presented at trial. The only issue is that the Defendant does not like the response because the Plaintiff does not agree with the Defendant Norwood's attempt to turn this case upside down to escape liability. Unfortunately for the Plaintiff, he is coming to the realization that turning cases upside down is exactly what lawyers do to attempt to deflect liability from their clients.

Finally, if the Court reviews the deposition transcript of the Plaintiff, it will reveal that Plaintiff's counsel <u>did not</u> acknowledge Plaintiff's inability to testify for himself. The twisted reading

and misstatement concerning the exchange attributed to Plaintiff's counsel should be read in the context it was provided. The exchange referenced in the Plaintiff's motion occurred as the result of counsel for the City of Norwood misstating a response from the Plaintiff. When corrected by counsel for Plaintiff, counsel for Norwood than entered a diatribe in the record for his own benefit and an attempt to engage Plaintiff's counsel in an extended discussion unrelated to the deposition of the Plaintiff. Plaintiff's counsel would not engage in the verbal jousting with Defendant Norwood's counsel and simply told him to proceed with the deposition. The alternative was to terminate the deposition and permit the Court to sift through the contrary assertions of counsel, which is essentially a waste of the Court's resources.

If the Plaintiff was incompetent since at least May 1999 through and including the time of Plaintiff's deposition in September 2002 and the Defendant Norwood acknowledges same, how can the statute of limitations affect the Plaintiff who in fact is acknowledged to be incompetent by the Defendant Norwood's own witnesses?

/s/Robert G. Kelly
Robert G. Kelly    0002167
Attorney for Plaintiff
4353 Montgomery Road
Norwood, Ohio 45212
1-513-531-3636
1-513-531-0135 fax
Email: rgkfskgreg@aol.com

CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following: James F. Brockman, Esq., Attorney for Defendant Kevin Cross, Lawrence E. Barbiere, Esq., Attorney for Defendant City of Norwood, Steven Martin, Esq., Attorney for Defendant Gary Hubbard and McGregor Dixon, Jr.,

Esq., SHIPMAN, DIXON & LIVINGSTON CO., L.P.A., Attorney for Defendant Joseph Hochbein.

/s/Robert G. Kelly
Robert G. Kelly                0002167
Attorney for Plaintiff
