UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **DENNIS COOK** | : | CASE NO. 1:02cv00073 |
| | : | |
| **Plaintiff** | : | (Weber, J.) |
| | : | |
| -v- | : | |
| | : | |
| **CITY OF NORWOOD, et al.** | : | |
| | : | |
| **Defendants** | : | |

**REPLY OF DEFENDANT CITY OF NORWOOD IN SUPPORT OF MOTION FOR ORDER IN LIMINE TO FIND PLAINTIFF INCOMPETENT TO TESTIFY AT TRIAL**

In his Memorandum in Opposition, Plaintiff does not challenge the assertions of the Defendant City of Norwood that Plaintiff is incompetent to testify at trial, (Memorandum in Opposition, p. 2), but, instead, argues that his incompetence should not prevent him from testifying at trial. Plaintiff cites U.S. v. Phibbs, 999 F.2d 1053 (6th Cir. 1993), for the Sixth Circuit's recognition that the "Federal Rules of Evidence strongly disfavor barring witnesses on competency grounds due to mental incapacity." (Memorandum in Opposition, p. 2.) However, Defendant does not seek to prevent Plaintiff from testifying due to his mental incapacity, but due to his inability to meet the requirements of the Federal Rules of Evidence for testifying at trial.

Plaintiff is unable to meet the requirements of Federal Rule of Evidence 602, which requires the witness have personal knowledge of the matters to which he testifies, and Federal Rule of Evidence 603, which requires the witness understand his duty to testify truthfully. As set forth in Defendant's Motion, Plaintiff admitted to his loss of memory, as well as to his pretense of memory to compensate for that loss. Plaintiff also admitted to accepting as his own memories, facts relayed to him by others.

Further, Plaintiff's deposition testimony reveals that Plaintiff's testimony should be excluded pursuant to Federal Rule of Evidence 403 as Plaintiff will be unable to limit himself to the issues remaining for trial thus unduly delaying the trial of this matter. Further, there exists the "danger of unfair prejudice, confusion of issues, or misleading the jury" that will be caused by Plaintiff's inability to so limit his responses. Plaintiff argues that he "can limit his answers to the questions presented at trial." (Memorandum in Opposition, p. 3.) In that case, Plaintiff will have no difficulty complying with an instruction to Plaintiff and his counsel, as requested by the City of Norwood in its Motion, that Plaintiff limit his testimony to evidence responsive to defense counsels' questions and relevant to Plaintiff's remaining claims of disability discrimination.

Plaintiff also appears to argue that the City of Norwood may not challenge Plaintiff's competency to testify at trial because the City of Norwood offered the Plaintiff's deposition testimony in support of Defendants' Motion for Summary Judgment. First, Plaintiff offers no legal support for this position. Second, the Court has made no finding regarding the competence of Plaintiff, which would have prevented Defendant from utilizing Plaintiff's deposition testimony for summary judgment purposes. Third, there did not exist at the time of summary judgment the "danger of unfair prejudice, confusion of issues, or misleading the jury." Fourth, Plaintiff fails to establish that the Court's decision on summary judgment was based upon Plaintiff's deposition testimony.

For the reasons stated in its Motion, Defendant City of Norwood requests that the Court find Plaintiff incompetent to testify at trial, or, in the alternative, that the Court provide an instruction to Plaintiff and his counsel that Plaintiff limit his testimony to evidence responsive to defense counsels' questions and relevant to his remaining claims of disability discrimination.

    s/Lawrence E. Barbiere
Lawrence E. Barbiere
Ohio Bar Number: 0027106
Michael E. Maundrell
Ohio Bar Number: 0027110
Attorney for Defendant, City of Norwood
**SCHROEDER, MAUNDRELL, BARBIERE & POWERS**
11935 Mason Road, Suite 110
Cincinnati, OH  45249
(513) 583-4200
(513) 583-4203 (fax)
Email:  lbarbiere@schroederlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on **June 7, 2004,** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following:  Robert G. Kelly, Esq., ***Attorney for Plaintiff***,  W. McGregor Dixon, Jr., Esq., ***Attorney for Joseph J. Hochbein***, James F. Brockman, Esq., ***Attorney for Kevin Cross***, and to Steven Martin, Esq., ***Attorney for Defendant, Gary Hubbard.***

    s/ Lawrence E. Barbiere
Lawrence E. Barbiere
Ohio Bar Number: 0027106