**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| DENNIS COOK, | : | CASE NO. C-1-02-073 |
| Plaintiff, | : | (Judge Weber) |
| vs. | : | (Magistrate Judge Hogan) |
| CITY OF NORWOOD, et al., | : | |
| Defendants. | : | |

_____

**DEFENDANT KEVIN CROSS' PROPOSED ADDITIONAL JURY INSTRUCTIONS
AND ADDITIONAL SPECIAL VERDICTS**

Now come Defendant, Kevin Cross, by and through counsel, and adopts the Proposed Jury Charges of Defendant, City of Norwood. Cross requests that the Court also include the attached additional instructions and additional Special Verdicts in its general charge to the jury in the above-entitled action. Defendant reserves the right to submit additional instructions and special verdicts.

/s/ James F. Brockman
James F. Brockman (#0009469)
LINDHORST & DREIDAME
312 Walnut Street, Suite 2300
Cincinnati, Ohio  45202
(513) 421-6630/(513) 421-0212 (Facsimile)
*Attorneys for Defendant, Kevin Cross*

410922v1

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert G. Kelly, Esq.
4353 Montgomery Road
Cincinnati, OH  45212
*Attorney for Plaintiff*

Steven Martin, Esq.
Ziegler & Schneider
541 Buttermilk Pike, Suite 500
P.O. Box 175710
Covington, KY  41017-5710
*Attorney for Defendant, Gary Hubbard*

Lawrence E. Barbiere, Esq.
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, Ohio  45249-3703
*Attorney for Defendants, City of Norwood
and Victor Schneider*

W. McGregor Dixon, Jr., Esq.
Shipman, Dixon & Livingston
215 West Water Street
P.O. Box 310
Troy, OH  45373
*Attorney for Defendant, Joseph Hochbein*

/s/ James F. Brockman

**DEFENDANT'S PROPOSED INSTRUCTION NO. 1**

Discrimination

"Discrimination" is, in general, a failure to treat all persons equally where no reasonable distinction can be found between those favored and those not favored.

To be free of discrimination does not require identical treatment. It only requires that a distinction rests on real and not pretend differences.

An employer has the discretion to make employment decisions as long as it does not discriminate. The law does not require employers to make perfect employment decisions. An organization has, in a sense, a right to be wrong in the handling of employees so long as the organization does not discriminate.

Thus, if you find that the actions taken by any defendant with respect to the plaintiff were not based on intentional discrimination due to disability, you must find for that defendant whether or not you believe the defendant's assessment of the needs for those actions to be correct.

Source:  Ackerman v. Shamrock Corp. (6th Cir. 1982), 670 F.2d 66
In re Lewis, 845 F.2d 624 (6th Cir. 1988)
Brune v. Basf Corp., 41 F. Supp. 2d 768 (S.D. Ohio 1999)

### DEFENDANT'S PROPOSED INSTRUCTION NO. 2
### ADA-Disparate Treatment – Statute of Limitations

A plaintiff has 300 days to bring a charge of disability discrimination under the ADA.  Dennis Cook filed a disability discrimination charge on June 16, 1998.  Therefore, to prevail, Dennis Cook must prove discrimination based on disability based upon actions that were taken on or after August 20, 1997.  Dennis Cook cannot prove discrimination under the ADA based upon events that occurred prior to August 20, 1997.

Source: This Court's order.

## **DEFENDANT'S PROPOSED INSTRUCTION NO. 3**
### Course and Scope

I charge you that, as a matter of law, Defendant Kevin Cross was acting in the course and scope of his employment at all times relevant to this case.

## **DEFENDANT'S PROPOSED INSTRUCTION NO. 4**

<u>Defendants' individual liability under Ohio Disability Discrimination Claim</u>

Defendants Kevin Cross, Gary Hubbard and Joseph Hochbein are each entitled to immunity in their individual capacity unless he acted with 1) malice or 2) in a wanton or reckless manner.

"Malice" is the willful and intentional design to do injury or the intention or desire to harm another, usually seriously, through conduct which is unlawful or unjustified.

"Wanton misconduct" is the failure to exercise any care whatsoever. Mere negligence is not converted into wanton misconduct unless the evidence establishes a disposition to perversity on the part of the wrongdoer. Such perversity must be under such conditions that the actor must be conscious that his conduct will, in all likelihood, result in an injury.

Source:    R.C. 2744.03(A)(6) and this Court's February 25, 2004 Order
*Cook v. City of Cincinnati*, 103 Ohio App.3d 80, 90, 658 N.E.2d 814, 820-821 (1st Dist. 1995).
Jackson v. Butler Cty. Bd. of Commrs. (1991), 76 Ohio App.3d 448, 602 N.E.2d 363.
Hawkins v. Ivy (1977), 50 Ohio St.2d 114, 4 O.O.3d 243, 363 N.E.2d 367
Fabrey, supra, at 356, 639 N.E.2d at 35, citing Roszman v. Sammett (1971), 26 Ohio St.2d 94, 96-97, 55 O.O.2d 165, 166-167, 269 N.E.2d 420, 422.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 5**
Time span of evidence for Ohio Disability Discrimination Claim

An claim for handicap or disability discrimination under Ohio law must be filed within two years of the discrimination. Dennis Cook filed this action on February 1, 2002. Therefore, to prevail on his Ohio handicap discrimination claim, Dennis Cook must prove discrimination based on events that occurred on or after February 1, 2000. Dennis Cook cannot prove an Ohio handicap or disability discrimination claim based on events that occurred before February 1, 2000.

Source:   R.C. §2744.04
          *Read v. City of Fairview Park* (8th Dist. 2001), 146 Ohio App.3d 15, 19, 764 N.E.2d 1079, 1082

## **SPECIAL VERDICTS**

We, the Jury, unanimously determine our Special Verdicts as follows:

1. Did Kevin Cross act with 1) malice or 2) in a wanton or reckless manner toward Dennis Cook, as defined in the instructions?

    Yes _____          No _____

2. Does evidence exist that the defendants discriminated against Dennis Cook due to a disability on or after December 17, 1997?

    YES _____          NO _____

3. Does evidence exist that any of the defendants discriminated against Dennis Cook due to a disability on or after February 1, 2000?

    YES _____          NO _____

4. If you answered YES to Interrogatory # 3, which defendant or defendants discriminated against Dennis Cook due to a disability on or after February 1, 2000?

    Norwood_____   Hochbein_____   Hubbard_____   Cross_____