UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DENNIS COOK | : | CASE NO. C-1-02-073 |
| Plaintiff, | : | Judge Weber |
| v. | : | |
| CITY OF NORWOOD, et al. | : | **DEFENDANT HOCHBEIN'S** |
| | : | **TRIAL MEMORANDUM** |
| Defendants. | : | |

This memorandum is limited to the legal issue of the statute of limitations for an alleged violation of the state handicap law under O.R.C. Chapter 4112 as filed by the plaintiff in this case. It is defendant's position that the statute of limitations is two years pursuant to O.R.C. §2744.04 and since plaintiff's last day of work was in May 1999, more than two years expired prior to the filing of the complaint in February 2002.

Plaintiff filed a complaint for violation of federal disability law under the ADA, state handicap law under O.R.C. Chapter 4112, and a multitude of other claims. By Order dated February 25, 2004, this court dismissed most of the claims, but retained the ADA claim against the City, and the individual defendants in their official capacity, and the state handicap claim. In overruling the defendant's argument for a violation of the statute of limitations under federal

law, the court determined that the EEOC filing of Amended Charge No. 645 "tolled" the statute.

The Court, in discussing the filing of Amended Charge No. 645 pointed out that one hundred eighty (180) days is the appropriate time for bringing a federal disability action. Because the specific claim of discrimination based on denial of a promotion and several claims of harassment "could reasonably be expected to grow out of the charge," the Court found that the federal claim was not time barred. The Court recognized that filing Amended Charge No. 645 met a specific requirement under federal law, that being the required administrative action.

Since the filing of a federal disability claim requires the exhaustion of remedies, the EEOC charge met the administrative filing requirement of the federal disability claim. The court determined that the plaintiff proceeded correctly in his pursuit of a disability claim under the ADA, when he filed the charge with the EEOC. Thereafter, he had to wait for action by the administrative agency before bringing a lawsuit.

This election is not required under Ohio law for a handicap claim. In fact, there is no election of remedies requirement for state handicap violations. *Smith v. Friendship Village of Dublin, Inc.* (2001), 92 Ohio St. 3d 503. There is no election of remedies requirement for any discrimination case under Ohio law, except age. *Vinson v. Diamond Triumph Auto Glass, Inc.* (2002), 149 Ohio App. 3d 605, 2002-Ohio-5596.

Thus, under state handicap law, there is no election of remedies. If a plaintiff wants to bring a state handicap claim, the plaintiff must sue without regard to any charge or filing with the EEOC or the OCRC. Under Ohio law, a plaintiff does not have to wait for any

administrative action. The only statute that plaintiff is required meet under Ohio law is the application of the appropriate statute of limitations. Thus, waiting for the EEOC (or the OCRC) to take action has no effect on the state claim. A claimant could wait forever in federal court or ask for a "right to sue" letter if he wanted to proceed for EEOC violations.

By contrast, an Ohio plaintiff cannot wait to sue for state claims. A plaintiff cannot rely on an OCRC filing to toll the statute of limitations because no election (or exhaustion) is required. A plaintiff has to file an action independent of any administrative filing, and must file the state claim within the appropriate statute of limitations; in this case, no more than two years after the employment relationship terminated. See O.R.C. §2744.04 governing actions against municipal defendants.

Since plaintiff's last day of work was in May 1999, plaintiff had until May 2001 to file suit, which he did not do. The complaint was filed in February 2002.

Since the state handicap law does not require an exhaustion of remedies, and since there is no tolling of the state statute while waiting for an administrative action, and since O.R.C. §2744.04 applies to municipal defendants, and since the exception to Chapter 2744 of O.R.C. §2744.09 does not apply to individual municipal defendants, and since the state handicap claim was not filed until February 2002 (more than two years after plaintiff's last day of work), the statute of limitations of two years had expired, and the individual municipal defendants, such as Hochbein, should be dismissed from the state handicap claim.

This order will not effect the ADA claim against the City, Hochbein, Cross and Hubbard as previously ruled.

Respectfully submitted,

/s/ W. McGregor Dixon, Jr.
_____
W. McGregor Dixon, Jr. (0015005)
SHIPMAN, DIXON & LIVINGSTON CO., L.P.A.
215 West Water Street
P O Box 310
Troy, OH 45373
937-339-1500
Attorney for Defendant Joseph J. Hochbein

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by regular U.S. Mail, postage pre-paid and electronic mail this 22nd day of October 2004.

| | |
|---|---|
| Robert G. Kelly, Esq.<br>Attorney for Plaintiff<br>Dennis Cook<br>4353 Montgomery Road<br>Norwood, Ohio 45212 | Lawrence E. Barbiere, Esq.<br>Attorney for Defendant<br>City of Norwood<br>11935 Mason Road, Suite 110<br>Cincinnati, Ohio 45249 |
| Steven Martin, Esq.<br>Attorney for Defendant<br>Gary Hubbard<br>541 Buttermilk Pike, Suite 500<br>Covington, Kentucky 41017-5710 | James F. Brockman, Esq.<br>Attorney for Defendant<br>Kevin Cross<br>312 Walnut Street, Suite 2300<br>Cincinnati, Ohio 45202-4091 |

/s/ W. McGregor Dixon, Jr.
_____
W. McGregor Dixon, Jr. (0015005)