## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **DENNIS COOK,** | : | **CASE NO. 1:02cv00073** |
| | : | **(J. Weber)** |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **CITY OF NORWOOD, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## TRIAL BRIEF OF THE CITY OF NORWOOD

Comes now defendant, the City of Norwood, and hereby submits the following trial brief for the consideration of the Court:

## I.     STATE LAW STATUTE OF LIMITATIONS.

Plaintiff's remaining claims against this defendant are for disability discrimination under federal and state law. This Court has ruled that the statute of limitations for the federal claims is 300 days prior to the date of the filing of Amended Charge 645 which occurred June 16, 1998. The Court has not made a ruling with respect to the state law statute of limitations. R.C. 2744.04(A) sets forth a two year statute of limitations against political subdivisions. Federal and state courts have construed that statute of limitations to supersede the statutes of limitations for other state law claims which do not set forth a specific statute of limitations. Plaintiff's claim for disability discrimination is brought pursuant to R.C. 4112.02 which does not contain a statute of limitations. As a result, the two year statute set forth in R.C. 2744.04 applies.

In **Trehan v. Morton, 2000 WL 621145 (N.D. Ohio),** plaintiff made federal and state

law claims alleging that he had been denied his paternal rights by the Sandusky County Child

Support Enforcement Agency.  In granting a Motion to Dismiss, the United States District Court

for the Northern District of Ohio, Western Division, ruled that the federal claims pursuant to 42

U.S.C. §1983 were barred by the two year statute of limitations.  In addition, the Court ruled that

the state law claims were barred by the two year statute of limitations set forth in R.C.

2744.04(A).  In so ruling, the Court stated:

> The two year limitation period set forth in ORC Section 2774.04(A) prevails over all conflicting general limitations.  ***Koncsol v. Niles, 105 Ohio App. 3d 535, 538-539, 664 N.E.2d 616 (1995)***.  Moreover, the limitations period provided in ORC 2744.04(A) applies to claims against both political subdivisions and their employees.  ***Ab Dalla v. Olexia, 113 Ohio App. 3d 756, 758-759, 682 N.E.2d 18 (1996).***

A similar result was reached by the Court of Appeals for the Eighth Appellate District in

**Gnezda v. City of North Royalton**, **2004 WL 637781.**  In that case, plaintiff brought a claim for

intentional infliction of emotional distress and argued that the four year statute of limitations

applied.  The Court rejected that argument and ruled that the two year statute of limitations is a

special provision relating to political subdivisions and prevailed over the general statute of

limitations contained in R.C. Chapter 2305.  Similar results were reached in **Bojac Corporation**

**v. Kutevac (1990), 64 Ohio App. 3d 368, 581 N.E.2d 625 (tortious business interference**

**claim); Reed v. City of Fairview Park (2001), 146 Ohio App. 3d 15 (abuse of process);** and

**Abdalla v. Olexia (1996), 113 Ohio App. 3d 756, 682 N.E.2d 18 ( for fraud).**

## II.    R.C. 2744.09 IS NOT APPLICABLE TO THIS CASE.

In its order denying immunity with respect to the state law claims, this Court stated

"Norwood is not entitled to immunity from liability on such claim pursuant to R.C. 2744.09(B)

and (C)." This defendant had argued that R.C. 2744.09 did not apply to this case because disability discrimination was an intentional cause of action and therefore did not arise out of the employment relationship. On August 25, 2004, after the Court's decision, the Court of Appeals for the Ninth Appellate District decided **Dolis v. City of Tallmadge**, **2004 WL 1885348 (Ohio App. 9 Dist.).** In **Dolis**, plaintiff filed suit against his employer, alleging the City of Tallmadge had committed actions substantially certain to cause him harm by requiring him to direct traffic at night, by himself and without any proper safety and warning equipment or devices in the area. The City of Tallmadge raised immunity as a defense, and plaintiff argued the city was not immune by virtue of R.C. 2744.09. The Court of Appeals affirmed the granting of a Motion to Dismiss based upon governmental immunity. In so ruling, the Court stated:

> Appellants argue that requiring Thomas to direct traffic on the crest of a hill, in the dark, without protective gear, involves a condition of employment. That assertion is incorrect. "Both the language of [R.C. 2744.09(C)] and [prior] court decisions make clear that the term 'conditions of employment' refers to the conditions an employee must meet to maintain employment, not the conditions an employee works within." *Fabian v. City of Steubenville, (9/28//2001, 7th Dist. N.O. 00JE 33).* Such things as residency requirements constitute "conditions of employment." *Id.,* citing *St. Bernard v. State Emp. Rel. Bd. (1991), 74 Ohio App. 3rd 3, 598 N.E.2d 15.* Furthermore, "an employee's intentional tort against an employee does not arise out of the employment relationship, but occurs outside the scope of employment."

The Court of Appeals for the First Appellate District of Ohio has also ruled that intentional torts do not arise out of the employment relationship. In **Engleman v. Cincinnati Board of Education**, **2001 WL 705575 (Ohio App. 1 Dist.),** plaintiff claimed that the Board of Education had intentionally and maliciously failed to provide protection from a student with known violent propensities. The defendant moved for judgment on the pleadings claiming immunity. The trial court granted the motion and the plaintiff appealed. In affirming the

decision of the trial court, the Court in **Engleman** ruled that R.C. 2744.09 did not apply because the intentional tort did not arise out of the employment relationship. Other Ohio Courts of Appeal have reached the same decision including the Court of Appeals for the Ninth Appellate District in **Ellithorp v. Barberton, 1997 WL 416333 (Ohio App. 9 Dist.)** and the Court of Appeals for the Eleventh Appellate District in **Sabulsky v. Trumbull County, 2002 WL 31886686 (Ohio App. 11 Dist.)**.

## III.    MOTION IN LIMINE.

This defendant previously moved the Court to exclude remarks made by Gary Hubbard including a lewd comment he allegedly made with respect to Jesus. This Court denied the Motion in Limine without prejudice. This defendant wishes to bring to the attention of the Court that plaintiff testified on page 317 of his deposition that Hubbard made that remark in 1996. Obviously, that is well beyond the time period relevant in the case at bar.

          **s/Lawrence E. Barbiere**
Lawrence E. Barbiere
Ohio Bar Number: 0027106
Michael E. Maundrell
Ohio Bar Number: 0027110
Attorney for Defendant, City of Norwood
**SCHROEDER, MAUNDRELL, BARBIERE & POWERS**
11935 Mason Road, Suite 110
Cincinnati, OH  45249
(513) 583-4200
(513) 583-4203 (fax)
Email:  lbarbiere@schroederlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **October 25, 2004,** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following: Robert G. Kelly, Esq., ***Attorney for Plaintiff***, W. McGregor Dixon, Jr., Esq., ***Attorney for Joseph J. Hochbein***, James F. Brockman, Esq., ***Attorney for Kevin Cross***, and to Steven Martin, Esq., ***Attorney for Defendant, Gary Hubbard.***


**s/ Lawrence E. Barbiere**
Lawrence E. Barbiere (0027106)