UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DENNIS COOK | : | CASE NO. C-1-02-073 |
| | : | (Judge Weber/Magistrate Judge Hogan) |
| Plaintiff | : | |
| -vs.- | : | |
| | : | |
| CITY OF NORWOOD, et al. | : | MEMORANDUM IN OPPOSITION TO |
| | : | TRIAL BRIEF OF DEFENDANT |
| | : | HOCHBEIN AND NORWOOD |
| | : | |
| | : | |

Now comes the Plaintiff, by and through undersigned counsel, and for his response to Defendant Hochbein's trial brief hereby states as follows:

The Plaintiff disagrees with the trial brief of the Defendant Hochbein which should not be a surprise. The issue before the Court is whether the Plaintiff complied with state and federal law concerning the filing of his EEOC complaint and the timeliness of the filing in federal court. The Defendant Hochbein argues that the Plaintiff's last day of work was in May 1999, but the City of Norwood carried/had listed or paid benefits for the Plaintiff through and including April 2000. The Plaintiff remained on temporary total disability from the Bureau of Workers' Compensation through and including, at a minimum, the end of April 2000.

The Defendants have artificially created the May 1999 date as the cutoff for the Plaintiff concerning the viability of one or more of his claims. The importance of analyzing the Plaintiff's relationship with his employer and whether he was or was not employed is set forth in *Coolidge v. Riverdale Local School Dist.*, 100 Ohio St.3d 141, 2003-Ohio-5. In *Coolidge,* the Ohio Supreme Court ruled that "an employee who is receiving temporary total disability compensation pursuant to

R.C. 4123.56 may not be discharged solely on the basis of absenteeism or inability to work, when the absence or inability to work is directly related to an allowed condition." Although the decision in *Coolidge* was delivered after the Court ruled on the Motion for Summary Judgment, essentially the Plaintiff remained on the payroll of the Defendant City of Norwood until April 2000. Further, the Plaintiff had to litigate, fight, scratch and claw to get disability benefits while other workers in the City of Norwood routinely had workers' compensation claims approved. If the City of Norwood could not terminate the Plaintiff because he was receiving temporary total disability compensation, it is apparent that he remained on the payroll and Plaintiff was an employee. The Plaintiff cannot be an employee for one statute and not an employee for another, nor can the Defendants select an artificial date, May 1999, as the termination date when the Defendants are the ones who refused to permit the Plaintiff to work.

The next issue is whether the Plaintiff can demonstrate retaliation or discrimination by the Defendants for the period through his termination based upon the Defendants' opposition to his workers' compensation claim and can establish that such conduct was retaliatory. The Plaintiff intends to present the exact evidence required to demonstrate the retaliatory conduct of the Defendants, and he will further establish that even after the Plaintiff suffered a nervous breakdown, Defendants continued to retaliate by opposing the Plaintiff's workers' compensation claim.

The evidence of Defendants' retaliation extends beyond May 1999, as such conduct continued in an attempt to break the Plaintiff and place his freedom at risk. Defendant City of Norwood prosecuted the Plaintiff for a variety of criminal charges, none of which resulted in convictions, but more importantly, involved totally baseless charges. The Norwood Building Department issued orders against the Plaintiff for having pigeon excrement on the roof of his residence. The building orders

were maintained in files within the City of Norwood Department of Public Works by the Defendants, long after the Plaintiff resigned in April 2000. Such evidence will be presented at trial and determinations made by a jury concerning the nature of these acts of the Defendants and their relationship to the charges Plaintiff filed after he finally resigned in April 2000. The mere fact that the Plaintiff terminated his employment in April 2000 did not stem the tide of continuing harassment of the Plaintiff and others similarly situated who filed EEOC charges against the Defendants. The Defendants had the single minded purpose of continuing to harass the Plaintiff.

Despite the claims of Defendant Hochbein, the Plaintiff has complied with all requirements imposed by law and his cause of action, therefore, is not barred. The State of Ohio is a "deferral state," and the EEOC administered the complaint of the Plaintiff alleging discrimination. OAC 4112-3-17. In cases of recurring or continuing violations, the filing period begins to run anew with each new discriminatory act or with each new day of the continuing violation. OAC 4112-3-01 (D)(3)(2). The Plaintiff alleges a continuing course of retaliatory conduct and discrimination which remains unchallenged by the Defendants, who have supplied no contradicting evidence. Finally, the Ohio Administrative Code provides "...A charge filed with the EEOC or with HUD is deemed timely filed with the commission provided that the charge is filed with EEOC within six months of the alleged discriminatory acts or with HUD within one year of the alleged unlawful discriminatory acts..." OAC 4112-3-01(D)(3).

Defendant Hochbein cites to a case which permits but does not require the Plaintiff to file a complaint. *Smith v. Friendship Village of Dublin, Ohio, Inc.* (2001), 92 Ohio St.3d 503. The filing of the EEOC complaint was the equivalent of filing with the Ohio Civil Rights Commission. The Defendants want to victimize Plaintiff for complying with the law. Defendants, Hochbein included,

delayed the EEOC's issuance of the "Right to Sue" letter by purporting to attempt conciliation without the Plaintiff or his counsel, in violation of the law. The EEOC erroneously permitted the conciliation to proceed without the Plaintiff.

The law concerning the enforcement of rights pursuant to R.C. 4112.01 *et seq.,* requires "...This chapter shall be construed liberally for the accomplishment of its purposes, and any law inconsistent with any provision of this chapter shall not apply." § 4112.08 R.C. Pursuant to the terms of this statute, it supercedes §2744.01 *et seq.* The entire recitation by the Defendant Hochbein contained on page 3 of the trial brief at the third full paragraph is nothing more than the way Defendant Hochbein wished the law had been written. R.C. Chapter 4112 contains only one limitation and that provision bars any law which would be inconsistent with the remedial purpose of the chapter. *Helmick v. Cincinnati Word Processing, Inc.*, (1989) 45 Ohio St. 3d 131, 543 N.E.2d 1212.

At this late date, Defendant Hochbein is merely attempting to burden the Plaintiff immediately prior to the trial to hamper preparation time. Based on the evidence presented at the trial of this matter, the Plaintiff believes that the Court should examine the evidence and, if necessary, should issue such rulings as are required. The Plaintiff fully understands his options concerning decisions of this Court, and the Defendants possess the same options, if there is a disagreement with a decision of the Court.

In the event the Court needs to determine if the Plaintiff brought a cause of action for retaliation, the Court need look no further than the state court complaint in *Cook v. City of Norwood, et al.*, Hamilton County Common Pleas Court, Case No. A 0004738, wherein the Plaintiff alleges the Defendants retaliated and intimidated older employees or took job actions against older employees who filed complaints with the Equal Employment Opportunity Commission. The foregoing was filed

on August 2, 2000, at which time the Plaintiff was still awaiting the results of the EEOC violation investigation. Even though the EEOC was remiss in the prompt investigation of the Plaintiff's complaint, the Plaintiff filed a state suit concerning the retaliation. If necessary, the Plaintiff moves to remove that portion of the Plaintiff's complaint pending in the Hamilton County Common Pleas Court which includes a claim for retaliatory conduct. The Plaintiff initiated a complaint within the required time limits, and while the action filed in this Court has much in common with the suit filed in the state court, the significant distinction is that the within action includes claims whose existence came to light only when employees came forward with pertinent information after the wicked witches were dead, so to speak. Once the intimidation factor disappeared by virtue of Defendant Hubbard's firing, Defendant Cross's job elimination and Defendant Hochbein's resignation, previously undiscoverable, very significant information was disclosed by employees previously intimidated into silence, and that information revealed the existence of additional claims. Once the coerced silence was lifted by either Defendants' departure or by the witnesses receiving the protection of a federal judge (Judge Dlott) in June 2001 to prevent any harassment, the employees came forward as witnesses, and additional employees stepped forward to disclose additional information concerning the Defendants' illegal conduct.

The Defendants know full well that the action was commenced in the Hamilton County Court concerning the state claims on August 2, 2000. The Defendants are merely attempting to obtain a ruling from this Court that can be used at a later date to bar claims in the state court raising the issue of collateral estoppel or some other procedural defense. The Plaintiff's claim is timely brought and this Court should listen to the evidence, the conduct of the Defendants, the testimony of the witnesses, prior inconsistent statements of the Defendants in judicial or administrative proceedings and then make

a determination concerning all issues in the case. While the Defendants argue about immunity and the last day worked by the Plaintiff, there is nothing in the record to indicate, by way of affidavit, from any of the individual Defendants or a representative from the City of Norwood, that the actions alleged did not occur. The Plaintiff believes that the judicial system is designed to search for the truth and welcomes the opportunity to present the facts to a jury to make such a determination.

Close examination of 4112.08 R.C. reveals that the actual wording of the statute is quite powerful and significant: "This chapter shall be construed liberally for the accomplishment of its purposes, and any law inconsistent with any provision of this chapter shall not apply." Therefore, to the extent that Chapter 2744.01 *et seq*., is inconsistent or attempts to shield government officials or government entities from liability for violation of Chapter 4112.01 *et seq.,* the law does not apply. By statute, he overriding concern has been declared to be stopping discrimination in all forms. The interpretation of Chapter 4112.01, *et seq.,* provides for the recovery of punitive and compensatory damages based on existing case law. *Cosgrove v. Williamsburg of Cincinnati Mgt. Co., Inc.* (1994), 70 Ohio St.3d 281. The Defendants will advance case law and statutes, but the plain meaning of R.C. §4112.08 is that it supercedes any law inconsistent with any provision of that chapter. In the definition section of §4112.01, "person" is defined to include political subdivisions and individuals, and "employer" is defined to include political subdivisions. §4112.01 (A)(1) and (2). If the discrimination statutes are to be liberally construed and any law inconsistent with any provision of the discrimination statutes shall not apply, then the Plaintiff is entitled to compensatory and punitive damages.

The recitation concerning punitive damages not being applicable to government entities and the plethora of cases interpreting punitive damages is endless. However, the only case interpreting

6

punitive damages concerning the discrimination statute is *Rice v. CertainTeed Corp.* (1999), 84 Ohio St.3d 417, which states that punitive damages are recoverable for discrimination.  Defendants are no better than anyone else who engages in the gross forms of discriminatory conduct to be detailed at trial, and a strict reading of the statute makes the award of punitive damages consistent with the legislative intent and consistent with the most recent ruling by the Ohio Supreme Court.

The award of punitive damages under the federal claims are prohibited by the explicit terms of the United States Code.

Wherefore, the Plaintiff respectfully requests that this Court permit this case to proceed to trial on the remaining claims, and if the Defendants are unhappy with the result, they may proceed to a higher court to seek relief the same as the Plaintiff.  The Court has ruled on the Motion for Summary Judgment and although it is not a final appealable order the Court may revisit the Order as it deems appropriate.

/s/Robert G. Kelly
Robert G. Kelly          0002167
Attorney for Plaintiff
4353 Montgomery Road
Norwood, Ohio 45212
1-513-531-3636
1-513-531-0135 fax
Email: rgkfskgreg@aol.com

CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following: James F. Brockman, Esq., Attorney for Defendant Kevin Cross, Lawrence E. Barbiere, Esq., Attorney for Defendant City of Norwood, Steven Martin, Esq., Attorney for Defendant Gary Hubbard and McGregor Dixon, Jr., Esq., SHIPMAN, DIXON & LIVINGSTON CO., L.P.A., Attorney for Defendant Joseph Hochbein.

/s/Robert G. Kelly
_____
Robert G. Kelly                    0002167
Attorney for Plaintiff