UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DENNIS COOK                     :    CASE NO. C-1-02-073
                                :    Judge Weber
            Plaintiff,          :
                                :
        v.                      :
                                :
CITY OF NORWOOD, et al.         :    PLAINTIFF'S PROPOSED
                                :    JURY INSTRUCTIONS AND
            Defendants.         :    SPECIAL VERDICT FORM


        Attached are Plaintiff's initial set of Proposed Jury
Instructions Nos. 1 through 31 and Special Interrogatories Nos. 1
through 8.  Pursuant to F. R. Civ. P. 51(a), Plaintiff requests
that these instructions be given to the jury in the order
proposed.  Plaintiff reserves the right to modify, delete, or
supplement these proposed instructions in the course of trial, or
to withdraw any of these instructions in whole or in part at the
close of all the evidence.

        Some of the instructions have more than one paragraph.  If
the Court, on proper motion by Defendants, should find one
sentence or paragraph in an instruction objectionable, then
Plaintiff asks the Court to give the remaining parts of that
instruction, or to give Plaintiff the opportunity to revise the
instruction.

                        Respectfully submitted,


                        /s/Robert G. Kelly
                        Robert G. Kelly (0002167)
                        Trial Attorney for Plaintiff
                        4353 Montgomery Road
                        Norwood, Ohio 45212
                        (513) 531-3636
                        (513) 531-0135 Fax
                        E-mail address: rgkfskgreg@aol.com

1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was sent by ordinary U.S. mail this <u>30th</u> day of October 2004, to the following:

Lawrence E. Barbiere, Esq.
Michael E. Maundrell
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road - Suite 110
Cincinnati, Ohio 45249-3703

James F. Brockman, Esq.
Lindhorst & Dreidame
312 Walnut Street - Suite 2300
Cincinnati, Ohio 45202

W. McGregor Dixon, Jr., Esq.
Shipman, Dixon & Livingston
215 West Water Street
Troy, Ohio 45373

Steven C. Martin, Esq.
Ziegler & Schneider
541 Buttermilk Pike - Suite 500
Covington, Kentucky 41017-5710


/s/Robert G. Kelly
Robert G. Kelly

INDEX

GENERAL INSTRUCTIONS

|  | Instruction | Page |
|---|---|---|
| FUNCTION OF THE JURY . . . . . . . . . . . . . . . | 1 | 5 |
| PREPONDERANCE OF THE EVIDENCE. . . . . . . . . | 2 | 6 |
| EVIDENCE . . . . . . . . . . . . . . . . . . | 3 | 7 |
| EVIDENCE - DIRECT AND CIRCUMSTANTIAL . . . . . . | 4 | 8 |
| WITNESSES. . . . . . . . . . . . . . . . . . | 5 | 9 |
| IMPEACHMENT. . . . . . . . . . . . . . . . . | 6 | 10 |
| "DISCRIMINATION" - DEFINITION. . . . . . . . . | 7 | 11 |

CLAIMS OF THE PARTIES

| CLAIMS OF THE PARTIES -DISABILITY DISCRIMINATION | 8 | 12 |
|---|---|---|
| STATUTES INVOLVED - DISABILITY DISCRIMINATION.. | 9 | 13 |
| DEFENDANT'S DEFENSE:  UNDUE HARDSHIP . . . . . . | 10 | 14 |
| DEFINITION OF REASONABLE ACCOMMODATION . . . . . | 11 | 15 |
| DEFENDANT'S BURDEN . . . . . . . . . . . . . . . | 12 | 16 |
| FACTORS TO BE CONSIDERED IN DETERMINING WHETHER AN ACCOMMODATION IMPOSES AN UNDUE HARDSHIP . . . | 13 | 17 |
| DEFENDANT'S DUTY TO COMMUNICATE. . . . . . . . . | 14 | 18 |
| PURPOSE OF DISABILITY DISCRIMINATION LAWS. . . . | 15 | 19 |
| ESSENTIAL ELEMENTS OF PLAINTIFF'S CLAIM. . . . . | 16 | 20 |
| DISABILITY DISCRIMINATION - PRIMA FACIE CASE . . | 17 | 21,22 |

DISABILITY DISCRIMINATION - QUALIFIED INDIVIDUAL
WITH A DISABILITY  . . . . . . . . . . . . . . .18          23

PRIMA FACIE CASE FOR DISABILITY DISCRIMINATION -
FAILURE TO ACCOMMODATE . . . . . . . . . . . 19            24

"PRETEXT" - DEFINITION . . . . . . . . . . . 20            25

PRETEXT - DISBELIEF. . . . . . . . . . . . . 21            26

"MOTIVATING FACTOR" - DEFINITION . . . . . . 22            27

DISCRIMINATION - DECISION MAKERS . . . . . . 23            28

DISCRIMINATORY FACTORS . . . . . . . . . . . 24            29

AGENTS . . . . . . . . . . . . . . . . . . . 25            30

DAMAGES

LOST PAY AND BENEFITS. . . . . . . . . . . . 26          31-32

CHANGE IN VALUE OF MONEY . . . . . . . . . . 27            33

DAMAGES - DUTY TO MITIGATE . . . . . . . . . 28            34

COMPENSATORY DAMAGES . . . . . . . . . . . . 29            35

AVERAGE LIFE EXPECTANCY. . . . . . . . . . . 30            36

INTERROGATORIES. . . . . . . . . . . . . . . 31            37

SPECIAL VERDICTS . . . . . . . . . . . . . .             38-41

Proposed Jury Instruction No. 1

FUNCTION OF THE JURY

Ladies and Gentlemen:

I am now going to tell you the laws that apply to this case. As jurors you have two major duties.

First, you must look at the evidence and decide from that evidence what the facts in this case are. It is your job and no one else's to decide the facts.

Second, you must listen to the laws that I am about to explain and you must follow all of them in order to reach your verdict.

In fulfilling these duties, you must not be influenced by your feelings of sympathy or prejudice.

Source:  Model Instruction No. 5001

Proposed Jury Instruction No. 2

PREPONDERANCE OF THE EVIDENCE

Lawsuits such as this are begun by the filing of a complaint. The person who files is known as the plaintiff.  A plaintiff must prove his or her claims by a preponderance of the evidence.  This obligation is known as "the burden of proof."

To establish something by a "preponderance of the evidence" means simply to prove that something is more likely to be so than not so.

We deal in probabilities, not possibilities. Speculation or guesswork are not enough.

The test is not which side brings the greater number of witnesses or who produces the greater quantity of testimony, but which produces those witnesses and that evidence which in your minds are the more accurate and trustworthy.

Source:  Adapted from Model Instruction No. 5002

Proposed Jury Instruction No. 3

EVIDENCE

I mentioned earlier that it is your job to decide from the evidence what the facts are.  Here are some rules that will help you decide what is and what is not evidence.

1.    LAWYER'S STATEMENTS: Statements made by lawyers in opening statement or final argument are not evidence.  If the lawyers all agree that some particular thing is true, you must accept it as true.

2.    REJECTED EVIDENCE: At times during this trial, exhibit items or testimony were offered as evidence but I did not allow them to become evidence.  Since they never became evidence, you must not consider them.

3.    STRICKEN EVIDENCE: At times, I ordered some piece of evidence or testimony to be stricken or eliminated.  Since they are no longer evidence, you must not consider them either.

4.    OUT-OF-COURT KNOWLEDGE: Anything that you have seen or heard outside of the courtroom is not evidence and must not be considered by you.

Evidence is only the sworn testimony of witnesses, the physical items admitted for your consideration and those matters that are "stipulated" or agreed to by the parties.

Source:  Model Instruction No. 5003

7

Proposed Jury Instruction No. 4


                EVIDENCE - DIRECT AND CIRCUMSTANTIAL

     There are, generally speaking, two different types of
evidence.   One is direct evidence -- such as the testimony of an
eyewitness.   The other is indirect or circumstantial evidence --
the proof of a chain of circumstances pointing to the existence or
nonexistence of certain facts.


 Source:  Model Instruction No. 5004

Proposed Jury Instruction No. 5

WITNESSES

You must decide which testimony to believe and which testimony not to believe. In deciding what to believe, you may consider the conduct of a witness on the witness stand, any interest that witness may have in the outcome of the case, and any relationship to any of the parties involved.

You may also consider differences, if any, in testimony of a witness when testifying on direct examination and when testifying on cross-examination. You may note the ability of a witness to remember events or not remember; and you may consider whether contradictions or differences in testimony concern an important fact or only a small detail.

You may believe all that a witness told you; you may believe none of what a witness told you; or you may believe any part. You are not, of course, bound to believe something merely because someone swore to it, because you all know that a person can swear to an untruth if there is the will to do so.

Source: Model Instruction No. 5005

Proposed Jury Instruction No. 6

IMPEACHMENT

A witness may be discredited or impeached by contradictory evidence inconsistent with that witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you may reject all the testimony of that witness or give it such credibility as you think it may deserve.

Source:  Model Instruction No. 5007

Proposed Jury Instruction No. 7

"DISCRIMINATION" - DEFINITION

Ohio and federal law forbid discrimination in employment because of disability.

"Discrimination" is a term well understood in the law. It is in general a failure to treat all persons equally where no reasonable distinction can be found between those favored and those not favored.

Discrimination may be subtle and even unconscious . . . [Even] an employer who knowingly discriminates on the basis of disability may leave no written record revealing the forbidden motive and may communicate it orally to no one.

Adapted from Model Instruction No. 6903
La Montagne v. American Convenience Prods., 750 F.2d. 1405, 1410 (7th Cir. 1984)

Proposed Jury Instruction No. 8

### CLAIMS OF THE PARTIES - DISABILITY DISCRIMINATION

Plaintiff is an individual who had cyclothymia and he was later diagnosed as Bi-Polar II.  The diagnosis of cyclothymia was made in 1994 and the diagnosis of Bi-Polar II was made in 1999. Plaintiff claims (1) that he was discriminated against on account of his disability for the period July 1997 through and including this date. and/or (2) that his cyclothmia and/or Bi-Polar II, a disability under both State and Federal law, could have been reasonably accommodated by Defendant.

Proposed Jury Instruction No. 9

STATUTES INVOLVED - DISABILITY DISCRIMINATION

Disability discrimination in employment is prohibited by federal and Ohio law. The Americans with Disabilities Act provides:

No [employer] shall discriminate against a qualified individual with a disability because of the disability . . . in regard to job application procedures, the hiring, advancement, or discharge of employees, . . . and other terms, conditions, and privileges of employment.

Under Ohio law it is an unlawful discriminatory practice for an employer to:

Discriminate against, limit the employment opportunities of, or otherwise adversely affect the employment status, wages, hours, or employment conditions of any person that as an employee because of . . . handicap . . . .

If an employer is motivated by the disability of an employee to take a certain action, then that action is unlawful discrimination and violates the ADA and Ohio law.

It is also unlawful for an employer to refuse to accommodate a person with a disability by failing to make reasonable modifications to a job.

42 U.S.C. 12111(2) and 12112
O.R.C. 4112.02(C)

Monette v. Electronic Data Sys. Corp., 90 F.3d 1173 (6th Cir. 1996)
Allen v. Diebold, 33 F.3d 674, 676-77 (6th Cir. 1994)

Proposed Jury Instruction No. 10


### DEFENDANT'S DEFENSE:  UNDUE HARDSHIP


Under the Americans With Disabilities Act and under state law, Defendant is required to reasonably accommodate disabled individuals, unless the accommodation imposes an undue hardship on Defendant.  Defendant claims any accommodation of Plaintiff would have imposed an undue hardship on the City.  Failure to make reasonable accommodations to known physical or mental limitations of an otherwise qualified individual with a disability is unlawful discrimination.  An accommodation is reasonable if it does not impose an undue hardship on Defendant.  Defendant, not Plaintiff, must prove that any accommodation would impose an undue hardship.


42 U.S.C. 12112(b)(5)

Proposed Jury Instruction No. 11

## DEFINITION OF REASONABLE ACCOMMODATION

Under the law, a reasonable accommodation:  may include job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisitional modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar recommendations for individuals with disabilities.

42 U.S.C. 12111(2) and 12112
O.R.C. 4112.02(C)

Proposed Jury Instruction No. 12


                    DEFENDANT'S BURDEN

     Under the Americans With Disabilities Act and state law, the
employer has the burden of persuasion of whether an accommodation
imposes an undue hardship on the employers' operation.


42 U.S.C. 12112(b)(5)

Proposed Jury Instruction No. 13

FACTORS TO BE CONSIDERED IN DETERMINING WHETHER
AN ACCOMMODATION IMPOSES AN UNDUE HARDSHIP

The term "undue hardship" means an action requiring significant difficulty or expense, when considered in light of the following factors:

(ii) the overall financial resources of the facility or facilities involved in the provision of the reasonable accommodation;

(iii) the number of persons employed at such facility;

(iv) the effect on expenses and resources, or the impact otherwise of such accommodation upon the operation of the facility;

(vi) the overall financial resources of the covered entity;

(vii) the overall size of the business of the covered entity with respect to the number of its employees;

(viii)the number, type, and location of its facilities;

(ix) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity;

(x) the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. 12111(10)(a)-(b)

Proposed Jury Instruction No. 14

### DEFENDANT'S DUTY TO COMMUNICATE

The employer has a duty to participate in an interactive process with the employee on the issue of accommodation, requiring communication with the disabled employee.

Robinson vs. Runyan, 987 F.Supp. 620, 622

Proposed Jury Instruction No. 15


## PURPOSE OF DISABILITY DISCRIMINATION LAWS

The ADA was prompted by Congress' concern that disabled workers were being deprived of employment on the basis of inaccurate stereotypes which are not truly indicative of the person's ability to participate in and contribute to society.

It is a violation of the ADA to medically separate an employee if the separation is motivated by disability stereotypes of the employee's ability to perform his job.


42 U.S.C. 12101(a)

Proposed Jury Instruction No. 16

ESSENTIAL ELEMENTS OF PLAINTIFF'S CLAIMS

While there might be several factors in Defendant's decisions regarding Plaintiff, Plaintiff is entitled to recover if one such factor was his disability or if in fact it made a difference in determining how he was treated.

A "prima facie" case is established when sufficient evidence has been presented which, if believed by you, would lead to the conclusion that a factor in the treatment of Plaintiff was his disability.

If Plaintiff establishes a prima facie case of disability discrimination, Defendant must articulate that its actions were based upon legitimate, non-discriminatory factors.

If Defendant establishes that its actions were based upon legitimate, non-discriminatory factors other than disability, Plaintiff must show that Defendant's stated reasons were in fact a subterfuge or pretext for unlawful discrimination.

St. Mary's Honor Centers v. Hicks, 509 U.S. 502

Proposed Jury Instruction No. 17

### DISABILITY DISCRIMINATION - PRIMA FACIE CASE

Under the law, a "disabled person" is defined as being "a person with a disability." Defendant admits that Plaintiff is a disabled person.

The law prohibits discrimination against persons if the reasons for the discrimination arise from myths, unrealistic fears, or stereotypes regarding the impact of the employee's medical conditions on productivity, safety, liability, attendance, or the employer's costs. The law, thus, prohibits discrimination by employers against employees without disabilities but who are regarded by these employers as having disabilities.

To establish an inference that Defendant intentionally discriminated against him because of his disability, Plaintiff must prove by the preponderance of the legal evidence that:

(2) Plaintiff was otherwise qualified to perform the essential functions of the position, with or without a reasonable accommodation;

(3) Plaintiff was terminated;

(4) Defendant knew about Plaintiff's disability; and

(5) Defendant replaced Plaintiff with an employee who had no known disability, or that Plaintiff's termination allowed Defendant to retain employees with no known disability, or evidence exists that Defendant was motivated by Plaintiff's disability when it terminated him.

Plaintiff may establish unlawful disability discrimination by introducing direct evidence of discrimination, including evidence that the employer relied upon his disability in making the employment decision.

Plaintiff may establish his claims of discrimination by means of indirect evidence if that evidence is sufficient to prove by a preponderance of the legal evidence that his disability was the motivating factor in the Defendant's decision to discharge him.

21

The Court instructs you that elements 1, 3, 4 and 5 are already established.

42 U.S.C. 12102(2)
O.R.C. 411201(13)
29 C.F.R. 1630.2(i)
Garcia v. Multi-Color Corporation (Weber, J.)
Monette v. Electronic Data Sys. Corp., 90 F.3d 1173, 1178, 1186 (6th Cir. 1996)
Order Mitchell v. AK Steel, No. C-1-96-124, at 19 (S.D. Ohio 8/1/97) (Weber, J.)
See Undisputed Propositions of Law Nos. 2-4.

Proposed Jury Instruction No. 18


DISABILITY DISCRIMINATION - QUALIFIED INDIVIDUAL WITH A DISABILITY

    The second element Plaintiff must establish as part of his prima facie case is that he was qualified for his position, with or without reasonable accommodation.  This means Plaintiff must prove that he was able to perform the essential functions of his job, either with the assistance of an accommodation, or without any accommodation.


42 U.S.C. 12111(8)
Rodgers v. Magnet Core Public Schools, 34 F.3d 642 (8th Cir. 1994)

Proposed Jury Instruction No. 19

## PRIMA FACIE CASE FOR DISABILITY
## DISCRIMINATION - FAILURE TO ACCOMMODATE

To establish a prima facie case for failure to accommodate, the Plaintiff must show that (1) he has a disability, (2) that he was qualified for the position with or without a reasonable accommodation, and (3) that he was either denied a reasonable accommodation for his disability (or was subject to an adverse employment decision that was made because of his disability.)

McPherson v. Michigan High School Athletic Association, 119 F.3d 453, 460 (6th Cir. 1997)
See Undisputed Proposition of Law No. 7.

Proposed Jury Instruction No. 20

"PRETEXT" - DEFINITION

A "pretext" is a fictitious reason or motive advanced to conceal a real one.

There are different ways Plaintiff can establish "pretext" and have sufficient proof of disability discrimination. Plaintiff may show that the discriminatory reason (e.g., Plaintiff's disability) actually motivated Defendant's actions, notwithstanding the stated reason. Alternatively, Plaintiff can establish pretext by showing that the stated reason is "unworthy of credence." A pretext can also be shown if the employer's business judgment was so ridden with errors that the employer could not have honestly relied on it.

Plaintiff may also show pretext by showing that the factors alleged by the Defendant to have justified the discharge were insufficient to motivate the discharge.

If Plaintiff establishes pretext, you may conclude that his disability was a determining factor in his termination.

Funk & Wagnalls New International Dictionary pg. 999
Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981)
Kraws v. Sobel Corrugated Containers, Inc., 915 F.2d 227 (6th Cir. 1990)
Cookston v. Cavalier Corp., No. 90-5844 (6th Cir. 1991)
Taber v. The Christ Hospital, 723 F.Supp 1236, 1241 (S.D. Ohio 1989) (Weber, J.).
St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993)

Proposed Jury Instruction No. 21

PRETEXT - DISBELIEF

You the jury are not required to believe the reasons put forth by Defendant for its conduct. If you disbelieve the Defendant's reasons for choosing Plaintiff for termination, and you also found that Plaintiff established a "prima facie" case of discrimination, you may find in favor of Plaintiff on his discrimination claims.

St. Mary's Honor Center v. Hicks, 509 U.S. 502

Proposed Jury Instruction No. 22

"MOTIVATING FACTOR" - DEFINITION

A motivating factor is an important or significant reason for doing something.

Plaintiff need not show that his disability was the only factor in Defendant's decision to discharge him. There may have been more than one factor that motivated Defendant. Plaintiff can recover if he proves by a preponderance of the evidence that one such factor was his disability, and that the disability factor made a difference in the determination of whether he was to be discharged.

Mitchell v. AK Steel, No. C-1-96-124, Jury Instruction No. 17 (S.D. Ohio, Jan. 1998) (Weber, J.)

Proposed Jury Instruction No. 23


### DISCRIMINATION - DECISION MAKERS

The fact that some of the persons who participated in the medical separation process may not have made the "final" decision regarding Plaintiff's medical separation does not insulate Defendant from a finding of discrimination.  So long as a person anywhere in the chain of events leading to the discharge decision was influenced or motivated by Plaintiff's disability in giving his or her input, the ultimate decision is discriminatory.


Simpson v. Diversitech Gen., Inc., 945 F.2d 156; 56 FEP Cases 1540 (6th Cir. 1991)

Proposed Jury Instruction No. 24

DISCRIMINATORY FACTORS

Plaintiff in this case claims that he was terminated for unlawful reasons: that he was discriminated against on the basis of his disability.

You may find, based on the evidence, that disability was a determining or motivating factor. Just because you believe that another factor was also considered by the Defendants does not automatically mean that you will find that disability was not a factor.

You may still find that disability was the determining or motivating factor in the Plaintiff's termination.

You may also find, based on the evidence, that disability was not a factor.

Proposed Jury Instruction No. 25

AGENTS

A governmental body, which is a legal entity, can act only through its agents; that is, the people who make up the management of the governmental body or others who are agents for the governmental body.  If you find that a member of Defendant's management had knowledge of a particular fact, then you should find that Defendant as a governmental body had knowledge of that fact.  The knowledge of an agent or manager of a governmental body is said to be "imputed" to the governmental body.

Proposed Jury Instruction No. 26

DAMAGES

LOST PAY AND BENEFITS

If you determine that Defendant discriminated against Plaintiff on the basis of his disability as set forth in my previous instructions, then Plaintiff is entitled to compensation for his lost back pay and benefits, i.e., lost pay and benefits from the time of his termination to the time of trial.

An award of back pay and benefits should make the Plaintiff whole, that is, to place him in the position he would have been but for the discrimination. Back pay and benefits awards should completely redress the economic injury the Plaintiff has suffered as a result of the discrimination. Plaintiff therefore should receive his salary, including any raises which he would have received but for the discrimination which Plaintiff has established by the preponderance of the legal evidence.

You may also consider whether you should award Plaintiff any compensation and benefits he would have received after the time of trial and in the future. Whether Plaintiff should be given an award for future pay and benefits is within your sound discretion, and in making this decision you should consider all the facts and circumstances in this case.

Among the factors to be considered in determining damages for lost future wages where the employee has been wrongfully discharged are (1) the age of the employee and his reasonable prospects of obtaining comparable employment elsewhere; (2) salary and other tangible benefits, such as bonuses and vacation pay; (3) expenses associated with finding new employment; and (4) the replacement value of fringe benefits, such as an automobile and insurance, for a reasonable time until new employment is obtained.

If you award Plaintiff future compensation, any sums so awarded must be reduced to their present value.

Adapted from Model Instruction 2406
Fite v. First Tennessee Production Credit Ass'n, 861 F.2d 884
(n.14) (6th Cir. 1984)
Worrell v. Multi-Press Corp., 45 Ohio St. 3d 241 (1988)

Proposed Jury Instruction No. 27

CHANGE IN VALUE OF MONEY

It is a fact of life within your common experience that the purchasing power of money may change over the years.

It is not possible to forecast accurately whether inflation will continue or whether it will be replaced by a period of deflation that will instead increase the purchasing power of money.

It is your task in making any award to determine the probability of an increase or decrease in the purchasing power of money over the period of time involved in such award.

Bach v. Penn Central, 502 F.2d 1117 (6th Cir. 1974)
Morvant v. Construction Aggregates Corp., 570 F.2d 626 (6th Cir. 1978)
Feldman v. Allegheny Airlines, 524 F.2d 384 (2d Cir. 1975)

Proposed Jury Instruction No. 28


                    DAMAGES - DUTY TO MITIGATE

    An injured person, in this case Plaintiff, has the duty to
mitigate (lessen) his damages.


Adapted from Model Instruction No. 5033.2

Proposed Jury Instruction No. 29

DAMAGES OTHER THAN LOST PAY AND BENEFITS
COMPENSATORY DAMAGES

If you find that Plaintiff proved by the preponderance of the evidence that the Defendant's decision to terminate him was based upon his disability, then you may consider whether the Plaintiff is also entitled to what is known as "compensatory damages," an amount to compensate Plaintiff for any pain and suffering, loss of reputation, humiliation, embarrassment, mental anguish, and loss of self-esteem. To recover these damages, the Plaintiff must prove by a preponderance of the legal evidence that he suffered the particular injury and that the injury was a result of one or more of Defendant's actions.

You should assess as compensatory damages the amount of money you find justified by a preponderance of the evidence as full and just compensation. Your award, if any, should be considered as full compensation for all damages, no more and no less. Compensatory damages are not intended as punishment and cannot be based on speculation or mere possibility.

The amount of money to be awarded for certain of these damages cannot be proved in a precise dollar amount. The law leaves the amount to your sound judgment.

Adapted from Judge Weber Instruction No. 2407.

Proposed Jury Instruction No. 30

## AVERAGE LIFE EXPECTANCY

The average life expectancy for white males age 49 is 21.63 years, according to the United States Life Table.  The evidence of life expectancy is an estimate of the average remaining length of life of all persons in this country based upon a limited number of persons of that age.  Such evidence is not conclusive; however, it may be considered along with all other legal evidence.

U.S. Life Table, O.R.C., O.Const.Art., Table 7 (Anderson's 2004)

Proposed Jury Instruction No. 32

## INTERROGATORIES

I will give you written questions, called interrogatories, on which you will decide, by the greater weight of the evidence, the specific answer to each question and the amount of damages, if any, to be awarded.

## (READ INTERROGATORIES)

Each of you must agree to the answer to each interrogatory. If you agree with the answer you should sign your name, in ink, on one of the eight lines below that particular question and answer.

All jurors must sign the general verdict.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


DENNIS COOK                     :        CASE NO. C-1-02-073
                                :        Judge Weber
            Plaintiff,          :
                                :
        v.                      :
                                :
CITY OF NORWOOD, et al.         :        SPECIAL VERDICTS
                                :
            Defendants          :


    We, the jury, unanimously determine our Special Verdict as
follows:

    1.  Do you find by a preponderance of the evidence that
Defendant terminated Plaintiff on account of his disability?

            _____ YES _____ NO

    _____        _____
    _____        _____
    _____        _____
    _____        _____

2.   Did Plaintiff, Dennis Cook, prove by a preponderance of the legal evidence that Defendant failed to reasonably accommodate him?

_____ YES _____ NO

_____      _____
_____      _____
_____      _____
_____      _____


DAMAGES - DISABILITY DISCRIMINATION

3.   If you answered "yes" to No. 1 and/or 2, what amount of damages do you award?

_____      Lost Pay/Benefits
_____      Other Compensatory

_____      _____
_____      _____
_____      _____
_____      _____

4.     Did Plaintiff prove by clear and convincing legal evidence that punitive damages should be assessed against Defendant?

_____ YES _____ NO

_____     _____
_____     _____
_____     _____
_____     _____

5.     If your answer to Special Verdict No. 4 is "yes," what amount, if any, has Plaintiff proved by clear and convincing evidence should be assessed against the Defendant as punitive damages?

$_____

_____     _____
_____     _____
_____     _____
_____     _____

6.    If your answer to Special Verdict No. 4 is "yes," do you find that Plaintiff is entitled to recover reasonable attorney fees?

_____ YES _____ NO

_____         _____
_____         _____
_____         _____
_____         _____


_____
Date