UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DENNIS COOK, | : | CASE NO. 1:02cv00073 |
| | : | (J. Weber) |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| CITY OF NORWOOD, et al., | : | |
| | : | |
| Defendants | : | |

PROPOSED JURY CHARGES OF
DEFENDANT, CITY OF NORWOOD

/s/Lawrence E. Barbiere
Lawrence E. Barbiere
Ohio Bar Number: 0027106
Michael E. Maundrell
Ohio Bar Number: 0027110
Attorney for Defendant, City of Norwood
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
11935 Mason Road, Suite 110
Cincinnati, OH 45249
(513) 583-4200
(513) 583-4203 (fax)
Email: LBARBIERE SCHROEDERLAW.COM

CERTIFICATE OF SERVICE

I hereby certify that on **October 18, 2004,** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following: Robert G. Kelly, Esq., **Attorney for Plaintiff**, W. McGregor Dixon, Jr., Esq., **Attorney for Joseph J. Hochbein**, James F. Brockman, Esq., *Attorney for Kevin Cross*, and to Steven Martin, Esq., *Attorney for Defendant, Gary Hubbard.*

**/s/ Lawrence E. Barbiere**
Lawrence E. Barbiere (0027106)

**DENNIS COOK**
v.
**THE CITY OF NORWOOD, et al.**
**C-1-02-073**
**November, 2004**

TITLE PAGE

FUNCTION OF THE JURY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

BURDEN OF PROOF - Preponderance of the Legal Evidence. . . . . . .5

EVIDENCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

DIRECT AND CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . . . .8

CREDIBILITY OF WITNESSES. . . . . . . . . . . . . . . . . . . . . . . . . . 9

IMPEACHMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

EXHIBITS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

SUMMARIES, CHARTS AND DIAGRAMS. . . . . . . . . . . . . . . . ..13

ALL PERSONS EQUAL BEFORE THE LAW. . . . . . . . . . . . . . . . 14

NOTE-TAKING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. 15

AGENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..16

OPINION WITNESS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

OPINION WITNESS AND HYPOTHETICAL QUESTION. . . . . . . ..18

COMPENSATION OF OPINION WITNESS. . . . . . . . . . . . . . . . . 19

STIPULATIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

THE AMERICANS WITH DISABILITIES ACT AND OHIO LAW.. 21

DISABILITY DISCRIMINATION - ESSENTIAL ELEMENTS . . . . 22

DEFINITION OF DISABILITY UNDER THE ADA. . . . . . . . . . . . 23

ADVERSE EMPLOYMENT ACTION . . . . . . . . . . . . . . . . . . . . . . 24

LEGITIMATE, NONDISCRIMINATORY REASONS. . . . . . . . . . .25

"PRETEXT" - DEFINITION. . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

SUBSTANTIALLY LIMITS. . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

DEFINITION OF "QUALIFIED INDIVIDUAL WITH A DISABILITY". . 28

ESSENTIAL FUNCTIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

REASONABLE ACCOMMODATION. . . . . . . . . . . . . . . . . . . . . . 30

REQUEST FOR AN ACCOMMODATION. . . . . . . . . . . . . . . . . . 31

BUSINESS DECISIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . ...32

APPLICABILITY OF PERS DISABILITY BENEFITS..................... ..33

STATUTE OF LIMITATIONS............................................34

STRAY REMARKS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

PREFACE TO INSTRUCTION OF DAMAGES.................................36

DAMAGES - INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . 37

DISCRIMINATION - BACK PAY AND BENEFITS. . . . . . . . . . . . 38

COMPENSATORY DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . 39

DAMAGES - DUTY TO MITIGATE. . . . . . . . . . . . . . . . . . . . . . 40

VERDICT FORM. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

CLOSING REMARKS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .42

## FUNCTION OF THE JURY

Members of the jury, your job as jurors is to determine the issues of fact presented by the claims of the parties and reach a just verdict.

In doing your job, you must follow the law as stated in these instructions and apply these rules of law to the facts you find from the legal evidence.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other issue of law than that given in these instructions, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the legal evidence in the case.

You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the legal evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences. Unless otherwise stated, the jury should consider each instruction given to apply separately and individually to each party.

1 All jury charges unless otherwise noted are based upon the charge given to the jury by this Court in the case of **Donzella Tubbs v. Formica Corporation, Case No. C-1-98-567.**

## BURDEN OF PROOF[1]

Preponderance of the Legal Evidence

The person who asserts a claim has the burden of proof -- that is, he or she has the obligation to prove the claim by a preponderance of the legal evidence, unless the Court specifically instructs you otherwise.

Preponderance of the legal evidence is the greater weight of the evidence; that is, legal evidence that you believe because it outweighs or overbalances in your mind the legal evidence opposed to it and because it is more probable, more persuasive, or of greater probative value. It is the quality of the legal evidence that must be weighed. Quality is not necessarily identical with quantity or the greater number of witnesses.

If the weight of the legal evidence is equally balanced or if you are unable to determine which side of an issue has been proved by a preponderance of the legal evidence, the party who has the burden of proof has not established such issue by a preponderance of the legal evidence.

## EVIDENCE

Legal evidence is the testimony of witnesses, the exhibits, which you will have with you in the jury room regardless of who may have produced them, and the facts which have been admitted or stipulated.

Once facts have been proved by the preponderance of the legal evidence, you may then draw such reasonable inferences from those facts you feel are justified in the light of your experience. The legal evidence does not include the exhibits which have not been given to you in the jury room, the opening statements or the closing arguments of counsel. The opening statements and closing arguments of counsel and the exhibits used for demonstrative purposes are designed to assist you. They are not legal evidence.

Statements or answers which were stricken by the Court or which you were instructed to disregard are not legal evidence and must be treated as though you never heard them. Likewise, anything you may have perceived outside the courtroom is not legal evidence and must be entirely disregarded.

You must not speculate as to why the Court sustained the objection to any question or what the answer to such question might have been. You must not draw any inference or speculate on the truth of any suggestion included in a question that was not answered. It is the duty of the attorneys on both sides to make their objections and to protect the interest of their clients; you are not to infer in any manner that either side was attempting to withhold any legal evidence from you as a result of objecting to the evidence, whether it was subsequently admitted by the Court or subsequently ruled inadmissible.

You must not draw any inference or speculate on the truth of any suggestion included in a question that was not answered.

If a lawyer asks a witness a question which contains an assertion of fact, you may not consider the assertion of fact as legal evidence of that fact unless adopted or confirmed by the witness. The lawyer's assertions of facts are not legal evidence. The questions of lawyers may be considered, however, to the extent that they give meaning to the answers of the witness.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of legal evidence from which a jury may properly find the truth as to the facts of a case.

Direct evidence is testimony given by a witness who has personal knowledge of the facts to which he or she testifies.

Circumstantial evidence is the proof of facts or circumstances by direct evidence from which you may reasonably infer other related or connected facts which naturally and logically follow, according to the common experience of people.

To infer, or to make an inference, is to reach a reasonable conclusion of fact which you may but are not required to make from other facts which you find have been established by direct evidence. Whether an inference is made rests entirely with you.

You may not build one inference from another inference which is unsupported by any additional facts, but you may make more than one inference from the same facts or circumstances if it is reasonable to do so. Additionally, you may not draw inferences from a speculative or remote basis that has not been established by the legal evidence.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts in accordance with the legal evidence in the case, both direct and circumstantial.

## CREDIBILITY OF WITNESSES

In your effort to determine the facts, you will be faced with the problem of what weight should be given to the testimony of each witness. You must determine how credible or believable any witness is. You may believe all that a witness tells you, part of what he or she tells you, or none of what he or she tells you.

Consider carefully the circumstances under which each witness testified. Remember the response to questions, assurance or lack of it in answering, and the entire demeanor or appearance of the witness while on the witness stand. Consider also any relationship that a witness may bear to either side of the case, their reasons for testifying, any interest they may have in the outcome of the case, any prejudice or bias they may have shown, including any reason or motivation to bear hostility or animosity toward any party, and any partiality they may have demonstrated.  In dealing with contradictory testimony, you may consider which testimony is supported or contradicted by the exhibits admitted into legal evidence.

Material inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to discredit that testimony. In considering the effect of a discrepancy, do not be misled by an unimportant detail, but do consider all discrepancies that relate to matters of importance. Consider also whether a discrepancy resulted from an innocent error or an intentional falsehood.

Keep in mind that two individuals rarely, if ever, describe an incident precisely alike in all minute details; note that one individual rarely, if ever, describes the same incident twice in the same minute detail.

In your daily life, you are constantly determining who is worthy of belief and who is not. In this case, employ the same tests in determining who is worthy of belief and who is not. Employ the

same tests in determining the weight and credibility, if any, you will assign to the testimony of each witness who testified in this trial.

If you believe that witnesses have been discredited as to a part of their testimony, you may give the balance of their testimony such credence, if any, that you believe it deserves.

## IMPEACHMENT

A witness may be discredited or "impeached" by contradictory legal evidence, by a showing that he or she testified falsely concerning a material matter, or by legal evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

In addition, a witness may be discredited or impeached by showing that the witness has made a false statement, whether under oath or not, in other circumstances in which the witness had a motive to make false statements.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

## EXHIBITS

A number of exhibits and testimony related to them have been introduced. You will determine what weight, if any, the exhibits should receive in the light of all the legal evidence. You may note that parts of some documents have not been introduced and are not part of the exhibits with you in the jury room. The parts of the documents that have been omitted are not relevant to your deliberations and are not legal evidence.

**SUMMARIES, CHARTS, AND DIAGRAMS**

Summaries, charts or diagrams prepared by a witness or a party and submitted to you in the jury room are received for the purpose of explaining facts disclosed by testimony and other documents which are legal evidence in the case. Such summaries, charts or diagrams, however, are not in and of themselves proof of any facts. If such summaries or charts do not correctly reflect facts or figures shown by the legal evidence in the case, you may disregard them entirely.

**ALL PERSONS EQUAL BEFORE THE LAW**

The fact that Dennis Cook is an individual and the City of Norwood is a public entity must not enter into or impact your verdict. This case should be considered and decided by you as an action between persons of equal worth and equal standing in the community. Dennis Cook and each of the defendants are entitled to the same fair trial at your hands. All persons, including public entities such as the City of Norwood, stand equal before the law, and are to be dealt with as equals in a court of justice. Sympathy for a party, or prejudice against a party, should play no part in your deliberations or in your decision.

**NOTE-TAKING**

Notes taken by a juror are not legal evidence and, therefore are not entitled to any weight in your deliberations. It is the memory and impressions of each juror as to what the testimony may have been which is important. Whether you take notes or not, each of you must form and express your own opinion as to the facts of the case from your own memory and recollection of the legal evidence. It is your collective memory that is important.

Your notes should be used by you only as an aid to your own memory as you discuss the case. The oral discussions of each juror in the jury room, using his or her own independent recollection of the legal evidence, are entitled to equal weight whether or not that juror took notes.

**AGENTS**

The City of Norwood is a public entity. A city can act only through its agents; that is, the people who make up the management of the city or others who are agents for the city. An agent may bind the city by actions done while acting within the scope of his duties as an

employee of the entity. An employee acting outside the scope of his employment may not bind the entity. Even though an act is forbidden, however, it may still be within the scope of employment. In deciding whether an act was within the scope of employment, you should consider factors such as where the act took place and the foreseeability of the act. Actions of employees to intentionally harm the plaintiff are outside the employment relationship and therefore outside the scope of employment.

If you find that a member of the City of Norwood's management acting within the scope of their employment had knowledge of a particular fact, then you should find that the defendant, City of Norwood, as a city had knowledge of that fact.

**Engleman v. Cincinnati Board of Elections, 2001 WL 705575 (Ohio App. 1 Dist.)**

**Ellithorp v. Barberton Board of Eduation, 1997 WL 416333 (Ohio App. 9 Dist.)**

**OPINION WITNESS**

In this case, you have heard the testimony of witnesses who have rendered opinions. Persons who have experience in any art, science, profession, or calling, may state their opinions in a matter which is relevant to the case. They may also state the reasons for their opinion.

You should consider each opinion received in this case separately and give it such weight as you think it deserves. You may consider the education, training, and experience of the opinion witnesses when determining the weight of their opinions. You may reject the opinion in whole or in part if you conclude the reasons given in support of the opinions are unsound.

As with other witnesses, however, you must decide what weight should be given the testimony of each opinion witness. In determining its weight, you may take into consideration the witness's knowledge, experience, education, truthfulness and familiarity with the facts of the case as well as other means of testing credibility and determining the weight to be given to the testimony.

In short, you may use all those tests you ordinarily use in everyday life to determine whether an individual is well-informed regarding the matters he or she has talked about.


**OPINION WITNESS AND HYPOTHETICAL QUESTION**

Normally, a witness may not express an opinion. Those who follow a profession or special line of work, however, may express their opinions because of their education, knowledge and experience. Such testimony is admitted for whatever assistance it may provide to help you to arrive at a just verdict.

Questions have been asked in which opinion witnesses were permitted to assume that certain facts were true and to give their opinions based on those assumptions. You must determine

whether the assumed facts, upon which the witnesses base their opinions are true. If any assumed fact was not established by the legal evidence, you must determine the effect of that fact not being established  upon the value of the opinion of the witness.

**COMPENSATION OF OPINION WITNESS**

You will recall that during the trial, opinion witnesses were asked if they had been or will be compensated for their services. It is not improper for an opinion witness to be compensated for services. It is a customary and accepted procedure. No possible suggestion of impropriety results from compensation for the services of an opinion witness, including compensation for giving testimony at trial.

**STIPULATIONS**

Before the trial of this case, the parties entered into certain stipulations or agreements, in which they agreed that certain facts are to be taken as true without further proof. Since the parties have so agreed, you are to take these facts as true for all purposes of this case. These stipulations were read to you earlier, and will be available for you to review during your deliberations at Joint Exhibit 1.

**THE AMERICANS WITH DISABILITIES ACT**

**AND OHIO LAW**

The Americans with Disabilities Act ("ADA") is the federal law prohibiting discrimination because of disability. The ADA provides that it is unlawful for an employer to intentionally discriminate against a qualified individual with a disability because of that disability. ?Discriminate" includes not making reasonable accommodations to the known mental limitations of a qualified

individual with a disability, unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of its business.

The ADA provides that it is unlawful for an employer to: discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment.

In this case, plaintiff claims that he is a qualified individual with a disability" protected by the ADA and that defendants intentionally discriminated against him because of his disability by not promoting him to the position of lead man. Plaintiff has the burden of proving by a preponderance of the legal evidence that defendants intentionally discriminated against him because of his disability.

Plaintiff also claims that defendants violated Ohio's handicap discrimination law. Ohio law contains the same elements of a claim as the ADA. Consequently, your resolution of the ADA claim will also resolve Plaintiff's claim under Ohio law.


**DISABILITY DISCRIMINATION - ESSENTIAL ELEMENTS**

To establish that defendants intentionally discriminated against him because of his disability, plaintiff must prove by the preponderance of the legal evidence that:

(1) Plaintiff was disabled;

(2) Plaintiff was qualified for the position he held, with or without reasonable accommodation; and

(3) Plaintiff suffered an adverse employment action because defendants actually relied on his disability in failing to promote him.

If plaintiff establishes the three elements set forth above, defendants must articulate some

legitimate, non-discriminatory reason for not promoting him. If defendants state such a reason, plaintiff may then establish discrimination by showing that the reason given by defendants is only a pretext, that is not the real reason.

**DEFINITION OF DISABILITY UNDER THE ADA**

The term "disability", as defined in the ADA, means:

(A) a physical or mental impairment that substantially limits one or more major life activities;

(B) a record of such impairment; or

(C) being regarded as having such an impairment.

The impairment must be severe enough to pose substantial limitations on the ability to perform a "major life activity," such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning or working.

Plaintiff may also show that defendants regarded him as having limitations that substantially limits a major life activity.

**ADVERSE EMPLOYMENT ACTION**

Mere unpleasantness or admonitions or other minor employment actions are not legally sufficient to constitute evidence of material adverse employment action. Further, minor reprimands and counseling memoranda do not constitute adverse employment action when plaintiff does not suffer time off, suspension, loss of pay benefits, or changes in duties.

**Kelly v. Lambda Research, Inc., 2004 WL 406096 (6th Cir. 2004)**

**Allen v. Michigan Department of Corrections (6th Cir. 1999), 165 F.3d 4005**

**Reid v. Madison County, Tennessee (6th Cir. 1999), 1999 WL 196560**

## LEGITIMATE, NONDISCRIMINATORY REASONS

The burden of proof remains with the plaintiff to convince you by a preponderance of the legal evidence that defendants failed to promote him because of his disability or failed to reasonably accommodate him. In determining whether the plaintiff has met his burden of proof, you are to take into consideration the reasons given by the defendants for their actions.

In order to defend against a claim of intentional discrimination, defendants have no burden to prove that their reasons were good, justifiable, or fair. It does not matter if you agree or disagree with defendants' reasons. If defendants state a legitimate, nondiscriminatory reason for their actions, plaintiff has failed to establish that defendants' decision to demote him was because of his disability, unless he establishes by the preponderance of the legal evidence the reasons stated by defendants were pretextual and not the actual reason for defendants' actions.

## "PRETEXT" - DEFINITION

A "pretext" is a fictitious reason advanced to conceal a real one.  There are different ways the plaintiff can establish "pretext" and have sufficient proof of disability discrimination. The plaintiff may show that the defendants intentionally discriminated against the plaintiff because of his disability, notwithstanding the stated reason, or the plaintiff can establish pretext by showing that the stated reason had no basis in fact, did not actually motivate the defendants' decision, or was insufficient to motivate the decision.  If the plaintiff establishes pretext by a preponderance of the legal evidence, you may conclude that his disability was a motivating factor in the decision to demote him. If plaintiff failed to establish pretext by the preponderance of the legal evidence, you may conclude that his disability was not a motivating factor in the defendants' actions.

## SUBSTANTIALLY LIMITS

The term "substantially limits" means a physical or mental impairment that:

1. renders the plaintiff unable to perform a major life activity that the average person in the population could perform; or

2. significantly restricts, as to condition, manner or duration, the individual's ability to perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population could perform the same major life activity.

The question of whether plaintiff's impairment substantially limits a major life activity depends on the impairment's:

1. Nature and severity;

2. Duration or expected duration; and

3. Expected or actual permanent or long term impact.

In determining whether or not plaintiff is "substantially limited" in major life activities, you should consider the effects of corrective measures plaintiff is taking or should have taken at all times relevant to this case. You may also consider the side effects of any corrective measures in deciding this issue.


**DEFINITION OF "QUALIFIED INDIVIDUAL WITH A DISABILITY"**

The term "qualified individual with a disability" means an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. The term "essential functions of an employment position," as used in these instructions, means "the fundamental job duties" of the employment position plaintiff held. Plaintiff bears the burden of demonstrating by a preponderance of the legal evidence that he could perform the essential functions of the job with or without reasonable

accommodation.

An employee who cannot satisfy his employer's reasonable attendance requirements for the job is not a qualified individual, regardless of whether the person has a disability or not. You must determine whether the attendance requirements are reasonable under the facts of this case. Further, an employee who cannot get along with other employees or the public is not a qualified individual.   **See, Turner v. City of University Heights, 191 F.3d 453**

**ESSENTIAL FUNCTIONS**

In assessing whether certain job functions are essential, consideration may be given to the employer's judgment and the written job description prepared by the employer. In addition, a job function may be considered essential if the very reason the position exists is to perform the function.

If the employee claims that a particular job function is not essential, the burden is on the employer to prove by a preponderance of the legal evidence that the challenged function is essential, and therefore a business necessity, or that elimination of the function would impose an undue hardship on the employer. It is unlawful for an employer not to make an accommodation to the known limitations of an otherwise qualified employee with a disability unless the employer proves by a preponderance of the legal evidence that the accommodation would impose an undue hardship on the operation of its business.

The term "undue hardship" means an action requiring significant difficulty or expense, when considered in light of the following factors: the nature and cost of the accommodation needed; the overall financial resources of the facility or facilities involved in the provision of the reasonable accommodation; the number of persons employed at such facility; the effect on

expenses and resources, or the impact otherwise of such accommodation upon the operation of the facility; the overall financial resources of the covered entity; the overall size of the business of the covered entity with respect to the number of its employees; the number, type, and location of its facilities; the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; and the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

**REASONABLE ACCOMMODATION**

A reasonable accommodation means making modifications to the workplace or restructuring a job so as to allow a "qualified individual with a disability," as that term is defined in these instructions, to perform essential functions of the job or to enjoy the same benefits and privileges as an employee without a disability.

A reasonable accommodation does not include any effort which would cause an "undue hardship" on the employer, as that term is used in these instructions. An employee must request reasonable accommodation in advance.

A reasonable accommodation does not mean that the employer is required to eliminate an essential function of the job. It does not include efforts that would cause an undue hardship on the employer, as the term is explained in these instructions. In addition, an employer may discriminate by applying a qualification standard insisting that an individual not pose a direct threat to the health or safety of other individuals in the workplace. A direct threat is a significant risk to the health or safety of others that cannot be eliminated by a reasonable accommodation.

The burden of establishing that a proposed accommodation is reasonable remains with plaintiff.

**42 U.S.C.A. 12113(b); 29 C.F.R. §1630.2(r)**

**REQUEST FOR AN ACCOMMODATION**

It is the responsibility of the individual with a disability to inform the employer that an accommodation is needed. The employer is not required to speculate as to the extent of the employee's limitations or the employee's need or desire for an accommodation. An employer has no duty to accommodate the employee if the employee does not request an accommodation. The employer and the employee have a duty to participate in an interactive process on the issue of accommodation once an accommodation has been requested.

Neither party is required to use any specific language in their interaction with each other.

**Gantt v. Wilson Sporting Goods Company, 143 F.3d 1042 (6th Cir. 1998)**

**Taylor v. Principal Financial Group, Inc., 93 F.3d 155 (5th Cir. 1996)**

**BUSINESS DECISIONS**

The question before you on the intentional discrimination claims is not whether plaintiff was treated fairly, but assuming he was qualified for the position, whether his disability was a motivating factor in defendants' decision to demote him. In other words, it is not your function to review defendants' decision to determine whether they made an error in business judgment. In other words, it is your function to decide whether the plaintiff's disability was a motivating factor in defendants' decision to demote him.

An employer is entitled to make business decisions. A business decision can be based on subjective evaluations and making such evaluations does not automatically subject the employer to liability, nor does it automatically insulate the employer from liability.

You may consider the reasonableness or lack of reasonableness of defendants' stated business judgment along with all the other legal evidence in determining whether defendants discriminated against plaintiff because of his disability.

You must look to defendants' motivation, not plaintiff's perception.

**APPLICABILITY OF PERS**

**DISABILITY BENEFITS**

You have heard testimony that the plaintiff has received PERS benefits. Plaintiff has the burden of proving that receiving disability benefits from PERS is not inconsistent with his claim that he is an otherwise qualified employee under the ADA with or without an accommodation. You may consider plaintiff's explanation along with all other legal evidence in determining whether plaintiff could perform his job duties with defendants.

**Cleveland v. Policy Management Systems Corp., 526 U.S. 795, 119 S.Ct. 1597 (1999)**

**STATUTE OF LIMITATIONS**

The statute of limitations with respect to the claims of plaintiff pursuant to the ADA is 300 days prior to the filing of his charge for discrimination which occurred on June 16, 1998. As a result, plaintiff's federal disability claim must be based on actions that occurred on or after August 20, 1997.

Plaintiff has also brought state law claims pursuant to Ohio Revised Code §4112.02. The statute of limitations for those claims is two (2) years. I instruct you as a matter of law that you may only consider actions of defendants which occurred after February 1, 2000, with respect to all state law disability claims.

**R.C. 2744.04**

**STRAY REMARKS**

You are not to consider in your deliberations any remarks, comments or characterizations of the plaintiff or the plaintiff's employment with the defendants unless the plaintiff has shown that the remarks, comments or characterizations were made by an employee of the defendants who had decision-making authority and that the remarks, comments, or characterizations were related to defendants' decision not to accommodate him or to demote him. Unless and until you find that the plaintiff has done this, you are not to consider any stray remarks, comments, or characterizations in your deliberations.

**PREFACE TO INSTRUCTION ON DAMAGES**

The fact that I instruct you on the proper measure or amount of damages should not be considered as an indication of any view of mine as to what your verdict in this case should be. Instructions as to the measure of damages are given only for your guidance.

**DAMAGES - INTRODUCTION**

You may determine from the evidence what sum of money will adequately compensate the plaintiff. You are not to award any damages unless it has been established by a preponderance of the legal evidence that the damage was directly caused by the acts of the defendants.

**DISCRIMINATION - BACK PAY AND BENEFITS**

In making your determination of damages, you may consider the amount of the plaintiff's lost back pay and fringe benefits from the time of his alleged adverse employment action to the time of trial, if any.  Any award of back pay and benefits should make the plaintiff whole, that is, place him in the position he would have occupied but for the discrimination. Back pay and benefits

awards should completely redress the economic injury the plaintiff has suffered as a result of the discrimination. The plaintiff therefore should receive his lost salary, including any raises, which he would have received but for the discrimination, which he has established by the preponderance of the legal evidence. Back pay should also include any fringe benefits the plaintiff would have received had the discrimination not occurred.

The burden of proof is on the defendants to prove by a preponderance of the legal evidence any amounts of wages and benefits earned by the plaintiff following the alleged adverse employment action.

The amount of PERS payments received by plaintiff should not be used to reduce any award of back pay.

## COMPENSATORY DAMAGES

Additionally, you may consider the issue of "compensatory damages", an amount to compensate the plaintiff for any pain and suffering, loss of reputation, humiliation, embarrassment, mental anguish, and loss of self-esteem, if any, to date. To recover these damages, the plaintiff must prove by a preponderance of the legal evidence that he suffered the particular injury and that the injury was a result of one or more of the defendants' unlawful actions.

You should assess as compensatory damages the amount of money you find justified by a preponderance of the legal evidence as full and just compensation. Compensatory damages are not intended as punishment and cannot be based on speculation or mere possibility.

The amount of money to be awarded for certain of these damages cannot be proved in a precise dollar amount. The law leaves the amount to your sound judgment. The fact that the Court is instructing you as to the proper measure of damages should not be considered as indicating any

view of the Court on the subject.

**DAMAGES - DUTY TO MITIGATE**

The plaintiff has the duty to use reasonable efforts to mitigate (lessen) his damages.  The plaintiff, however, does not have the burden of proving that he mitigated his damages. On this issue, defendants have the burden of showing by a preponderance of the legal evidence that the damages were lessened or might have been lessened by the plaintiff.

You must consider whether the plaintiff fulfilled the duty to exercise reasonable diligence and make reasonable efforts to lessen the economic consequences of defendants' decision not to return him to work or not to reasonably accommodate him. In this regard, the law imposes on the plaintiff a duty to use reasonable diligence and reasonable means to pursue alternative employment in order to prevent any economic loss he may suffer by reason of him loss of continued employment. The plaintiff may not recover damages if he incurred them as a result of him lack of diligence in failing to pursue alternative employment.

You should consider all of the legal evidence introduced on this point and determine whether any amounts should be deducted from any award to the plaintiff.

**VERDICT FORM**

You will have with you in the jury room the following Special Verdict. No inference is to be drawn from the way I read the forms and you must unanimously agree upon your verdict.

**CLOSING REMARKS**

Nothing that I have said in these instructions and nothing in the manner in which the Special Verdict has been prepared or explained to you is intended to suggest or convey in any way a result I think you should reach as this is the exclusive duty and responsibility of the jury. I state to you categorically that the Court has no opinion as to the disputed facts of this case, or the propriety of any verdict you may return.

I cannot embody all the law in any single part of these instructions. In considering one portion, you must consider it in the light of and in harmony with all the instructions. I have instructed you on all the law necessary for your deliberations. Whether certain instructions are applicable may depend upon the conclusions you reach on the facts. It is your duty, as jurors, to confer with one another, and to deliberate with a view to reaching an agreement, if you can do so without doing violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of all the legal evidence in the case with other jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion, if you are convinced it is erroneous.

Do not surrender your honest conclusion as to weight or effect of the evidence, however, solely because of the opinion of other jurors, or for the mere purpose of returning a verdict.

Remember always that you are not partisans. You are judges--impartial triers of the facts. Your sole interest is to ascertain the truth from the legal evidence in the case. Do not take a firm position at the outset and then be too proud to change your position if you become convinced that your position is wrong.

You must not be influenced by any consideration of sympathy or prejudice. It is your duty to carefully weigh the legal evidence, to decide all disputed questions of fact, to apply these instructions to your findings, and to render your verdict accordingly. In fulfilling your duty, your efforts must be to arrive at a just verdict. Consider the legal evidence and make your findings with intelligence and impartiality, and without bias, sympathy or prejudice, so that the litigants will feel that their case was fairly and impartially tried. If, during the course of the trial, I said or did anything which you consider an indication of my view on any disputed fact, you are instructed to disregard it because only you, the Jury, determine such matters.

If during your deliberations you wish to communicate with me, please put your communication in writing and give it to the Courtroom Deputy who will deliver it to me. The Court will place in your possession the exhibits, the Special Verdict and a copy of these instructions.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will retain possession of these records and return them to the courtroom. The foreperson will see that your discussions are orderly and that each juror has the opportunity to discuss the case and to cast his or him vote; otherwise, the authority of the foreperson is the same as any other juror.

Until your verdict is announced in open court, you are not to disclose to anyone else the status of your deliberations or the nature of your verdict. When you arrive at a unanimous verdict - that is whenever all of you agree upon a verdict - you will sign the Special Verdict in ink and notify the Courtroom Deputy. You will then be returned to the courtroom.