## FUNCTION OF THE JURY

Members of the jury, your job as jurors is to determine the issues of fact presented by the claims of the parties and reach a just verdict.

In doing your job, you must follow the law as stated in these instructions and apply these rules of law to the facts you find from the legal evidence.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other issue of law than that given in these instructions, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the legal evidence in the case.

2

You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion.  Both the parties and the public expect that you will carefully and impartially consider all the legal evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

Unless otherwise stated, the jury should consider each instruction given to apply separately and individually to each party.

3

# BURDEN OF PROOF

## Preponderance of the Legal Evidence

The person who asserts a claim has the burden of proof -- that is, he or she has the obligation to prove the claim by a preponderance of the legal evidence, unless the Court specifically instructs you otherwise.

Preponderance of the legal evidence is the greater weight of the evidence; that is, legal evidence that you believe because it outweighs or overbalances in your mind the legal evidence opposed to it and because it is more probable, more persuasive, or of greater probative value. It is the quality of the legal evidence that must be weighed. Quality is not necessarily identical with quantity or the greater number of witnesses.

If the weight of the legal evidence is equally balanced or if you are unable to determine which side of an issue has been proved by a preponderance of the legal evidence, the party who has the burden of proof has not established such issue by a preponderance of the legal evidence.

4

## EVIDENCE

Legal evidence is the testimony of witnesses, the exhibits, which you will have with you in the jury room regardless of who may have produced them, and the facts which have been admitted or stipulated.

Once facts have been proved by the preponderance of the legal evidence, you may then draw such reasonable inferences from those facts you feel are justified in the light of your experience.

The legal evidence does not include the exhibits which have not been given to you in the jury room, the opening statements or the closing arguments of counsel. The opening statements and closing arguments of counsel and the exhibits used for demonstrative purposes are designed to assist you. They are not legal evidence.

Statements or answers which were stricken by the Court or which you were instructed to disregard are not legal evidence and must be treated as though you never heard them. Likewise, anything you may have perceived outside the courtroom is not legal evidence and must be entirely disregarded.

5

You must not speculate as to why the Court sustained the objection to any question or what the answer to such question might have been. You must not draw any inference or speculate on the truth of any suggestion included in a question that was not answered. It is the duty of the attorneys on both sides to make their objections and to protect the interest of their clients; you are not to infer in any manner that either side was attempting to withhold any legal evidence from you as a result of objecting to the evidence, whether it was subsequently admitted by the Court or subsequently ruled inadmissible.

You must not draw any inference or speculate on the truth of any suggestion included in a question that was not answered.

If a lawyer asks a witness a question which contains an assertion of fact, you may not consider the assertion of fact as legal evidence of that fact unless adopted or confirmed by the witness. The lawyer's assertions of facts are not legal evidence. The questions of lawyers may be considered, however, to the extent that they give meaning to the answers of the witness.

6

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of legal evidence from which a jury may properly find the truth as to the facts of a case.

Direct evidence is testimony given by a witness who has personal knowledge of the facts to which he or she testifies.

Circumstantial evidence is the proof of facts or circumstances by direct evidence from which you may reasonably infer other related or connected facts which naturally and logically follow, according to the common experience of people.

To infer, or to make an inference, is to reach a reasonable conclusion of fact which you may but are not required to make from other facts which you find have been established by direct evidence. Whether an inference is made rests entirely with you.

You may not build one inference from another inference which is unsupported by any additional facts, but you may make more than one inference from the same facts or circumstances if it is reasonable to do so. Additionally, you may not draw inferences from a speculative or remote basis that has not been established by the legal evidence.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts in accordance with the legal evidence in the case, both direct and circumstantial.

7

## CREDIBILITY OF WITNESSES

In your effort to determine the facts, you will be faced with the problem of what weight should be given to the testimony of each witness.  You must determine how credible or believable any witness is.  You may believe all that a witness tells you, part of what he or she tells you, or none of what he or she tells you.

Consider carefully the circumstances under which each witness testified. Remember the response to questions, assurance or lack of it in answering, and the entire demeanor or appearance of the witness while on the witness stand. Consider also any relationship that a witness may bear to either side of the case, their reasons for testifying, any interest they may have in the outcome of the case, any prejudice or bias they may have shown, including any reason or motivation to bear hostility or animosity toward any party, and any partiality they may have demonstrated.

In dealing with contradictory testimony, you may consider which testimony is supported or contradicted by the exhibits admitted into legal evidence.

8

Material inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to discredit that testimony.  In considering the effect of a discrepancy, do not be misled by an unimportant detail, but do consider all discrepancies that relate to matters of importance.  Consider also whether a discrepancy resulted from an innocent error or an intentional falsehood.

Keep in mind that two individuals rarely, if ever, describe an incident precisely alike in all minute details; note that one individual rarely, if ever, describes the same incident twice in the same minute detail.

In your daily life, you are constantly determining who is worthy of belief and who is not.  In this case, employ the same tests in determining who is worthy of belief and who is not.  Employ the same tests in determining the weight and credibility, if any, you will assign to the testimony of each witness who testified in this trial.

If you believe that witnesses have been discredited as to a part of their testimony, you may give the balance of their testimony such credence, if any, that you believe it deserves.

9

## IMPEACHMENT

A witness may be discredited or "impeached" by contradictory legal evidence, by a showing that he or she testified falsely concerning a material matter, or by legal evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

In addition, a witness may be discredited or impeached by showing that the witness has made a false statement, whether under oath or not, in other circumstances in which the witness had a motive to make false statements.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

10

## EXHIBITS

A number of exhibits and testimony related to them have been introduced. You will determine what weight, if any, the exhibits should receive in the light of all the legal evidence.

You may note that parts of some documents  have not been introduced and are not part of the exhibits with you in the jury room.  The parts of the documents that have been omitted are not relevant to your deliberations and are not legal evidence.

11

## SUMMARIES, CHARTS, AND DIAGRAMS

Summaries, charts or diagrams prepared by a witness or a party and submitted to you in the jury room are received for the purpose of explaining facts disclosed by testimony and other documents which are legal evidence in the case. Such summaries, charts or diagrams, however, are not in and of themselves proof of any facts. If such summaries or charts do not correctly reflect facts or figures shown by the legal evidence in the case, you may disregard them entirely.

12

## ALL PERSONS EQUAL BEFORE THE LAW

The fact that plaintiff and certain defendants are individuals and the City of Norwood is a municipality must not enter into or impact your verdict. This case should be considered and decided by you as an action between persons of equal worth and equal standing in the community. Both individuals and the City of Norwood are entitled to the same fair trial at your hands. All persons, including municipalities such as the City of Norwood, stand equal before the law, and are to be dealt with as equals in a court of justice. Sympathy for a party, or prejudice against a party, should play no part in your deliberations or in your decision.

13

## NOTE–TAKING

Notes taken by a juror are not legal evidence and therefore are not entitled to any weight in your deliberations.  It is the memory and impressions of each juror as to what the testimony may have been which are important.  Whether you take notes or not, each of you must form and express your own opinion as to the facts of the case from your own memory and recollection of the legal evidence.  It is your collective memory that is important.

Your notes should be used by you only as an aid to your own memory as you discuss the case.  The oral discussions of each juror in the jury room, using his or her own independent recollection of the legal evidence, are entitled to equal weight whether or not that juror took notes.

14

## AGENTS

A municipality such as the City of Norwood can act only through its agents; that is, the people who make up the management of the municipality or others who are agents for the municipality.  An agent may bind the municipality by actions done while acting within the scope of his duties as an employee of the entity.  An employee acting outside the scope of his employment may not bind the entity.  Even though an act is forbidden, however, it may still be within the scope of employment.  In deciding whether an act was within the scope of employment, you should consider factors such as where the act took place and the foreseeability of the act.

If you find that members of defendant's management acting within the scope of their employment had knowledge of a particular fact, then you should find that the defendant as a municipality had knowledge of that fact.

15

## <u>STRAY REMARKS</u>

You are not to consider in your deliberations any remarks, comments or characterizations of the plaintiff or the plaintiff's employment with the City of Norwood unless the plaintiff has shown that the remarks, comments or characterizations were made by an employee of the City of Norwood who had decision-making authority and that the remarks, comments, or characterizations were related to defendants' decision to take adverse employment actions.

16

## OPINION WITNESS

In this case, you have heard the testimony of witnesses who have rendered opinions.  Persons who have experience in any art, science, profession, or calling, may state their opinions in a matter which is relevant to the case.  They may also state the reasons for their opinion.

You should consider each opinion received in this case separately and give it such weight as you think it deserves.  You may consider the education, training, and experience of the opinion witnesses when determining the weight of their opinions.  You may reject the opinion in whole or in part if you conclude the reasons given in support of the opinions are unsound.

As with other witnesses, however, you must decide what weight should be given the testimony of each opinion witness.  In determining its weight, you may take into consideration the witness's knowledge, experience, education, truthfulness and familiarity with the facts of the case as well as other means of testing credibility and determining the weight to be given to the testimony as previously set forth on pages 7, 8 and 9 of these instructions.  In short, you may use all those tests you ordinarily use in everyday life to determine whether an individual is well-informed regarding the matters he or she has talked about.

17

## HYPOTHETICAL QUESTIONS

Questions have been asked in which an opinion witness was permitted to assume that certain facts were true and to give an opinion based on those assumptions. You must determine whether the assumed facts upon which the opinion witness based his opinion are true. If any assumed fact was not established by the preponderance of the legal evidence, you must determine the effect of that fact not being established upon the value of the opinion of the witness.

18

## COMPENSATION OF OPINION WITNESS

You will recall that during the trial, opinion witnesses were asked if they had been or will be compensated for their services.  It is not improper for an opinion witness to be compensated for services.  It is a customary and accepted procedure.

19

## **STIPULATIONS**

Before and during the trial of this case, the parties entered into certain stipulations or agreements, in which they agreed that certain facts are to be taken as true without further proof.  Since the parties have so agreed, you are to take these facts as true for all purposes of this case.  These stipulations were read to you earlier, and will be available for you to review during your deliberations at Joint Exhibit 1, Joint Exhibit 2 and Joint Exhibit 3.

20

## STATEMENT OF THE CASE

Plaintiff claims that he is disabled within the meaning of the law and/or that defendants perceived or regarded him as disabled.  Plaintiff claims that defendants discriminated against him with regard to the terms and conditions of his employment because defendants perceived or regarded him as disabled.   Plaintiff also claims that defendants retaliated against him for engaging in activity protected under the Americans With Disability Act.

Defendants deny all of these claims by plaintiff.

21

## THE ANTI-DISCRIMINATION LAWS

Both federal and state law prohibit discrimination because of disability. The laws provide that it is unlawful for an employer to intentionally discriminate against a qualified individual with a disability or a qualified individual the employer perceives or regards as disabled because of that disability with regard to job advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment.

In this case, plaintiff claims that he is a "qualified individual" and that defendants intentionally discriminated against him because defendants perceived or regarded him as disabled. Plaintiff has the burden of proving by a preponderance of the legal evidence that defendants intentionally discriminated against him because defendants perceived or regarded him as disabled.

22

## DISABILITY DISCRIMINATION – ESSENTIAL ELEMENTS

To establish that defendants intentionally discriminated against him because of his disability, plaintiff must prove by the preponderance of the legal evidence that:

(1)    Defendants perceived or regarded him as disabled;

(2)    Plaintiff was qualified for the position he held or desired; and

(3)    Defendants subjected plaintiff to an adverse employment action solely because defendants perceived or regarded him as disabled.

23

## DEFINITION OF DISABILITY

The term "disability" means:

(A)    a physical or mental impairment that substantially limits one or more major life activities;

(B)    a record of such impairment; or

(C)    being regarded as having such an impairment.

The impairment must be severe enough to pose substantial limitations on the ability to perform a "major life activity," such as working.

24

## SUBSTANTIALLY LIMITS

The term "substantially limits" means a physical or mental impairment that:

1.    renders the plaintiff unable to perform a major life activity that the average person in the population could perform; or

2.    significantly restricts, as to condition, manner or duration, the individual's ability to work as compared to the condition, manner or duration under which the average person in the general population could perform work.

The question of whether plaintiff's impairment substantially limits a major life activity depends on the impairment's:

1.    Nature and severity;

2.    Duration or expected duration; and

3.    Expected or actual permanent or long term impact.

In determining whether or not plaintiff was "substantially limited" in working, you should consider the effects of corrective measures plaintiff was taking or should have taken at all times relevant to this case.  You may also consider the side effects of any corrective measures in deciding this issue.

25

## DEFINITION OF "QUALIFIED INDIVIDUAL"

The term "qualified individual" means an individual who can perform the essential functions of the employment position that such individual holds or desires.  Plaintiff bears the burden of demonstrating by a preponderance of the legal evidence that he could perform the essential functions of the job.

26

## PERCEIVED OR REGARDED AS HAVING A DISABILITY

Plaintiff was perceived or regarded as having a disability if he had a physical or mental impairment that does not limit a major life activity, but was treated by the defendants as having such a limitation or had a physical or mental impairment that was substantially limiting only because of the attitudes of others toward the impairment.

## ESSENTIAL FUNCTIONS

"Essential functions" are the fundamental job duties of an employment position. The term does not include only marginal functions. In determining whether a particular function is essential, you must consider all the legal evidence in the case, including but not limited to the following factors:

(1) The employer's judgment as to which functions are essential;

(2) Written job descriptions prepared before advertising or interviewing applicants for the job;

(3) The amount of time spent on the job performing the function;

(4) The consequences of not requiring the individual to perform the function;

(5) The terms of a collective bargaining agreement;

(6) The work experience of past incumbents in the job; and/or

(7) The current work experience of incumbents in similar jobs.

An employer bears the burden of proving that a certain job function is essential and therefore a business necessity, or that elimination of the job function would impose an undue hardship on the employer.

28

## BONA FIDE OCCUPATIONAL HAZARD

The defendants are not required to employ a person in a job who is perceived or regarded by them as disabled under circumstances that would significantly increase the occupational hazards affecting the employee, other employees or the general public.  The defendants are not required to employ a person who is perceived or regarded by them as disabled under circumstances that would significantly increase occupational hazards.

29

## ADVERSE EMPLOYMENT ACTION

In order to establish an adverse employment action, plaintiff must show a materially adverse change in the terms and conditions of his employment. A materially adverse change in the terms and conditions of employment taken as a whole must be more disruptive than a mere inconvenience or an alteration of responsibilities.  A materially adverse change might be indicated by a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that you find have been established by the plaintiff by the preponderance of the legal evidence in the case.

Temporary job actions, minor reprimands and counseling memoranda do not constitute adverse employment actions when plaintiff does not suffer time off, suspension, loss of pay or benefits or changes in duties.

## LEGITIMATE, NONDISCRIMINATORY REASONS

The burden of proof remains with the plaintiff to convince you by a preponderance of the legal evidence that defendants discriminated against him because the employer perceived or regarded him as disabled. In determining whether the plaintiff has met his burden of proof, you are to take into consideration the reasons given by the defendants for their actions.

In order to defend against a claim of intentional discrimination, defendants have no burden to prove that their reasons were good, justifiable, or fair. It does not matter if you agree or disagree with defendants' reasons. If defendants state a legitimate, nondiscriminatory reason for their actions, plaintiff has failed to establish that defendants' decisions were based on their perception that he was disabled unless he establishes by the preponderance of the legal evidence the reasons stated by defendants were pretextual and not the actual reasons for defendants' actions.

31

## **"PRETEXT" – DEFINITION**

A "pretext" is a fictitious reason advanced to conceal a real one.

There are different ways the plaintiff can establish "pretext" and have sufficient proof of disability discrimination.  The plaintiff may show that the defendant intentionally discriminated against him because defendants perceived or regarded him as disabled, notwithstanding the stated reason, or the plaintiff can establish pretext by showing that the stated reason had no basis in fact, did not actually motivate the defendants' decisions, or was insufficient to motivate the decisions.

32

## BUSINESS DECISIONS

An employer is entitled to make business decisions. A business decision can be based on subjective evaluations and making such evaluations does not automatically subject the employer to liability, nor does it automatically insulate the employer from liability.

You may consider the reasonableness or lack of reasonableness of defendants' stated business judgment along with all the other legal evidence in determining whether defendants discriminated against plaintiff because defendants perceived or regarded him as disabled.

You must look to defendants' motivation, not plaintiff's perception.

33

## RETALIATION CLAIM

Plaintiff claims that defendants retaliated against him because he engaged in protected activity under the Americans With Disability Act by complaining of disability discrimination and by filing disability discrimination charges with the Equal Employment Opportunity Commission.

Defendants deny plaintiff's claims of retaliation. It is defendants' position that they did not retaliate against plaintiff in any way.

34

## RETALIATION

It is unlawful for an employer to retaliate against an employee because he has opposed disability discrimination.  In order to establish a claim for retaliation for opposing disability discrimination, plaintiff must prove:

> 1) that he engaged in protected activity;
>
> 2) that defendants knew he engaged in protected activity;
>
> 3) that he was the subject of an adverse employment action by defendants at the time or after plaintiff engaged in the protected activity;  and
>
> 4) that a causal link or connection existed between the protected activity and the adverse employment action.

35

## FILING OF AN EEOC COMPLAINT

The filing of an EEOC complaint creates no right of an employee to miss work, fail to perform assigned work or leave work without notice.

36

## <u>PROTECTED ACTIVITY</u>

Protected activity includes complaining about possible discriminatory treatment or conduct and filing a charge of discrimination with the Equal Employment Opportunity Commission.

37

## CAUSAL CONNECTION

In order to establish a causal connection between protected activity and an adverse employment action, plaintiff must prove by a preponderance of the legal evidence that the adverse action was motivated at least in part by his engagement in protected activity.

The plaintiff need not prove that the sole purpose of the adverse action was because he engaged in protected activity.  It is sufficient for plaintiff to prove that his engaging in protected activity was a determining factor in the adverse action.  "Determining factor" means a reason that made a difference in defendants' decision to take an adverse job action against plaintiff.

38

## REASONABLE AND GOOD FAITH BELIEF

To establish his retaliation claim, the plaintiff need not prove the merits of the underlying discrimination complaint.  The plaintiff need only establish that he had a reasonable and good faith belief that his employer engaged in disability discrimination.

39

## DEFENDANT'S CLAIMED LEGITIMATE
## NONRETALIATORY REASONS

At all times the burden of proof remains with the plaintiff and he must convince you by a preponderance of the legal evidence that his engagement in protected activity was a determining factor in defendants' decision to take an adverse job action against plaintiff. In deciding whether plaintiff has met his burden of proof, you are to take into consideration the reasons given by the defendants for their decision to take an adverse job action against plaintiff. Defendants need only articulate a legitimate non-discriminatory reason.

Plaintiff can only carry his burden of proof by proving that his engagement in protected activity was a determining factor in defendants' decision to take an adverse job action against plaintiff, notwithstanding defendants' stated reasons. He may show this by demonstrating that the reasons offered by defendants were not the true reasons, but were a pretext for retaliation against plaintiff for engaging in protected activity.

40

## LIABILITY OF THE INDIVIDUAL DEFENDANTS

Defendants Kevin Cross, Gary Hubbard and Joseph Hochbein cannot be held individually liable on certain of plaintiff's claims unless the defendant acted (1) with malicious purpose or (2) in a wanton or reckless manner.

"Malicious purpose" is a purpose that is willful and intentionally designed to do injury or to act intentionally with the desire to harm another, usually seriously, through conduct which is unlawful or unjustified. "Wanton" or "reckless" is the failure to exercise any care whatsoever.

41

## STATUTE OF LIMITATIONS

Under federal law, plaintiff has 300 days from the date a discriminatory act occurred to file a charge of disability discrimination. Plaintiff filed a charge of disability discrimination on June 16, 1998. Plaintiff can therefore only recover in this action under federal law for discriminatory acts which occurred on or after August 20, 1997.

42

## PREFACE TO INSTRUCTION ON DAMAGES

The fact that I instruct you on the proper measure or amount of damages should not be considered as an indication of any view of mine as to what your verdict in this case should be.  Instructions as to the measure of damages are given only for your guidance.

43

## DAMAGES – INTRODUCTION

You may determine from the evidence what sum of money will adequately compensate the plaintiff.  You are not to award any damages unless it has been established by a preponderance of the legal evidence that the damage was directly caused by the acts of the defendants.

44

## DAMAGES – BACK PAY AND BENEFITS

In making your determination of damages, you may consider the amount of the plaintiff's lost back pay and fringe benefits from the time of the alleged adverse employment action, if any, to the time of trial.

Any award of back pay and benefits should make the plaintiff whole, that is, place him in the position he would have occupied but for the disability discrimination or retaliation.  Back pay and benefits awards should completely redress the economic injury the plaintiff has suffered as a result of the disability discrimination or retaliation.  The plaintiff therefore should receive his lost salary, including any raises,  that he would have received which he has established by the preponderance of the legal evidence.  Back pay should also include any fringe benefits the plaintiff would have received had the disability discrimination or retaliation not occurred.

The burden of proof is on the defendants to prove by a preponderance of the legal evidence any amounts of wages and benefits earned by the plaintiff following the alleged adverse employment action.

45

## DAMAGES – FRONT PAY

You may award plaintiff front pay.  Front pay may include the amount plaintiff reasonably would have earned from the day you return a verdict, until the date you find plaintiff's loss of front pay will cease.

If you award plaintiff front pay, any sums so awarded must be reduced to their present value.  This sum is then to be reduced by the amount you find plaintiff will be able to earn during that same period.  Any award of front pay you may make is limited to the amount required to place plaintiff in the position he would have occupied in the absence of disability discrimination.

If you decide to award front pay to plaintiff, you must determine the present worth of such an amount, since the award of front pay requires that the payment be made now for the loss that will not actually be sustained until some future date.  Under these circumstances, the law requires an adjustment because the plaintiff will be reimbursed in advance of his loss and will have the use of the money that he would not have received until some future date.

46

To make a reasonable adjustment for the interest-free, present value of money representing plaintiff's anticipated future loss, the law requires that you discount, or reduce to its present worth, the amount of the anticipated loss by (1) taking the interest rate or return which plaintiff could reasonably be expected to receive on an investment on the lump-sum payment, together with the period of time over which the future loss is reasonably certain to be sustained, and (2) deducting from the total amount of anticipated future loss the amount that would reasonably be earned if invested at such rate of interest over such future period of time.  You are to include in your verdict an award for only the present worth – the reduced amount – of the anticipated future loss.

47

## COMPENSATORY DAMAGES

Additionally, you may consider the issue of "compensatory damages", an amount to compensate the plaintiff for any pain and suffering, loss of reputation, humiliation, embarrassment, mental anguish, and loss of self-esteem, if any.  To recover these damages, the plaintiff must prove by a preponderance of the legal evidence that he suffered the particular injury and that the injury was a result of one or more of the defendant's unlawful actions.

You should assess as compensatory damages the amount of money you find justified by a preponderance of the legal evidence as full and just compensation.  Compensatory damages are not intended as punishment and cannot be based on speculation or mere possibility.

The amount of money to be awarded for certain of these damages cannot be proved in a precise dollar amount.  The law leaves the amount to your sound judgment.

Any award of compensatory damages for future loss must be reduced to its present value.

The fact that the Court is instructing you as to the proper measure of damages should not be considered as indicating any view of the Court on the subject.

48

## AVERAGE LIFE EXPECTANCY

The average life expectancy for white males age 49 is 21.63 years, according to the United States Life Table. The evidence of life expectancy is an estimate of the average remaining length of life of all persons in this country based upon a limited number of persons of that age. Such evidence is not conclusive; however, it may be considered along with all other legal evidence.

49

## DAMAGES – DUTY TO MITIGATE

The plaintiff has the duty to use reasonable efforts to mitigate (lessen) his damages.

The plaintiff, however, does not have the burden of proving that he mitigated his damages.  On this issue, defendants have the burden of showing by a preponderance of the legal evidence that the damages were lessened or might have been lessened by the plaintiff.

You must consider whether the plaintiff fulfilled the duty to exercise reasonable diligence and make reasonable efforts to lessen the economic consequences of defendants' actions.  In this regard, the law imposes on the plaintiff a duty to use reasonable diligence and reasonable means to pursue alternative employment in order to prevent any economic loss he may suffer. The plaintiff may not recover damages if he incurred them as a result of his lack of diligence in failing to pursue alternative employment.

You should consider all of the legal evidence introduced on this point and determine whether any amounts should be deducted from any award to the plaintiff.

## PUNITIVE DAMAGES

Punitive damages may be awarded against an individual defendant as a punishment to discourage others from committing similar wrongful acts. You are not required to award punitive damages to plaintiff, and you may not do so unless you find by clear and convincing evidence that an individual defendant acted with actual malice or reckless indifference to plaintiff's known rights.

Actual malice is defined as that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge.

Reckless indifference is defined as a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.

If you award punitive damages, the amount should be fair and reasonable under all the facts and circumstances. It should not be excessive, nor actuated by passion or prejudice. The amount of punitive damages rests in the sound judgment of the jury and should be determined from all the evidence in the case. If no amount is awarded for punitive damages, write the word "none" in lieu of an amount in the space provided on the verdict form.

51

## CLEAR AND CONVINCING LEGAL EVIDENCE

Clear and convincing legal evidence is more than a preponderance of the legal evidence.  It is a degree of certainty that will produce a firm belief or conviction as to the facts sought to be established.  Clear and convincing legal evidence is proof of the facts which is greater than a preponderance of the legal evidence, but not as great as the  "proof beyond a reasonable doubt" needed to convict someone of a crime.

52

## <u>VERDICT FORM</u>

You will have with you in the jury room the following Special Verdicts. No inference is to be drawn from the way I read the forms and you must unanimously agree upon your verdict.

53

## CLOSING REMARKS

Nothing that I have said in these instructions and nothing in the manner in which the Special Verdict has been prepared or explained to you is intended to suggest or convey in any way a result I think you should reach as this is the exclusive duty and responsibility of the jury.  I state to you categorically that the Court has no opinion as to the disputed facts of this case, or the propriety of any verdict you may return.

I cannot embody all the law in any single part of these instructions.  In considering one portion, you must consider it in the light of and in harmony with all the instructions.

I have instructed you on all the law necessary for your deliberations.  Whether certain instructions are applicable may depend upon the conclusions you reach on the facts.

It is your duty, as jurors, to confer with one another, and to deliberate with a view to reaching an agreement, if you can do so without doing violence to your individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of all the legal evidence in the case with other jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion, if you are convinced it is erroneous.

54

Do not surrender your honest conclusion as to weight or effect of the evidence, however, solely because of the opinion of other jurors, or for the mere purpose of returning a verdict.

Remember always that you are not partisans. You are judges-- impartial triers of the facts. Your sole interest is to ascertain the truth from the legal evidence in the case.

Do not take a firm position at the outset and then be too proud to change your position if you become convinced that your position is wrong.

You must not be influenced by any consideration of sympathy or prejudice. It is your duty to carefully weigh the legal evidence, to decide all disputed questions of fact, to apply these instructions to your findings, and to render your verdict accordingly. In fulfilling your duty, your efforts must be to arrive at a just verdict. Consider the legal evidence and make your findings with intelligence and impartiality, and without bias, sympathy or prejudice, so that the litigants will feel that their case was fairly and impartially tried. If, during the course of the trial, I said or did anything which you consider an indication of my view on any disputed fact, you are instructed to disregard it because only you, the Jury, determine such matters.

55

If during your deliberations you wish to communicate with me, please put your communication in writing and give it to the Courtroom Deputy who will deliver it to me.

The Court will place in your possession the exhibits, the Special Verdicts and a copy of these instructions.

Upon retiring to the jury room, you will select one of your number to act as your foreperson.  The foreperson will retain possession of these records and return them to the courtroom.  The foreperson will see that your discussions are orderly and that each juror has the opportunity to discuss the case and to cast his or her vote; otherwise, the authority of the foreperson is the same as any other juror.

Until your verdicts are announced in open court, you are not to disclose to anyone else the status of your deliberations or the nature of your verdicts.  When you arrive at your unanimous verdicts – that is whenever all of you agree upon your verdicts – you will sign the Special Verdict Form in ink and notify the Courtroom Deputy.  You will then be returned to the courtroom.