UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **DENNIS COOK,** | : | **CASE NO. 1:02cv00073** |
| | : | **(J. Weber)** |
| **Plaintiff** | : | |
| | : | |
| vs. | : | |
| | : | |
| **CITY OF NORWOOD, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MOTION FOR JUDGMENT AS A MATTER OF LAW

Comes now Defendant, the City of Norwood, and respectfully moves this Court for judgment as a matter of law in accordance with Rule 50(b) of the Federal Rules of Civil Procedure. This Motion is based upon the following Memorandum, federal law and the special verdicts entered by the jury in this action.

                                                                                                            s/Lawrence E. Barbiere
                                        Lawrence E. Barbiere
                                        Ohio Bar Number: 0027106
                                        Michael E. Maundrell
                                        Ohio Bar Number: 0027110
                                        Attorney for Defendant, City of Norwood
                                        **SCHROEDER, MAUNDRELL, BARBIERE & POWERS**
                                        11935 Mason Road, Suite 110
                                        Cincinnati, OH  45249
                                        (513) 583-4200
                                        (513) 583-4203 (fax)
                                        Email:  lbarbiere@schroederlaw.com

**M E M O R A N D U M**

I.  **INTRODUCTION.**

Rule 50(b) of the Federal Rules of Civil Procedure provides for renewing a motion for judgment after trial and states in pertinent part:

> If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal issues raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than ten days after entry of judgment . . . .

In the case at bar, these Defendants moved for judgment as a matter of law at the close of the Plaintiff's case and again at the close of all the evidence. The Court entered its Judgment Entry December 17, 2004 in favor of Plaintiff and against the Defendant, City of Norwood, on Plaintiff's claim for retaliation under the ADA in the amount of $200,000, plus attorney's fees, costs and interest from the date of the jury verdict. In accordance with F.R.C.P. 50(b), this Defendant hereby renews its Motion for Judgment as a Matter of Law. The jury's award as set forth in Special Verdict 12 (Doc. 131) was only for front pay. The jury awarded no damages for back pay or for other compensatory damages. At the hearing on post-trial matters (Doc. 137), the Court indicated its intention to enter judgment in the amount of $200,000 for front pay and to award no damages for compensatory damages or back pay.

As will be set forth more fully below, this Defendant is entitled to judgment as a matter of law with respect to the award of front pay for a variety of reasons. First, since Plaintiff only prevailed on the claim for ADA retaliation, he is not entitled to front pay pursuant to the law as set forth in *Kramer v. Banc of America Securities, LLC,* 355 F.3d 961 (2004) and pursuant to 42 U.S.C. 12203 and 42 U.S.C. 2000e-5(g)(1). In addition, Plaintiff cannot be entitled to front pay because he

was not discharged by the City of Norwood. On the contrary, he was placed on a five year leave of absence by PERS in accordance with O.R.C. §145.362. The City of Norwood made a bona fide offer to extend that leave of absence in accordance with that Code section for an additional five years. Since Plaintiff was neither discharged nor constructively discharged, he cannot be entitled to front pay.

An additional reason that Plaintiff is not entitled to front pay as a matter of law is that the uncontroverted testimony at trial was that Plaintiff has been disabled since May, 1999 and has not been capable of working. His inability to work is not a result of retaliation by the City of Norwood. Since front pay is designed to replace future lost wages, the uncontroverted evidence is that Plaintiff could not have worked in the future. As a result, he cannot be entitled to front pay and the City of Norwood is entitled to judgment as a matter of law.

Further, the jury indicated in response to Special Verdict 6 that no Defendant retaliated against Plaintiff after February 1, 2000. As a result, no basis exists for giving Plaintiff damages beyond that date.

**II.    ARGUMENT OF LAW.**

    **A.    PLAINTIFF'S INABILITY TO WORK IN THE FUTURE IS NOT A RESULT OF ADA RETALIATION BY THE CITY OF NORWOOD.**

In order to receive front pay, a Plaintiff must show that his employer's unlawful conduct caused his loss of employment. See, *Gotthardt v. National Railroad Passenger Corporation,* 191 F.3d 1148 (9th Cir. 1999); and *Winsor v. Hinckley Dodge, Inc.,* 79 F.3d 996 (10th Cir. 1996). In the case at bar, Plaintiff did not present sufficient evidence to prove a causal connection between the ADA retaliation and his loss of employment. On the contrary, Plaintiff continued to work without

losing any pay until he injured himself using a weedeater on May 12, 1999. He made a worker's compensation claim as a result of that injury and submitted reports from his doctors indicating that he was unable to work because of his physical injuries. In fact, Dr. Penix opined that Plaintiff was totally disabled as a result of his physical condition (Dx 590b), and Plaintiff applied to PERS for disability based upon his physical injuries on July 16, 1999 (Dx 590). It was only after PERS denied Plaintiff's claim for disability benefits based upon his physical injury that Plaintiff appealed and was able to obtain disability benefits based upon his psychological condition. However, Plaintiff did not produce evidence at trial indicating that his mental disability was proximately caused by the retaliatory actions of the City of Norwood. On the contrary, the uncontroverted evidence at trial was that Plaintiff had longstanding psychological illness. Plaintiff produced evidence from Dr. Helm who testified that Plaintiff's condition deteriorated during the latter part of his employment with the City of Norwood. However, no testimony was adduced which proved to a reasonable degree of medical certainty that Plaintiff's inability to work for the City of Norwood was a proximate result of any retaliatory conduct. On the contrary, Dr. Marzella and Dr. Oleski both testified that Plaintiff's psychological illness and related inability to work were not caused by the conduct of the City of Norwood or its employees.

Plaintiff was neither terminated nor constructively discharged by the City of Norwood. He stopped working as a result of a physical injury and applied for PERS benefits based upon that physical injury. He was ultimately determined to be disabled by PERS as a result of a longstanding psychological illness which was not caused by the City of Norwood. In accordance with R.C. 145.362, Plaintiff was placed upon a five year leave of absence by PERS. The City of Norwood has agreed to extend that five year leave of absence to allow Plaintiff to return to work if he recovers

from his psychological disability. Since Plaintiff was not terminated or constructively discharged by the City of Norwood, and his inability to work is not a result of retaliation by the City of Norwood, Plaintiff is not entitled to front pay as a mater of law.

### B. THE CITY OF NORWOOD DID NOT RETALIATE AGAINST PLAINTIFF FOR CONDUCT PROTECTED BY THE ADA.

The ADA provides that:

> No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by **this chapter** or because such individual made a charge testified, or participated in any manner in an investigation, proceeding, or hearing under **this chapter**. *42 U.S.C.§12203(a)*. (Emphasis added).

To establish a prima facie case of retaliation, a plaintiff must show: (1) that he engaged in protected activity; (2) that he suffered adverse employment action; and (3) that a causal connection existed between the protected activity and the adverse action. *Penny v. United Parcel Service*, 128 F.3d 408 (6th Cir. 1997).

Retaliation claims are subjected to the same analysis when brought under the ADA as under Title VII. *Penney v. United Parcel Service, supra*. In this case, Plaintiff has made a participation claim because he is claiming that he has been retaliated against for filing a disability charge with the EEOC on June 16, 1998. In the June 16th retaliation charge, Cook alleged as follows in Paragraph I: "I filed a charge of discrimination on 5-16-98." In Paragraph III of that same charge, Cook alleged: "I believe I have been discriminated against because I filed a charge of discrimination against the city. . ." (DX 556). The charge to which Cook made reference related solely to **age discrimination** which occurred on April 13, 1998 (DX 553). A district court only has jurisdiction to hear ADA claims that were either included in an EEOC charge or are based on conduct subsequent to the charge which is reasonably related to the allegations in the EEOC charge. *Sussle*

*v. Sirina Protection Systems Corp.*, 269 F.2d 285 (S.D.N.Y. 2003). Plaintiff never filed a charge claiming retaliation for activity protected by the ADA. Therefore, Plaintiff's charge cannot sustain a claim of retaliation under ADA.

Further, Plaintiff cannot show that he was retaliated against for filing a charge because his own evidence is that he was discriminated against during the December through May, 1998 time frame **before the charge was filed**. See, *Reed v. Bennett*, 244 F.Supp 2d 1205 (U.S.D.C. KS 2003). Plaintiff claims he was passed over for a promotion for the lead man job in April, 1998, and Leo Osterday testified that he was ordered to keep a close watch on Plaintiff in April, 1998. No adverse employment action was taken against Plaintiff as a result of the filing of his claim for disability discrimination and his retaliation claim must fail.

The United States Court of Appeals for the Seventh Circuit recently decided the seminal case of *Kramer v. Banc of America Securities, LLC*, 355 F.3d 961 (2004).[1] In *Kramer*, the Seventh Circuit ruled that only back pay damages and equitable relief are available for retaliation claims under the ADA with accordance with 42 U.S.C. 200e-5(g)(1). As a result, Plaintiff cannot be entitled to front pay and his ADA retaliation claim should be dismissed as a matter of law.

Plaintiff's contention that he was retaliated against as a result of "protected activity" cannot support a retaliation claim. Although it is unclear exactly what protected activity he is claiming brought about "retaliation," it is clear that no adverse employment action was taken against him as a result of filing the charge for disability discrimination. Therefore, an ADA retaliation claim does not lie as a matter of law.

---

[1] *Kramer* has not been addressed by the 6th Circuit but has been followed by District Courts in the 3rd, 4th and 11th Circuits.

Plaintiff continued to work at the City of Norwood until he injured himself in May, 1999. He made a claim for Workers' Compensation and went out on Workers' Compensation leave in accordance with Article 33 of the Collective Bargaining Agreement. Plaintiff then applied for and eventually received total disability from PERS. He was not discharged and was not constructively discharged. He cannot, therefore, be entitled to front pay.

As a matter of law, Plaintiff was not retaliated against by the City of Norwood for filing the ADA charge with the EEOC. No adverse employment action was taken to entitle him to any damages.

### III.  CONCLUSION.

Based on the foregoing, Defendant, the City of Norwood, respectfully requests that this Court grant this Motion for Judgment as a Matter of Law and enter final judgment in favor of the City of Norwood, Ohio, on all issues in the within action.

        s/Lawrence E. Barbiere
Lawrence E. Barbiere
Ohio Bar Number: 0027106
Attorney for Defendant, City of Norwood
**SCHROEDER, MAUNDRELL, BARBIERE & POWERS**
11935 Mason Road, Suite 110
Cincinnati, OH  45249
(513) 583-4200
(513) 583-4203 (fax)
Email:  lbarbiere@schroederlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on **December 27, 2004,** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following: Robert G. Kelly, Esq., *Attorney for Plaintiff*, W. McGregor Dixon, Jr., Esq., *Attorney for Joseph J. Hochbein*, James F. Brockman, Esq., *Attorney for Kevin Cross*, and to Steven Martin, Esq., *Attorney for Defendant, Gary Hubbard.*

        s/ Lawrence E. Barbiere
Lawrence E. Barbiere