# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **DENNIS COOK,** | : | **CASE NO. 1:02cv00073** |
| | : | **(J. Weber)** |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **CITY OF NORWOOD, et al.,** | : | |
| | : | |
| **Defendants** | : | |

### DEFENDANT CITY OF NORWOOD'S MOTION FOR STAY OF PROCEEDINGS TO ENFORCE JUDGMENT PENDING RESOLUTION OF POST-TRIAL MOTIONS

Comes now Defendant, the City of Norwood, Ohio, and respectfully moves this Court pursuant to Fed.R.Civ.P. 62(b) for a Stay of Proceedings to Enforce Judgment rendered herein on December 17, 2004, pending the disposition of this Defendant's Motion for Judgment as a Matter of Law pursuant to R. 50(b) filed prior to this Motion. This Motion is based upon the pleadings filed herein, the evidence adduced at trial, the law of the United States and the Memorandum attached hereto, all of which demonstrate the City of Norwood should be granted a Stay of Proceedings to Enforce Judgment pending resolution of all post-trial motions.

_____s/Lawrence E. Barbiere_____
Lawrence E. Barbiere
Ohio Bar Number: 0027106
Michael E. Maundrell
Ohio Bar Number: 0027110
Attorney for Defendant, City of Norwood
**SCHROEDER, MAUNDRELL, BARBIERE & POWERS**
11935 Mason Road, Suite 110
Cincinnati, OH  45249
(513) 583-4200
(513) 583-4203 (fax)
Email:  lbarbiere@smbplaw.com

<u>M E M O R A N D U M</u>

## I.    <u>INTRODUCTION.</u>

A jury trial was held in this matter from November 2, 2004 to December 1, 2004.  At the close of Plaintiff's evidence, the City of Norwood made an oral Motion for Judgment as a Matter of Law.  Prior to submission of the case to the jury, the City of Norwood renewed its Motion for Judgment as a Matter of Law.  The jury returned a verdict on December 2, 2004.  Pursuant to Special Verdict No. 1, on December 17, 2004, the Court granted judgment in favor of all Defendants, including the City of Norwood, against Plaintiff on Plaintiff's claims for disability discrimination under Ohio law and the Americans with Disability Act ("ADA").  Pursuant to Special Verdict Nos. 4, 5, 7, 8, 9, 10, 12, 13, 14, and 15, the Court granted judgment in favor of Plaintiff and against the City of Norwood on Plaintiff's claim for retaliation under the ADA in the amount of $200,000, plus attorney's fees, costs, and interest from the date of the jury verdict at the federal rate.  (Doc. 138).

Subsequently, the City of Norwood filed a Motion for Judgment as a Matter of Law pursuant to Fed.R.Civ.P. 50(b).  For the reasons set forth below, any and all proceedings to enforce this Court's December 17, 2004 judgment should be stayed pending resolution of Defendant's post-trial Motion pursuant to R.50.

## II.    <u>ARGUMENT.</u>

**THE CITY OF NORWOOD IS ENTITLED TO A STAY OF PROCEEDINGS TO ENFORCE THE COURT'S DECEMBER 17, 2004 JUDGMENT PURSUANT TO F.R.C.P. 62(b).**

Federal Rule of Civil Procedure 62(b) provides as follows:

**(b)    Stay on Motion for New Trial or for Judgment**.  In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending

> the disposition of a motion for a new trial or to alter or amend the judgment made pursuant to R. 59, or of a motion for relief from a judgment or order made pursuant to R. 60, or of a motion for judgment in accordance with a motion for a directed verdict made pursuant to R. 50, or of a motion for amendment to the findings or for additional findings made pursuant to R. 52(b).

Pursuant to R. 62(b), the decision to grant a stay pending the outcome of a post-trial motion under R. 50 is left to the discretion of the Court. However, factors courts consider in making such determination including (1) whether the defendant has a likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other interested parties; and (4) where the pubic interest lies. *Baker v. Adams County/Ohio Valley School Board*, 310 F.3d 927 (6th Cir. 2002). The City of Norwood has filed a R. 50(b) Motion for Judgment as a Matter of Law. This case is exceptionally well suited for the discretionary stay pursuant to R. 62(b) based upon a balancing of those factors.

> **1.    The City of Norwood satisfies the likelihood of success element for consideration by the Court in granting a stay.**

The City of Norwood has filed a Motion for Judgment as a Matter of Law setting forth substantial grounds for its position that it is entitled to as a matter of law with respect to Plaintiff's retaliation claim pursuant to the Americans with Disability Act.

The ADA provides that:

> No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by **this chapter** or because such individual made a charge testified, or participated in any manner in an investigation, proceeding, or hearing under **this chapter**. *42 U.S.C.§12203(a).* (Emphasis added).

To establish a prima facie case of retaliation, a plaintiff must show: (1) that he engaged in protected

activity; (2) that he suffered adverse employment action; and (3) that a causal connection existed between the protected activity and the adverse action. *Penny v. United Parcel Service*, 128 F.3d 408 (6th Cir. 1997).

Retaliation claims are subjected to the same analysis when brought under the ADA as under Title VII. *Penney v. United Parcel Service, supra.* In this case, Plaintiff has made a participation claim because he is claiming that he has been retaliated against for filing a disability charge with the EEOC on June 16, 1998. In the June 16th retaliation charge, Cook alleged as follows in Paragraph I: "I filed a charge of discrimination on 5-16-98." In Paragraph III of that same charge, Cook alleged: "I believe I have been discriminated against because I filed a charge of discrimination against the city. . ." (DX 556). The charge to which Cook made reference related solely to **age discrimination** which occurred on April 13, 1998 (DX 553). A district court only has jurisdiction to hear ADA claims that were either included in an EEOC charge or are based on conduct subsequent to the charge which is reasonably related to the allegations in the EEOC charge. *Sussle v. Sirina Protection Systems Corp.*, 269 F.2d 285 (S.D.N.Y. 2003). Therefore, Plaintiff's charge cannot sustain a claim of retaliation under ADA.

Further, Plaintiff cannot show that he was retaliated against for filing that charge because his own evidence is that he was discriminated against during the December through May, 1998 time frame **before the charge was filed**. See, *Reed v. Bennett*, 244 F.Supp 2d 1205 (U.S.D.C. KS 2003). Plaintiff claims he was passed over for a promotion for the lead man job in April, 1998, and Leo Osterday testified that he was ordered to keep a close watch on Plaintiff in April, 1998. No adverse employment action was taken against Plaintiff as a result of the filing of his claim for disability discrimination and his retaliation claim must fail.

-4-

The United States Court of Appeals for the Seventh Circuit recently decided the seminal case of *Kramer v. Banc of America Securities, LLC*, 355 F.3d 961 (2004).[1]  In *Kramer*, the Seventh Circuit ruled that only back pay damages and equitable relief are available for retaliation claims under the ADA with accordance with 42 U.S.C. 200e-5(g)(1).  As a result, Plaintiff cannot be entitled to front pay and his ADA retaliation claim should be dismissed as a matter of law.

Plaintiff's contention that he was retaliated against as a result of "protected activity" cannot support a retaliation claim.  Although it is unclear exactly what protected activity he is claiming brought about "retaliation," it is clear that no adverse employment action was taken against him as a result of filing the charge for disability discrimination.  Therefore, an ADA retaliation claim does not lie as a matter of law.

Plaintiff continued to work at the City of Norwood until he injured himself in May, 1999.  He made a claim for Workers' Compensation and went out on Workers' Compensation leave in accordance with Article 33 of the Collective Bargaining Agreement.  Plaintiff then applied for and eventually received total disability from PERS.  He was not discharged and was not constructively discharged.  He cannot, therefore, be entitled to front pay.

As a matter of law, Plaintiff was not retaliated against by the City of Norwood for filing the ADA charge with the EEOC.  No adverse employment action was taken to entitle him to any damages.  Plaintiff's inability to work is caused by his longstanding psychological illness and not by retaliatory conduct by the City of Norwood.  Further, as set forth in *Kramer, supra*, Plaintiff is not entitled to front pay damages for retaliation as a matter of law.

---

[1] *Kramer* has not been addressed by the 6th Circuit but has been followed by District Courts in the 3rd, 4th and 11th Circuits.

The City of Norwood submits that for the foregoing reasons, and for all of the additional reasons set forth in its Motion for Judgment as a Matter of Law, it has a reasonable likelihood of success on the merits of its Motion for Judgment as a Matter of Law.  Further, it is not necessary for the Court to rule favorably upon the merits of the City of Norwood's Motion for Judgment as a Matter of Law at this time in order to grant this Motion for Stay pending that determination.  In *Combustion Systems Services, Inc., v. Schuylkill Energy Resources, Inc.,* 153 F.R.D. 73 (E.D.PA. 1994), the court granted a motion for stay under R. 62(b) and specifically noted that it was not conceding that it committed error.  The court said:

> In any event, although the Court will not concede that it committed error, this Court cannot conclude that Plaintiff has no reasonable possibility of success on the merits of its post-trial motions or appeals.  153 F.R.D. at 74.

The court noted that the issues presented to the jury were very complex as a result of which it was difficult to determine what a court of appeals might do.  The City of Norwood submits that similar reasoning applies herein.  Plaintiff's retaliation claim was vague.  Plaintiff continually shifted grounds as the basis for such claim causing obvious confusion to the jury.  Plaintiff presented evidence at various points in the trial that he was retaliated against based upon his age, union activity and that he was retaliated against because he filed Worker's Compensation claims.  This Plaintiff has properly invoked this Court's jurisdiction only with respect to his ADA claim.  However, the fact that evidence was presented with respect to other alleged bases for retaliation, not properly the basis for an ADA retaliation claim, presents a substantial likelihood of a conclusion favorable to the City of Norwood.  In any event, since, as the court said in *River Oaks Marine, Inc. v. The Town of Grand Island*, 1992 WL 406813 (W.D. N.Y. 1992), "it cannot be said that defendants have no likelihood of success on their post-trial motion," the required element for consideration based on likelihood of

-6-

success on the merits is satisfied herein.

**2.    The City of Norwood may suffer irreparable injury if the stay is denied and Plaintiff will not be substantially harmed by the stay.**

In Ohio, judgments against political subdivisions such as the City of Norwood are paid only out of funds appropriated for that purpose.  O.R.C. 2744.06(A).  Where appropriated funds are insufficient, the fiscal officer of the subdivision must certify the amount of the unpaid judgment to the taxing authority of the subdivision for inclusion in the next budget and appropriate measure.  The judgment may also be paid out of the proceeds of bonds issued for that purpose.  Since the City of Norwood may prevail on its post-trial Motion, as a result of which it would not be obligated to pay the judgment, it would suffer irreparable injury by being required to invoke the statutory procedures necessary to satisfy the judgment which it may not ultimately be required to pay.  Thus, there is no basis for denying a stay based upon these factors.

**3.    The public interest favors granting the stay.**

The courts have recognized that where the defendant is a political subdivision, the public interest is involved in the court's consideration in determining whether the stay should be granted.  In *River Oaks Marine, supra*, the court said as follows in granting the stay:

> Furthermore, immediate execution could work substantial hardship on the Town's residents and visitors.  This would certainly not be in the public interest.
>
> *  *  *
>
> Finally, it is significant that the Grand Island is a municipal corporation.   In *Marcelletti & Son Construction Co., Inc. v. Millcreek Township Sewer Authority*, 313 F. Supp. 920 (W.D. PA. 1979).  The court held that security is unnecessary under R. 62(b) where a municipal corporation is involved, since the municipality must provide in its budget for the payment of debts. . .  1992 WL 406813 at * 2.

Thus, courts do take into consideration the public interest and the substantial hardship that could

befall the residents of a political subdivision in exercising discretion as to whether to grant a stay. For those additional reasons, it is appropriate for this Court to grant the stay herein.

Finally, the statutory procedures for a political subdivision to satisfy a judgment are set forth in R.C. 2744.06. Federal Rule of Civil Procedure 62(f) works in conjunction with Ohio Civ.R. 62(C). It provides that where a judgment debtor is entitled to a stay had the action been maintained in the courts of that state, the district court will grant a stay. Ohio Rule of Civil Procedure 62(C) provides that no bond is required for a stay in favor of a political subdivision in the event of appeal. In this case, no bond is required under F.R.C.P. 62(d) since this is not a stay upon an appeal. However, even where the stay is requested upon appeal, under the Ohio Civil Rules, no bond is required of a political subdivision under Ohio Civ.R. 62(C). *State ex rel. State Fire Marshall v. Curl*, 87 Ohio St.3d 568, 722 N.E.2d 73 (2000). Since the City of Norwood would not be required to post a bond to obtain a stay even pending an appeal, it is not appropriate for this Court to impose a bond upon the City of Norwood pending a decision by this Court on its Motion for Judgment as a Matter of Law.

III.    **CONCLUSION**.

For all of the foregoing reasons, the City of Norwood respectfully requests this Court to grant a Stay of Proceedings to Enforce Judgment pursuant to F.R.C.P. 62(b) with respect to this Court's Judgment and Order of December 17, 2004.  (Doc. 138, 139).

Respectfully submitted,

**s/Lawrence E. Barbiere**

Lawrence E. Barbiere
Ohio Bar Number: 0027106
Michael E. Maundrell
Ohio Bar Number: 0027110
Attorney for Defendant, City of Norwood
**SCHROEDER, MAUNDRELL, BARBIERE & POWERS**
11935 Mason Road, Suite 110
Cincinnati, OH  45249
(513) 583-4200
(513) 583-4203 (fax)
Email:  lbarbiere@smbplaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on **December 27, 2004,**  I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following:  Robert G. Kelly, Esq., ***Attorney for Plaintiff***,  W. McGregor Dixon, Jr., Esq., ***Attorney for Joseph J. Hochbein***, James F. Brockman, Esq., ***Attorney for Kevin Cross***, and to Steven Martin, Esq., ***Attorney for Defendant, Gary Hubbard.***

**s/ Lawrence E. Barbiere**

Lawrence E. Barbiere (0027106)