UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DENNIS COOK | : | CASE NO. C-1-02-073 |
| | : | Judge Weber |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF NORWOOD, et al. | : | PLAINTIFF'S MOTION FOR |
| | : | NEW TRIAL |
| Defendants. | : | |

Now comes the Plaintiff, by and through undersigned counsel, and moves the Court for an order granting the Plaintiff a new trial pursuant to Fed. R. Civ. P. 59. The Plaintiff relies on the memorandum attached hereto in support of the motion.

/s/Robert G. Kelly
Robert G. Kelly        0002167
Attorney for Plaintiff
4353 Montgomery Road
Norwood, Ohio 45212
1-513-531-3636
1-513-531-0135 fax
Email: rgkfskgreg@aol.com

MEMORANDUM

The Defendants throughout the process of the pendency of this case have attempted to turn the entire factual situation upside down as it concerns the issues presented and more importantly the evidence profoundly demonstrates the viability of all of the claims originally presented by the Plaintiff in his complaint.

AGE DISCRIMINATION EEOC CHARGE

The Court at the final hearing on December 16, 2004 stated the Court granted summary

1

judgment to the Defendant Norwood on the Plaintiff's age discrimination complaint because the Plaintiff failed to allege a constructive discharge by the Defendant Norwood.   The Plaintiff at ¶31 of the complaint filed in the within cause of action stated clearly:

> 31.     City, Hochbein, Cross, Hubbard and unknown Defendants used a variety of
> means to accomplish the <u>REMOVAL</u> of the older employees, harass employees,
> discriminate against employees based on race, religion, age and disability,  including
> the Plaintiff, from their positions including but not limited to:

The Plaintiff then proceeded to delineate the actions by the Defendants to accomplish the removal of older employees from positions within the City of Norwood.  If the grant of summary judgement to the Defendant Norwood on the federal age discrimination claim was based either in whole or in part on the failure of the Plaintiff to allege a constructive discharge, the language is contained in the complaint.  The precise term "constructive discharge" was not used but  "removal" was.  Is there a case which states or a federal code section which states that "constructive discharge" are the only words which can be used to maintain the viability of an age discrimination claim?

The Plaintiff's age discrimination claim was based on the selection of a younger man (Osterday) for the position of leadman of the street crew in violation of the terms of the labor agreement and past practice by the Defendant Norwood.  While Cook did not allege constructive discharge from his position with the City of Norwood in his first EEOC complaint filed, it is elementary why he did not make the assertion: Cook was still employed by the City of Norwood from the time of his removal as leadman until his termination with the City of Norwood.  During the foregoing period of time Cook was denied the increased rate of pay for the position of leadman mandated by the bargaining agreement.

A demotion can serve as the basis for a valid ADEA claim. *Wexler v. White's Fine Furniture Inc.*, No. 99-3929 (6th Cir. 01/27/2003). The evidence clearly demonstrates the Plaintiff presented issues which raise genuine issues of material fact that preclude the grant of summary judgment in this case. The Defendants can argue from every different angle possible, and it is almost certain they will, but the evidence is unrefuted Osterday was appointed to the position and the Plaintiff was denied the position. The Court should vacate the grant of summary judgment on the Plaintiff's age discrimination claim.

42U.S.C. 1983, 1985 and 1986 CLAIMS

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. 1983. The unrefuted evidence presented to the Court demonstrates the fraudulent concealment of the Plaintiff's claim for a violation of 42 U.S.C. 1983. Specifically the Plaintiff draws the Court's attention to the testimony of the Defendant Hubbard concerning the disabling of the street sweeper and the complicity of Cross at a minimum in the deprivation of the Plaintiff's rights to the following:

1.  Denial of a fair and impartial hearing before Cross [stage 1 of the grievance process-Exhibit 60, page 12 (Article 9, Step 1)], denial of a fair and impartial hearing before Hubbard [stage 2 of the grievance process Exhibit 60, page 12 (Article 9, Step 2)] and a denial of a fair and impartial hearing before Hochbein [stage 3 of the grievance process Exhibit 60, page 12 (Article 9, Step 3)].

3

2.      More importantly the Defendants denied the Plaintiff the opportunity to fully discover the nature and extent of the Defendants' lies in the discovery process as the Defendant Hubbard lied throughout the discovery process. See deposition of Hubbard. When the Defendant Hubbard allegedly testified truthfully at trial the disclosure in the testimony of Hubbard renders the discovery process meaningless. A party can lie throughout the discovery process and testify inconsistently at trial? If that is not trial by ambush there is no circumstance when it can arise.

The Plaintiff discovered the lying conduct of the Defendants Cross and Hubbard in September 2000 and Plaintiff was only able to obtain corroboration to the Defendants' Hubbard and Cross acts only after their removal from office in 2001. The Defendant Norwood, along with the other Defendants, believe the Plaintiff should have discovered the Defendants Hubbard and Cross, at a minimum, were liars at the time of the event when they effectively closed the truth pipeline by placement of City of Norwood workers in fear of losing their positions of employment if they stepped forward to tell the truth. See testimony of Osterday, Lacinak and Andler.

The Plaintiff's claim remains viable for a claim pursuant to 42 U.S.C. 1985. The Plaintiff has demonstrated two or more persons (Cross and Hubbard) in any State conspired to deter, by force, intimidation, or threat, any party or witness (Osterday, Andler and Lacinak) in any court of the United States from attending such court, or from testifying to any matter pending therein ... with intent to deny to any citizen (Cook) the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws. The evidence is overwhelming concerning this issue. The Defendants did not

4

refute it. The Plaintiff demonstrated the date and time the Plaintiff became aware of the information. Although the foregoing section maybe seldom used, it nonetheless provides the Plaintiff with a right to recovery. The allegation the Plaintiff's claim is out of time is based in large part on the assumption the Plaintiff was aware of the acts of the Defendants at the time of the occurrence and the evidence clearly demonstrates the information was not available and a cause of action was unknown to the Plaintiff. The Defendants lied and they are rewarded by barring the Plaintiff's claim.

The Plaintiff has demonstrated a violation of 42 U.S.C. 1985(3). (Depriving persons of rights or privileges. If two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws ... or in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.). For the same reasons there is a violation of 42 U.S.C. 1983 there is the additional violation of the foregoing. The Defendants deprived the Plaintiff of the full opportunity to a fair and impartial hearing as the result of the Plaintiff seeking the protection of the EEOC. The evidence is before the Court. There is nothing the Defendants can point to demonstrate the Plaintiff should have known or been aware the Defendants use of disciplinary hearings were a fraud or sham. Did the Defendants step forward and state at any time they were liars

in any of their answers to the complaint. The Defendants denied everything at every turn in this case against overwhelming evidence.

## ADA VIOLATION

The Plaintiff demonstrated at trial

1.) Cook was an individual with a perceived disability by the Defendants dating to 1996. The Plaintiff has demonstrated a disability within the meaning of the statute through the testimony of Dr. Helm and the medical records contained in his file. See Daum records, Exhibit 507, the Plaintiff was unable to work. The City of Norwood was aware of the disability of Mr. Cook as evidenced by Exhibit 512 as William J. Miller, the Director of Public Safety. The individual may have an impairment which is not substantially limiting as evidenced by Dr. Helms' report in Exhibit 589, dated May 20, 1996, but which the City of Norwood considered limiting since it required the Plaintiff to complete therapy and it constituted a substantially limiting impairment within the meaning of 29CFR §1630. Further the Plaintiff has demonstrated he has an impairment which is only substantially limiting because of the attitudes of others toward the impairment, which is the City of Norwood, the Defendant Hubbard, the Defendant Cross and the Defendant Hochbein, who were all aware by the receipt of the letter from Miller dated May 20, 1996.

2.) Cook was otherwise qualified' to perform the job requirements, with or without reasonable accommodation. The evidence demonstrates the Plaintiff was qualified to perform the duties of leadman, laborer and street sweeper operator and functioned in

the position of street sweeper operator until such time as the Defendants Hubbard and Cross instructed the Chief Mechanic for the City of Norwood to disable the street sweeper. The testimony is clear concerning this issue. There was not one witness presented by the City of Norwood or any of the Defendants indicating the Plaintiff was not qualified for the position of street sweeper operator with or without reasonable accommodation. The evidence clearly reflects consistent with Exhibit 556, the EEOC retaliation charge that the same day the City of Norwood received the Plaintiffs EEOC complaint in Exhibit 553, the Plaintiff was removed from operating a street sweeper he operated for the previous 12 months at a minimum. A street sweeper the Defendant Hubbard acting in his capacity as Director of Service for the City of Norwood determined was not subject to the traffic laws of the City of Norwood and which neither Defendant Hubbard nor Cross made a determination for the qualifications of the operator until the Plaintiff filed his EEOC charge. Finally and more importantly stamped in the middle of Exhibit 553 is the stamp of the Defendant Hochbein receiving the document on May 20, 1998 which is the same day Plaintiff was removed from operating the street sweeper. Exhibit 138.

Please take note that Exhibit 556, EEOC complaint filed 6/18/98 for retaliation, references Title VII of the Civil Rights Act of 1964, The Age Discrimination Employment Act of 1967 and The Americans with Disabilities Act. All the boxes are checked.

There was no need for the Plaintiff to attempt to engage in a futile act of requesting a reasonable accommodation as the Defendants Cross, Hubbard and the City of Norwood

testified the Plaintiff would not be accommodated with training or assistance to become qualified to operate the street sweeper with the new requirements of a Class A license which was not required when he obtained the job. The mere requisite training to obtain a CDL was provided to new hires but not to the Plaintiff. Is it such a burden to make available to an employee the proper training to permit the operation of equipment to do his job. The Plaintiff was required to rent a truck on his own time and take the driving test in order to keep his job.

3)    Cook was prevented from performing his job solely by reason of his handicap. *Monette v. Electronic Data Sys. Corp.,* 90 F.3d 1173, 1178 (6th Cir. 1996). The evidence demonstrates the Plaintiff was removed from operating a motor vehicle as the result of filing an EEOC complaint on or about May 15, 1998 but more importantly the subsequent removal of the Plaintiff from operating the remaining street sweeper was occasioned by the Defendant Hubbard, by his own admission, with the direction by Cross, as testified to by Joe Lacinak and Melissa Andler, disabling the street sweeper and assigning him to the jackhammer.

The Defendants arguments denying any discrimination ring so hollow and shallow it is almost surpercilious to advance the argument. The bottom line is there is direct evidence in this case of discrimination against the Plaintiff by the admission of the Defendant Hubbard and the corroboration by Lacinak and Andler. More importantly Andler provider unrefuted testimony of the Defendant Hubbards glee in tormenting the Plaintiff with letters to "piss him off" knowing full well since at least May 1996 that the Plaintiff had a fragile personality.

It categorically violates the law and the plaintiff is entitled to a judgment on the law as to this provision without question, specifically:

8

(c) Examination of employees. A covered entity may require a medical examination (and/or inquiry) of an employee that is job-related and consistent with business necessity. A covered entity may make inquiries into the ability of an employee to perform job-related functions. (1) Information obtained under paragraph (c) of this section regarding the medical condition or history of any employee shall be collected and maintained on separate forms and in separate medical files and be treated as a confidential medical record, except that: (i) Supervisors and managers may be informed regarding necessary restrictions on the work or duties of the employee and necessary accommodations; (ii) First aid and safety personnel may be informed, when appropriate, if the disability might require emergency treatment; and (iii) Government officials investigating compliance with this part shall be provided relevant information on request. (2) Information obtained under paragraph (c) of this section regarding the medical condition or history of any employee shall not be used for any purpose inconsistent with this part. (d) Other acceptable examinations and inquiries. A covered entity may conduct voluntary medical examinations and [[Page 360]] activities, including voluntary medical histories, which are part of an employee health program available to employees at the work site. (1) Information obtained under paragraph (d) of this section regarding the medical condition or history of any employee shall be collected and maintained on separate forms and in separate medical files and be treated as a confidential medical record, except that: (i) Supervisors and managers may be informed regarding necessary restrictions on the work or duties of the employee and necessary accommodations; (ii) First aid and safety personnel may be informed, when

9

appropriate, if the disability might require emergency treatment; and (iii) Government officials investigating compliance with this part shall be provided relevant information on request. (2) Information obtained under paragraph (d) of this section regarding the medical condition or history of any employee shall not be used for any purpose inconsistent with this part.   **29CFR1630**.14

## FRAUDULENT CONCEALMENT

When the Court weighs the decision whether to grant the Plaintiff a new trial the Court should consider the Defendants fraudulent concealment of the causes of action in the within cause of action. Although all the Defendants have separate counsel the Court should recognize the situation for exactly what it is: The attempt by the City of Norwood to distance itself from rogue elected officials and appointed personnel.  The citizens of Norwood elected Hochbein who appointed a bus driver and a tire mechanic to positions neither were qualified to hold.  The Plaintiff has demonstrated Norwood, acting through its appointed officials fraudulently concealed causes of action from the Plaintiff.  There was:   (1) an actual concealment (2) of a material fact (3) with knowledge of the fact concealed (4) with intent to mislead another into relying upon such conduct (5) followed by actual reliance thereon by such other person having the right to so rely (6) with injury resulting to such person because of such reliance."   There is no question the Plaintiff should be permitted to proceed on all causes of action and he is entitled to a new trial.

More importantly the failure to permit the Plaintiff to proceed on a state cause of action for retaliation necessitates a new trial.  The Court phrased an interrogatory whether any act occurred after February 1, 2000 and the record reflects, unrefuted, the coverup of the substance of the acts of the Defendants through at least September 2000.  Further the record reflects the City of Norwood was

attempting to prevent the Plaintiff's workers' compensation claim through November 2000.  All the times are well within the statute of limitations.  To be direct and to the point, the Defendant Hubbard's deposition and trial testimony provide the Court with ample documentation of information to toll the statute of limitations or make the effective date the date of his testimony before the Court.  Plaintiff complied with all the rules concerning this matter in the filing of his EEOC complaints and patiently awaited the action of his government, both state and federal.  The filing of his state claim was timely based upon OAC 4112-3-17 (Deferral of charges to EEOC and referral of charges to HUD).


/s/Robert G. Kelly
Robert G. Kelly

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following: James F. Brockman, Esq., Attorney for Defendant Kevin Cross, Lawrence E. Barbiere, Esq., Attorney for Defendant City of Norwood, Steven Martin, Esq., Attorney for Defendant Gary Hubbard and McGregor Dixon, Jr., Esq., SHIPMAN, DIXON & LIVINGSTON CO., L.P.A., Attorney for Defendant Joseph Hochbein.


/s/Robert G. Kelly
Robert G. Kelly                    0002167
Attorney for Plaintiff