# UNITED STATES DISTRICT COURT
## SOUTHERN DISTIRCT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| DENNIS COOK | : | Case No.  C-02-073 |
| Plaintiff | : | Judge Weber |
| | : | |
| vs. | : | |
| | : | |
| CITY OF NORWOOD, et al. | : | **PLAINTIFF'S APPLICATION** |
| | : | **FOR ATTORNEY FEES** |
| Defendant | : | **AND COSTS; MEMORANDUM** |
| | : | **IN SUPPORT** |

Plaintiff Dennis Cook, by and through undersigned counsel, requests the Court to award attorneys' fees and costs. Specifically, Plaintiff seeks an award of $314,831.25 for attorneys' fees plus a multiplier of 1.5 times the foregoing amount, and $27,858.17 in costs.  Accompanying this motion is a memorandum in support, the Affidavit of counsel, and detailed exhibits.

Respectfully submitted,

/s/Robert G. Kelly
_____

Robert G. Kelly (0002167)
Trial Attorney for Plaintiff
4353 Montgomery Road
Norwood, OH  45212
(513) 531-3636
(513) 531-0135
Email: rgkfskgreg@aol.com

<u>**MEMORANDUM IN SUPPORT**</u>

## I.    <u>INTRODUCTION</u>

Plaintiff, as prevailing party in this action, applies for an award of attorneys' fees and for litigation costs and expenses.   Plaintiff prevailed in this litigation after extensive discovery, an evaluation of the underlying facts, a tortuous six year journey to get the Plaintiff his day in court and a four week trial (including jury selection and jury deliberation) that resulted in a verdict for Plaintiff.

## II.    <u>STANDARD FOR AWARDING ATTORNEY FEES</u>

The federal criteria for the award of attorney fees are set forth in <u>Blum v. Stenson</u>, 465 U.S. 886 (1984); <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983); and <u>Northcross v. Bd. of Education of Memphis School District</u>, 611 F.2d 624 (6th Cir. 1979).   Once a Plaintiff crosses the statutory threshold and is found to be the "prevailing party," the Plaintiff is "entitled to recover attorney fees" for "all time reasonably spent on a matter." <u>Northcross</u>, <u>supra</u>, at 636.   The Supreme Court has recognized the normal method for calculating an appropriate award of attorney fees and the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. <u>Hensley</u>, 461 U.S. at 433.

Plaintiff's counsel is entitled to reasonable fees for all phases of representation, including this Application, Defendant's post-trial motion(s), and any appeal.   Plaintiff intends to amend this Application or file an additional Application when the case is fully resolved.

### A.    <u>Plaintiff Does  Request a Multiplier to Counsel's Hourly Rates in This Case</u>

Plaintiff requests a reasonable rate for the lawyer and a multiplier to the attorney's hourly rate for services provided in the sum of 1.5 for the multiplier.   The multiplier is requested for the following reasons: 1.)  the case has dragged on endlessly due to the actions of the Defendant City of Norwood and its representatives who attempted to resolve the case with the EEOC without any involvement of the Plaintiff and it effectively delayed the Plaintiff from pursuing his claim for approximately eighteen months; 2.) the City of

Norwood demonstrated a callous indifference to the Plaintiff throughout the filing of his EEOC complaint and the Plaintiff in May 1998 provided the Defendants with the opportunity to resolve the case by appointing him to the position of leadman of the street department which he was qualified to hold and Defendants refused; 3.) the conduct of the Defendants in this matter was atrocious and unnecessary; 4.) the Defendants discriminated against this Plaintiff and other employees and the individual Defendants would still hold office and operate in the same illegal manner if not for the efforts of the Plaintiff and other employees. Further the acts of the Defendants in attempting to block the Plaintiff from the full enjoyment of his constitutional rights by lying to the EEOC and depositions taken in this case warrant a multiplier. Further there has been no compensation paid for this case to the attorney who has worked on the case for the past six years. Finally, Plaintiff's counsel pursued the Plaintiff's case and other similar cases and caused the removal of Hubbard from his position of employment and a turnover in the administration of the City of Norwood to the extent none of the named Defendants continue to hold any position of public trust in the City of Norwood.

The first step in determining a reasonable fee is to determine the hourly rate to be used. The Supreme Court in Blum held that attorney fees are to be "calculated according to the prevailing market rates in the relevant community, regardless of whether Plaintiff is represented by private or non-profit counsel."

Judges of the Southern District of Ohio approved, as reasonable, hourly rates for attorneys which exceed the rates sought by the Plaintiff's counsel. In McDaniel, et al. v. City of Cincinnati, Case No. C-1-99-325 (Southern District of Ohio 2001), the Court considered the issue of reasonable hourly rates in that case and Judge Susan Dlott determined in 2001 that the hourly rate of $350.00 per hour was reasonable. Judge Dlott established reasonable hourly rates for attorneys whose services were necessary in that case. In Gatch v. Milacron, Case No: C-1-99-1009, Judge S. Arthur Spiegel of the Southern District of Ohio approved similar rates as Judge Dlott which exceed the rate

sought by Plaintiff's counsel in this action.  Plaintiff's counsel seeks only an hourly rate of Two Hundred Twenty Five Dollars ($225.00) per hour.

Using as a standard the rates approved by the Southern District of Ohio for the attorneys in McDaniel and Gatch, Plaintiff requests that requested hourly rates for Plaintiff's counsel be approved as the rates are less than the rates approved in McDaniel and Gatch. Since McDaniel and Gatch were decided in 2001 and 2002, respectively, attorneys have adjusted hourly rates by approximately 4%, a modest adjustment for inflation and cost of living increases.  The hourly rates requested by Plaintiff in this case for the work of his lawyer are based on the hourly rate of Two Hundred Twenty Five Dollars ($225.00) and Plaintiff's attorney's refusal to permit a violation of the law to continue in the City of Norwood government, and  recognizes the extensive experience of counsel (Randolph Freking) in the cited cases.

**B.    Plaintiff's Counsel's Hours**

Once the hourly rate has been determined, the next step is to calculate the hours reasonably expended in this action. Northcross, 611 F. Supp. at 636-637, clearly sets forth the procedure for calculating the number of hours reasonably expended.  The Court should indicate on the record the number of hours it finds the prevailing party's attorney has expended on the case.  Id.  This finding must first take into account the Affidavit of counsel.

The hours claimed may not be automatically accepted by the Court, but to the extent that the hours are rejected, the Court must indicate some reason for its action.  If the Court decides to eliminate hours of service adequately documented by the attorney, it must identify those hours and articulate its reason for his elimination.  Id.  Time spent for litigating the fee issues should also be included in the award.  Weisenberger v. Hucker, 593 F.2d 49 (6th Cir. 1979).

The time spent on this action is reasonable.  The question is not whether a party prevailed on a particular motion or whether the time expenditure was strictly necessary to obtain the relief achieved.  Rather, the standard is whether a reasonable attorney would

have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed. <u>Wooldridge v. Marlene Industries Corp.</u>, 898 F.2d 1169, 1177 (6th Cir. 1990). Under this test, all hours expended in this action by Plaintiff's attorneys were reasonable.

As demonstrated by the summary of attorney's time attached on Exhibit A and counsel's affidavit Exhibit B, the vast majority of counsel's time was spent on discovery, opposition to Defendant's motions, trial preparation, and trial.

As this Court is aware, this action involved a successful claim under the Americans with Disability Act (ADA) for retaliation. In order to prove the claim under ADA, Plaintiff's counsel conducted an initial investigation prior to initiating litigation and attempted to resolve the dispute without the intervention of the Court but he was rebuffed by the City of Norwood. During this investigation, Plaintiff attempted to gather extensive information (review of more than 20,000 documents) and negotiate an early resolution of this matter but he was unsuccessful since the Defendants Norwood, Hubbard and Cross were instructing employees not to testify truthfully at hearings.

From the outset of the litigation, Defendants refused to take corrective action and all efforts at settlement were rebuffed. Plaintiff has pursued settlement in good faith since the initiation of this litigation without success. The Defendants have taken a position of intractability concerning settlement and there is no reason to further pursue the issue. Plaintiff's counsel carefully reviewed all aspects of the case and the information in Plaintiff's possession at the initial interview. Any attempt to resolve the matter with the Defendants was met with the hiring of new lawyers to pursue a scorched earth litigation mind set.

Plaintiff also had to conduct extensive paper discovery in this matter. Multiple sets of interrogatories and document requests were served upon Defendant. Likewise, Defendant served interrogatories and document requests on Plaintiff's counsel.

With respect to depositions, Defendant noticed Plaintiff for a deposition, which

deposition was lengthy and lasted two full days.  A review of the transcript will demonstrate it was not designed to get to the facts of the case but more an exercise to humiliate the Plaintiff.. See transcripts of Dennis Cook, filed by Defendant.  Plaintiff's counsel and Plaintiff prepared for that deposition and Plaintiff's counsel fully cooperated and Defendants wanted to continue to take the deposition of the Plaintiff for additional days. In addition, Plaintiff and her counsel reviewed the transcript that was ultimately presented to Plaintiff for review and signature.  With the passing of the discovery deadline in this case the Plaintiff's counsel was required to sit through additional depositions in related cases which the Defendants used to attempt to impeach one or more of the Plaintiff's witnesses.

Likewise, Plaintiff's counsel conducted a reasonable amount of depositions in this matter.  The depositions conducted by Plaintiff required extensive preparation and review of written material provided by Plaintiff and Defendant.  Each deposition, however, was conducted efficiently and no deposition lasted more than a few hours.

Once discovery was completed in this matter, Defendants filed an extensive Motion for Summary Judgment seeking to have the case dismissed in its entirety.  This Motion was accompanied by further allegations by defense counsel that the matter was without merit.

The Motion for Summary Judgment required Plaintiff to expend a substantial number of hours preparing a Memorandum in Opposition to the Motion.  This work included an extensive evaluation of the facts and witness testimony, as well as the other information obtained during the course of discovery.  The Motion also required Plaintiff's counsel to do research on applicable law.  The research conducted was done efficiently.

The parties jointly prepared a Final Pre-Trial Order presentation to the Court.

During trial, Plaintiff's counsel represented Plaintiff during jury selection and the trial. The jury selection lasted approximately two hours, and each of the ensuing trial days were essentially eight-hour days.  A Charge Conference was conducted by the Court after the f trial.  Before, during, and after each trial day, Plaintiff's counsel prepared for the following days of trial.

Finally, Plaintiff's counsel is entitled to fees in connection with the time associated with this Application and other post-trial matters.  The hours requested in connection with this Application are reasonable because the Plaintiff researched the issue and format for approval of fees.

Plaintiff's counsel's time is summarized in Exhibit A and further explained in counsel's Affidavit.  Please take careful note the Plaintiff's counsel does not normally charge for phone calls from clients unless they are excessive since it has a chilling effect on the client contacting you.  In the instant case Plaintiff's attorney has practically lived with the Plaintiff at the doorstep of his office for more than six years attempting resolve the matter.  Further Plaintiff's counsel has not charged for the multitude of copies compiled in this matter.

### C.    Expenses of Litigation

Plaintiff is also entitled to an award of cost for expenses that were billed to Plaintiff.  This includes filing fees, xeroxing, (.10 per page), expenses and deposition transcript costs.  Northcross, supra, at 639.  Plaintiff's expenses to date are itemized and totaled in Exhibit F.  Plaintiff's total expenses to date are $          .

In order to prepare the case properly, as noted above, Plaintiff's counsel took the depositions of named defendants and the Plaintiff's physician who were potential witnesses in this action.  The taking of such depositions was, therefore, necessary.

Miscellaneous costs related directly to the preparation of trial, including the preparation of demonstrative charts, were vital to the proper presentation of Plaintiff's case at trial.  Plaintiff's costs in this action are summarized in Exhibit F.

### D.    Summary of Hours and Expenses

See Exhibit A.

## III.    CONCLUSION

Plaintiff requests that the Motion for Attorneys' Fees and Costs be granted in the amount of $130,505.00 and expenses in the amount of $6,344.31 for a total of $136,849.31.

Respectfully submitted,
/s/Robert G. Kelly

Robert G. Kelly (0002167)
Trial Attorney for Plaintiff
4353 Montgomery Road
Norwood, OH  45212
(513) 531-3636
(513) 531-0135
Email: rgkfskgreg@aol.com

CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following: James F. Brockman, Esq., Attorney for Defendant Kevin Cross, Lawrence E. Barbiere, Esq., Attorney for Defendant City of Norwood, Steven Martin, Esq., Attorney for Defendant Gary Hubbard and McGregor Dixon, Jr., Esq., SHIPMAN, DIXON & LIVINGSTON CO., L.P.A., Attorney for Defendant Joseph Hochbein.

_                                                /s/Robert G. Kelly
                                                 Robert G. Kelly            0002167
                                                 Attorney for Plaintiff