Dennis J. Cook
4127 Ivanhoe Avenue
Norwood, Ohio 45212

1/5/02      Legal research concerning discrimination claims in the Sixth Circuit including Simpson v. Ernst & Young, Skalka v. Fernald, Hamlin v. Flint, Grant v. Wilson,Crawford v. Medina, Harstel v. Keys, Wells v. New Cherokee, Jackson v. Cookeville, Roush v. KFC, RICO research. 7.75 hrs.

1/12/02      Legal research on line Grayson v. K Mart, punitive damage research Preston, Lancaster, Bishop. 3.25 hrs.

1/18/02      **Dennis Cook vs. City of Norwood.** Letter from Joseph Mordino ref. Him representing Kevin Cross and that deposition scheduled for 1/24/02 has been cancelled. .25 hrs.

1/24/02      **Cook vs. James Conrad.** Notice from Assign. Comm. Off. case set for report on 4/22/02 at 9 a.m. .25 hrs.

2/1/02      Proof read final complaint in Cook v. Norwood, et al., for filing in federal court and travel to federal court clerk for filing; meet with client to review final complaint with him and have him sign the final complaint; paid $150.00 filing fee. 4.75 hrs. $150.00 filing fee. Copies 176 pages.

2/1/02      Copy of complaint and summons sent to all defendants. .25 hrs.

2/11/02      Meet with Osterday concerning Cook's case and to discuss exactly what occurred in Norwood from 1998 through and including the time Cook resigned; discussed with him the importance of accurately telling everything that occurred; worried about continued employment because Hubbard and Cross can set you up and advised him to keep a record of what occurred at Norwood Public Works and how he is treated compared to other employees; worried that it will do no good since Perkins, Jones and Cook were forced out, on workers' compensation or fired and no one will do anything about it; Hubbard simply tells him it is his way or the highway and Hubbard is continuing to do as he pleases. 1.75 hrs.

2/21/02      **Cook vs. Norwood (U.S. Dist. Ct.).** Letter from L. Barbiere with Answer of Defendant City of Norwood; review answer and forward a copy to Cook; meet with Cook to discuss answer. 1.50 hrs.

2/21/02      Letter to Mordino that he maybe called as a witness and he will have an obvious conflict. .25 hrs.

1

2/25/02     **Cook vs. City of Norwood et al (U.S. Distr.)**  Letter from Joseph Mordino with answer filed on behalf of Kevin Cross; read and review; copy to client;  .75 hrs..

2/28/02     **Cook vs. Norwood (U.S. Dist. Ct.).**  Letter from W. McGregor Dixon with entry extending time to file responsive pleading.  25 hrs.

3/1/02      Fax to Dixon reference signed journal entry he requested to be returned to him. .25 hrs.

3/2/02      Letter to client with copies of answers and cover letters filed by Cross and the City of Norwood on Cook vs. City of Norwood, et al. (fed). .50hrs.

3/4/02      Meet with Ruth Cain to discuss if Hubbard, Cross or Hochbein ever discussed with her or other councilmembers the treatment of the men at Norwood Public Works; Hubbard wanted to get rid of them and she has some notes she will attempt to locate and get back with me to provide me. 1.25 hrs.

3/5/02      **Cook vs. Norwood, et al.**  Copy of 3/4/02 letter from W. McGregor Dixon to clerk of U.S. Dist. Ct. With entry for approval and extension to file answer for Defendant Hochbein. .25 hrs.

3/8/02      **Cook vs. Norwood et al (U.S. Dist. Ct.).**  Journal entry granting Joseph Hochbein an additional 14 days to file responsive pleading. .25 hrs.

3/11/02     **Cook vs. Norwood (U.S. Dist. Ct.).**  Preliminary pretrial conference order received from court.  .75 hrs.

3/15/02     **Cook vs. Norwood (U.S. Dist.)**  Letter from James Brockman, Esq., with notice of substitution of counsel for Kevin Cross. .25 hrs.

3/18/02     **Dennis Cook vs. City of Norwood et al. (U.S. Distr. Ct.).**  Letter from W. McGregor Dixon with answer of defendant Joseph Hochbein; copy to client. .75 hrs.

3/19/02     Letter to opposing counsel with a copy of the preliminary pretrial order and the dates I am available and the plan must be submitted prior to May 17, 2002. .75 hrs.  16 copies.

3/19/02     Letter to Cook with a copy of notice of substitution of counsel and Mordino is off the case. .25 hrs.

3/22/02     **Cook vs. Norwood et al. (U.S. Dist.).**  Letter from W. McGregor Dixon

with dates he is available to meet for joint plan. .25 hrs.

3/25/02    **Dennis Cook vs. City of Norwood et al.**  Letter from Lawrence Barbiere with dates he is available to meet to discuss preparation of joint plan. .25 hrs.

3/27/02    Letter to client with copy of answer and cover letter filed by Hochbein in Cook vs. City of Norwood, et al. (fed). .25 hrs.

4/1/02    **Cook vs. Norwood (U.S. Dist.)**  Letter from W. McGregor Dixon ref. Mr. Hochbein might not be available for pretrial on 6/21/02 as he has a jury trial scheduled at the present time. .25 hrs.

4/3/02    Letter to opposing counsel setting meeting for preparation of joint pretrial plan at my office on 4/18/02 at 11:00 a.m. and also sent by fax. .25 hrs.  8 copies.

4/4/02    **Cook vs. City of Norwood, et al. (U.S. Dist. Ct.).**  Letter from James Brockman requesting copy of court's order scheduling matter for a pretrial. .25 hrs.

4/9/02    **Dennis Cook vs. City of Norwood et al (U.D. Dist. Ct.).**  Letter from L. Barbiere ref. His participating by phone conference on 4/18/02 at 11 a.m. .25 hrs.

4/18/02    **Cook vs. City of Norwood et al. (U.S. Dist. Ct.).**  Letter from W. McGregor Dixon ref. him not being able to attend in person today's 11:00 meeting but he can participate via phone; conference call set up for 11:00 a.m. and services fo Broadwing used for conference call.  .75 hrs. conference call charge $57.87.

4/18/02    **Cook vs. City of Norwood et al. (U.S. Dist. Ct.).**  Letter from Lawrence Barbiere ref. His participating by phone in 11:00 a.m. conference today. .25 hrs.

4/18/02    Letter to Hubbard with copy of complaint and pretrial order issued by Judge Weber in Cook vs. Norwood, et al. (fed); Hubbard did not accept or go to the post office to pick up the complaint sent by certified mail so the complaint and related documents were required to be hand delivered to him.  1.25 hrs.

4/20/02    Work on Plaintiff's request for production of documents and interrogatories to be submitted to the City of Norwood; drafting of request and work with client to discuss items necessary; discuss the discovery

process with client to make him aware of the necessity to obtain the information; legal research Torres v. Pisano, Hafford v. Seidner, Gothardt v. National Railroad, Williams vs. Nashville, Majewski v. Automatic, Cicero v. Borg, Narin v. Lower Merion, Kovacevich v. Kent  concerning hostile work environment, and related claims.  10.75 hrs.

4/21/02     Continue working on final draft of request for production of documents and interrogatories; complete the draft, proof read and review with client to obtain his approval and review of final documents.          6.25 hrs.

4/24/02     **Cook vs. Norwood et al. (U.S. Dist. Ct.).**  Letter from L. Barbiere with Rule 26 Report of Parties.  Read and review. .50 hrs.

4/25/02     **Dennis Cook vs. City of Norwood et al. (U.S. Dist. Ct.).**  Letter from W. McGregor Dixon with Defendant Joseph Hochbein's First Set of Interrogatories and Request for Production of Documents to Plaintiff.  1.25 hrs.

4/25/02     **Dennis Cook.**  Letter from George Barrett, Economist, with current vita and new information guidesheet. .75 hrs.

4/25/02     **Cook vs. James Conrad.**  Notice from assign. Comm. Of case set for report on 7/31/02 at 9 a.m. before Judge Kraft. .25 hrs.

4/28/02     Letter from Dixon with Hochbein's first discovery requests; sent to Cook for him to start answering. .50 hrs.

5/14/02     Proof scan copy of Defendant Hochbein's interrogatories and request for production of documents for comparison to original; meet with client to review discovery requests and obtain responses to discovery requests; Cook in decent shape and able to answer questions presented but he was unable to complete the entire set of answers and discussed the need to take his time and work at his pace to avoid overload; ample time to get responses back to the attorney and if additional time is needed than I will make a request; Cook wanted to take a break and come back another day to continue working on answers.  3.25 hrs.

5/15/02     **Cook vs. Norwood (U.S.Dist. Ct.).**  Letter from L. Barbiere with copy of Rule 26 Report of Parties that he will file with court.  .50 hrs.

5/28/02     Letter to opposing counsel (Brockman, Barbiere, Dixon and Martin) with copy of the Plaintiff's responses to the Defendant Hochbein's discovery requests; advised opposing counsel Cook will produce all medical information in the event a protective order can be placed of record since

Defendants routinely release the Plaintiff's medical information without a release; meeting with Cook to review final responses and to approve all responses and objections; discussed with Cook the protective order concerning his medical records to alleviate any concerns about release of his medical information and he understands and approves the necessity for a protective order.  3.50hrs.  96 copies

5/31/02    Letter to opposing counsel (Brockman, Barbiere, Dixon and Martin) concerning the disclosure of the Plaintiff's proposed experts; discussed and reviewed correspondence with client why individuals are listed and reviewed their involvement with the Plaintiff's care or assessments performed; better to error on the side of disclosing more individuals and trimming the list at a later date since I am sure one or more of the Defendants will object if someone is added at a later date since they will focus on procedural issues since the facts are in client's favor; important to comply with Judge Weber's order or he will prevent the addition of experts or introduction of anyone not listed; if Judge Weber's order is followed we will be in good shape and if we fail to comply it will definitely be a problem.  3.75 hrs.  8 copies

6/2/02    Meeting with Cook concerning loss of Group Health (Helm) as his psychiatrist because Helm is now out of network and his insurance does not cover; advised that if he wants Helm as his doctor he must pay as he goes and I have no control over Group Health or their billing practices; upset and told him to talk to Helm.  1.25 hrs.

6/3/02    Letter to PERS for Cook to obtain information concerning payroll information for Cook from the date of his employment through the present to verify incomes and to estimate his PERS benefits and determine years required to calculate benefits in accordance with PERS laws; discussed with client the necessity to obtain the information to determine benefits if he continued his employment and benefit upon retirement.  1.50 hrs.

6/3/02    Call from the Court-Darlene- postponing the preliminary pretrial conference to August 14, 2002 and notice will be sent.  N/C.

6/5/02    **Cook vs. Norwood (U.S.Dist. Ct.)**  Order setting preliminary pretrial to 8/14/02 at 10:30 a.m.; notice sent to client.  .25 hrs.

6/6/02    **Cook vs. Norwood et al. (U. S. Dist. Ct.).**  Letter from James Brockman requesting copies of medical reports and expert reports and enclosing medical releases for client to sign. .25 hrs.

6/7/02    **Dennis Cook.**  Copy of 5/31/02 letter to Dennis Cook from Group Health

5

Associates. .25 hrs.

6/10/02    Letter to Brockman reference Cook signing medical releases and there is
no problem with Cook signing the medical release but I cannot return it to
him until a protective order is in place; sent by regular mail and fax to
Brockman; telephoned Cook and advised him to make sure he is coming
in this evening to get the medical release signed; worried about signing
release but instructed him he must sign and I will release only when the
protective order is in place; if the release is not signed and there is an
issue concerning refusal to cooperate in discovery Judge Weber is going
to be less than happy since most of the judges hate discovery disputes
and want the parties to resolve the matter; a protective order is
reasonable prior to release of the medical release and places Cook in the
best position if the Defendants start a discovery fight or file a motion with
the Court. .50 hrs.

6/11/02    Obtain copy of transcript of Perkins vs. Norwood trial transcript for Cook
case; pick up at office.  paid $329.25.  1.0 hrs.

6/17/02    **Cook vs. Norwood (U.S. Dist. Ct.)**  Letter from James Brockman with
protective order. .25 hrs.

6/17/02    **Dennis Cook.**  Copy of PERS's 2nd request of statement of employment
and earnings after receipt of a disability benefit sent to Dennis Cook. .25
hrs.

6/18/02    Letter to Brockman with copy of the signed protective order concerning
medical records issue; reviewed with client and advised him it will be
signed and returned and the medical releases sent to opposing counsel
when the order is filed and signed by Judge Weber; explained to client the
opposing side is entitled to the medical records and any refusal to provide
the records could result in the dismissal of his claim.  1.25 hrs.

6/19/02    **Dennis Cook vs. Norwood.**  Fax from Michael Brookshire & Associates
with information guidesheet; meeting with Cook to complete the
guidesheet and  need to return to Brookshire the completed document for
the completion of his report; reviewed with Cook all information requested
and obtain answers to the form.  Continue to work with Cook on final
document to be returned to Brookshire; need all information to be
accurate as opposing side is going to pick apart any errors so make sure it
is accurate and reviewed with Cook prior to returning the final document.
8.75 hrs.  22 copies.   Fed Ex. charge $12.50.

6/20/02    Letter to Calderon (Cook's therapist) requesting a medical report for

submission prior to the deadline; explained to Cook she may not testify as there is an issue of costs which must be considered and every doctor, nurse and therapist who treated him from the start of this process cannot be brought in as a witness as the expense is going to be high and need to focus on witnesses who will get to the issue and benefit the case with the least expense; will request the report but I do not anticipate she will testify. 1.75 hrs.

6/20/02    Letter to Dr. Helm requesting an updated medical report; copy of his CV and other documentation to comply with court order concerning experts; Helm will provide opinion concerning the issue; discussed with client the need to have Helm testify because he is the individual who treated him; Parsons is a psychologist and it is necessary to have Helm testify in the event medications become an issue; the psychologists can testify but the contacts are isolated compared to the larger picture Dr. Helm can provide; explained the foregoing to client and he approves. Letter to Calderon (therapist) concerning request for report of her contacts with Cook; her credentials are not as great as Helm and information she possesses is in the possession of Helm; much of information will be redundant and there is a finite amount of money available to proceed with the case and there is no need to waste precious resources unless it will prove crucial to his case; Cook wants a report from her and if it is not used he can deal with the situation. Additional letters for medical requests sent to Drs. Pembauer, Parsons, and Sumida. Letter to Dr. Brookshire, via fax and mail for an economic report concerning lost income. All letters reviewed with client and explained that he needs to proceed with Helm, Parsons and Brookshire at a minimum for trial. Client signed all medical releases and indicates agreement to obtain medical reports  5.50 hrs.

6/21/02    **Cook v. Norwood (U.S. Dist. Ct.).** Letter from Steven Martin with Answer of defendant Gary Hubbard; copy to client; read and review. .50 hrs.

6/25/02    Meeting with Cook and he needs to meet with Parson's on this date for Parson's to update his report; able to get Parson's to place him in an open slot for evaluation and review of medical records, work history to determine ability to work; meet with him and answer questions to best of his ability.  1.75 hrs.

6/26/02    **Cook vs. Norwood (U.S. Dist.).** Letter from James Brockman with agreed protective order; notice from court.  .25 hrs.

6/26/02    Telephone call to Parsons to obtain information requested by Brookshire's office concerning Cook's ability to engage in gainful employment; telephone call to Cook to meet with me to review Parson's report and

prepare to send to Brookshire.  2.25 hrs.

6/26/02    **Cook vs. Norwood.**  Letter from Lawrence Barbiere. .25 hrs.

6/27/02    Fax to Brookshire's office with additional information concerning vocational report prepared by Dr. Parsons per their request. .25 hrs.

6/28/02    Obtained Helm's report for submission to opposing party along with his CV; reviewed with Cook and provided him with a copy of the report.  1.75 hrs.  Copies 23.

6/30/02    Pick up report from Calderon concerning therapy provided to Cook and records attached; provided a copy to Cook and met with him to review report submitted.  2.25 hrs.  39 pages.

7/1/02    **Cook vs. Norwood (U.S. Dist. Ct.).**  Agreed protective order. .25 hrs.

7/1/02    Fax from Brookshire's office concerning previous testimonies which are required for the disclosure of experts set by the Judge; reviewed testimonies and Brockman was a defense attorney in cases cited by Brookshire and Schroeder with Maundrell and Barbiere was also a defense attorney in cases where Brookshire testified; meeting with Cook to review prior testimonies of Brookshire, expert opinions prepared and sent and the case is up to date with information required to be disclosed by this date.  2.25 hrs.

7/1/02    Multiple faxes to Maritn, Brockman, Dixon and Barbiere concerning expert reports received on case from Dr. Brookshire, Dr. Helm and Ms. Calderon; sent pursuant to court order; fax to Dixon interrupted and could not be resent as fax machine at Dixon's office would not accept fax and drove to Troy, Ohio to hand deliver Helm and Calderon reports in compliance with Court order concerning discovery; cover letter to Dixon after his fax machine shut down with copies of Helm and Calderon reports.  Mileage 140 miles round trip.          3.75 hrs for transmission of expert reports and 2.5 hours drive time to deliver reports to Dixon's office.  6.25 hrs.

7/1/02    **Cook vs. Norwood (U.S. Dist. Ct.)**  Letter from James Brockman ref. Cook's medical records being forwarded to their insurance representative. .25 hrs.

7/1/02    **Cook vs. Norwood (U.S. Dist.Ct.).**  Received invoice from Brookshire and Associates for $1,768.00 along with economic analysis. .25 hrs.

7/2/02    **Dennis Cook (PERS).**  Copy of 6/26/02 letter to Dennis Cook from PERS.

.25 hrs.

7/2/02   Fax from Barbiere concerning Cook's treatment with Marzella and he wants to know if Cook was treated by Marzella; Marzella is the psychologist from Columbus that Hubbard sent Cook to for a bogus psychological examination; Faxed response to Barbiere letter dated 7/2/02 concerning information on Cook visit to Marzella.  .25 hrs.

7/3/02   **Cook vs. Norwood (U.S. Dist. Ct.).**  Letter from L. Barbiere.  .25 hrs.

7/8/02   Letter to Brockman with medical releases signed by Cook as the result of the protective order; releases sent pursuant to agreement to forward copies of medical records to my office received by Brockman. .25 hrs.

7/9/02   Legal research on failure to train managers reference Mathis vs. Phillips Chevrolet.  1.0 hrs.

7/11/02   Received letter from PERS concerning medical reports submitted for Cook's evaluations by PERS related to his disability.  .50 hrs.36 copies.

7/12/02   Prepare and file with court notice of disclosure of expert witnesses.  1.25 hrs.  6 copies.

7/15/02   **Dennis Cook.**  Invoice from Dr. Parsons for $255.00.

7/15/02   Letter to opposing counsel with copy of notice of disclosure of expert witnesses. .25 hrs.  12 copies.

7/17/02   **Dennis Cook.**  Letter from PERS with medical reports enclosed; read and review documents.  1.50 hrs.

7/17/02   Payment to Parson's for expert report dated 6/26/02 and meeting with Cook on 6/25/02.  $255.00.  .25 hrs.

7/18/02   Letter to opposing counsel with receipts for Brookshire and Parson reports expert reports. .50 hrs.  12 copies

7/24/02   **Cook vs. AFSCME.**  Letter from Sean Grayson with Defendant AFSCME's motion for consolidation of Cook vs. Norwood and Union case. .25 hrs.

7/26/02   **Cook vs. AFSCME & Cook vs. Norwood.**  Motion for Consolidation of both cases received from Sean Grayson. .25 hrs.

| | |
|---|---|
| 7/28/02 | Notice from Dixon that he does not object to consolidation of case with AFSCME case. .25 hrs. |
| 8/7/02 | Dixon letter reference disclosure of expert witnesses. .25 hrs. |
| 8/14/02 | Attendance at preliminary pretrial conference before Judge Weber; Cook was present; discussed Judge's rules and generally that he is going to control what occurs in his courtroom and he will not permit anyone to attempt to usurp his authority or take over his courtroom or the litigation in any manner; instructed to schedule deposition of Cook without delay and dates picked in the meeting. Judge is not enthused about the consolidation of AFSCME and City case and he will not grant the motion to consolidate. 2.25 hrs. |
| 8/16/02 | Fax from Barbiere concerning the location of Cook's deposition and I don't care where it is held. .25 hrs. |
| 8/17/02 | Scheduling order received from Court and Order instructing certain pretrial and trial procedures; read and review and make sure Dee reads; copy sent to Cook for review. 1.25 hrs. |
| 8/23/02 | Legal research on issue of front pay Pollard v. DuPont, Raygor vs. Univ. Minn.,Swierkiewicz v. Sorema, O'Connor v. Consolidated, Reeves v. Sanderson, Landgraf v. USI.        6.5 hrs. |
| 8/25/02 | Letter from Barbiere with notice of deposition for Cook and forwarded a copy to client to notify of the date and time. .25 hrs. |
| 8/26/02 | Payment to Brookshire for expert report $1,768.00. |
| 8/27/02 | Letter from Barbiere concerning his availability for depositions on October 10th and 11th; public records request for Perkins and Jones settlement and the settlements are public records. .25 hrs |
| 8/27/02 | Prepare Rule 26 submission to the clerk. 2.75 hrs. |
| 8/27/02 | Barbiere letter concerning state court proceedings and interrelationship with federal proceedings.      .25hrs. |
| 8/28/02 | File Rule 26 submission with the clerk and copy sent to all other counsel. 1.25 hrs.  68 copies |
| 8/28/02 | Fax from Barbiere concerning Rule 26 disclosures from Norwood. .50 hrs. |
| 8/29/02 | Letter from Barbiere concerning discovery requests; reviewed the |

requests and forwarded a copy to Cook for him to answer to the best of his ability as soon as possible; told Cook whatever comes in has to go back to them as soon as possible because they are going to attempt to bury us in paperwork with five attorneys; need to stay on top of these discovery requests and other matters brought to our attention right away. 1.25 hrs.

8/29/02     Prepare and submit discovery requests (interrogatories and request for production of documents to opposing party; extensive meeting with client to finalize discovery requests.  12.25 hrs.  334 copies

8/29/02     Letter to opposing counsel via fax to set the depositions for Hochbein, Hubbard and Cross for October. .50 hrs.

8/29/02     Letter to Cook reference deposition date for his deposition and that it will be a video deposition. .25 hrs.

8/30/02     On line research concerning discrimination and issue of available web sites to obtain most recent information concerning cases and experts. 1.25 hrs.

8/30/02     Fax from Dixon reference Hochbbein available for deposition on 10/8/02 or 10/11/02.  25 hrs.

9/4/02      Letter to opposing counsel with copies of medical reports from PERS. 50 hrs.  52 copies

9/6/02      Letter from Dixon with Hochbein's disclosures; same as the others for the most part. .25 hrs.

9/18/02     Legal research reference review of Wallace v. Ohio Dept. Of Commerce. 1.75 hrs.

9/19/02     Letter to opposing counsel with notice of deposition for Hochbein for October 8, 2002 at 9:00 a.m. at my office. .50 hrs.  12 copies

9/20/02     Fax from Maundrell concerning EEOC charges filed by Cook; copy to client. .25 hrs.

9/21/02     Scan in interrogatories from the City of Norwood and preparation of responses by client; meeting with client to discuss answers to interrogatories and obtain information for his responses; discussed with client the need to return the responses timely to opposing counsel as it is anticipated additional filings will be submitted to attempt to inundate us with paperwork and there is a need to stay current with responses and all

court deadlines or it could affect his case and if opposing counsel starts complaining to the court it will be a problem that may result in dismissal of the case for failure to comply with rules governing trials in federal court; explained to client federal court is different than municipal court or mayor's court and when deadlines are set or the judge sets a time line, normally the judge means exactly as he says and there are drastic consequences for failure to comply.  4.25 hrs.

9/22/02    Meeting with client to prepare for deposition with opposing counsel; reviewed what occurred at City of Norwood and discussed with him the necessity to testify truthfully to facts he knows and what he experienced; if there are issues which he is unclear or can't remember simply state it and review records presented by opposing counsel in detail; explained to client that opposing side is going to attempt to aggravate him concerning the issues and he needs to remain calm and do not get upset at any point as he is required to testify; failure to attend or to respond to questions will present problems which may result in the dismissal of his case; they will attempt to confuse you and simply make sure the answers given are truthful based on your recollection; reviewed complaint with client and events which occurred during the past four years; explained to him the City is going to attempt to get out of this case anyway it can and it is not concerned with his health or well being; the insurance company is in charge of the case and likely wants to prove a point after paying on Jones and Perkins case; explained to him the insurance company had information in its possession concerning what was going on in Norwood and did nothing and there is no reason to expect its position to change; this is a business decision for the insurance company and it doesn't care one way or the other what occurs to you or your family as it is simply interested in not paying any money and will pay five attorneys to fight the case prior to offering you any money; this is going to be a difficult process but it will end and regardless of the outcome the facts will eventually be aired in court; if there is a problem with testifying or you need a break, request it and it should be granted and if not we will deal with the situation; indicates he is ok to testify.  9.25 hrs.

9/25/02    On line research of Schroeder Maundrell web site. .25 hrs.

9/25/02    Attendance at Cook's deposition set pursuant to Judge Weber's instruction and Maundrell conducted the examination; not interested in the facts and what occurred but more focused on Cook's mental condition; obvious Cook has some problems which should not be a shock to anyone but the real issue is Maundrell appears to be attempting to prove Cook has a mental condition which is obvious from the records already made available; working Cook over pretty good and attempting to aggravate him but Cook is doing well; met with Cook in preparation for the next day's

deposition and needs to just stay focused on the questions and the documents presented and provide an answer to the questions; extremely nervous. 10.75 hrs.

9/25/02    Received hand delivered copies of the coverage documents from Barbiere pursuant to Rule 26; reviewed documents and need to discuss with Cook. 3.25 hrs.

9/26/02    Attendance for the second day of Cook's deposition and more of the same; Maundrell asking all the questions and merely attempting to hammer Cook about the letters he received from Hubbard; probably would be beneficial in most cases but the bottom line is Hubbard is a liar and Norwood knows it since they fired him for his foul mouth and what he did to Perkins, Jones and Cook; obvious the insurance company is not going to pay anything as Maundrell advised me that is the position of the insurance company; wants to take Cook's deposition for additional days and I told him and the other attorneys that is not going to occur since the past two days were a waste of time; not interested in getting to the facts of the case but more interested in attempting to drive Cook over the edge; deposition completed and reviewed with Cook. 9.25 hrs.

9/27/02    Reviewed with Cook the insurance documents and explained to him the best manner possible concerning the documents and the coverage available. 2.75 hrs.

9/29/02    Provide documents to client to review as the result of discovery and reviewed 200 pages of discovery with client; need to pick up the pace since there are more than 10,000 documents and need to proceed at a quicker pace to get through the documents. 6.0 hrs.

9/30/02    Met with Cook to review answers to Norwood's interrogatories and obtain his signature on the interrogatories; satisfied with his responses to the interrogatories and signature obtained; hand delivered to Barbiere's office; Maundrell calling and complaining about the interrogatories and advised him they are being delivered to his office as the date they are due is today. 7.75 hrs.

9/30/02    Fax to Barbiere concerning his request for tapes of Cook during the period he was employed at Norwood and the tapes will be delivered to Litigation Support System for copying. .25 hrs.

Fax to Barbiere concerning Maundrell advising me Norwood is not going to settle Cook's case and there is no need to discuss settlement or attempt to work on settlement when Maundrell is making it clear settlement will not occur; Maundrell advises no settlement and Barbiere

13

mentions settlement and it is simply a run around and a waste of time. .25 hrs.

9/30/02    Letter to opposing counsel cancelling Hochbein's deposition due to a conflict in my schedule.  No charge

10/1/02    Letter to Barbiere with completed first set of discovery responses. .25 hrs.

10/2/02    Letter from Barbiere with second set of discovery requests to be completed by Cook; copy made and sent to Cook. .25 hrs.

10/2/02    Letter from Barbiere concerning amended answer filed by Norwood; review answer for comparison to original answer filed; copy sent to Cook. 1.25 hrs.

10/2/02    Barbiere fax that second set of discovery requests may be incomplete so he faxes another; read and send to Cook. .25 hrs.

10/2/02    Barbiere fax with discovery responses; essentially they didn't answer anything which is not a surprise; relying on documents produced in Perkins case as the bulk of the discovery in this case. .75 hrs.

10/3/02    Letter from Maundrell concerning settlement agreement dated July 12, 1996 supplementing disclosures; copy to Cook; advised Cook they are taking turns sending letters and you can see the process is going to be non stop with paperwork. .50 hrs.

10/3/02    Fax to opposing counsel that Rick Grubb with Litigation Support Systems has in his possession the audio tapes and the VHS tapes requested and they can be copied by LSS. .25 hrs.

10/6/02    Letter from Barbiere that Maundrell is now trial counsel of record and copy of document filed with the Clerk sent to me; forward to Cook. .25 hrs.

10/6/02    Letter from Maundrell wanting to see exhibits produced in Jones, Perkins and Cook cases; copied and sent to client. .25 hrs.

10/6/02    Letter from Maundrell wanting the tape of Hubbard and Cross permitting city workers to drive city trucks and equipment to the Moose for lunch during the periods the employees were not clocking in and out for lunch while Cook was required; copy to Cook. .25 hrs.

10/8/02    Legal research concerning issues of statute of limitations as it pertains to 1983, 1985 and 1986 actions; read Martin v. Voinovich, 840 FSupp 1175 (S.D.), Ruff v. Runyon, 258 F3d 498 (6th Cir.), 2001 case, Plaintiffs in

14

constitutional tort action knew of their injury only when drug charges against them were dismissed; therefore, the two-year statute of limitations did not begin to run until then, application since Cook was not aware of Lacinak's actions until his testimony in federal court before Dlott in June 1981 how was he supposed to know Hubbard and Cross were lying about the issue of the street sweeper and the disciplinary actions involved and instructing individuals to lie at SERB and disciplinary hearings; Harris v. Muchnicki, 932 FSupp 192 (N.D.), 1996 case, claims under § 1983 accrued when a party discovered that he had a cause of action; Wohl v. Cleveland Bd. of Educ., 741 FSupp 688 (N.D.), 1990 case, 42 USC § 1983 action is two years by statute but it begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action; Ott v. Midland-Ross Corp., 600 F2d 24 (6th Cir.), 1979 case, deals with misrepresentation by an employer and it is similar to fraud and the concealment by Hubbard, Cross and Norwood concerning the concealment of advising employees to lie and discovery at Cook's trial. 5.25 hrs.

10/8/02      Letter to opposing counsel that all documents are available at my office for viewing and merely contact me to arrange a time and the documents will be available. .25 hrs.

10/8/02      Letter to Maundrell reference him complaining about the location of the audio tapes and all the tapes are at LSS and available for inspection, copying or whatever use he needs; copy to all counsel. .50 hrs.  4 copies.

10/8/02      Letter to Barbiere reference his letter about discovery; Maundrell and Barbiere are taking turns sending letters and responses will be sent to discovery when required. .25 hrs.  5 copies

10/8/02      Letter to Barbiere, copy to all counsel, reference the discovery responses by Norwood; responses are one objection after the next; no documents sent; relying on what Hall sent; disks not sent although they are in his possession according to Hall so it now becomes a game to get documents from the City of Norwood; to be expected since it is the way Norwood operates.  1.25 hrs.  8 copies

10/8/02      Legal research and reviewed Reeves v. Sanderson, National v. Morgan, Supreme Court case concerning discrimination.  2.25 hrs.

10/9/02      Letter to Barbiere, copy to all counsel, with responses to Norwood's second request for production of documents.  1.50 hrs.  24 copies.

10/10/02     Another letter from Barbiere that Maundrell is now trial counsel of record and copy of document filed with the Clerk sent to me; this is the same

document he sent less than a week ago but the cover letter is dated 8/23/02 and the service date on the notice is 10/8/02; not going to get in to a paper war with them; forward to Cook. .25 hrs.

10/10/02     Fax from Barbiere wanting a copy of the Erwin videotape; second request in less than seven days; tape will be delivered to Litigation Support for copying; already sent a letter responding to the first request for the tapes and now a second; copy to client. .50 hrs.

10/14/02     Lacinak called to advise Maundrell contacted him about testifying in a case involving Norwood where an individual had his eye injured or put out and during the discussion about that case Cook's case was mentioned and Maundrell advised Lacinak that Cook was being picked on at Norwood.  .50 hrs.

10/15/02     Fax to Barbiere concerning Cook availability for examination by Marzella on any date any date except October 17, 18, 26 or 29, 2002; told him to contact me if he has any questions and to confirm date and provide directions to his office. .25 hrs.

10/19/02     On line research of City of Norwood web site. .25 hrs.

10/20/02     Fax to Maundrell concerning examining documents at my office; sent him a prior fax telling him to make arrangements to view documents with Dixon, Martin and Brockman and I will be available at a mutually convenient time. .25hrs.

10/20/02     Letter to Barbiere, Brockman, Dixon and Martin notifying them the case of Cook vs. AFSCME was settled; notice sent per Rule 26. .25 hrs.

10/20/02     Letter to Brockman concerning discovery requests which were not answered and request to answer them as soon as possible; first attempt to resolve issue without intervention of court. .25 hrs.

10/20/02     Letter to Martin concerning public records request prepared and sent to the Hamilton County Clerk of Courts concerning Hubbard's employment. .25 hrs.

10/20/02     Letter to Dixon concerning discovery requests which were not answered and request to answer them as soon as possible; first attempt to resolve issue without intervention of court. .25 hrs.

10/20/02     Letter to Brockman concerning public records request prepared and sent to the Princeton School District concerning Cross' employment. .25 hrs.

10/20/02    Letter to Hamilton County Clerk of Courts, James Cissell, requesting information concerning employment of Hubbard concerning application, personnel file, letters or other writings from opposing attorneys, job description; telephone call to Clerks office to determine procedure to obtain records and instructed to send a letter requesting the information. .50 hrs.

10/20/02    Letter to Princeton School District, Dr. Michelle Means-Walker, requesting information concerning employment of Cross concerning application, personnel file, letters or other writings from opposing attorneys, job description; telephone call to Princeton School District to determine who is in charge of records for the district and procedure for obtaining the records.  .50 hrs.

10/21/02    Fax to Maundrell and Barbiere concerning requests to inspect or copy diskettes downloaded from Hochbein's computer; no response to letters dated 10/1/02 and 10/8/02 concerning the issue; diskettes are in all likelihood of little value since they were altered after Judge Spiegel instructed Wall not to permit anything to be removed from the computer and Hochbein's secretary deleted items; explained to Cook it doesn't matter whether it is a federal judge or a state agency the City of Norwood, Hubbard, Hochbein and Cross do as they please and will make up some excuse to cover their tracks; there is no reason for the delay in providing the information since Maundrell was upset his discovery requests were according to him one day late; extensive meeting with Cook concerning the state of his case and the need for him to review documents and continue to stay focused on the facts of his case. 1.75 hrs.

10/22/02    Legal research concerning Truitt v. Wayne reference dismissal of complaint and its application to Cook's case; 90 days is 90 days for the filing of complaint and Cook is within time; Rivers v. Barberton.  1.75 hrs.

10/22/02    Fax from Barbiere that he will meet me at City Hall at a mutually convenient time to review records and diskettes; copy to client. .25 hrs.

10/25/02    Letter from Barbiere no independent medical evaluation of Cook by Marzella; copy to client. .25 hrs.

10/25/02    Letter to client reference invoices from Litigation Support for depositions of Dennis Cook. .25 hrs.

10/27/02    Legal research on statute of limitations issue and read and reviewed Burgh v. Borough Council, Howlett v. Holiday Inn, Downes v. VW and Henderson v. AT&T.  5.25 hrs.

10/28/02     Find out this date Parson's is no longer licensed as a psychologist and therefore his testimony maybe inadmissible; need to determine who is available to evaluate Cook and what can be done at this late date concerning a psychologist to testify; telephone calls to determine who is available and Bruce Growick's name was mentioned; made phone call to Growick but the time to disclose experts for the Plaintiff has passed; meeting with Cook to discuss the problem with Parson's and cutoff date for experts has passed; maybe able to use Growick for rebuttal and if that is a problem can still use Parson's for the vocational and rely on Helm for the psychiatric since he is disclosed; call to State Board of Psychology to get any records concerning Parsons and his suspension.  3.25 hrs.

10/29/02     Letter from Martin about VHS tapes; more complaints about the tapes and advised all counsel by letter that whatever tapes, audio or VHS, in my possession were delivered to LLS as represented in earlier correspondence. .25 hrs.

10/30/02     Letter to Litigation Support Systems with Cook's errata sheets to his deposition in Cook vs. Norwood; sent payment for $1,293.10 for the cost of transcripts in his case and payment of recent invoice in full. .25 hrs. Paid $1,293.10.

10/30/02     Letter from Dixon that he is working on discovery requests from Hochbein and hopes to produce them in the next week. .25 hrs.

10/30/02     Fax from Barbiere reference Norwood's designation of expert witnesses; read and review; copy to Cook. .25 hrs.

10/31/02     Letter to Brockman (copies to all other counsel) of records received from the Princeton School District concerning Cross. .25 hrs.  132 copies.

10/31/02     Letter to Martin (copies to all other counsel) of records received from the Hamilton County Clerk of Courts concerning Hubbard. .25 hrs.

10/31/02     Records received from the State Board of Psychology concerning Parsons and reviewed and advised client of the contents of the information received and discussed how to proceed from here.  2.25 hrs.

11/1/02     Another fax from Barbiere with Norwood's designation of experts; read and review and forward a copy to Cook.  1.25 hours.

11/4/02     Check to Princeton School District for copies.  $3.55

11/5/02     Meeting with Cook to review all medicines he is currently taking, the physician prescribing the medicine and the reason the medicine is being

provided; the issue appears to amuse opposing counsel concerning the medication he is taking so he needs to take medicines as prescribed by his physicians and follow all physicians orders to the letter; if medicine is prescribed or treatment plans are suggested by the doctors follow the recommendations; it does not matter what anyone who is not a physician thinks or believes concerning the medications he is taking as the attorneys on the other side of the case are not doctors; discussed with him the need to continue to review documents and I will also continue to review all documents.  4.75 hrs.

| | |
|---|---|
| 11/6/02 | Fax from Barbiere that doucments are available in Norwood starting 11/12/02 for viewing by me and Cook; copy to Cook. .25 hrs. |
| 11/7/02 | Letter to Martin the VHS tapes are at Litigation Support; this is an endless stream of letters being sent because they are all requesting the tapes and I notified them all weeks ago I delivered the tapes to Litigation Support but one sends a letter and more follow. .25 hrs. |
| 11/11/02 | Fax to Barbiere that I will be at the Auditor's office on 11/12/02 at 9:00 a.m. to inspect the records. .25 hrs. |
| 11/12/02 | Arrive at the Auditor's office for inspection of records and documents are voluminous and it is easier to designate to copy documents and return copies to me than spend five or more days examining the records.  3.25 hrs. |
| 11/13/02 assembled. | Letter from Dixon reference Hochbein discovery and it is being .25 hrs. |
| 11/21/02 | Letter to Dixon that discovery requests have been outstanding for more than two and one half months and I need a response or I will have to file a motion to compel. .25 hrs. |
| 11/22/02 | Letter to client with copy of Brockman's 11/8/02 letter with defendants' second supplemental designation of expert witness.  .25 hrs. |
| 12/1/02 | Review documents from Norwood with client; take 500 pages at a time; meet with client and he needs to go over the documents at the same time. 5.75 hrs.  674 copies. |
| 12/2/02 | Letter to opposing counsel reference the issue of designating Growick as a rebuttal expert witness. .25 hrs.  36 copies. |
| 12/2/02 | Fax to Growick concerning possibly retaining him as an expert on Cook's |

19

case; Parsons' license was pulled by the psychology board some time ago and issue only recently uncovered as Parsons did not notify me; expert deadline has come and gone and it is extremely unlikely the Court will permit a change or substitution since the Defendants disclosed their experts and it will push the case back even further; discussed with client the continuing problem with Parsons so he understands Parsons can only be used as a vocational expert because the Defendants are probably aware of the situation with Parsons since they do a lot of defense work; will use Helm for expert on the causation factor and it is a good thing he was disclosed as an expert.  3.25 hrs.

12/2/02      Review documents from Norwood with client; documents 675-1240.  5.25 hrs.  566 copies.

12/3/02      Review documents from Norwood with client; documents 1241-1854. 6.25 hrs.      613 copies.

12/4/02      Review documents from Norwood with client; documents 1855-2707. 5.00 hrs.  863 copies.

12/4/02      Letter to opposing counsel with notice of filing designating Growick as a rebuttal witness; file notice with the clerk designating Growick.  1.75 hrs. 12 copies.

12/5/02      Letter from Dixon with Hochbein's discovery requests; review responses and forward to client for his review.  1.50 hrs.

12/6/02      Review documents from Norwood with client; documents 2708-3645. 6.25 hrs.  918 copies.

12/6/02      Letter to client with copy of Hochbein's response to discovery requests. .25 hrs.


12/7/02      Review documents from Norwood with client; documents 3646-4531. 5.75 hrs.  886 copies.

12/8/02      Review documents from Norwood with client; documents 4532-5601. 6.75 hrs.  1070 copies.

12/9/02      Review documents from Norwood with client; documents 5602-6843. 6.00 hrs.   1241 copies.

12/10/02     Review documents from Norwood with client; documents 6844-7925. 6.75 hrs.  1081 copies.

12/11/02    Letter from Barbiere with invoice for documents requested to be copied at the City of Norwood for $1,224.00; copy to client. .25 hrs.

12/11/02    Review documents from Norwood with client; documents 7926-8640;
Cook
                wants to take break from examining documents and told him I will review. 4.75 hrs.  715 copies.

12/12/02    Review documents from Norwood; documents 8641-9543.  7.75 hrs. 903 copies.

12/13/02    Review documents from Norwood; documents 9544-10563. 7.25 hrs.  1009 copies.

12/14/02    Review documents from Norwood with client;  told him he needs to come up since we are on the last box and it is getting done this evening; documents 10,563-11473.  6.25 hrs.  910 copies.

Total Hours:  332.50
Hourly Rate: $225.00
Copies:       $1,660.00 (11,660 X .10)
Expenses:    $3,869.27
Charges:     $74,812.50

TOTAL AMOUNT DUE:    $80,341.77