UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DENNIS COOK | : | CASE NO. C-1-02-073 |
| Plaintiff | : | (Judge Weber) |
| vs. | : | |
| CITY OF NORWOOD, ET AL. | : | |
| Defendants | : | |

**AFFIDAVIT OF CHRISTOPHER RAGONESI**

State of Ohio         )
                              ) SS:
County of Hamilton )

Christopher Ragonesi, after being duly cautioned and sworn, states as follows:

1. I am an attorney licensed to practice law in the state of Ohio.

2. I was admitted to the bar in November, 1990.

3. Since November, 1990, my practice has focused primarily on labor and employment law. My experience includes approximately six years in the labor and employment department at Dinsmore and Shohl, one of the region's largest defense firms. Additionally, I have practiced plaintiff's employment law for approximately eight years.

4. From start to finish, it is typical for counsel in an employment case to accumulate a large number of hours, from drafting of an EEOC complaint through litigating an action in federal and/or state court.

3. An hourly rate of $225.00 is reasonable in the field of employment practices litigation on either the defense or plaintiff side. Experienced counsel in the field of

employment law routinely charge at (or above) such hourly rate

Further, affiant sayeth naught.

*[signature]*
Christopher Ragonesi

Sworn to and subscribed in my presence by Christopher Ragonesi this 3rd day of January, 2005.

*[signature]*
Notary Public

DIANE M. BREYER
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION EXPIRES 10-15-06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DENNIS COOK | : | CASE NO. C-1-02-073 |
| Plaintiff | : | (Judge Weber) |
| vs. | : | |
| CITY OF NORWOOD, ET AL. | : | |
| Defendants | : | |

## AFFIDAVIT OF ROBERT G. KELLY

State of Ohio     )
                  ) SS:
County of Hamilton )

Robert G. Kelly, after being duly cautioned and sworn, states as follows:

1. That he is the attorney for the plaintiff in the within cause of action.

2. That he has been licensed to practice law in the State of Ohio since November 4, 1977.

3. That he commenced employment as the plaintiff's attorney on or about December 29, 1997.

4. That he previously served in various elected positions of government in the City of Norwood including councilman, auditor and law director for a period of 20 years.

5. That he attempted to resolve the plaintiff's case through the filing of grievances and unfair labor practices during the period from on or about December 29, 1997 through and including April 1998.

6. That he approached the defendants Hubbard, Cross and the Norwood Law Director's office in an attempt to resolve the plaintiff's disputes with the City of Norwood and the conduct of various appointed officials and it was unsuccessful.

7. That on or about May 13, 1998, the undersigned counsel reached an agreement to resolve all unfair labor practices and grievances with the City of Norwood while permitting the plaintiff to proceed with a complaint to the Equal Employment Opportunity Commission to pursue his claim to the street leadman's position.

8. That immediately upon filing of the EEOC complaint by the plaintiff, the defendants went on a reign of terror and attempted to fire, terminate or drive crazy anyone who filed any EEOC complaint including the following: Cook, Jones and Perkins.

9. That he has zealously pursued every avenue available to Cook to seek redress for his wrongs and that the defendants have lied throughout not only this court proceeding but also other administrative and judicial proceedings.

10. That he has literally worked 22-hour days to keep the plaintiff employed during 1998 and 1999 and until plaintiff's hospitalization was successful.

11. That attached hereto are his fee statements for the years 1998 through and including 2004 for services provided to the plaintiff.

12. That the entries and times set forth on the attached fee statements are fair and accurate and represent actual time spent concerning the representation of Mr. Cook in this matter.

13. That the expenses incurred were actually paid or are due and owing and represent necessary expenses to pursue the plaintiff's claim.

14. That he has been required to make multiple trips to Columbus on behalf of the plaintiff, and he was required to travel to the state of Florida to obtain a witness who suffered a mental breakdown as a result of his employment with the City of Norwood and who refused to make himself available to testify for the plaintiff absent the affiant travelling to Florida to serve the individual.

15. That time actually spent on this case can be corroborated by numerous current employees of the City of Norwood whom the affiant has interviewed or numerous residents of the City of Norwood who observed the affiant at his office at all hours of the day and night meeting with the plaintiff.

16. That the affiant essentially has operated two separate law practices for the past six years--one dedicated to his normal practice and the other dedicated to the representation of the plaintiff and other members of the City of Norwood who were victimized by the City of Norwood and the defendants.

Further, affiant sayeth naught.

Robert G. Kelly

2

Sworn to and subscribed in my presence by Robert G. Kelly this 3rd day of January, 2005.

_____
Notary Public

DIANE M. BREYER
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION EXPIRES 10-15-06

3