## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **DENNIS COOK,** | : | **CASE NO. 1:02cv00073** |
| | : | **(J. Weber)** |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **CITY OF NORWOOD, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

### CITY OF NORWOOD'S MEMORANDUM IN OPPOSITION
### TO PLAINTIFF'S MOTION FOR NEW TRIAL

**I.      PRELIMINARY STATEMENT.**

Plaintiff filed numerous claims for relief in this matter under federal and state law.  Motions

for Summary Judgment were filed by the City of Norwood and the individual Defendants which

were granted in part and denied in part.  The Court ruled that the City of Norwood and all individual

Defendants were entitled to summary judgment on Plaintiff's federal age claims under the Age

Discrimination and Employment Act for Plaintiff's failure to file an administrative claim for

constructive discharge based on age with the EEOC.  (Doc. 68, p. 10).  The Court granted summary

judgment in favor of the City of Norwood and all individual Defendants with respect to Plaintiff's

sexual harassment claim for failure to allege sexual harassment in charges before the EEOC.  (Doc.

68, p. 12).  The Court granted summary judgment in favor of the City of Norwood and all individual

Defendants as to Plaintiff's claims under 42 U.S.C. § 1983 based upon the statute of limitations.

(Doc. 68, p. 14).  The Court granted summary judgment in favor of the City of Norwood and all

individual Defendants with respect to Plaintiff's claims under 42 U.S.C. § 1985 for failure to come

forward with evidence sufficient to raise a genuine issue of material fact that Plaintiff was denied

his right of access to the courts in violation of § 1985. (Doc. 68, p. 15-16). For the same reasons, the Court granted summary judgment in favor of the City of Norwood and all Defendants with respect to Plaintiff's claims under 42 U.S.C. § 1986. As to Plaintiff's state law claims, the Court granted summary judgment in favor of the City of Norwood and all individual Defendants with respect to Plaintiff's claims of discrimination on the basis of sex, race, color or religion on the basis of failure of evidence. (Doc. 68, p. 21). The Court declined to exercise discretionary federal jurisdiction over Plaintiff's state law claims of age discrimination, negligent hiring, and intentional infliction of emotional distress. (Doc. 68, p. 21). The Court also granted summary judgment as to Plaintiff's punitive damage claim against the City of Norwood. (Doc. 68, p. 23).

The Court denied the City of Norwood's Motion for Summary Judgment as to Plaintiff's ADA disability discrimination claim against the City of Norwood. (Doc. 68, p. 19). The Court accepted jurisdiction over Plaintiff's state law disability discrimination claim and denied the City of Norwood's Motion for Summary Judgment with respect to such claim. (Doc. 68, p. 21, 22).

As a result of its rulings on the Defendants' Motions for Summary Judgment, there remained only limited claims and issues for the jury trial which began on November 2, 2004. In granting in part and denying in part the City of Norwood's Motion for Summary Judgment, this Court stated in its conclusion:

> This case will proceed to trial on the disability discrimination claims in accordance with the schedule established by the Court. (Doc. 68, p. 25).

The Joint Final Pretrial Statement set forth the nature of this action and the Court's jurisdiction, stating as follows:

> A.    This is an action for discrimination due to disability pursuant to federal and state law.

B.    The jurisdiction of the Court is invoked under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, 28 U.S.C. § 1331 and 42 U.S.C. § 12101-12213.  (Doc. 78).

At the Final Pretrial Conference, the Court reviewed the Joint Final Pretrial Order and stated as follows with respect to the nature of the action and jurisdiction:

Now, the nature of action and jurisdiction, this is an action for discrimination due to disability and also there is the retaliation issue for filing disability discrimination charges with the EEOC.  (Tp. of Pretrial Conference, p. 18).

Plaintiff's Motion for New Trial disregards the import of the Court's Order granting in part and denying in part the City of Norwood's Motion for Summary Judgment, as well as the Joint Final Pretrial Order to which Plaintiff agreed.  Plaintiff requests a new trial pursuant to Fed.R.Civ.P. 59 with respect to claims upon which the City of Norwood was granted summary judgment and which are not limited to "disability discrimination claims."  Those claims are not properly the subject of a Rule 59 motion.

Consistent with the Joint Final Pretrial Order, which was consistent with the Court's Order granting in part and denying in part the Motions for Summary Judgment, the jury rendered special verdicts on the sole issues before it, namely the disability discrimination claims including the disability retaliation claim.  Pursuant to Special Verdict No. 1, judgment was granted in favor of the City of Norwood and all individual Defendants against Plaintiff on Plaintiff's claims for disability discrimination under Ohio law, as well as the Americans with Disabilities Act. (Doc. 138).  Pursuant to Special Verdict Nos. 4, 5, 7, 8, 9, 10, 12, 13, 14, and 15, judgment was granted in favor of Plaintiff and against the City of Norwood on Plaintiff's claim for retaliation under the Americans with Disabilities Act.  (Doc. 138).

Plaintiff has now moved for new trial pursuant to Fed.R.Civ.P. 59 with respect to his age

discrimination claim; his claims under 42 U.S.C. §§ 1983, 1985 and 1986; and his claim for ADA discrimination. The Motion for New Trial with respect to the age discrimination claims, and the claims under 42 U.S.C. §§ 1983, 1985 and 1986, is baseless since the City of Norwood was granted summary judgment with respect to those claims prior to trial. As a result, those claims were not submitted to the jury at trial.

As to Plaintiff's claim for disability discrimination, under state or federal law, by Special Verdict No. 1 the jury found that Plaintiff did not

> . . . prove by a preponderance of the legal evidence that one or more of the Defendants intentionally discriminated against him because they perceived or regarded him as disabled. (Doc. 131).

Plaintiff is not entitled to a new trial with respect to such claim because the jury's verdict was not unreasonable under the evidence. Plaintiff also appears to request a new trial on "a state cause of action for retaliation." (Plaintiff's Motion, p. 10). Plaintiff's Motion is baseless since there was no "state cause of action for retaliation" asserted in the Complaint or at issue at trial. (Doc. 1; 68, p. 25; 78). The only issues at trial were state and federal disability discrimination and federal disability retaliation under ADA. Only claims involving those issues could even arguably be the proper subject of a Rule 59 motion. Finally, Plaintiff's assertion of "fraudulent concealment" in his Memorandum is incomprehensible, meritless and immaterial to this Motion for New Trial under Rule 59.

## II.    ARGUMENT.

### A.    PLAINTIFF IS NOT ENTITLED TO A NEW TRIAL PURSUANT TO FED.R.CIV.P. 59 WITH RESPECT TO CLAIMS UPON WHICH THE CITY OF NORWOOD WAS GRANTED SUMMARY JUDGMENT AND WHICH WERE NOT TRIED TO THE JURY.

As set forth above, the City of Norwood was granted summary judgment with respect to Plaintiff's claims for age discrimination under ADEA; Plaintiff's claims for sexual hostile environment under Title VII; Plaintiff's claims under 42 U.S.C. §§ 1983, 1985 and 1986; Plaintiff's state law claims of discrimination on the basis of sex, race, color, or religion; and Plaintiff's claims for punitive damages. The Court did not exercise its discretionary jurisdiction over Plaintiff's state law claims of age discrimination, negligent hiring, and intentional infliction of emotional distress. The only issues which proceeded to trial and were before the jury were disability discrimination claims including disability retaliation under federal law. (Doc. 68, 78). Nevertheless, Plaintiff's Motion for New Trial purports to seek a new trial with respect to the claims and issues disposed of in the City of Norwood's favor by summary judgment and which were not tried to the jury.

It is axiomatic that Plaintiff is not entitled to a new trial under Rule 59 with respect to claims and issues which were not part of the trial, either because the claim was never asserted in the Complaint, or because the claim was disposed of by summary judgment. Fed.R.Civ.P. 59 provides in pertinent part as follows:

> (a) **Grounds**. A new trial may be granted to all or any of the parties on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons which new trials have heretofore been granted in actions at law in the courts of the United States; . . .

The plain language of the Rule indicates that a "new trial" may only be granted upon issues which have once been tried to the jury. The case law confirms that a Rule 59 motion is only appropriate for circumstances where a jury verdict is unreasonable and not supported by evidence. This, of course, presupposes that the issue was actually submitted to the jury at some point in the proceedings. In *Reynolds v. Green*, 2001 WL 1563935 (6th Cir. 2001), the court summarized the

permissible grounds for granting a new trial as follows:

> Pursuant F.R.C.P. 59(a), a new trial may be granted 'in an action in which there has been a trial by jury, for any of the reasons which new trials have heretofore been granted in actions at law in the courts of the United States.' . . . 'Generally courts have interpreted this language to mean that a new trial is warranted when a **jury** has reached a "seriously erroneous" result as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damage as being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias.' 2001 WL 1563935 at ** 3. (Emphasis added).

There are no allegations, much less evidence, of the trial being unfair to Plaintiff for the reason that the proceedings were influenced by prejudice or bias. Therefore, the only potentially applicable grounds for a new trial are grounds related to whether the **jury** verdict is unreasonable and clearly against the weight of the evidence, not whether summary judgment was granted erroneously by the Court. The Court in *Reynolds* further noted that 'new trials are not to be granted on the grounds that the verdict was against the weight of the evidence "unless that verdict was unreasonable." 2001 WL 1563935 at **3.

Clearly, the jury herein cannot be found to have reached a "seriously erroneous result" with respect to claims and issues not submitted to it. The City of Norwood was granted summary judgment as to Plaintiff's ADEA claim on the grounds that Plaintiff failed to file an administrative claim for constructive discharge based on his age as required for subject matter jurisdiction. As a result, the matter never went to trial, the jury did not render a verdict, and there can be no issue as to whether the verdict was against the weight of the evidence and unreasonable. Therefore, it is not a matter for a Rule 59 motion for a new trial. As to Plaintiff's claims for sexual hostile environment, and conspiracy under 42 U.S.C. §§ 1985 and 1986, the City of Norwood was granted summary judgment on the basis that Plaintiff failed to present evidence sufficient to establish the essential

elements of those claims in opposition to the City of Norwood's Motion for Summary Judgment. As a result, those claims, and the issues presented thereby, were not part of the trial, the jury did not render a verdict thereon, and there can be no issue as to whether a verdict was against the weight of the evidence and unreasonable as required for a new trial under Rule 59. The City of Norwood was granted summary judgment with respect to Plaintiff's claim under 42 U.S.C. § 1983 on the grounds that Plaintiff's claim was time barred by the two year statute of limitations. As a result, issues related to the § 1983 claim were not tried to the jury, no verdict was rendered thereon, and there can be no finding that a verdict was unreasonable and against the weight of the evidence. The same reasoning applies to Plaintiff's state law claims for discrimination on the basis of sex, race, color, or religion. Those issues were not tried to the jury, no verdict was rendered, and there can be no finding that a verdict was unreasonably contrary to the weight of the evidence.

Further, the claims as to which the Court declined to exercise supplemental jurisdiction – namely, state law age discrimination, negligent hiring, and intentional infliction of emotional distress – also were not tried to the jury, no verdict was rendered, and there can be no finding that a verdict was unreasonable and against the weight of the evidence. The jury did not render a verdict on a "state cause of action for retaliation" because Plaintiff did not even assert such a claim in his Complaint, and neither that claim nor any issues related thereto, were litigated to the jury.

Plaintiff's Memorandum does not provide any legal basis upon which a "new trial" could be granted with respect to the claims and issues discussed above which were not tried to the jury in the first instance but rather were disposed of on summary judgment. Nor has Plaintiff provided any legal basis for granting a "new trial" with reference to "a state cause of action for retaliation" which was not even asserted in Plaintiff's Complaint, was not set forth in the agreed final pretrial statement as

a matter to be litigated before the jury in this case, and was not litigated. Rather, Plaintiff asserts only arguments that the trial court erred in granting summary judgment on such claims and issues. Those arguments are unpersuasive. In any event, however, whether those arguments have any merit is a matter for appeal, not for a Rule 59 motion for new trial. Therefore, Plaintiff's Motion for New Trial should be denied as it purports to relate to the age discrimination claim under ADEA; claims under 42 U.S.C. §§ 1983, 1985 and 1986; state law claims for discrimination on the basis of age, sex, race color, or religion; a "state cause of action for retaliation;" or any claim other than the disability discrimination claims under federal and state law, and the disability retaliation claim under federal law which were litigated herein.

> **B.    PLAINTIFF HAS NOT ESTABLISHED GROUNDS SUFFICIENT FOR A NEW TRIAL UNDER RULE 59 WITH RESPECT TO THE JURY'S VERDICT DENYING HIS CLAIMS FOR DISABILITY DISCRIMINATION UNDER OHIO LAW AND THE ADA.**

After trial, the jury unanimously determined its response to Special Verdict No. 1 as follows:

1)    Did Plaintiff prove by a preponderance of the legal evidence that one or more of the Defendants intentionally discriminated against him because they perceived or regarded him as disabled?

| | | | |
|---|---|---|---|
| City of Norwood | YES _____ | NO | X |
| Kevin Cross | YES _____ | NO | X |
| Gary Hubbard | YES _____ | NO | X |
| Joseph Hochbein | YES _____ | NO | X |

Special Verdict No.1 is clearly supported by the evidence. Further, the granting of a new trial would require more than a determination that the verdict was against the weight of the evidence. It requires a determination that the verdict not adequately supported by the evidence and was unreasonable. *Barnes v. Owens-Corning Fiberglass Corp.*, 201 F.3d 815, 820 (6th Cir. 2000). In *Mollett v. Touma,* 2001 WL 687623 (6th Cir. 2000), the court of appeals said the following as to its standard of review:

. . . 'in reviewing a trial court's denial of a new trial motion on the ground the verdict is against the great weight of the evidence, we accept the jury's verdict if it was reasonably reached.' 2001 WL 687623 at ** 1.

In *Mollett*, a malpractice case, the court noted that the evidence was conflicting and the jury was free to decide whether the testimony of plaintiff's expert or defendant's expert was accurate. The court said that where the jury was free to determine which expert to believe, its decision should not be disturbed. 2000 WL 687623 at ** 1. The court of appeals held that the trial court did not abuse its discretion in denying plaintiff's motion for a new trial on the basis that the verdict was against the great weight of the evidence "where the jury's decision to find one expert more credible than another was reasonable under these facts."

The jury's verdict that the Plaintiff did not prove by a preponderance of the legal evidence that the City of Norwood intentionally discriminated against him because they perceived or regarded him as disabled was adequately supported by the evidence and was not unreasonable. Therefore, Plaintiff is not entitled to a new trial under Rule 59. In order to establish a prima facie case of disability discrimination under either state or federal law, a plaintiff must prove: (1) he is an individual with a disability or perceived as being disabled; (2) he is otherwise qualified to perform the job requirements, with or without reasonable accommodations; and (3) he was terminated solely by reason of his disability or the perception of disability. *Monette v. Electronic Data Sys. Corp.,* 90 F.3d 1173 (6th Cir. 1996); *Hedrick v. Western Reserve Care System,* 355 F.3d 444 (6th Cir. 2004). Plaintiff has the burden to establish each of the foregoing elements in order to establish an ADA or state law disability claim. *Monette, supra*, at 1186. Therefore, Plaintiff is not entitled to a new trial on the disability discrimination claim as long as it was not unreasonable for the jury to conclude that the evidence did not require it to conclude that the Plaintiff had proved his case by a preponderance

of the legal evidence as to any one of the required elements.  If the jury reasonably concluded that

the Plaintiff failed to establish any of the required elements, Plaintiff is not entitled to a new trial.

Based upon the evidence at trial, the jury could have reasonably concluded that Plaintiff did not

prove a single element required for  his claim, much less each of the elements.  During the 1997 to

1998 time period in question, the evidence was adequate for the jury to conclude that he was not an

individual with a disability as that term has been defined by the courts, and that he was not perceived

as having a disability by the City in its treatment of him.  Finally, the evidence was adequate to

support a reasonable conclusion that no adverse employment action was taken against Plaintiff **solely**

by reason of a disability.  Unless Plaintiff establishes that none of the foregoing determinations are

reasonable within the evidence, he is not entitled to a new trial.

> **1.     The evidence was adequate to reasonably support a conclusion that Plaintiff was neither an individual with a disability nor perceived as having a disability, as defined in the Americans with Disabilities Act, in the 300 day time period prior to his filing his amended charge with the EEOC on or about June 16, 1998.**

The testimony at trial supported a conclusion that Plaintiff was not an individual with a

disability during the 300 day time period prior to the filing of his EEOC amended charge on June

16, 1998.  The evidence was that Plaintiff worked regularly at the City during that time period.

Plaintiff filed his EEOC charge because he was not permitted to maintain his position as lead man

on the street crew.  Although there was medical testimony that during this time frame Plaintiff

suffered from a bipolar condition, the testimony did not establish that he was an individual with a

disability as defined in the ADA.  In *Toyota Motor Mfg. v. Williams,* 534 U.S. 184 (2002), the

Supreme Court ruled that, in order for an individual to be considered "disabled" within the meaning

of the ADA, he must have either a physical or mental impairment "that prevents or severely restricts

the individual from doing activities that are of central importance to most people's daily lives." The uncontroverted evidence is that during this time frame Plaintiff was coming to work at the City, performing his job duties, and conducting other activities that are normally central to people's lives. Based upon that evidence, Plaintiff was not a disabled individual within the meaning of the Americans with Disabilities Act at the time he filed his EEOC complaint. And, based on the same evidence, since Plaintiff was regularly coming to work, and since he was performing job duties and other activities demonstrating that he was not substantially limited, it was not unreasonable for the jury to have concluded based upon that evidence that the City of Norwood did not perceive Plaintiff as having a disability. Therefore, the jury could reasonably have determined that he failed to prove his disability discrimination case, and Plaintiff is not entitled to a new trial under Rule 59.

Additionally, assuming for purposes of argument only that there was contrary evidence of a disability or the perception thereof during the relevant time period, the Court should not disturb the jury's decision in determining which evidence to credit. *Mollett, supra.* In *Morales v. American Honda Motor Co., Inc.,* 151 F.3d 500, 506 (6th Cir. 1998), the court of appeals sustained the trial court's denial of a motion for a new trial made by the defendants because "in viewing the evidence in a light most favorable to Plaintiffs, we conclude that reasonable minds could have differed" as to the evidence on proximate cause of an accident. Under that reasoning, as long as it can be said that, viewing the evidence in a light most favorable to the City of Norwood, reasonable minds could have differed as to whether Plaintiff was a disabled individual, or perceived to have been, within the relevant time period within the meaning of the ADA, Plaintiff is not entitled to a new trial under Rule 59.

-11-

     **2.**     **There was adequate evidence for the jury to reasonably conclude that Plaintiff did not prove that an adverse employment action was taken against him solely by reason of a disability or perceived disability.**

First, Plaintiff did not suffer an adverse employment action during a 300 day period prior to the filing of his EEOC complaint.  Proof of an adverse employment action requires proof of a "material adverse change in the terms and conditions of his employment."  *Hollins v. Atlantic Co.,* 188 F.3d 652 (6th Cir. 1999).  Actions which involve written warnings and reprimands are considered *de minimus* and are not actionable.  *Bowman v. Shawnee State Univ.,* 220 F.3d 456 (6th Cir. 2000).  Even a suspension with pay and full benefits is not an adverse employment action. *Peltier v. United States*, 2004 WL 2402469 (6th Cir. 2004).  In the instant case, there was evidence that Plaintiff was the acting lead man on the street crew for approximately two weeks and that he was removed from that position where he signed an agreement stating that he would not operate the backhoe.  He was returned to his former position without receiving any change in pay.  Therefore, it was not unreasonable for the jury to conclude based upon the evidence that Plaintiff failed to sustain the material adverse job action element of a disability discrimination claim.

Additionally, assuming for the purpose of argument only that the evidence had been so substantial that the jury could not have reasonably concluded that Plaintiff failed to establish the adverse employment action, Plaintiff was also required to prove that the discriminatory material adverse job action was motivated **solely** as a result of a disability or perceived disability and not as a result of a "mixed motive."  *McCleod v. Parsons Corporation*, 2003 WL 22097841 (6th Cir. 2003); *Hedrick v. Western Reserve Care System,* 355 F.3d 444 (6th Cir. 2004).  In *McCleod*, the court noted that the Sixth Circuit differs from other circuits which permit plaintiffs to prevail in

"mixed motive" cases filed under the ADA. The court said that in the Sixth Circuit a plaintiff is required to prove that the disability was the **sole reason for the adverse employment action**. In *Layman v. Alloway Stamping and Machine Company, Inc.*, 2004 WL 719262 (6th Cir. 2004), the court noted that even though other circuits allow a plaintiff to prevail in an ADA discrimination case by proof of a "mixed motive including disability, in the Sixth Circuit the law continues to be that the plaintiff must prove that disability was the sole motive for the alleged discrimination." Plaintiff cannot succeed in a claim under ADA without evidence that disability alone, and not some other impermissible reason, was the sole reason which actually motivated the adverse employment action. *Hile v. Pepsi Cola General Bottlers, Inc.,* 1997 WL 112404 at *6 (6th Cir. 1997). Plaintiff's evidence was insufficient to require such a conclusion by this jury.

In the instant case, the evidence was sufficient for the jury to reasonably conclude that Plaintiff was not disabled or perceived to be disabled during the applicable time period, and the evidence was sufficient for the jury to reasonably conclude that Plaintiff was not the victim of a material adverse employment action. As a result, on any of the foregoing bases, Plaintiff is not entitled to a new trial under Rule 59. Even absent any of the foregoing disqualifying grounds for a new trial, there is one final disqualifying ground for a new trial under Rule 59 which alone clearly provided a reasonable basis for the jury's verdict and precludes the granting of a new trial. That is, the evidence was sufficient for the jury to reasonably conclude that Plaintiff has failed to establish that disability was the **sole motive** for any material adverse employment action against him. Throughout the pretrial proceedings, and during trial, Plaintiff has alleged that he was discriminated against on numerous bases including age, race, color, religion, sex, and disability. (Doc. 1). Indeed, the first EEOC charge of discrimination filed by Plaintiff on or about May 16, 1998 asserted a claim

based solely upon **age** discrimination. (Doc. 68, p. 4, Def. Exh. 553). On June 16, 1998, Plaintiff amended that age discrimination charge adding claims based upon race, religion and disability and reasserting the age discrimination charge. (Doc. 68, p. 4). In April, 1998, Plaintiff filed an unfair labor practice charge under the collective bargaining agreement asserting that he was improperly denied seniority rights under the collective bargaining agreement and that supervisors Hubbard and Cross "harassed me for the past six months because of my union activity." (Def. Exh. 552).

Plaintiff presented testimony and other evidence during the jury trial attempting to establish discrimination on numerous grounds including union activity, age, as well as disability. Indeed, in this Motion for New Trial, Plaintiff continues to argue that the evidence he presented at trial establishes discrimination on the basis of age. Plaintiff argues that his "age discrimination claim was based on the selection of a younger man (Osterday) for the position of lead man of the street crew in violation of the terms of the labor agreement and past practice by Defendant Norwood." (Doc. 142, p. 2). He argues that his "demotion can serve as the basis for a valid ADEA claim." (Doc. 142, p. 3). He argues that the "evidence clearly demonstrates" that he raised issues of fact with respect to his age discrimination claim. (Doc. 142, p. 3). Since Plaintiff throughout pretrial proceedings, throughout the trial, and now even after the trial in connection with this Motion continues to assert that Plaintiff was discriminated against on the basis of his age, and union activity, it was not unreasonable for the jury to have concluded that disability was not the sole reason for any adverse employment action against him. In fact, based upon the evidence presented, it would have been unreasonable for the jury to have concluded that Plaintiff proved that disability was the sole reason for any adverse employment action against him. Therefore, Plaintiff is not entitled to a new trial under Rule 59 with respect to his disability discrimination claim.

**III.    CONCLUSION.**

For all of the foregoing reasons, Plaintiff has failed to demonstrate that the verdict of the jury denying Plaintiff's age discrimination claim was inadequately supported by the evidence and unreasonable.  Therefore, Plaintiff's Motion for New Trial pursuant to Rule 59 should be denied.

**s/Lawrence E. Barbiere**
Lawrence E. Barbiere (0027106)
Michael E. Maundrell (0027110)
Attorney for Defendant, City of Norwood
**SCHROEDER, MAUNDRELL, BARBIERE & POWERS**
11935 Mason Road, Suite 110
Cincinnati, OH  45249
(513) 583-4200
(513) 583-4203 (fax)
Email:  lbarbiere@schroederlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on **January 14, 2005,** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following:  Robert G. Kelly, Esq., *Attorney for Plaintiff*,  W. McGregor Dixon, Jr., Esq., *Attorney for Joseph J. Hochbein*, James F. Brockman, Esq., *Attorney for Kevin Cross*, and to Steven Martin, Esq., *Attorney for Defendant, Gary Hubbard.*

**s/ Lawrence E. Barbiere**
Lawrence E. Barbiere

-15-