**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| DENNIS COOK, | : | Case No. C-1-02-073 |
| Plaintiff, | : | (Judge Weber) |
| vs. | : | (Magistrate Judge Hogan) |
| CITY OF NORWOOD, et al., | : | |
| Defendants. | : | |

_____

**DEFENDANT KEVIN CROSS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR A NEW TRIAL**

---

Plaintiff Dennis Cook ("Cook") has filed a Motion for a New Trial under Federal Civil Rule 59. He is asking this Court to re-open issues that were either fully briefed and argued before this Court, or were fully litigated during the Trial in this matter. Rule 59 provides a procedure whereby the Court can correct manifest errors of law or consider the import of newly discovered evidence. *E.E.O.C. v. Argent Industries, Inc.*, 746 F.Supp.705, 706, (S.D. Ohio 1989). Rule 59 is not to be utilized to relitigate issues previously considered or to allow a party to present his case under a new theory. *Id.; Milwee v. Peachtree Cypress Investment Co.*, 510 F.Supp 284, 289-290 (E.D. Tenn 1978). The movant must clearly establish either a manifest error of law or fact or present newly discovered evidence. *Diebitz v. Arreola*, 834 F. Supp. 298, 302 (E.D. Wis 1993). Cook has failed to provide this Court with any basis upon which to grant him a new trial. As such, Cook's motion should be denied.

419207v1

## AGE DISCRIMINATION

Cook originally made claims under the ADEA for constructive discharge and disparate impact. Cook argues that he should have been allowed to proceed on his constructive discharge claim, but then appears to request that the Court vacate the granting of summary judgment on both claims. As this Court ruled in its February 25, 2004 Order, Federal Courts do not have subject matter jurisdiction to hear a Title VII or an ADEA claim unless the claimant explicitly filed the claim in an EEOC charge or the claim can be reasonably expected to grow out of the EEOC charge. *See Strouss v. Michigan Dept. of Corrections,* 250 F.3d 336, 342 (6th Cir. 2001). Cook did not file a charge of constructive discharge, nor could such a claim reasonably grow out of the charges that were filed. Cook reiterates the facts upon which he would base his claim, but does not present any new arguments or evidence to refute the Court's original ruling. Therefore, the Court properly granted summary judgment on the Plaintiff's ADEA claim based on constructive discharge, and this ruling should be upheld.

Additionally, the Court granted summary judgment on the disparate impact theory because Cook failed to present sufficient evidence, in response to the Defendants' motions, to establish a *prima facia* case. Cook makes no direct arguments about this count. Therefore, Cook's blanket request that the Court vacate its grant of summary judgment on the Plaintiff's age discrimination claim should be denied.

## 42 U.S.C. CLAIMS

Cook's 42 U.S.C. 1983 claims are time-barred. He was aware of most or all of the actions upon which he based his 1983 claim at the time that they occurred. He now claims that the statute should be tolled because the truth behind certain facts was

419207v1                                   2

concealed during discovery. As an example, he names the disabling of the street sweeper. However, Cook had made prior accusations concerning the street sweeper, so he was aware of the claim that he now makes. He was certainly aware of the myriad other facts upon which he wishes to base a 1983 claim well within the statute of limitations. Cook therefore could have brought an action within the statute of limitations. His failure to do so bars any action.

Cook has also failed to produce any additional evidence upon which to raise a genuine issue of material fact that would resurrect his 42 U.S.C. 1985 or 1986 claim. Therefore, the summary judgment that was granted on these issues should be upheld.

## ADA

Cook recites the evidence that he presented on this issue, and upon which many of the days of the trial focused. He then appears to request judgment as a matter of law. However, the Jury in this matter found that Cook did not suffer from a disability as defined under the ADA. The burden of proof on a motion for a new trial is on the moving party, and the court should not lightly disturb a plausible jury verdict. *Anglo-American General Agents v. Jackson National Life Insurance Co.*, 83 F.R.D. 41, 43, (N.D. Cal, 1979).

There was sufficient evidence upon which the Jury could make its ruling. Cook has not presented any new evidence that Cook had a disability, nor was he prevented from presenting his evidence on this issue to the jury. Therefore, the judgment of the trier of fact should not be disturbed.

## FRAUDULENT CONCEALMENT

Finally, Cook makes a final all-inclusive argument for a new trial, arguing that the various statutes should be tolled due to fraudulent concealment. However, Cook was aware of the facts upon which he bases his various claims. His argument that statutes should be tolled because some facts were denied is specious. Such an argument would necessitate the tolling of every statute in every case in which a defendant denied any fact alleged by the Plaintiff. This would effectively eviscerate statutes of limitation. Cook was positioned to bring the various actions of which he complains within the applicable statutes. He did not do so. Therefore, he is barred from bringing such actions.

Respectfully Submitted,

_____
JAMES F. BROCKMAN    (0009469)
LINDHORST & DREIDAME
312 Walnut Street, Suite 2300
Cincinnati, Ohio 45202-4091
Phone: (513) 421-6630
Fax: (513) 421-0212

ATTORNEY FOR KEVIN CROSS

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing has been served upon the Robert G. Kelly, Esq., 4353 Montgomery Road, Cincinnati, OH 45212, by ordinary U.S. Mail, this 17th day of January, 2005, and

I hereby certify that on the 17th day of January, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lawrence E. Barbiere, Esq.
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, OH  45249-3703

Steven Martin, Esq.
Ziegler & Schneider
541 Buttermilk Pike
Suite 500
P.O. Box 175710
Covington, KY  41017-5710

W. McGregor Dixon, Jr., Esq.
Shipman, Dixon & Livingston
215 West Water Street
P. O. Box 310
Troy, OH 45373

Brian Hurley, Esq.
30 Garfield Place, Suite 940
Cincinnati, Ohio  45202

      /s/  James F. Brockman
      James F. Brockman
      Attorney at Law