**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **DENNIS COOK** | : | CASE NO. C-1-02-073 |
| Plaintiff, | : | Judge Weber |
| v. | : | |
| **CITY OF NORWOOD, et al.** | : | **DEFENDANT HOCHBEIN'S** |
| | : | **MEMORANDUM IN OPPOSITION** |
| Defendants. | : | **TO PLAINTIFF'S MOTION** |
| | : | **FOR NEW TRIAL** |
| | : | |

Defendant Joseph J. Hochbein understands that plaintiff is not satisfied with the court's decision; but his memorandum is not the procedure to follow.

While Fed. R. Civ. P. 59 is written as broadly as possible, it is not written as the summary judgment review rule, and that appears to be what plaintiff wants in much of his motion.

Plaintiff's memorandum is divided into four parts:

1. Age Discrimination EEOC Charge
2. 42 U.S.C. §§ 1983, 1985, and 1986
3. ADA Violation
4. Fraudulent Concealment

**AGE DISCRIMINATION EEOC CHARGE**

While the plaintiff attempts to impeach the court for language used in a hearing on December 16, 2004, since that language was not used in the court's entry, the attempt fails.

1

The federal age case was dismissed by the court on February 25, 2004 for many specific, correct reasons. Even now, plaintiff attempts to reargue the summary judgment proceedings. Hearings and pleadings do not make evidence; and plaintiff failed to produce evidence at summary judgment to allow this court to proceed on the age issue.

On page ten of the order, the court specifically determined that the EEOC charge was based on certain facts that would not lead to a justified claim. Even if plaintiff produced evidence of this at trial, this procedure is not applicable to plaintiff's argument.

## 42 U.S.C. §§ 1983, 1985, AND 1986 CLAIMS

The law regarding the claim brought under Sections 1985 and 1986 has been sufficiently briefed and decided.

Plaintiff's problem with his alleged Section 1983 claim is that the facts do not justify such a claim. Plaintiff continues to fail to specify any facts that occurred within the statute of limitations. His concealment argument in this section fails because the relevant facts were known, e.g. denial of hearings.

## ADA VIOLATION

Plaintiff's claim for a new trial on this issue is resolved through the reference to one Special Verdict and its answer:

> "1) Did plaintiff prove by a propondence of the legal evidence that one or more of the defendants intentionally discriminated against him because they perceived or regarded him as disabled?
>
> City of Norwood    YES_____    NO X_____
>
> Kevin Cross    YES _____    NO X_____

2

    Gary Hubbard  YES _____  NO X _____

    Joseph Hochbein  YES _____  NO X _____ "

A motion for a new trial is not an opportunity to question a jury finding.

## FRAUDULENT CONCEALMENT

Plaintiff brings no new facts to the attention of the Court that were not previously decided on pages 12-14 of its February order.

Regarding state retaliation, plaintiff never alleged it.  In addition, at the jury charge conference, the issues for trial were discussed and specifically identified; the state retaliation claim was addressed and (to this counsel's memory, by agreement), not submitted.

Even if the state claim had been alleged and allowed, the two-year statute of limitations would have started when plaintiff last worked for Norwood in May of 1999; long before the suit was brought in 2002.

## CONCLUSION

For the reasons stated herein, the motion for new trial should be denied.

    Respectfully submitted,

    /s/ W. McGregor Dixon, Jr.

    _____
    W. McGregor Dixon, Jr. (0015005)
    SHIPMAN, DIXON & LIVINGSTON CO., L.P.A.
    215 West Water Street
    Troy, Ohio 45373
    (937) 339-1500
    Attorney for Defendant Joseph J. Hochbein

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served by electronic mail this 17th day of January 2005.

| | |
|---|---|
| Robert G. Kelly, Esq.<br>Attorney for Plaintiff<br>Dennis Cook<br>4353 Montgomery Road<br>Norwood, Ohio 45212 | Lawrence E. Barbiere, Esq.<br>Attorney for Defendant<br>City of Norwood<br>11935 Mason Road, Suite 110<br>Cincinnati, Ohio 45249 |
| Steven Martin, Esq.<br>Attorney for Defendant<br>Gary Hubbard<br>541 Buttermilk Pike, Suite 500<br>Covington, Kentucky 41017-5710 | James F. Brockman, Esq.<br>Attorney for Defendant<br>Kevin Cross<br>312 Walnut Street, Suite 2300<br>Cincinnati, Ohio 45202-4091 |

/s/ W. McGregor Dixon, Jr.

_____
W. McGregor Dixon, Jr. (0015005)