**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **DENNIS COOK,** | : | **CASE NO. 1:02-cv-00073** |
| | : | |
| **Plaintiff** | : | **(J. Weber)** |
| | : | |
| **vs.** | : | |
| | : | |
| **CITY OF NORWOOD, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**OBJECTIONS OF DEFENDANT CITY OF NORWOOD TO
PLAINTIFF'S APPLICATION FOR ATTORNEY FEES AND COSTS**

Now comes Defendant City of Norwood to file its objections to Plaintiff's

Application for Attorney Fees and Costs.  These objections are supported by the

attached Memorandum, as well as the Affidavit of Michael E. Maundrell, Esq. filed

contemporaneously herein.

Respectfully submitted,


___s/Lawrence E. Barbiere_____
Lawrence E. Barbiere (0027106)
Attorney for Defendants
**SCHROEDER, MAUNDRELL, BARBIERE & POWERS**
11935 Mason Road, Suite 110
Cincinnati, OH  45249-3703
(513)583-4200
(513)583-4203[fax]
lbarbiere@smbplaw.com

OF COUNSEL:
Michael E. Maundrell, Esq.
**SCHROEDER, MAUNDRELL, BARBIERE & POWERS**
11935 Mason Road, Suite 110
Cincinnati, OH  45249-3703
(513)583-4200

## COMBINED TABLE OF CONTENTS AND SUMMARY

Page

I.    **INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   **ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A.    IN CALCULATING THE LODESTAR, THE COURT SHOULD
      EXCLUDE HOURS THAT WERE NOT REASONABLY
      EXPENDED AND REDUCE THE HOURLY RATE TO REFLECT
      THE PREVAILING MARKET RATE BASED UPON THE
      SERVICES PERFORMED BY PLAINTIFF'S COUNSEL . . . . . . . . . . . 3

Authorities

*Geier v. Sundquist,* 372 F.3d 784, 791 (6th Cir. 2004) . . . . . . . . . . . . . . . . . . 4
*Hensley v. Eckerhart,* 461 U.S. 424, 429 (1983) . . . . . . . . . . . . . . . . . . . . . . . 3
*Glover v. Johnson*, 934 F.2d 703, 716 (6th Cir. 1991) . . . . . . . . . . . . . . . . . . . 4
*Wooldridge v. Marlene Industries Corp.*, 898 F.2d 1169, 1176 (6th Cir. 1990) . . 4

1.    In determining the lodestar, the Court should exclude
      hours that were not "reasonably expended." . . . . . . . . . . . . . 4

Authorities

*Greer v. Holt*, 718 F.2d 206, 207 (6th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . 5
*Kentucky Restaurant Concepts, Inc. v. City of Louisville*, 117 Fed.Appx. 415,
   2004 WL 2756966*3-4 (6th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
*Knop v. Johnson*, 712 F.Supp. 571, 578 (W.D. Michigan S.D. 1989) . . . . . . . . 7

2.    The hourly rate sought by Plaintiff for a number of
      services performed by Plaintiff's counsel is not
      reasonable based upon the prevailing market rate . . . . . . . . . 9

Authorities

*Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) . . . . . 9
*James v. Frank*, 772 F.Supp. 984, 1001 (S.D. Ohio, W.D. 1991) . . . . . . . . . . 10
*Northcross v. Board of Education*, 611 F2d 624, 638 (6th Cir. 1980) . . . . . . . . 11

B.    THE LODESTAR SHOULD BE REDUCED BASED UPON
      PLAINTIFF'S LIMITED SUCCESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**Page**

1.    **Plaintiff is entitled to no recovery for attorney fees incurred in his unsuccessful pursuit of unrelated claims** . . . . . . . . . . . . . . . . .  14

Authorities

*Ashiegbu v. Purviance*, 76 F.Supp.2d 824, 829 (S.D. Ohio, E.D. 1998) . . . . . 14
*Chuhran v. Walled Lake Consolidated Schools*, 51 F.3d 271,
   1995 WL 138882*2 (6th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
*Ross v. City of Gerard*, 194 F.3d 1313, 1999 WL 825095*3 (6th Cir. 1999) . . . 15
*Russell v. Drabik*, 24 Fed.Appx. 408, 2001 WL 1556996*2 (6th Cir. 2001) . . . 15
*Conklin v. Lovely*, 834 F.2d 543, 548 (6th Cir. 1987) . . . . . . . . . . . . . . . . . . . . 15
*Brace v. Ohio State University*, 866 F.Supp. 1069, 1075-76 (S.D. Ohio,
   E.D. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
*Blankenship v. Parke Care Centers, Inc.*, 123 F.3d 868, 872 (6th Cir. 1997) . . 16

2.    **Plaintiff is not entitled to the full award of attorney fees based upon his limited success** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Authorities

*Simmons v. Debottis*, 857 F.2d 1475, 1988 WL 96141*4 (6th Cir. 1988) . . . . . 21
*West v. Hess Environmental Services, Inc.*, 111 F.3d 132, 1997 WL
   189507, **2 (6th Cir.1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
*City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986) . . . . . . . . . . . . . . . . . . . 21
*Allen v. Allied Plant Maintenance Company of Tennessee, Inc.*, 881 F.2d
   291, 299 (6th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
*Kentucky Restaurant Concepts, Inc.*, 117 Fed.Appx. 415, 2004 WL
   2756966 at *5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

C.    **PLAINTIFF IS NOT ENTITLED TO AN ATTORNEY FEE ENHANCEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Authorities

*Missouri v. Jenkins*, 491 U.S. 274, 283-84 (1989) . . . . . . . . . . . . . . . . . . . . . 25
*Wolfel v. Morris*, 972 F.2d 712, 720 (6th Cir. 1992) . . . . . . . . . . . . . . . . . . . . 25
*City of Burlington v. Dague*, 505 U.S. 557 (1992) . . . . . . . . . . . . . . . . . . . . . 26
*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 483 U.S.
   711, 730 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

D.  **PLAINTIFF IS NOT ENTITLED TO THE COSTS THAT HE SEEKS** . . . . . 26

**Page**

Authorities

*Knop v. Johnson*, 712 F.Supp. 571, 589-90 (W.D. Michigan S.D. 1989) . . . . .  26

III.    **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  28

    **Certificate of Service** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  28

    **Appendix 1**

    **Appendix 2**

    **Appendix 3**

**MEMORANDUM**

## I.    INTRODUCTION

This case was initiated by the filing of Plaintiff's Complaint on February 1, 2002.

Plaintiff filed suit against the City of Norwood and three of its officials:  Joseph

Hochbein, Kevin Cross and Gary Hubbard.  In the Complaint, Plaintiff set forth ten

causes of action, the majority of which pertained to allegations of mistreatment based

upon Plaintiff's age.[1]

Defendant City of Norwood ("the City") filed a Motion for Summary Judgment as

to all of Plaintiff's claims.  In its Order of February 25, 2004, the Court granted summary

judgment in the City's favor as to all of Plaintiff's federal claims except for  plaintiff's

claim for disability discrimination under the ADA.  The court granted summary judgment

to the City on Plaintiff's state law claims for discrimination based upon sex, race, color,

and religion.  The Court declined to exercise supplemental jurisdiction over Plaintiff's

state law claims of negligent hiring and intentional infliction of emotional distress.  The

Court further dismissed all claims for punitive damages against the City.  The Order

instructed that the case proceed to trial solely on the disability discrimination claims

under federal and state law.

--------

[1]The first two causes of action alleged age discrimination under federal law.
(Complaint, Counts I and II.)  The third cause of action alleged  race, color, religion,
sex, disability, and age discrimination under Ohio state law.  (Complaint, Count III.)  The
fourth cause of action alleged sexual harassment under federal law.  (Complaint, Count
IV.)  The fifth and sixth causes of action alleged negligent hiring and intentional infliction
of emotional distress under state law.  (Complaint, Counts V and VI.)  The seventh,
eighth, and ninth causes of action alleged violations of 42 U.S.C. §1983, 1985, and
1986.  (Complaint, Counts VII, VIII, and IX.)  Finally, the last cause of action alleged
disability discrimination under the Americans with Disabilities Act ("ADA").  (Complaint,
Count X.)

At the pretrial conference held on October 13, 2004, the Court suggested Plaintiff might assert at trial a claim of retaliation by the Defendants for the filing on June 16, 1998 with the Equal Employment Opportunity Commission ("EEOC") of Plaintiff's Amended Charge 645 in which Plaintiff alleged disability discrimination. (Final Pretrial Conference Transcript, p. 18.) Prior to the pretrial conference, Plaintiff had failed to assert any claim of retaliation for the filing of his charge of disability discrimination. In the Joint Final Pretrial Order prepared by Plaintiff and the Defendants and filed with the Court on May 5, 2004, not a single fact, stipulated or disputed, nor a single proposition of law, agreed or disputed, referred to such a claim.

At trial, the jury found "in favor of all defendants and against plaintiff on plaintiff's claims for disability discrimination under Ohio law and the Americans with Disabilities Act (ADA)." The jury found "against the defendant City of Norwood on plaintiff's claim for retaliation under the ADA in the amount of $200,000.00, ...." (Doc. 138.) Judgment was ultimately rendered in favor of each of the individual Defendants.

Subsequent to the trial, Plaintiff filed a Motion for a New Trial on the age discrimination claims and the §§1983, 1985, and 1986 claims dismissed on summary judgment and on the federal disability discrimination claim on which he lost at trial. (Doc. 142.) This Defendant filed a memorandum in opposition to Plaintiff's Motion and filed a Motion for Judgment as a matter of law. The post trial motions have not yet been ruled upon.

## II.  ARGUMENT

The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. §1988, authorizes "the district courts to award a reasonable attorney's fee to prevailing parties

in civil rights litigation."    Hensley v. Eckerhart, 461 U.S. 424, 429 (1983)    "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Id. at 433.

"The product of reasonable hours times a reasonable rate does not end the inquiry.  There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" Id. at 434.  In the case at bar, Plaintiff's limited success requires a downward adustment to the attorney's fees. [2]   As this is not a "rare" or "exceptional" case, as defined by the Sixth Circuit, Plaintiff is not entitled to a multiplier of 1.5 times his attorney's fees. Additionally, Plaintiff is not entitled to the full amount of expenses that he seeks to recover from the City.

**A.     IN CALCULATING THE LODESTAR, THE COURT SHOULD EXCLUDE HOURS THAT WERE NOT REASONABLY EXPENDED AND REDUCE THE HOURLY RATE TO REFLECT THE PREVAILING MARKET RATE BASED UPON THE SERVICES PERFORMED BY PLAINTIFF'S COUNSEL.**

The reasonable fees multiplied by the hours reasonably expended is commonly

---

[2] At page one of his Application, Plaintiff "seeks an award of $314,831.25 for attorneys' fees plus a multiplier of 1.5 times the foregoing amount, and $27,858.17 in costs."  However, in his "Conclusion," Plaintiff requests "the Motion for Attorneys' Fees and Costs be granted in the amount of $130,505.00 and expenses in the amount of $6,344.31 for a total of $136,849.31." The City will assume that Plaintiff is seeking the larger amount as this amount is repeated in the summary at the end of Plaintiff's counsel's time records attached to Plaintiff's Application.  The City will further assume that the summary is in error wherein it seeks the requested multiplier of 1.5 be applied to the entire amount of $342,689.42, which includes both attorney fees and costs, instead of applying it only to the attorney fee portion of the amount. (Doc. 143.)

referred to as the "lodestar." <u>Geier v. Sundquist</u>, 372 F.3d 784, 791 (6th Cir. 2004). In determining "this initial fee calculation," the district court should exclude "hours that were not 'reasonably expended.'" <u>Hensley</u>, 461 U.S. at 434. Additionally, the hourly rate charged should reflect the prevailing market rate in the relevant community for the services performed. <u>Glover v. Johnson</u>, 934 F.2d 703, 716 (6th Cir. 1991).

The prevailing party "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should exercise 'billing judgment' with respect to hours worked, and <u>should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims.</u>" (Emphasis added.) <u>Hensley</u>, 461 U.S. at 437. It is error for the Court to apply a presumption in favor of the plaintiffs where ambiguities in the billing records exist. <u>Wooldridge v. Marlene Industries Corp.</u> 898 F.2d 1169, 1176 (6th Cir. 1990).

## 1.    In determining the lodestar, the Court should exclude hours that were not "reasonably expended."

First, the hours set forth in Plaintiff's counsel's time records attached to his Application for Attorney Fees and Costs ("Application") actually total 1,392.75 and not the 1,399.25 asserted by Plaintiff. In determining the lodestar, the hours submitted by Plaintiff's counsel should be reduced by 6.5 to 1,392.75 to account for this error. (Attached hereto as Appendix 1 is a chart reflecting all hours that should be deducted from Plaintiff's counsel's time records in order to determine the hours included in the lodestar as discussed herein.)

Second, the time devoted by Plaintiff's counsel to pursuing claims against the other three named Defendants, in their individual capacities, is not reasonably

4

assessed against the City.  As Plaintiff's counsel did not maintain his billing time

records in a manner that would allow the court to identify the hours spent pursuing

claims against the other three Defendants, in their individual capacities, the hours

submitted by Plaintiff's counsel should be reduced by a percentage reflecting the

amount of time spent on Plaintiff's claims against these Defendants.

Illustrative of the percentage of time spent pursuing the other three named

Defendants is the time spent by Plaintiff's counsel on summary judgment.  Plaintiff's

counsel's time records lump together work done on Plaintiff's responses to the

summary judgment motions filed by the four Defendants; however, the entries appear

to reveal that of the approximately 102.25 hours spent addressing Defendants'

summary judgment motions between April 29, 2003 and June 12, 2003, 50.25 hours

were spent addressing the summary judgment motions of Defendants other than the

City.  This is approximately 50% of Plaintiff's counsel's time spent pursuing Defendants

other than the City, which the City assumes is reflective of Plaintiff's counsel's time

spent on the litigation as a whole.  Also, Plaintiff was seeking punitive damages in this

action, which damages would only have been available as against the other three

named Defendants.  In determining the lodestar, the hours submitted by Plaintiff's

counsel should be reduced by 50%, from 1,392.75 to 696.375, to account for time

spent pursuing the other three named Defendants.

Third, the time spent by Plaintiff's counsel in pursuing other litigation on Plaintiff's

behalf is not reasonably assessed against the City in this action.  In Greer v. Holt, 718

F.2d 206, 207 (6th Cir. 1983), the court denied a prevailing plaintiff's application for the

attorney's fees incurred in representing the plaintiff on criminal charges brought by the

sheriffs against whom the plaintiff subsequently prevailed in his §1983 action.  The court found that although the "operative facts were identical in Greer's state criminal and in his federal civil rights cases, the actions were not the same," as required by §1988.  Id. at 208.  "Strategically, the attorneys for Greer had little choice but to pursue a full defense to the criminal charges before bringing the civil action for damages.  Yet, this strategic decision does not make the criminal action part of the enforcement process under the Civil Rights Act."  Id. at 208.

In Kentucky Restaurant Concepts, Inc. v. City of Louisville, 117 Fed.Appx. 415, 2004 WL 2756966*3-4 (6th Cir. 2005), the plaintiff prevailed on a challenge to a local ordinance regulating "adult" businesses.  The appellate court, however, affirmed the district court's deduction of the plaintiff's attorneys' time spent lobbying against the passage of the ordinance prior to initiation of the litigation.  The court held: "Because the lobbying occurred before the lawsuit was filed and was not a necessary prerequisite to filing suit, the district court did not abuse its discretion in deducting the hours spent on lobbying activities."  Id. at *4.

Plaintiff's Application contains time spent by counsel representing Plaintiff in other actions, including: disciplinary hearings, dismissed charges filed with the EEOC, unfair labor practice charges, Ohio Bureau of Employment Services claims, Ohio State Employment Relations Board claims, criminal actions arising out of dog citations and building code violations, workers compensation claims, AFSCME filings, and a claim of mishandling of his son by the Norwood Fire Department.  Regardless of whether the hours expended in such representation were "strategic," they were not necessary prerequisites to the filing of this action and are not, therefore, reasonably included in the

6

hours for which Plaintiff is seeking recovery of attorney's fees from the City.  The hours set forth in Plaintiff's counsel's time records as expended in such representation have been notated by this Defendant with the symbol "O.A." for "other action," as well as with the type of other action.  In determining the lodestar, Plaintiff's counsel's hours should be further reduced by 57.25, the total number of hours devoted to other actions, to reduce the total to 639.125.

Fourth, the 24.75 hours expended by Plaintiff's counsel in preparing the Application for Attorney's Fees and Costs are not reasonable.  Plaintiff argues the "hours requested in connection with this Application are reasonable because the Plaintiff researched the issue and format for approval of fees." (Doc. 143, p. 7.)   This excessive time was required based upon Plaintiff's counsel's apparent failure to maintain contemporaneous time records.  As the time records provided by Plaintiff's counsel appear to have been created after the fact, the City's counsel requested the contemporaneous time records.  Plaintiff's counsel advised that he had no further documentation. (Affidavit of Michael E. Maundrell, Esq., Exhibit "B".)

The hours spent researching the issue and the format are not reasonable as "[a] fee applicant cannot demand a high hourly rate–which is based upon his or her experience, reputation, and a presumed familiarity with the applicable law–and then run up an inordinate amount of time researching the same law.  Double dipping, in any form, cannot be condoned."   Knop v. Johnson, 712 F.Supp. 571, 578 (W.D. Michigan S.D. 1989).

Plaintiff's counsel did not identify or segregate time spent on other actions, other Defendants, other clients or unsuccessful claims; therefore, "[p]reparing this statement

7

should have required little more than transcribing existing time records in the case."

Wooldridge, 898 F.2d at 1177.   In determining the lodestar, the hours spent preparing

the fee application should be reduced by 20 hours bringing the hours to 619.125.

Fifth, the hours spent by counsel "soothing" Plaintiff should be excluded.

"Counsel for the prevailing party should make a good faith effort to exclude from a fee

request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer

in private practice ethically is obligated to exclude such hours from his fee submission.

'In the private sector, 'billing judgment' is an important component in fee setting.  It is no

less important here.  Hours that are not properly billed to one's client also are not

properly billed to one's adversary pursuant to statutory authority.'" (Citations omitted.)

Hensley, 461 U.S. at 434.   It is not reasonable to believe that the large number of

hours spent soothing Plaintiff would have been so spent had Plaintiff's counsel been

billing Plaintiff for this time.  If it is not time that Plaintiff's counsel would have billed to

Plaintiff then it is not time that should be assessed against the City. In determining the

lodestar, counsel's time should be reduced by 94.5 hours to 524.625 to account for the

excess time spent soothing the Plaintiff.

Sixth, at least one time entry reveals time spent by Plaintiff's counsel

representing other clients in other litigation.  In a time entry of July 10, 2000, Plaintiff's

counsel states:

> Cook, Perkins and Jones.  Letter from Michael Brookshire & Assoc.  With
> general information sheet, copy of Dr. Brookshire's vita, copy of George
> Barrett's vita, information guide sheet and 3 written agreements covering
> feess [sic] and work. .50hrs.

In determining the lodestar, Plaintiff's counsel's hours should be reduced by.5 hours to

8

524.125 hours.

**2.    The hourly rate sought by Plaintiff for a number of services performed by Plaintiff's counsel is not reasonable based upon the prevailing market rate.**

"In <u>Blum v. Stenson</u>, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), the Court held that reasonable fees under section 1988 are calculated according to the prevailing market rate in the relevant community. The market rate can be established by proving that the rates sought are rates charged for similar services by lawyers of comparable skill, experience, and reputation. *Id.* at 895 n. 11, 104 S.Ct. at 1547 n. 11." <u>Glover</u>, 934 F.2d at 716. "In seeking some basis for a standard, courts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates. To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to--for convenience--as the prevailing market rate." <u>Blum v. Stenson</u>, 465 U.S. 886, 896 (1984).

Plaintiff's counsel seeks a rate of $225.00 per hour.  Plaintiff offers in support of this rate two unreported decisions unavailable on Westlaw wherein Judges in this District allegedly awarded hourly fees in excess of the amount sought by Plaintiff. However, Plaintiff neither attaches these decisions nor explains how the skill, experience, and reputation of the prevailing parties' attorneys in these cases might have warranted the hourly rates awarded so that a comparison might be made with the case at bar.  Copies of these cases requested by the City's counsel by letter dated

March 8, 2005 have not been forthcoming.  (Affidavit of Michael E. Maundrell, Esq.,

Exhibit "B".)

    While the City does not dispute the $225 per hour requested by Plaintiff's

counsel as a reasonable fee for the legal services of an experienced attorney, the City

does challenge Plaintiff's counsel's inclusion of time spent on clerical and paralegal

tasks at this hourly rate.  In James v. Frank, 772 F.Supp. 984, 1001 (S.D. Ohio, W.D.

1991), the court held that "hours billed at attorney rates for filing and delivering is

inappropriate and will not be allowed."  The salary for clerical staff is typically part of a

firm's overhead and is not billed to the client.  It should not, therefore, be billed to the

client's opponent, particularly not at the rate of $225 per hour.

    Plaintiff's counsel makes no distinction in the fee requested for different

categories of services.  In a time entry of December 15, 1999, Plaintiff's counsel

records 1.75 hours of time as follows: "Deliver medical records of Dennis Cook to Mr.

Friertag at EEOC per his request.  1.75 hrs."  It would not be reasonable to expect

one's client to pay his attorney for such a service, much less to pay $225 per hour for it;

therefore, it is not reasonable to expect one's opponent to do so.  The City has notated

on Plaintiff's counsel's time records the  following time entries, precisely the type

referenced in Frank, totaling 28.75 hours as "excessive" in that they reflect clerical

services for which no time should be charged:

| | |
|---|---|
| 12/15/99 | Deliver medical records of Dennis Cook to Mr. Friertag at EEOC per his request.  1.75 hrs. |
| 2/1/02 | ...travel to federal court clerk for filing; .... 4.75 hrs. |
| 6/30/02 | Pick up report from Calderon concerning therapy provided to Cook ...2.25 hrs. |
| 7/1/02 | Multiple faxes to Maritn[sic], Brockman, Dixon and Barbiere concerning expert reports received on case from Dr. Brookshire, |

10

Dr. Helm and Ms. Calderon; sent pursuant to court order; fax to Dixon interrupted and could not be resent as fax machine at Dixon's office would not accept fax and drove to Troy, Ohio to hand deliver Helm and Calderon reports in compliance with Court order concerning discovery; cover letter to Dixon after his fax machine shut down with copies of Helm and Calderon reports.  Mileage 140 miles round trip.  3.75 hrs for transmission of expert reports and 2.5 hours drive time to deliver reports to Dixon's office.  6.25 hrs.

8/28/02      File Rule 26 submission with the clerk and copy sent to all other counsel.  1.25 hrs.

9/30/02      ...hand delivered to Barbiere's office; ...  7.75 hrs.

2/28/03      Prepare subpoena to METRO concerning Hubbard, subpoena for Marzella and travel to Columbus to serve BMV and Marzella with subpoenas.  5.5 hrs.

10/20/04     File jury instructions and special jury verdicts with the clerk on line. 1.00 hrs.

Also excessive was 34 hours on October 8, 2004 that Plaintiff's counsel incurred traveling to Florida to serve a subpoena on Dennis Jones, another one of Plaintiff's counsel's clients.     In determining the lodestar, the hours submitted by Plaintiff's counsel should be reduced by 62.75 hours reflecting time spent on clerical duties and on Plaintiff's counsel's trip to Florida.

In Northcross v. Board of Education, 611 F2d 624, 638 (6th Cir. 1980), the court held: "We have indicated in several opinions that it is desirable, whenever possible, to vary the hourly rate awarded depending upon the type of service being provided.... The use of broad categories, differentiating between paralegal services, in-office services by experienced attorneys and trial service, would result in a fair and equitable fee." Between May 13, 2004 and May 16, 2004, Plaintiff's counsel spent a  total of 43.75 hours spent assembling exhibit books for trial.   Between October 28, 2004 and October 29, 2004, Plaintiff's counsel spent a total of 10.75 hours revising exhibit and witness lists to meet the requirements of the Court.  In addition to expending an excessive

11

amount of hours on these tasks, they are not tasks that require the skills, experience, and reputation of an attorney at $225 per hour.  In determining the lodestar, Plaintiff's counsel's hours should be reduced by 54.5 to 406.875.  If the Court determines that these hours were reasonably spent, Plaintiff should be reimbursed at a rate reflecting the services of a paralegal and not at the rate of $225 per hour sought by Plaintiff's counsel.

> **B.    THE LODESTAR SHOULD BE REDUCED BASED UPON PLAINTIFF'S LIMITED SUCCESS.**

As set forth above, the claim for retaliation upon which Plaintiff finally prevailed was not recognized by Plaintiff until the pretrial conference on October 13, 2004.  None of Plaintiff's counsel's time prior to the recognition of this claim could have been devoted to pursuit thereof.  For this reason, Plaintiff is not entitled to attorney's fees for any of the time incurred prior to the pretrial conference.  Subsequent to October 13, 2004, Plaintiff's counsel incurred 412.75 hours in this litigation, after subtracting 6 hours due to mathematical error.  This figure should be reduced by the following time incurred after the pretrial conference for the reasons set forth in the previous section:  1 hour spent on clerical tasks; 10.75 hours spent on paralegal tasks; 9.0 hours spent soothing the Plaintiff; and 20 excessive hours spent on the Application for Attorney Fees and Costs.  The number of hours used to determine the lodestar would then become 372.  As set forth below, thirty-one hours specifically identified as being spent on legal research for claims on which Plaintiff failed to prevail should be deducted from the lodestar leaving 341 hours for the attorney fee award.  (Attached hereto as Appendix 3 is a chart reflecting this calculation.)

In the event that the Court is not willing to proceed in this manner, the Court should take into account the failure of Plaintiff to prevail on all claims pursued in this action other than the retaliation claim, which was pointed out to Plaintiff by the Court at the pretrial conference, in determining the attorney fee award.  In <u>Hensley</u>, the Supreme Court held:

> The product of reasonable hours times a reasonable rate does not end the inquiry.  There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the "results obtained."  This factor is particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief.

461 U.S. at 434.

As set forth above, Plaintiff failed to prevail on any of the claims contained in his Complaint.  The majority of his claims were eliminated on summary judgment, including his claim for punitive damages against the City of Norwood.  The claim for retaliation for Plaintiff's filing of a charge of disability discrimination on which he ultimately prevailed at trial was not raised until the pretrial.  The claim itself could not have existed until the charge of disability discrimination, Amended Charge 645, was filed on June 16, 1998.  Further, the retaliation claim on which Plaintiff prevailed did not represent the main goal of Plaintiff, which was his pursuit of claims arising out of alleged age discrimination.  Pursuit of these claims represented the bulk of Plaintiff's Complaint, discovery, and response to summary judgment and now represents the bulk of Plaintiff's post-trial efforts.  (Attached hereto as Exhibit 2 is a chart reflecting all hours that should be deducted from the lodestar in order to determine the reasonable attorney fees to which Plaintiff is entitled.)

13

> **1.    Plaintiff is entitled to no recovery for attorney fees**
> **incurred in his unsuccessful pursuit of unrelated claims.**

Where a plaintiff succeeds on only some of his claims for relief, the court must make two determinations.  "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded?  Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?"  <u>Id</u>. at 434.  If the claims were unrelated, "no fee may be awarded for services on the unsuccessful claim."  <u>Id</u>. at 435.  Claims for relief are distinctly different when they are based upon different facts and legal theories even when brought against the same defendants.  <u>Id</u>. at 434-35.

Plaintiff failed to prevail on the majority of claims asserted, a large number of which were unrelated to the claim of retaliation for the filing of a charge of disability discrimination on which Plaintiff prevailed.  No fee may be awarded for hours spent pursuing these unsuccessful claims, which included: the dismissed §1983, §1985, and §1986 claims; the dismissed state claims for discrimination based upon sex, race, color, and religion; the dismissed state claims for negligent hiring and intentional infliction of emotional distress; and the dismissed state and federal age discrimination claims, which represented the bulk of the time incurred by Plaintiff's counsel.

In order to prevail upon a §1983 claim, Plaintiff would have had to establish: "(1) that a person deprived the plaintiff of a federal right, constitutional or statutory; and (2) that the person acted under color of state law when depriving the plaintiff of the federal right.  (Citation omitted.)"  <u>Ashiegbu v. Purviance</u>, 76 F.Supp.2d 824, 829 (S.D. Ohio, E.D. 1998).  Neither of these requirements were elements of Plaintiff's retaliation claim.

14

Further, Plaintiff would have required different facts to have prevailed upon his §1983 claim as a plaintiff cannot pursue a disability claim under §1983 predicated solely upon that plaintiff's ADA claim. <u>Chuhran v. Walled Lake Consolidated Schools</u>, 51 F.3d 271, 1995 WL 138882*2 (6th Cir. 1995). Plaintiff also could not have pursued his age discrimination claims via §1983 as the "ADEA is the exclusive federal remedy for age discrimination when both the ADEA and §1983 are based upon the same operative facts." <u>Ross v. City of Gerard</u>, 194 F.3d 1313, 1999 WL 825095*3 (6th Cir. 1999).

Additionally, Plaintiff could not have proceeded under §1983 for the alleged retaliation by the City of Norwood for his filing of charges with the EEOC as the remedy for such retaliation is a right created solely by Title VII. <u>Russell v. Drabik</u>, 24 Fed.Appx. 408, 2001 WL 1556996*2 (6th Cir. 2001). Clearly, Plaintiff's §1983 claim was based upon a different legal theory and required different factual support; therefore, it was distinct from the retaliation claim on which he prevailed.

With respect to Plaintiff's §1985 and §1986 claims, the Court in its Order on summary judgment noted the elements of a §1985 claim as follows:

> In order to establish a conspiracy claim under §1985, a plaintiff must prove '(1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.' (Citation omitted.)

<u>Conklin v. Lovely</u>, 834 F.2d 543, 548 (6th Cir. 1987). The Court then found that Plaintiff had failed to offer any evidence as to the alleged denial of his right of access to courts so as to support his claim that he was denied equal protection of the laws. Further, "A

§1985(3) action must be based on a racial or class-based, invidiously discriminatory animus behind the conspirator's actions." Brace v. Ohio State University, 866 F.Supp. 1069, 1075-76 (S.D. Ohio, E.D. 1994). Plaintiff's retaliation claim required no such establishment of a denial of equal protection or of racial or class-based discrimination. Plaintiff's §1985 and §1986 claims required different facts and were based upon different legal theories and were, therefore, distinct from the retaliation claim on which he prevailed.

Plaintiff's dismissed state claim for discrimination based upon sexual harassment was also distinct from the retaliation claim on which he prevailed. The Court found that such a claim would require the allegation of facts "to show that the harassment was based on his gender."  Such facts would have been distinct from the facts alleged to support Plaintiff's retaliation claim for filing a charge of disability discrimination.  Further, in order to establish a *prima facie* case of hostile work environment based upon sexual harassment, Plaintiff would have needed to establish:

> (1) she is a member of a protected class; (2) she was subject to unwelcomed sexual harassment; (3) the harassment was based on her sex; (4) the harassment unreasonably interfered with her work performance and created a hostile work environment; and (5) [Union Township] 'knew or should have known of the charged sexual harassment and failed to implement prompt and appropriate corrective action.' (Citation omitted.)

Blankenship v. Parke Care Centers, Inc., 123 F.3d 868, 872 (6th Cir. 1997).  This claim was, therefore, distinct from the retaliation claim on which he prevailed.

Similarly, with respect to Plaintiff's dismissed state claims for discrimination based upon sex, race, color, and religion, such claims would have required Plaintiff to establish that his treatment was a result of his sex, race, color, and religion, none of

16

which was required to prevail upon his retaliation claim.  In its Order on summary judgment, the Court found that "plaintiff has not come forward with any evidence to support a finding that he was discriminated against on any of these bases."  These claims clearly required different facts and legal theories and were, therefore, distinct from the retaliation claim on which he prevailed.

The dismissed state claims for negligent hiring and intentional infliction of emotional distress were also distinct from the retaliation claim in that they required the establishment of different elements and different facts from the retaliation claim on which Plaintiff prevailed.

Finally, the dismissed state and federal age discrimination claims, which represented the bulk of the time incurred by Plaintiff's counsel, were distinct from the retaliation claim on which Plaintiff prevailed.  In his Complaint, Plaintiff alleged age discrimination under the theories of disparate treatment and disparate impact.

With respect to his disparate treatment claim, such a claim clearly requires different elements, including the requirement that Plaintiff be over 40 years of age, from those required to prevail on Plaintiff's claim that he was retaliated against for filing a charge of disability discrimination.  With respect to his disparate impact claim,  the Court noted in its Order on summary judgment that such a claim would require the Plaintiff  "to establish a prima facie case by identifying and challenging a specific employment practice, and then show[ing] an adverse effect by offering statistical evidence of a kind or degree sufficient to show that the practice in question has caused the alleged adverse effect."  (Citations omitted.)  (Order, p. 10-11.)  No such showing was required in order for Plaintiff to prevail on his retaliation claim.

17

The state and federal disability discrimination claims were also unrelated from the retaliation claim upon which Plaintiff prevailed in that these claims were based upon legal theories different from the legal theory of retaliation for filing a charge of disability discrimination. The facts required to establish retaliation for alleging disability discrimination are different than those required to establish the discrimination itself as the events comprising the alleged disability discrimination occurred prior to Plaintiff's filing of Amended Charge 645 with the EEOC while the retaliation claim was based upon events occurring in response to this filing.

In addressing Plaintiff's limited success, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." Id. at 436-37. The City has notated specific time entries in which Plaintiff devoted time to unsuccessful claims unrelated to Plaintiff's retaliation claim, which time should be eliminated.

For example, Plaintiff's counsel identifies time spent doing legal research. A review of the cases cited by Plaintiff's counsel in these entries reveals that the bulk of this legal research was done on claims on which Plaintiff did not prevail. The entries reflect time spent researching: age, sex, and race discrimination (37 hours), punitive damages (3.25 hours), §§1983, 1985, and 1986 (5.25 hours), statute of limitations (7.0 hours), and miscellaneous research on other issues on which he did not prevail (17.25 hours). The City has notated these time entries with the letters "L.R." for "legal research," as well as with the specific unsuccessful claim for which the legal research was done. Plaintiff is not entitled to fees incurred in pursuing these unrelated claims on which he was unsuccessful and the lodestar of 406.875 should be reduced by a total of

18

69.75 hours to 337.125 hours to reflect the hours spent on legal research of these claims.

Plaintiff is also not entitled to fees incurred in his unsuccessful attempt to take an interlocutory appeal from the Court's Order on summary judgment. The total time spent on this attempt between March 24, 2004 and April 3, 2004 is 1.5 hours. Plaintiff is not entitled to 8.25 hours set forth in the time entry of November 17, 2004 researching a directed verdict on which he did not prevail. Plaintiff is also not entitled to recover for time spent on post-trial motions and appeals on which the Court has not yet ruled or upon which he has not yet prevailed. For example, on December 2, 2004, counsel spends 6.25 hours on legal research in contemplation of "another lawsuit." The lodestar should be reduced by the total time spent on such efforts between December 2, 2004 and December 27, 2004 of 17.5 hours.

Other than these specific examples, the City cannot determine from Plaintiff's counsel's time records how counsel's remaining time was divided among Plaintiff's claims. The prevailing party "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should exercise 'billing judgment' with respect to hours worked, and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." Hensley, 461 U.S. at 437. In this case, based upon Plaintiff's counsel's failure to "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims," the Court will necessarily need to reduce the remaining hours by some percentage. This Defendant respectfully suggests that, 50% reflects the time spent on unsuccessful claims unrelated to the retaliation claim. The lodestar should be reduced

19

from 309.875 to 154.9375.[3]

> **2.    Plaintiff is not entitled to the full award of attorney fees based upon his limited success.**

Where a plaintiff succeeds on only some of his claims for relief, the court must make two determinations.  "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded?  Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?"  Id. at 434.

If the claims were related, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation."  Id. at 435.  "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee...In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit."  Id. at 435.  "If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount."  Id. at 436. "A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole."  Id. at 440.  "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success."  Id. at 436-37.

In the event the Court does not find that the unsuccessful claims were

---

[3]Plaintiff is currently pursuing his dismissed claims in state court where, in the event he prevails, he will receive an award of attorney fees.  He should not be able to double dip, particularly as he failed to prevail on these claims in this litigation.

completely unrelated to the retaliation claim on which Plaintiff prevailed, the Court should reduce the fee award based upon the Plaintiff's limited success in prevailing only on the retaliation claim, which did not arise until the pretrial.  The Sixth Circuit has set forth several factors that may be considered in determining a prevailing party's degree of success.

In Simmons v. Debottis, 857 F.2d 1475, 1988 WL 96141*4 (6th Cir. 1988), the Sixth Circuit, with Judge Weber sitting by designation, found the "amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded under §1988."   Although, "there is no requirement under the fee shifting statutes that an award of attorneys' fees be proportional to the amount of the underlying award of damages," West v. Hess Environmental Services, Inc., 111 F.3d 132, 1997 WL 189507, **2 (6th Cir.1997) citing City of Riverside v. Rivera, 477 U.S. 561, 574 (1986), the amount of damages may be considered in determining the limited success of the Plaintiff.  In this case, Plaintiff's damages of $200,000 in compensatory damages were limited in comparison to the $1.3 million sought to settle the matter prior to trial.  (Final Pretrial Conference Transcript, p. 15.)

In Allen v. Allied Plant Maintenance Company of Tennessee, Inc., 881 F.2d 291, 299 (6th Cir. 1989), the Sixth Circuit affirmed the district court's decision to deny a request for a fee enhancement and to further reduce the amount of the award of attorney fees by 35% based upon the partial success of the plaintiff.   The finding that the plaintiff's success had been limited was supported by the following findings: the original complaint included ten defendants, five causes of action, and a prayer for punitive damages, but the plaintiff recovered against only two defendants and only on

21

one cause of action.  Moreover, his request for punitive damages was denied.  Id.

In Kentucky Restaurant Concepts, Inc., 117 Fed.Appx. 415, 2004 WL 2756966 at *5, the court affirmed the district court's 35% reduction based upon the plaintiff's partial success.  Plaintiffs prevailed in a procedural challenge to an ordinance, which resulted in the enjoinment of the ordinance in its entirety; however, the plaintiffs did not prevail on the challenge to the substantive provisions of the ordinance.  "The appellants themselves realized that they did not achieve complete success, evidenced by their appeal challenging the rulings on the substantive provisions of the ordinance."  Id.

In Frank, supra, "given the number of the withdrawn and dismissed claims and other factors," the court reduced the lodestar by 12%.  772 F.Supp. at 1001. This decision was in spite of the court's recognition of the "common core of facts and related legal theories" in the case and the finding that the plaintiff had "succeeded on several significant issues in this litigation and has achieved most of the benefit sought in bringing this suit."  Id. at 999.

The argument that the core of this litigation was Plaintiff's dismissed age discrimination claims is supported by a review of Plaintiff's Complaint in which the majority of factual allegations and claims pertain to age.  In the "Facts" portion of his Complaint, Plaintiff includes at least 32 allegations pertaining to alleged age discrimination.  He includes only three allegations pertaining to the medical condition of Plaintiff and these are only included as further allegations of age discrimination based on the medical conditions of older employees.

Plaintiff's discovery was devoted to identifying evidence to support these factual allegations in order to prevail on the dismissed age discrimination claims.  The bulk of

22

the legal research for which Plaintiff's counsel specifically recorded time was research on his age discrimination claims.

The majority of Plaintiff's counsel's time spent in summary judgment proceedings was also devoted to pursuing his age discrimination claims. In his Application, Plaintiff argues that "[t]he Motion for Summary Judgment required Plaintiff to expend a substantial number of hours preparing a Memorandum in Opposition to the Motion. This work included an extensive evaluation of the facts and witness testimony, as well as the other information obtained during the course of discovery. The Motion also required Plaintiff's counsel to do research on applicable law." (Application, p. 6.)

The time records attached to Plaintiff's Application reveal a total of 102.25 hours devoted to Plaintiff's response to the summary judgment motions of Defendants from April 29, 2003 through June 12, 2003. Not one of the time entries detailing hours spent on summary judgment references the retaliation claim upon which Plaintiff prevailed at trial.

A review of Plaintiff's Memorandum in Opposition to the City's Motion for Summary Judgment reveals a thirty-one page document the bulk of which is devoted to Plaintiff's age discrimination claims. Only one page is devoted to supporting Plaintiff's disability discrimination claim. (Memorandum in Opposition, p. 25.) Not a single word references the retaliation claim upon which Plaintiff prevailed. This is due to the fact that such a claim had not yet been asserted by Plaintiff. Of the 217.75 total hours alleged to have been expended by Plaintiff's counsel in 2003, 115.25, more than half, of those were expended in addressing the summary judgment motions, which preceded and, therefore, did not address, the retaliation claim on which he prevailed.

23

In this case, based upon Plaintiff's counsel's failure to "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims," the Court should reduce the award by 50% from 154.9375 to 77.46875, reflecting Plaintiff's limited success on his related claims.

### C.    PLAINTIFF IS NOT ENTITLED TO AN ATTORNEY FEE ENHANCEMENT.

"The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" Hensley, 461 U.S. at 434. In the case at bar, Plaintiff asserts his entitlement to a multiplier, an enhancement of the lodestar; however Plaintiff's limited success requires a reduction of the lodestar and prevents the application of a multiplier.

In Geier, supra, the Sixth Circuit held that upward adjustments to the lodestar remain available only in "rare" and "exceptional" cases. 372 F.3d at 784. In Geier, the Sixth Circuit "first held that there was an affirmative duty to remove all vestiges of state-imposed segregation in institutions of public higher education." The court found that it was a "rare" and "exceptional" case for the following reasons: the legal principles advanced were "pathbreaking," the plaintiffs litigated for thirty-six years against continuous state opposition and contrary judicial precedent, the plaintiffs secured $320 million in injunctive relief, and the case was nationally significant as it was recognized at the U.S. Department of Justice's celebration of its fortieth anniversary celebration. Id. at 796. Plaintiff can offer no argument that would support a finding that the case at bar, filed in 2002 and tried in 2004, is similarly "rare" and "exceptional."

24

Further, none of the arguments offered by Plaintiff provide support for such an enhancement. Plaintiff argues that as a result of the litigation he succeeded in removing the individual Defendants from their employment thereby ending all alleged misconduct. This argument is contradicted by the record, which record reflects that Defendant Hubbard was terminated following his testimony at trial in a suit filed by Roger Perkins, another client of Plaintiff's counsel. In any event, in <u>Geier</u>, the Sixth Circuit noted that the quality of counsel's representation and the results obtained are typically reflected in the reasonable hourly rate as are the complexity and the novelty of the case. 372 F.3d at 793-94. In <u>Blum</u>, 465 U.S. at 900 fn16, the Supreme Court eliminated the number of persons benefitted as entitling a prevailing party to an enhancement. In <u>Northcross</u>, 611 F.2d at 638, the court eliminated the "vindication of important rights" as a basis for enhancing the lodestar.

 Plaintiff next argues that the City delayed Plaintiff's pursuit of this case; however, a delay in payment may be accounted for by application of a current, as opposed to a historic, hourly rate. <u>Missouri v. Jenkins</u>, 491 U.S. 274, 283-84 (1989).[4] Plaintiff requests current hourly rates for all of the time submitted from 1998 through 2005. In any event, there is no finding that the City, or the other Defendants, delayed Plaintiff's pursuit of redress for his claims.

Plaintiff is not entitled to an enhancement based upon any contingent agreement that he might have had with counsel. The risk inherent in counsel taking the case on a contingent basis is no justification for the enhancement of the attorney fee. <u>Wolfel v.</u>

_____

[4]Contrary to Plaintiff's introduction wherein he alleges "a tortuous [sic] six year journey," (Application, p. 2), the case was filed in 2002 and tried in 2004.

Morris, 972 F.2d 712, 720 (6th Cir. 1992) citing City of Burlington v. Dague, 505 U.S. 557 (1992).  Even prior to its decision in Dague, in which the Court prohibited enhancements to statutory fee awards based upon risk, the Court had found that "as a general rule, [the enhancement should be] in an amount no more than one-third of the lodestar." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 730 (1987).  Even if Plaintiff were entitled to an enhancement based upon counsel's risk in taking the case, such an enhancement would not rise to the 50% sought by Plaintiff.

Plaintiff finally argues that the City "demonstrated callous indifference to the Plaintiff ... in May 1998" and that the Defendants' conduct was "atrocious" thereby entitling counsel to an enhancement of his fee.  However, an enhancement is not designed to act as punitive damages, which Plaintiff failed to obtain in this action.  An award of attorney fees is, instead, designed to attract competent counsel.  Blum, 465 U.S. at 893-94.  Further, Plaintiff's retaliation claim did not even arise until June, 1998 when he filed the charge for disability discrimination with the EEOC.

For all of these reasons, Plaintiff's request for a multiplier of 1.5 times the amount of reasonable attorney fees should be rejected.

### D.  PLAINTIFF IS NOT ENTITLED TO THE COSTS THAT HE SEEKS.

First, Plaintiff is not entitled to the amounts he seeks to reimburse him for the cost of expert witnesses.  "Costs for expert witnesses are limited to their travel expenses and witness fees of $30 per day for each day they appeared at a deposition or in court." Knop v. Johnson, 712 F.Supp. 571, 589-90 (W.D. Michigan S.D. 1989).  Plaintiff is not entitled to "expert witness fees for testimony" of Brookshire & Associates

26

in the sum of $9,806.64 and Guidance Process Associates in the sum of $1,050.00 set forth in his November 24, 2004 time entry.

Second, the City's counsel requested backup documents as to all of the costs submitted in the Fee Application on February 8, 2005. Plaintiff's counsel responded on February 17, 2005 that he would send the backup documents to support the costs asserted. Not having received the promised documentation, the City's counsel again requested the documentation in correspondence of March 8, 2005. To date, no documentation of Plaintiff's costs has been forthcoming. (Affidavit of Michael E. Maundrell, Esq., Exhibit "B".) Plaintiff is not entitled to recover costs that he is unable to document having incurred.

## III.  CONCLUSION

As the prevailing party, Plaintiff is entitled to reasonable attorney's fees incurred in this litigation as reduced to account for Plaintiff's limited success.  Based on this limited success and the unexceptional nature of this case, Plaintiff is not entitled to an enhancement of the attorney's fees.  Plaintiff is further limited in his entitlement to the costs sought.

Respectfully submitted,


  s/Lawrence E. Barbiere
Lawrence E. Barbiere (0027106)
Attorney for Defendants
**SCHROEDER, MAUNDRELL, BARBIERE & POWERS**
11935 Mason Road, Suite 110
Cincinnati, OH  45249-3703
(513)583-4200
(513)583-4203[fax]
lbarbiere@smbplaw.com

OF COUNSEL:
Michael E. Maundrell, Esq.
**SCHROEDER, MAUNDRELL, BARBIERE & POWERS**
11935 Mason Road, Suite 110
Cincinnati, OH  45249-3703
(513)583-4200

## CERTIFICATE OF SERVICE

I hereby certify that on **March 21, 2005,**  I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following:  Robert G. Kelly, Esq., **Attorney for Plaintiff**,  W. McGregor Dixon, Jr., Esq., **Attorney for Joseph J. Hochbein**, James F. Brockman, Esq., **Attorney for Kevin Cross**, and to Steven Martin, Esq., **Attorney for Defendant, Gary Hubbard.**


  s/Lawrence E. Barbiere
Lawrence E. Barbiere

28

**APPENDIX 1**

| | |
|---|---|
| 1,399.25 | Total hours submitted by Plaintiff in Plaintiff's Application for Fees and Costs. |
| -    6.5    | Math error. |
| 1,392.75 | |
| -  696.375 | Time spent pursuing other three named Defendants (50%). |
| 696.375 | |
| -   57.25   | Time spent pursing other actions:  (1998 - 14.25; 1999 - 21.75; 2000 - .5; 2001 - 11.25; 2002 - 8.75; 2003 - .5; 2004-2005 - .25) |
| 639.125 | |
| -    20    | Excess time spent preparing Fee Application. |
| 619.125 | |
| -   94.5   | Time spent soothing Plaintiff. |
| 524.625 | |
| -     .5    | Time spent on other clients. |
| 524.125 | |
| -   28.75  | Time spent on clerical tasks. |
| 495.375 | |
| -   34   | Trip to Florida. |
| 461.375 | |
| -   54.5   | Time spent performing paralegal services. |
| 406.875 | LODESTAR |

## APPENDIX 1

| | |
|---|---|
| 1,399.25 | Total hours submitted by Plaintiff in Plaintiff's Application for Fees and Costs. |
| - 6.5 | Math error. |
| 1,392.75 | |
| - 696.375 | Time spent pursuing other three named Defendants (50%). |
| 696.375 | |
| - 57.25 | Time spent pursing other actions:  (1998 - 14.25; 1999 - 21.75; 2000 - .5; 2001 - 11.25; 2002 - 8.75; 2003 - .5; 2004-2005 - .25) |
| 639.125 | |
| - 20 | Excess time spent preparing Fee Application. |
| 619.125 | |
| - 94.5 | Time spent soothing Plaintiff. |
| 524.625 | |
| - .5 | Time spent on other clients. |
| 524.125 | |
| - 28.75 | Time spent on clerical tasks. |
| 495.375 | |
| - 34 | Trip to Florida. |
| 461.375 | |
| - 54.5 | Time spent performing paralegal services. |
| 406.875 | LODESTAR |

# <u>APPENDIX 3</u>

| | |
|---|---|
| 1,399.25 | Total hours submitted by Plaintiff in Plaintiff's Application for Fees and Costs. |
| - 6.5 | Math error. |
| 1,392.75 | |
| - 980.00 | Time preceding pretrial conference on October 13, 2004. |
| 412.75 | |
| - 1.0 | Time spent on clerical tasks. |
| - 10.75 | Time spent of paralegal tasks. |
| - 20.00 | Excessive time spent on Application for Attorney's Fees. |
| - 9.0 | Time spent soothing Plaintiff. |
| 372 | |
| - 31 | Time spent on legal research for claims on which Plaintiff failed or has yet to succeed. |
| 341 | |