UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DENNIS COOK, | : | CASE NO. 1:02-cv-00073 |
| | : | |
| Plaintiff | : | (J. Weber) |
| | : | |
| vs. | : | |
| | : | |
| CITY OF NORWOOD, et al., | : | |
| | : | |
| Defendants | : | |

## AFFIDAVIT OF MICHAEL E. MAUNDRELL
## IN SUPPORT OF OBJECTIONS OF DEFENDANT
## CITY OF NORWOOD TO PLAINTIFF'S
## APPLICATION FOR ATTORNEY'S FEES AND COSTS

Comes now the Affiant, Michael E. Maundrell, and being first duly cautioned and sworn, deposes and states as follows:

1.    Attached hereto as Exhibit "A" are the time records supplied by Plaintiff's counsel for the years 1998 through and including 2005, which were filed electronically and appear in the docket as Exhibits A through G to the Plaintiff's Application for Attorney's Fees and Costs, (Doc. 143), to which Affiant has inserted notations in the margins to the left of the dates of the entries.

2.    Attached hereto as Exhibit "B" is the following correspondence:

a.    Letter dated March 8, 2005 from Lawrence E. Barbiere to Plaintiff's counsel sent via fax.

b.    Fax transmission dated February 17, 2005 from Plaintiff's counsel to Lawrence E. Barbiere.

c.    Letter dated February 8, 2005 from Lawrence E. Barbiere sent to

Plaintiff's counsel via fax.

Further Affiant sayeth naught.

_____
Michael E. Maundrell

Sworn to and subscribed before me, a Notary Public, this 21st day of March, 2005.

_____
Notary Public

HELGA ELIZABETH SILVEN
Notary Public, State of Ohio
My Commission Expires Sept. 2, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on **March 21, 2005,** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following:  Robert G. Kelly, Esq., *Attorney for Plaintiff*, W. McGregor Dixon, Jr., Esq., *Attorney for Joseph J. Hochbein*, James F. Brockman, Esq., *Attorney for Kevin Cross*, and to Steven Martin, Esq., *Attorney for Defendant, Gary Hubbard.*

_____
Lawrence E. Barbiere

-2-

Dennis J. Cook
4127 Ivanhoe Avenue
Norwood, Ohio 45212

| 4/3/98 | Dennis Cook. Letter from Jack Cameron ref. scheduling disciplinary hearing for 4/9/98 at 5 p.m. and pre-suspension hearing for same date at 4 p.m.; Cameron is scheduling his hearing before the predisciplinary hearing is held; it is apparent this is going to be a hanging party; advised client that these guys are so bold they schedule hearings before they are even necessary; all are yes men for Hochbein. .50 hrs. |

*Other Action – disciplinary hearing*

| 4/6/98 | Dennis Cook. Read and review letter from Jack Cameron ref. wanting list of witnesses for Cook disciplinary hearing; letter to Cameron in response to his letter with list of witnesses. 1.25 hrs. |

*O.A. - disc. hrg.*

| 4/7/98 | Dennis Cook. Letter from Jack Cameron; meet with client; it is going to be a set up and they are simply waiting for him to get rid of him for helping Perkins and Jones and fighting discrimination. 1.75 hrs. |

*O.A. - disc. hrg.*

| 4/22/98 | Letter from Joe Mordino with public records regarding Larry Partin; review letter; Partin threatened to kill Cook; nothing is being done; met with Cook and told him to stay close to older men he can trust so he has a witness to whatever is going on at Public Works involving him. 1.75 hrs. |

*O.A.*

| 4/30/98 | Dennis Cook & Ray Erwin; Letter from Joe Mordino; putting the pressure on Cook and other men about the silliest of issues; need to follow the rules and comply with requests; Perkins is going to sign affidavit setting forth what they did to him and other men. 2.25 hrs. |

| 5/4/98 | Dennis Cook. Received signed certified mail return receipt cards addressed to Gary Hubbard, Timothy Garry and Kevin Cross. N/C |

| 5/5/98 | Letter to Joseph Mordino concerning workplace violence disciplinary hearing and additional charges filed against Cook; request for continuance of hearing since I am scheduled to be in Hamilton County Municipal Court. .50 hrs. |

*O.A. - disc. hrg.*

| 5/15/98 | Extensive meeting with Cook reference filing of EEOC charge and he went to EEOC to file charge concerning his removal from leadman position and appointment of Osterday to leadman; EEOC will investigate and determine if the facts warrant the allegations he made; EEOC is a government agency and he needs to take advantage of EEOC to pursue the issue; discussed with him the Rutherford Institute and financial assistance it may provide in the event he requires money for the pursuit of his claim; prepared a fax for him to send to Rutherford Institute per his |

*Related to age discrim. claims*

1



EXHIBIT

A

request; discussed with him the need to keep a record of what is occurring at Public Works since no one will believe him or his witnesses concerning the level of outright violations; the Law Director will not do anything to put a stop to the conduct of Hubbard and Cross and Hochbein is receiving copies of everything which is occurring and he is doing nothing to stop it. 4.25 hrs.

5/20/98    Dennis Cook. Letter to D. Cook dated 5/19/98 from EEOC on charge #221980645; Cook brought in copy of letter received from EEOC and explained to me he is pursuing issue of removal from leadman with *age discrim.* EEOC; needs to continue to follow up with EEOC and if EEOC needs information I will assist him in getting the information; removed from driving the street sweeper and he was the only one whose license was checked; call EEOC and report it and take whatever action they instruct; Hubbard is mentally challenged and does not have the integrity to do the right thing; you can put an expensive suit on him but he is still an individual with no conscience. 3.75 hrs.

5/20/98    Dennis Cook. Read and review letter to D. Cook dated 5/19/98 from EEOC on charge #221980646; meeting with Cook, advised to work with *O.A. - dismissed* investigator or whoever is assigned to case and if he needs records I will *charge* obtain them for him. .75 hrs.

6/5/98    Dennis Cook. Fax from Jennifer Schans of Rutherford Institute ref. religious discrimination in workplace; Cook needs financial assistance to *Related to* protect his job and pay the expenses he is incurring to try to keep his job *religious discrim.* and Rutherford may assist him. .25 hrs. *claim.*

6/18/98    Dennis Cook. Copy of 6/17/98 letter to Dennis Cook from EEOC on charge no. 221980717; new charge filed by Dennis and it expands on the *age discrim.* prior charges asserted; needs to pursue all avenues; EEOC does not exclude grievances and SERB claims. 1.75 hrs.

6/18/98    Dennis Cook. Copy of 6/17/98 letter to Dennis Cook from EEOC on charge no. 221980645 amended; boiler plate letter and met with Cook to tell him to continue to cooperate with EEOC and to continue to notify them of new actions taken by Norwood, Cross and Hubbard as they occur. 1.25 hrs.

7/2/98    Meet with Cook reference being sent home on this date because of air hammer job; Hubbard came to jobsite and picked him out to do heaviest work; Cook has bad back and neck and they are simply coming after him because of EEOC charges and he needs to do his best; told him to call EEOC. 1.75 hrs

2

| 7/8/98 | Cook went to see Gangl; bad back; no weedeater; meet with client and comply with the orders because they are waiting for you to get upset or do something in violation of the rules. 1.75 hrs. |

7/14/98    Dennis Cook. Copy of 7/13/98 letter to Cook from Norwood; meet client concerning psychological evaluation; advised Cook there is no one to talk to in Norwood concerning his treatment as one is worse than the next; Hubbard is out of control but Hochbein won't do anything since he is the one who appointed him; Hochbein likes control and this is his way of making a point-either he is not supervising Hubbard or he is approving what is going on. 1.50 hrs.

7/15/98    Dennis Cook. Copy of release from J. Nick Marzella, Ph.D., for Cook; went over release and told Cook to sign as Norwood is looking for a reason to get rid of him; Hochbein already got rid of the chief and assistant chief of the fire department so sign the release. .75 hrs.

*Soothing Plaintiff*

8/1/98    Cook here to complain about Hubbard and Cross following them and being at Quality Courts; look to get a disciplinary letter; stay calm and we will work through the situation; EEOC filed, SERB filed and file grievance and it will work out eventually. 2.25 hrs.

*O.A.*

8/14/98    Telephone calls with Cook and office concerning placement of Cook on administrative leave; explained to Cook I am on vacation and there is little I can do until I return from vacation on Saturday; will address the issues immediately on return from vacation and will meet with him on Sunday if necessary to attempt to deal with the situation. .75 hrs.

*Soothing*

8/16/98    Extensive meeting on Sunday with Cook and Erwin to discuss and review Cross letter dated 8/14/98; evidently it was a bad day for anyone who filed EEOC as Jones was terminated and Cook is placed on administrative leave and it appears from Cross letter Cook will be fired or let go; Cook is upset about the situation and wonders why no one will put a stop to what is going on as he has approached every governmental agency to obtain assistance and none will act to put an end to it; explained that no one in the City will do anything since they are all pursuing the same issue which is to terminate him and he needs to comply with all rules and do as he is told; do not provide Norwood with any reason to discipline him-arrive early for work, be scrupulous about clocking in and out and regardless of the application of the rules to other men he needs to follow every rule; the letter needs to be sent to EEOC for their review as it imposes a suspension for filing EEOC charges as the result of filing EEOC complaints. 5.25 hrs.
SUNDAY

*Soothing*

8/17/98    Dennis Cook. Received copy of 8/14/98 letter to Dennis from Kevin Cross

ref. His administrative leave; Jones terminated the same day. .75 hrs.

8/18/98    Meeting with Cook reference the issue of 8/14/98 letter and prepare a response to Mordino concerning 8/14/98 letter. Meeting with Cook to explain he is still being paid and he needs to address the issue with the people at EEOC and forward a copy of Cross' 8/14/98 letter to EEOC. Cook cannot understand why he is being targeted for pursuing rights he is entitled by law and explained to him it is inconsequential to Norwood what Cook's rights are or anyone else's rights as Norwood does as it pleases and the Law Department will not put a stop to it either based on incompetency or sheer indifference to his situation.    3.25hrs.

8/20/98    Disciplinary hearing before Cross and Mordino present; it is clear they are out to get rid of Cook; Mordino is a joke as he sits there knowing full well what Hubbard and Cross are doing and does nothing to put a stop to the retaliation against Cook; sit through a hearing on issues which were resolved and now they are brought back for discipline. 1.25 hrs.

*O. A. - disc.hrg.*

8/27/98    Dennis Cook. Letter from Mayor Hochbein ref. Mr. Cook's ULP and requesting details; Hochbein is a joke as he is copied in on every letter and simply plays stupid. 1.5 hrs,

*O.A. - U.L.P.*

8/27/98    Dennis Cook. Received Entry Extending Time from Joe Mordino to be signed and returned; now filing criminal charges against Cook. .75 hrs.

*O.A. -disc.hrg.*

9/1/98    Dennis Cook. Fax from Kim Zinn of OBES; attempt to get someone to put a stop to the harassment and OBES will not do anything. .25 hrs.

*O.A.- OBES*

9/7/98    Meet with Cook concerning letter received from EEOC requesting information to be sent concerning his complaint against the City of Norwood. 1.25 hrs.

9/10/98    Dennis Cook. Report from Dr. George Parson; meet with Cook to review his case; explained he needs to continue following the policies to the letter regardless of application of rules to other workers; Cook says they are coming after him, Perkins and Jones because of EEOC filings; I know and it is apparent but he must work through the system to resolve the issues. 1.75 hrs.

*Soothing*

9/21/98    Dennis Cook. Fax from Melissa Andler of Paul Bazzano's office with copy of 7/7/98 letter to Dr. Nick Marzella from Gary Hubbard. .25 hrs.

10/22/98    Dennis Cook. Fax from Jennifer Schans of Rutherford Institute; no money at the present time; keep them informed of events. .25 hrs.

*religious discrim.*

4

10/23/98     Dennis Cook. Copy of 10/21/98 letter to Dennis Cook from Jack Patrick of
             EEOC; wants medical questionnaire completed and medical release to
             obtain records; meet with Cook to complete questionnaire and sign
             medical releases for return to Patrick; Cook is still upset with inability to
             return to his job and advised to pursue EEOC and all other avenues
             available to him; explained the grievances need to be filed even though

*Soothing*

             nothing comes of them since if they are not filed Norwood will allege you
             are not pursuing all remedies available; I explained to him it has to be
             done even though it is useless because at some point in the future when
             his case gets to Court he will be able to demonstrate he did everything he
             could to put a stop to the discrimination. 3.75 hrs..

11/5/98      Dennis Cook. Copy of Dr. David Helm's 11/4/98 letter to Gary Hubbard
             ref. Medication Dennis is taking; Cook still trying to get his job back;
             meeting with Cook and he can't believe what is going on and why no one

*Soothing*

             will step in to put a stop to it; told him every avenue is being pursued.
             1.75 hrs.

11/17/98     Dennis Cook. Fax from Jennifer Schans of Rutherford Insitute ref. Filing

*religious discrim.*  EEOC complaint; still no money and no promise it will be sent. .25 hrs.

11/17/98     City of Norwood v. Dennis Cook. Demand for Discovery; Response to
             Request for Bill of Particulars; Response to Demand for Discovery. .50

*O.A.-criminal*  hrs.

11/19/98     Dennis Cook. Copied pages from his notebook ref. history of city
             harassment.

11/23/98     Dennis Cook v. City of Norwood. Letter from State Personnel Board of
             Review with Administrative Law Judge's report and recommendation; no

*D.A.-SERB*  relief from this agency; Cook extremely upset but there is nothing which
             can be done except to pursue all avenues. .50 hrs.

12/3/98      Dennis Cook. Copy of 12/3/98 letter to Dennis Cook from Gary Hubbard
             ref. his vacation; meet with client; losing his vacation because Hubbard is
             ignorant and vindictive and attempting to push Cook over the edge;
             explained to Cook to continue to do his job and it will work out when

*Soothing*

             Hubbard appears in front of someone other than Hochbein to justify his
             actions; Hochbein runs Norwood like Germany was run in WWII and
             Hochbein is the ringleader of the circus. 1.75 hrs.

12/11/98     Cook & Erwin. Copy of Stacy Wall's 12/9/98 letter to Holly Levin ref. Cook
             & Erwin violating terms of settlement agreement.

12/14/98     Dennis Cook v. City of Norwood. Order from State of Ohio State

*D.A.-SERB*                              5

Personnel Board of Review.

12/17/98        Letter to SERB reference violations of settlement agreement and actions
                of Cross in the 8/14/98 letter violate SERB law and EEOC law; letter in
O.A.-SERB       response to City of Norwood filing. .75hrs.

12/21/98        Dennis Cook v. City of Norwood, Hubbard & Cross.  Investigator's
                Memorandum.

Total Hours: 65.75
Hourly Rate: $225.00
Copies:      $.00
Expenses:    $.00
Charges:     $14,793.75

TOTAL AMOUNT DUE:    $14,793.75

TOTAL HOURS

O.A.- 14.25

Soothing - 15.75

Related to age discrimination claims- 6

Related to religious discrimination claims- .5

6

Dennis J. Cook
4127 Ivanhoe Avenue
Norwood, Ohio 45212

2/24/99 — O.A.-SERB
Cook, Erwin, Perkins & Jones vs. Norwood. Copy of 2/23/9 letter to Dennis Cook from Alan Bonham at SERB ref. Picking up transcripts ordered. .25 hrs.

3/3/99 — O.A. - dog citation
Dennis Cook. Copy of citation for mayor's court for 3/4/99 at 6 p.m; another citation concerning Cook; now they are after him for the dog; can pursue a vigorous defense on these claims and we will be successful. 1.5 hrs.

4/11/99 — O.A.-SERB
Letter to SERB reference request for information and answered all requests; meeting with Cook reference his desire to include EEOC information in the response and explained to him SERB and EEOC deal with different issues but I will include it in the letter; explained to Cook SERB does not cover the same matters as EEOC and if you argue age before SERB it will not justify a SERB violation and if you argue SERB before EEOC it will tell you to go to SERB; Cook wants to know why SERB and EEOC cannot get together and stop what is going on; explained the foregoing to him again and told him both are government agencies and it simply takes time to get matters through the agencies. 3.75 hrs.

4/23/99 — O.A. - building citations
Dennis & Toni Cook. Copy of 4/22/99 letter to Cooks from Norwood Bldg. Dept; more letters and charges and explained to Cook that Hubbard and Norwood are going to keep coming after him; Cross does anything Hubbard wants and Hochbein is not concerned; don't worry as I will represent him and fight any charges filed. 2.25 hrs.

4/29/99 — religious discrim.
Dennis Cook. Fax from Jennifer Schans of The Rutherford Institute; no news; wants an update. .25 hrs.

5/6/99 — O.A.-Criminal
Norwood v. Cook (M99CRB13762). Letter from Stacy Wall with City's response to defendant's discovery requests; work on charge to defend Cook; faces change but the same relentless attitude to get rid of Cook. .50 hrs.

5/19/99 — Soothing
Cook can't go to work; worried about providing for his family; told him to go to work everyday to protect his job; Hubbard and Cross are upset because he told the truth at SERB and exposed them for the liars they are concerning the repeated acts of discrimination. 1.50 hrs.

5/21/99 — O.A.-Criminal
Norwood v. Cook (M99CRB13762). Letter from S. Wall with City's amended response to demand for discovery. .25 hrs.

6/1/99          Dennis Cook. Letter from Stacy Wall ref. Mr. Cook's doctor's statement; this is really a joke; Cook testifies against the City and now he is not permitted to return to work; testified on behalf of Jones who filed EEOC complaint and was terminated; no one will do anything to assist Cook returning to work; other workers permitted to work light duty but not if you filed an EEOC charge; meet with Cook and he is worried about feeding his family. 2.25.

*Soothing*

6/4/99          Dennis Cook. Copy of his latest ULPC that he is filing to attempt to get back to work; quickest way to get action as EEOC is doing nothing. .75 hrs.

*O.A.- ULP.*

6/10/99         Dennis Cook vs. Norwood, et al (99-ULP-05-0317). Letter from Stacy Wall with Notice of Appearance. .25hrs.

*O.A.- ULP*

6/21/99         Telephone conference with Toni Cook reference complaint filed on building code violations; Dennis is in the hospital and she does not know when he will be released but he is not doing well; she can't understand why the charges were filed and I explained to her I will send a letter and request the charges be transferred to the Hamilton County Municipal Court where she can get a fair trial; prepare jury demands for Dennis and Toni and fax to Wall to get cases transferred along with letter. 1.25 hrs.

*O. A.- building Citations*

6/22/99         Dennis Cook. Letter from Keith Good at EEOC with medical release to be signed by Dennis Cook; go to hospital to visit Cook and get him to sign release. 1.25 hrs.

6/27/99         Meeting with Dennis at the hospital concerning his request to meet with me; he is continuing to improve but he is not the old Dennis; requested me to write to Helm concerning the actions of Norwood, Hubbard, Cross and Hochbein and what is going on in Norwood; my observations of Cook in 1999 and the refusal of the City to permit him to return to work after he testified in SERB hearing; Cook filed EEOC complaint and he is pursuing his claim but EEOC is dragging its feet on his filings. 3.0 hrs

*Soothing*

6/29/99         Cook vs. Norwood. Fax from Stacy Wall ref. Filing motion for continuance on pre-hearing. .50 hrs.

7/8/99          Dennis Cook (EEOC). Letter from Keith Good ref. Needing expenses of Mr. Cook to date. .25 hrs.

7/19/99         Dennis Cook. Letter from David Helm, M.D., that Mr. Cook's 7/26/99 hearing be postponed until Mr. Cook recovers enough to testify. .25 hrs.

7/20/99         Dennis Cook (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 & 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). Letter from Keith Good of EEOC. .25 hrs.

Cook vs. Norwood, et al. - Case No. 99-ULP-02-0104.  Dismissal of Unfair Labor Practice Charge.  N/C.

8/27/99    Cook v. Norwood, et al. (BWC/IC Claim No. 98-460364).  Dennis Cook dropped off:  City of Norwood's 1st set of interrogatories and request for production of documents to plaintiff and letter from client; Norwood is now fighting Cook's workers' compensation claim; meet with client and discuss other employees whose workers' compensation were denied.  1.25 hrs.

*O.A.- Workers Compensation*

8/31/99    Norwood v. Cook.  Copy of memo to Dennis Cook from Norwood Law Director's office with notice of court date at Municipal Court on 9/8/99 at 1 p.m.; more criminal charges; Norwood hasn't beaten him on any of the charges yet and just keeps filing them.  .50 hrs.

*O.A.-Criminal*

10/8/99    Cook v. Norwood, et al. (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 & 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).  Determination from U.S. EEOC; but no right to sue letter.  .25 hrs.

10/12/99    Dennis Cook v. Norwood. (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 & 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).  Letter from Keith Good at EEOC with Conciliation Agreement.  .25 hrs.

10/17/99    Norwood vs. Dennis Cook.  Fax from Stacy Wall with copy of complaint from Norwood Mayor's Court and affidavit of Walter Rohrig; more information concerning Cook's house and advised we will defend the action and do what is necessary. 1.50 hrs.

*O.A.-Criminal*

10/25/99    Meeting with Cook reference whether a meeting is scheduled to discuss settlement on his case and advised him that Norwood has not contacted me; Cook wants me to contact Norwood and I told him I would send a letter to Norwood; letter to T. Garry reference Norwood's failure to respond to my letter dated 10/8/99 about settlement discussion and request for him to respond per EEOC recommendation.  2.25 hrs.

10/26/99    Medical report from Helm concerning Cook's medical condition; meeting with Cook and reviewed report; told him to continue to see Helm as instructed by Helm; report does not guarantee anything and it is Helms opinion concerning Cook's medical condition.  1.75 hrs.

10/27/99    Cook v. Norwood (EEOC decision).  Letter from Stacy Wall in response to Bob's 10/25/99 letter; meet with Cook; prepare for the long haul as nothing is going to be easy.  .75 hrs.

10/28/99    Letter to Wall in response to her letter dated 10/27/99 concerning Cook's EEOC charges and Norwood is waiting for EEOC to contact it to arrange a settlement meeting; explained to Wall I was contacting EEOC to get matters started and I was not going to wait for Norwood; Norwood is stonewalling and won't work on settlement while Cook has no money

*Soothing*

coming in; attempting to starve Cook out and terminate him; extensive discussion with Cook that Wall is merely the latest in a long line of Norwood officials who refuse to fulfill what EEOC requires concerning settlement talks and I will contact EEOC to attempt to get the matter resolved. 3.25 hrs.

10/29/99    Meeting with Cook reference treatment with Dr. Helm and need to obtain a copy of Dr. Helm's medical records for his case; need to get medical release signed and submit a letter to Dr. Helm; Cook anxious to get medical records because EEOC wants settlement discussions between him and the City of Norwood but I explained to him the records may take sometime to be received as it normally takes one-two weeks for receipt of records after a request; wants to know if I will hand deliver the request and I told him I would do it for him to get the matter started; prepared letter and medical release and hand delivered to Dr. Helm. 2.75 hrs.

*Soothing*

10/30/99    Meeting with Cook concerning cancellation of his dental and optical benefits and he is worried about medical care for his family; explained to Dennis EEOC has recently contacted Norwood and I was attempting to contact Norwood to settle his EEOC complaint and that probably explains why his dental and optical benefits were discontinued as the same thing happened to Perkins after he received his right to sue letter from EEOC; Letter to Wall reference cancellation of dental and optical benefits for Cook and Norwood did the same to Perkins who filed an EEOC complaint; want the dental and optical benefits reinstated as Cook remains an employee of Norwood and he is entitled to the benefits pursuant to bargaining agreement; letter to AFSCME requesting reinstatement of benefits cancelled by Norwood. 4.25 hrs.

*O.A.- AFSCME*

11/3/99    Dennis Cook. Letter from Stacy Wall ref. Mr. Cook's optical and dental benefits. .25 hrs.

11/3/99    Meeting with Cook concerning Wall letter reference dental and optical benefits through the end of October 1999; need to send a letter to Norwood wanting to know whether the benefits will continue into the future; this will be an ongoing problem into the future and it will be a constant fight since Norwood refuses to comply with the law; complaining about Norwood not following the law and no one will do anything about it and I explained once he gets into Court and testifies to the facts something will be done; his case requires patience to wait on governmental agencies who go about their business on their own schedule and don't worry about anyone. 1.5 hrs.

*Soothing*

*O.A.- bldg Citations*    Research and prepare motion to dismiss on building code violations filed in CASE NO.M99CRB28908; letter to Wall with copy of motion; copy to Cook. 3.25 hrs.

11/8/99      Dennis Cook. Authorization for release of medical records from Group
             Health Associates. .25 hrs.

11/9/99      Cook v. Norwood.  Letter from Stacy Wall ref. Workers' Comp. Claim and
             getting paid. .25 hrs.

*D.A.- Workers Comp.*

11/23/99     Dennis Cook.  Letter from Dr. George Parsons ref. His evaluation report
             on Dennis Cook; meeting with Cook. .75 hrs

12/15/99     Deliver medical records of Dennis Cook to Mr. Friertag at EEOC per his
             request.  1.75 hrs.

*excessive*

Total Hours: 47.00
Hourly Rate: $225.00
Copies:       $.00
Expenses:     $.00
Charges:     $10,575.00

TOTAL AMOUNT DUE:     $10,575.00

*TOTAL HOURS*

*O.A. - 21.75*

*Soothing - 14.25*

*excessive - 1.75*

*religious discrimination - .25*

Dennis J. Cook
4127 Ivanhoe Avenue
Norwood, Ohio 45212

2/29/00    **Dennis Cook.** Copy of 2/23/00 letter to Dennis Cook from PERS; read
and review; meet with client concerning disability letter. 2.25 hrs.

*Soothing*

3/9/00     **Dennis Cook vs. Norwood.** Letter from Stacy Wall wanting to know if D.
Cook was going to continue his employment with City; read and review;
meet with client and discuss how he is going to proceed and he needs to
stay on top of the issue; proceed with issue and EEOC should not impact.
1.50 hrs.

3/9/00     Meeting with Dennis Cook concerning his continued employment with the
City of Norwood and the award of his disability pension; Cook wants to
know what is going on with his EEOC complaints and explained to him all
information requested by EEOC was delivered immediately upon request;
EEOC has not contacted me since medical records were delivered but I
will send Friertag a letter and request a right to sue letter; I don't know
what the hold up is with EEOC but they are certainly making life difficult by
not doing their job. 3.75 hrs.

*Soothing*

3/14/00    **Cook vs. Norwood (federal case).** Received signed certified mail return
receipt card back from EEOC; concerning letter to get a right to sue
notice. .25 hrs.

3/15/00    **Dennis Cook vs. Norwood (federal).** Letter from PERS with copies of
medical reports; read and review medical reports and information will
assist in his EEOC claim. 1.25 hrs.

3/23/00    **Dennis Cook.** Copies of medical charges from Good Samaritan Hospital
for his hospitalization as the result of Norwood refusing to permit him to
work. .50 hrs.

4/27/00    Extensive meeting with Cook reference requirement to submit a
resignation to obtain his disability pension; Norwood is not paying him and
PERS will not make a payment until the resignation is submitted to
Norwood; does not want to resign his job but he has no option as he will
not get disability without the resignation; explained to him he needs to be
able to count on money for his family to provide for them; he will have the
ability to return to work if he is cleared by the physicians; upset Norwood,
Hubbard, Cross and Hochbein ruined his job and made his life a living
hell; wonders how they can get away with what they are doing; told him
there is a Republican mayor, a Republican council, a Republican vice

*Soothing*

1

mayor, a Republican law director and they are doing what they want to do and they perceive themselves as above the law and no one will stop them. Complaining about his efforts to obtain government help for the situation and explained to him he is making allegations, Norwood is denying everything he is saying, no one from Public Works will step forward to assist him and anyone who opposes them has been fired, demoted and been required to fight to keep their job. Wonders why Hubbard continues in his position and I explained to him he is Hochbein's puppet and he will be in the office until someone gets there day in court. Finally persuaded him to submit the letter of resignation to get money and avoid the free store and all the problems associated with no money in the house. 4.50 hrs

| | | |
|---|---|---|
| 7/5/00 | **Dennis Cook.** Payment sent for economist fee to evaluate his claim for presentation to EEOC on his complaints. .25 hrs. |
| 7/10/00 | **Cook, Perkins and Jones.** Letter from Michael Brookshire & Assoc. With general information sheet, copy of Dr. Brookshire's vita, copy of George Barrett's vita, information guide sheet and 3 written agreements covering feess and work. .50 hrs. |

*Other clients* (handwritten)

| | |
|---|---|
| 8/7/00 | **Dennis Cook.** Affidavit of Janet Kennedy along with W2s for three employees from 1980 to 1999 (received on 8/7/00). .50 hrs. |
| 8/29/00 | **Cook.** Fax from Michael Brookshire with agreement to be signed by Cook; call client and get him in to sign agreement so it can be faxed back. .25 hrs. |
| 9/5/00 | **Dennis Cook.** Copy of detail earnings sheet. .25 hrs. |
| 9/5/00 | **Dennis Cook.** Letter from Dr. George Parsons; concerning Cook and his condition. .50 hrs. |
| 9/5/00 | Telephone conference with Cook to obtain birthdates of children and step child per request of Brookshire's office; Letter to Brookshire attention George Barrett ref. the ages of Cook's chilren and step child as requested by George Barrett; letter faxed per his request. .50 hrs. |
| 9/11/00 | **Cook.** Letter from Michael Brookshire with written report for Cook. 1.25 hrs. |
| 9/29/00 | Meeting with Osterday concerning events at Norwood Public Works; explained to me what is going on at Norwood Public Works and methods used by Hubbard and Cross to put the screws to Cook and other men who |

*age discrim.* (handwritten)

2

filed EEOC complaints or who complained about treatment; explained to him I wanted all information he was providing in an affidavit form and he needed to review and sign the affidavit; no problem he will sign as now that the older guys are out of Public Works Hubbard is trying to get the guys appointed he wants for the promoted positions. 4.75 hrs.

9/29/00    Contacted Cook and told him of the new information and how Hubbard and Cross were taking action against him and anyone else who filed an EEOC charge or who associated with them; explained to him the information will be used in his case. .50 hrs.

11/2/00    **Dennis Cook.** Invoice from Dr. Parsons for $120.00.

11/22/00    **Dennis Cook.** Letter from Stacy Wall ref. Cook's pending cases and waiting on EEOC to contact her; meet with Cook and Norwood is stonewalling. .50 hrs.

11/27/00    **Dennis Cook.** Copy of 11/18/00 letter to Dennis Cook from Bureau of Workers' Compensation. .25 hrs.

*O.A. - Workers Comp.*

12/5/00    **Cook vs. Norwood.** Invoice from Dr. Parsons for $120.00. .25 hrs.

12/12/00    **Dennis Cook.** Notice of Hearing from Industrial Commission of hearing set for 12/21/00 at 2 p.m. .25 hrs.

*O.A. - Workers Comp.*

Total Hours: 24.50
Hourly Rate: $225.00
Copies:      $.00
Expenses:    $.00
Charges:     $5,512.50

TOTAL AMOUNT DUE:    $5,512.50

*TOTAL HOURS*

*Soothing - 10.5*

*Other clients - .5*

*age discrimination - 4.75*

*O.A. - .5*

3

Dennis J. Cook
4127 Ivanhoe Avenue
Norwood, Ohio 45212

1/4/01          **Dennis Cook.** Copy of 12/31/00 letter to Dennis Cook from Thomas
                Condit and with record of proceedings dated 12/22/00 for Industrial
O.A.- workers   Commission of Ohio. .25 hrs.
   comp.

1/10/01         **Dennis Cook.** Notice of Hearing from Industrial Commission with hearing
                set for 1/26/01 at 10 a.m. .25 hrs.
O.A.- workers
   comp.
3/16/01         **Dennis Cook.** Invoice from Dr. Parsons for $120.00. .25 hrs.

3/27/01         **Dennis Cook (Industrial Commission case).** Letter from Thomas
                Condit. .25 hrs.
O.A.- workers
   comp.
4/30/01         **Cook vs. Norwood.** Invoice from Dr. Parsons for $120.00. N/C.

6/1/01          **Dennis Cook.** Invoice from Dr. Parsons for $120.00. N/C.

6/15/01         **Cook.** Fax from Dr. Parsons' office with statement for Cook. N/C.

6/16/01         Letter to Parsons with payment for his most recent statement for services
                concerning evaluation of Dennis Cook; paid *$125.00* .25 hrs. $125.00.

6/28/01         Meeting with Cook reference injuries to his son concerning him being
                sprayed with mace or some chemical irritant; Cook is upset with the
                situation as Perkins recently had his dog poisoned and it was verified by
                an autopsy and Cook believes the City, Cross and Hubbard are coming
                after his children as the result of Perkins winning his case before Judge
O.A.- Son       Dlott; told him I will request the records from the Norwood Fire Dept. and
                he needs to keep an eye on his children since five dogs were killed and
                his cat was stabbed since the filing of the EEOC complaints; be careful
                and be watchful of his surroundings and if anything occurs to call the
                police. 2.50 hrs.

7/8/01          Letter to Norwood Fire Department concerning treatment provided to
                Christian Cook concerning incident on June 28, 2001; prepared a medical
                release for Cook to sign; told Cook the letter was sent and to take care of
                his son and the issue will be addressed when EEOC ever makes a final
O.A.- Son       decision to give him a right to sue letter; Cook wanted to know what is
                taking EEOC so long and I told him I have no idea as I wrote letters to get
                it to issue a right to sue letter and I still don't have any information.
                Prepared and sent a letter to Chief Schlie concerning injuries to Christian

1

Cook and detailed the other actions occurring to other witnesses who testified in federal court at Cook's request to hopefully put an end to the reprisals and I explained to Cook the City of Norwood did nothing after my windows were broken four times after Norwood lost cases before SERB and there is no reason to expect different treatment at the present time by Norwood. Discussed with Cook the issue of his PERS medical records and he will need them for his case and told him I will send a letter today to obtain copies of the medical records and sent the letter to PERS to obtain all medical records in his file and prepared a second letter from Cook to obtain information concerning PERS history and benefit history and requirements for retirement. Letters sent to Good Samaritan Hospital to medical records and medical billing requesting copies of medical records and billings for Cook 6.25 hrs.

7/10/01     Hochbein fires Hubbard as the result of "cleaning house" based on Hubbard's testimony in federal court in Perkins case; discussed with Cook and advised that Hochbein is attempting to insulate himself and he is not trustworthy to do what is right unless he perceives himself in personal jeopardy.  1.50 hrs.

7/13/01     **Cook vs. Norwood (A-0101644).** Letter from Thomas Condit reference workers' comp case and Norwood is fighting the claim. .25 hrs.

O.A.- workers comp.

7/17/01     Letter to Hall reference expenses for mediation on Cook's cases as recommended by Judge Dlott and to clarify how expenses of the mediator will be shared by the parties; advised Hall the Municipal League was to pay the mediator based on the representations before Judge Dlott and wanted him to confirm the payment of expenses. .50 hrs.

O.A.

7/18/01     **Dennis Cook.** Medical records received from Group Health Associates. .75 hrs.

7/20/01     **Dennis Cook.** Medical records received from Good Samaritan Hospital. .50 hrs.

7/24/01     **Dennis Cook.** Copy of 7/19/01 letter to Dennis Cook from PERS; meet with Cook. .25 hrs..

7/25/01     **Dennis Cook.** Letter from PERS with copies of medical reports for client. .25 hrs.

7/26/01     **Dennis Cook.** Statement from Smart Corporation for $69.43.

7/31/01     Meeting with Cook reference settlement of his claims against the City of

Norwood and all connected with the City of Norwood; Cook is adamant concerning his demand and after discussion at length I was unable to adjust his position concerning the final settlement demand and Erwin was unable to convince him to modify it; letter to Hall reference settlement of all of Cook's claims against the City of Norwood and individual defendants; prepared and sent at the request of Hall.          3.75 hrs.

8/12/01          Meeting with Cook concerning his EEOC claim and advised him that EEOC has not contacted me and I forwarded all information it requested immediately upon receipt of a phone call or any request for information; told Cook the agency in charge of EEOC will probably be the Attorney General since the U.S. Attorney can bring an action on behalf of an individual when EEOC finds probable cause; a letter should be sent to the US Attorney General and explain the dissatisfaction with EEOC sitting on his case and not making a decision to proceed or issue a right to sue letter; prepared a letter for Cook to send to John Ashcroft and sent it via certified mail in the hope of getting someone at EEOC to issue a right to sue letter; the entire process of dealing with EEOC is a joke and explained same to Cook. 2.75 hrs.

*Soothing*

8/6/01          **Cook vs. Norwood.** Letter from Thomas Condit. .25 hrs.

*O.A.- workers comp.*

8/10/01          **Dennis Cook.** Medical records from Good Sam Hospital. .25 hrs.

8/14/01          **Dennis Cook vs. Norwood, et al.** Letter from Gary Hall with Motion of Counsel for Norwood to withdraw from representation and to continue case management dates; Hall has seen the light but there will be new attorneys to pick up the case and litigate. .25 hrs.

9/10/01          **Cook vs. Norwood.** Letter from Marjorie Corman Aaron with attached mediation agreement. .25 hrs.

9/11/01          Research on issues of discrimination on the net and read and review MERITOR SAVINGS BANK, FSB v. MECHELLE VINSON et al., 477 US 57, 91 L Ed 2d 49, 106 S Ct 2399, concerning issues of hostile work environment and issue of a party may establish a violation of Title VII of the Civil Rights Act of 1964 (42 USCS §§ 2000e--2000e-17) by proving that discrimination based on sex has created a hostile or abusive work environment; a claim for sexual harassment may lie in the absence of any economic effect on the plaintiff's employment; if it is good enough for one type of discrimination it should be good enough for any type of discrimination. 3.25 hrs.

*L.R.- sex discrimination*

9/17/01          **Cook vs. Norwood.** Letter from Marjorie Aaron with invoice for $7000.00

3

and revised Mediation agreement. .25 hrs.

10/5/01    **Cook vs. Norwood.** Fax from Patia Tabar with relevant provisions of City of Norwood Insurance Policy with full copy of policy to be mailed next week. .75 hrs.

10/11/01   **Dennis Cook.** Fax from Peggy Ross of Bethesda Oak Hospital with copies of Dennis Cook's medications. .25 hrs.

10/12/01   **Cook vs. Norwood.** Letter from Patia Tabar with copy of city's insurance policies for 1998 and 1999; review documents. 1.75

10/16/01   **Cook vs. Norwood.** Letter from Larry Barbiere with Memorandum of Law requested by mediator. .50 hrs.

10/16/01   Letter to Hall enclosing medical bill of Cook from August 2001 per request of Hall. Legal research on 2744 R.C., Sawicki v. Ottawa Hills, 37 OS3d 222, 525 NE2d 468, Burr v. Stark Cty. Bd. of Commrs., 23 OS3d 69, 23 OBR 200, 491 NE2d 1101, Ellithorp v. Barberton City Sch. Dist. Bd. of Edn., No. 18029 (9th Dist.), 1997 Ohio App. LEXIS 3053, Brkic v. Cleveland, 124 OApp3d 271, 706 NE2d 10, Roe v. Hamilton Cty. Dept. of Human Serv., 53 OApp3d 120, 560 NE2d 238, Singer v. Fairborn, 73 OApp3d 809, 598 NE2d 806, Potter v. Troy, 78 OApp3d 372, 604 NE2d 828, Nungester v. Cincinnati, 100 OApp3d 561, 654 NE2d 423, E.J. v. Hamilton County, Ohio, 707 FSupp 314 (S.D.), Sargi v. Kent City Bd. of Educ., 70 F3d 907 (6th Cir.), § 2744.09 Actions and claims exempted from provisions, RC § 2744.03 in preparation for mediation hearing recommended by Judge Dlott. 7.75 hrs.

10/31/01   Letter to EEOC attention of Larry Watson requesting the right to sue letter, no settlement has occurred and two other individuals who filed EEOC complaints were issued right to sue letters   .50 hrs.

11/5/01    **Dennis Cook.** Copy of 11/1/01 letter from Thomas Condit to Dennis Cook ref. Mr. Condit no longer representing Cook and RGK new attorney. .25 hrs.

*O.A.-workers Comp.*

11/7/01    **Dennis Cook.** Received signed certified mail return receipt card back from EEOC reference wanting right to sue letter. .25 hrs.

11/15/01   **Cook vs. Norwood.** Letter from Marjorie Aaron with her invoice for $5,625.00. .25 hrs.

11/16/01   **Cook vs. BWC.** Letter from Thomas Condit ref. Report date of 12/17/01

*O.A.- workers comp.*

4

at 9 a.m. .25 hrs.

11/16/01    **Dennis Cook.** Right to Sue letter from EEOC dropped off by Cook; EEOC settled the case without involvement of Cook with Norwood and Cook was never contacted reference settlement negotiations or that settlement was under way at any time; explained to Cook EEOC dropped the ball on the case and he is required to be involved in the settlement negotiations and Norwood knows it and Norwood simply attempted to do an end run and not involve him; explains why we had to contact people in Cleveland and the attorney general on his case; EEOC is supposed to know what is going on and they simply screwed him by leaving him out of the process; the entire matter is a joke with EEOC waiting over three years to issue a right to sue letter. 3.25 hrs.

*Soothing* ⟩

11/30/01    **Dennis Cook vs. BWC.** Letter from Thomas Condit ref. Meeting with Bob before 12/17/01, the date case is set for report. .25 hrs.

*O.A.- workers comp.*

12/14/01    **Cook vs. Norwood.** Letter from Michael Maundrell. .25 hrs.

12/19/01    **Cook vs. Norwood.** Letter from Michael Maundrell. .25 hrs.

12/19/01    **Cook v. Norwood.** Fax from Gary Hall; probably the luckiest guy in town since he is not required to represent Norwood; at least left with some level of integrity. .25 hrs.

12/20/01    **Dennis Cook vs. James Conrad.** Notice from assign. Comm. Of case set for report and trial setting on 1/22/02 at 9 a.m.

Total Hours:   41.75
Hourly Rate:   $225.00
Copies:       $.00
Expenses:    $194.43
Charges:     $9,393.75

TOTAL AMOUNT DUE:    $9,588.18

*TOTAL HOURS*

*O.A. - 11.25*
*Soothing - 6*
*L.R. - sex discrimination - 3.25*

Dennis J. Cook
4127 Ivanhoe Avenue
Norwood, Ohio 45212

1/5/02        Legal research concerning discrimination claims in the Sixth Circuit
including Simpson v. Ernst & Young, Skalka v. Fernald, Hamlin v. Flint,
Grant v. Wilson, Crawford v. Medina, Harstel v. Keys, Wells v. New
Cherokee, Jackson v. Cookeville, Roush v. KFC, RICO research. 7.75
hrs.

*[handwritten: L.R. - age]*

1/12/02      Legal research on line Grayson v. K Mart, punitive damage research
Preston, Lancaster, Bishop. 3.25 hrs.

*[handwritten: L.R. - punitive damages]*

1/18/02      **Dennis Cook vs. City of Norwood.** Letter from Joseph Mordino ref. Him
representing Kevin Cross and that deposition scheduled for 1/24/02 has
been cancelled. .25 hrs.

1/24/02      **Cook vs. James Conrad.** Notice from Assign. Comm. Off. case set for
report on 4/22/02 at 9 a.m. .25 hrs.

*[handwritten: O.A. - workers comp.]*

2/1/02       Proof read final complaint in Cook v. Norwood, et al., for filing in federal
court and travel to federal court clerk for filing; meet with client to review
final complaint with him and have him sign the final complaint; paid
$150.00 filing fee. 4.75 hrs. $150.00 filing fee. Copies 176 pages.

*[handwritten: excessive]*

2/1/02       Copy of complaint and summons sent to all defendants. .25 hrs.

2/11/02     Meet with Osterday concerning Cook's case and to discuss exactly what
occurred in Norwood from 1998 through and including the time Cook
resigned; discussed with him the importance of accurately telling
everything that occurred; worried about continued employment because
Hubbard and Cross can set you up and advised him to keep a record of
what occurred at Norwood Public Works and how he is treated compared
to other employees; worried that it will do no good since Perkins, Jones
and Cook were forced out, on workers' compensation or fired and no one
will do anything about it; Hubbard simply tells him it is his way or the
highway and Hubbard is continuing to do as he pleases. 1.75 hrs.

2/21/02     **Cook vs. Norwood (U.S. Dist. Ct.).** Letter from L. Barbiere with Answer
of Defendant City of Norwood; review answer and forward a copy to Cook;
meet with Cook to discuss answer. 1.50 hrs.

2/21/02     Letter to Mordino that he maybe called as a witness and he will have an
obvious conflict. .25 hrs.

1

| | |
|---|---|
| 2/25/02 | **Cook vs. City of Norwood et al (U.S. Distr.)** Letter from Joseph Mordino with answer filed on behalf of Kevin Cross; read and review; copy to client; .75 hrs.. |
| 2/28/02 | **Cook vs. Norwood (U.S. Dist. Ct.).** Letter from W. McGregor Dixon with entry extending time to file responsive pleading. 25 hrs. |
| 3/1/02 | Fax to Dixon reference signed journal entry he requested to be returned to him. .25 hrs. |
| 3/2/02 | Letter to client with copies of answers and cover letters filed by Cross and the City of Norwood on Cook vs. City of Norwood, et al. (fed). .50hrs. |
| 3/4/02 | Meet with Ruth Cain to discuss if Hubbard, Cross or Hochbein ever discussed with her or other councilmembers the treatment of the men at Norwood Public Works; Hubbard wanted to get rid of them and she has some notes she will attempt to locate and get back with me to provide me. 1.25 hrs. |
| 3/5/02 | **Cook vs. Norwood, et al.** Copy of 3/4/02 letter from W. McGregor Dixon to clerk of U.S. Dist. Ct. With entry for approval and extension to file answer for Defendant Hochbein. .25 hrs. |
| 3/8/02 | **Cook vs. Norwood et al (U.S. Dist. Ct.).** Journal entry granting Joseph Hochbein an additional 14 days to file responsive pleading. .25 hrs. |
| 3/11/02 | **Cook vs. Norwood (U.S. Dist. Ct.).** Preliminary pretrial conference order received from court. .75 hrs. |
| 3/15/02 | **Cook vs. Norwood (U.S. Dist.)** Letter from James Brockman, Esq., with notice of substitution of counsel for Kevin Cross. .25 hrs. |
| 3/18/02 | **Dennis Cook vs. City of Norwood et al. (U.S. Distr. Ct.).** Letter from W. McGregor Dixon with answer of defendant Joseph Hochbein; copy to client. .75 hrs. |
| 3/19/02 | Letter to opposing counsel with a copy of the preliminary pretrial order and the dates I am available and the plan must be submitted prior to May 17, 2002. .75 hrs. 16 copies. |
| 3/19/02 | Letter to Cook with a copy of notice of substitution of counsel and Mordino is off the case. .25 hrs. |
| 3/22/02 | **Cook vs. Norwood et al. (U.S. Dist.).** Letter from W. McGregor Dixon |

2

with dates he is available to meet for joint plan. .25 hrs.

3/25/02    **Dennis Cook vs. City of Norwood et al.** Letter from Lawrence Barbiere with dates he is available to meet to discuss preparation of joint plan. .25 hrs.

3/27/02    Letter to client with copy of answer and cover letter filed by Hochbein in Cook vs. City of Norwood, et al. (fed). .25 hrs.

4/1/02    **Cook vs. Norwood (U.S. Dist.)** Letter from W. McGregor Dixon ref. Mr. Hochbein might not be available for pretrial on 6/21/02 as he has a jury trial scheduled at the present time. .25 hrs.

4/3/02    Letter to opposing counsel setting meeting for preparation of joint pretrial plan at my office on 4/18/02 at 11:00 a.m. and also sent by fax. .25 hrs. 8 copies.

4/4/02    **Cook vs. City of Norwood, et al. (U.S. Dist. Ct.).** Letter from James Brockman requesting copy of court's order scheduling matter for a pretrial. .25 hrs.

4/9/02    **Dennis Cook vs. City of Norwood et al (U.D. Dist. Ct.).** Letter from L. Barbiere ref. His participating by phone conference on 4/18/02 at 11 a.m. .25 hrs.

4/18/02    **Cook vs. City of Norwood et al. (U.S. Dist. Ct.).** Letter from W. McGregor Dixon ref. him not being able to attend in person today's 11:00 meeting but he can participate via phone; conference call set up for 11:00 a.m. and services fo Broadwing used for conference call. .75 hrs. conference call charge $57.87.

4/18/02    **Cook vs. City of Norwood et al. (U.S. Dist. Ct.).** Letter from Lawrence Barbiere ref. His participating by phone in 11:00 a.m. conference today. .25 hrs.

4/18/02    Letter to Hubbard with copy of complaint and pretrial order issued by Judge Weber in Cook vs. Norwood, et al. (fed); Hubbard did not accept or go to the post office to pick up the complaint sent by certified mail so the complaint and related documents were required to be hand delivered to him. 1.25 hrs.

4/20/02    Work on Plaintiff's request for production of documents and interrogatories to be submitted to the City of Norwood; drafting of request and work with client to discuss items necessary; discuss the discovery

L.R.-age
discrimination

3

process with client to make him aware of the necessity to obtain the information; legal research Torres v. Pisano, Hafford v. Seidner, Gothardt v. National Railroad, Williams vs. Nashville, Majewski v. Automatic, Cicero v. Borg, Narin v. Lower Merion, Kovacevich v. Kent  concerning hostile work environment, and related claims.  10.75 hrs.

4/21/02          Continue working on final draft of request for production of documents and interrogatories; complete the draft, proof read and review with client to obtain his approval and review of final documents.          6.25 hrs.

4/24/02          **Cook vs. Norwood et al. (U.S. Dist. Ct.).** Letter from L. Barbiere with Rule 26 Report of Parties.  Read and review. .50 hrs.

4/25/02          **Dennis Cook vs. City of Norwood et al. (U.S. Dist. Ct.).** Letter from W. McGregor Dixon with Defendant Joseph Hochbein's First Set of Interrogatories and Request for Production of Documents to Plaintiff.  1.25 hrs.

4/25/02          **Dennis Cook.** Letter from George Barrett, Economist, with current vita and new information guidesheet. .75 hrs.

4/25/02          **Cook vs. James Conrad.** Notice from assign. Comm. Of case set for report on 7/31/02 at 9 a.m. before Judge Kraft. .25 hrs.

O.A.-workers Comp.

4/28/02          Letter from Dixon with Hochbein's first discovery requests; sent to Cook for him to start answering. .50 hrs.

5/14/02          Proof scan copy of Defendant Hochbein's interrogatories and request for production of documents for comparison to original; meet with client to review discovery requests and obtain responses to discovery requests; Cook in decent shape and able to answer questions presented but he was unable to complete the entire set of answers and discussed the need to take his time and work at his pace to avoid overload; ample time to get responses back to the attorney and if additional time is needed than I will make a request; Cook wanted to take a break and come back another day to continue working on answers. 3.25 hrs.

5/15/02          **Cook vs. Norwood (U.S.Dist. Ct.).** Letter from L. Barbiere with copy of Rule 26 Report of Parties that he will file with court. .50 hrs.

5/28/02          Letter to opposing counsel (Brockman, Barbiere, Dixon and Martin) with copy of the Plaintiff's responses to the Defendant Hochbein's discovery requests; advised opposing counsel Cook will produce all medical information in the event a protective order can be placed of record since

4

Defendants routinely release the Plaintiff's medical information without a release; meeting with Cook to review final responses and to approve all responses and objections; discussed with Cook the protective order concerning his medical records to alleviate any concerns about release of his medical information and he understands and approves the necessity for a protective order. 3.50hrs. 96 copies

5/31/02    Letter to opposing counsel (Brockman, Barbiere, Dixon and Martin) concerning the disclosure of the Plaintiff's proposed experts; discussed and reviewed correspondence with client why individuals are listed and reviewed their involvement with the Plaintiff's care or assessments performed; better to error on the side of disclosing more individuals and trimming the list at a later date since I am sure one or more of the Defendants will object if someone is added at a later date since they will focus on procedural issues since the facts are in client's favor; important to comply with Judge Weber's order or he will prevent the addition of experts or introduction of anyone not listed; if Judge Weber's order is followed we will be in good shape and if we fail to comply it will definitely be a problem. 3.75 hrs. 8 copies

*Soothing*

6/2/02    Meeting with Cook concerning loss of Group Health (Helm) as his psychiatrist because Helm is now out of network and his insurance does not cover; advised that if he wants Helm as his doctor he must pay as he goes and I have no control over Group Health or their billing practices; upset and told him to talk to Helm. 1.25 hrs.

*D. A.*

6/3/02    Letter to PERS for Cook to obtain information concerning payroll information for Cook from the date of his employment through the present to verify incomes and to estimate his PERS benefits and determine years required to calculate benefits in accordance with PERS laws; discussed with client the necessity to obtain the information to determine benefits if he continued his employment and benefit upon retirement. 1.50 hrs.

*O.A. - PERS*

6/3/02    Call from the Court-Darlene- postponing the preliminary pretrial conference to August 14, 2002 and notice will be sent. N/C.

6/5/02    **Cook vs. Norwood (U.S.Dist. Ct.)** Order setting preliminary pretrial to 8/14/02 at 10:30 a.m.; notice sent to client. .25 hrs.

6/6/02    **Cook vs. Norwood et al. (U.S. Dist. Ct.).** Letter from James Brockman requesting copies of medical reports and expert reports and enclosing medical releases for client to sign. .25 hrs.

6/7/02    **Dennis Cook.** Copy of 5/31/02 letter to Dennis Cook from Group Health

Associates. .25 hrs.

6/10/02    Letter to Brockman reference Cook signing medical releases and there is
no problem with Cook signing the medical release but I cannot return it to
him until a protective order is in place; sent by regular mail and fax to
Brockman; telephoned Cook and advised him to make sure he is coming
in this evening to get the medical release signed; worried about signing
release but instructed him he must sign and I will release only when the
protective order is in place; if the release is not signed and there is an
issue concerning refusal to cooperate in discovery Judge Weber is going
to be less than happy since most of the judges hate discovery disputes
and want the parties to resolve the matter; a protective order is
reasonable prior to release of the medical release and places Cook in the
best position if the Defendants start a discovery fight or file a motion with
the Court. .50 hrs.

6/11/02    Obtain copy of transcript of Perkins vs. Norwood trial transcript for Cook
case; pick up at office.  paid $329.25.  1.0 hrs.

6/17/02    **Cook vs. Norwood (U.S. Dist. Ct.)**  Letter from James Brockman with
protective order. .25 hrs.

6/17/02    **Dennis Cook.**  Copy of PERS's 2nd request of statement of employment
and earnings after receipt of a disability benefit sent to Dennis Cook. .25
hrs.

O.A.- PERS

6/18/02    Letter to Brockman with copy of the signed protective order concerning
medical records issue; reviewed with client and advised him it will be
signed and returned and the medical releases sent to opposing counsel
when the order is filed and signed by Judge Weber; explained to client the
opposing side is entitled to the medical records and any refusal to provide
the records could result in the dismissal of his claim.  1.25 hrs.

6/19/02    **Dennis Cook vs. Norwood.**  Fax from Michael Brookshire & Associates
with information guidesheet; meeting with Cook to complete the
guidesheet and  need to return to Brookshire the completed document for
the completion of his report; reviewed with Cook all information requested
and obtain answers to the form.  Continue to work with Cook on final
document to be returned to Brookshire; need all information to be
accurate as opposing side is going to pick apart any errors so make sure it
is accurate and reviewed with Cook prior to returning the final document.
8.75 hrs. 22 copies.  Fed Ex. charge $12.50.

6/20/02    Letter to Calderon (Cook's therapist) requesting a medical report for

6

submission prior to the deadline; explained to Cook she may not testify as there is an issue of costs which must be considered and every doctor, nurse and therapist who treated him from the start of this process cannot be brought in as a witness as the expense is going to be high and need to focus on witnesses who will get to the issue and benefit the case with the least expense; will request the report but I do not anticipate she will testify. 1.75 hrs.

6/20/02    Letter to Dr. Helm requesting an updated medical report; copy of his CV and other documentation to comply with court order concerning experts; Helm will provide opinion concerning the issue; discussed with client the need to have Helm testify because he is the individual who treated him; Parsons is a psychologist and it is necessary to have Helm testify in the event medications become an issue; the psychologists can testify but the contacts are isolated compared to the larger picture Dr. Helm can provide; explained the foregoing to client and he approves. Letter to Calderon (therapist) concerning request for report of her contacts with Cook; her credentials are not as great as Helm and information she possesses is in the possession of Helm; much of information will be redundant and there is a finite amount of money available to proceed with the case and there is no need to waste precious resources unless it will prove crucial to his case; Cook wants a report from her and if it is not used he can deal with the situation. Additional letters for medical requests sent to Drs. Pembauer, Parsons, and Sumida. Letter to Dr. Brookshire, via fax and mail for an economic report concerning lost income. All letters reviewed with client and explained that he needs to proceed with Helm, Parsons and Brookshire at a minimum for trial. Client signed all medical releases and indicates agreement to obtain medical reports  5.50 hrs.

6/21/02    **Cook v. Norwood (U.S. Dist. Ct.).** Letter from Steven Martin with Answer of defendant Gary Hubbard; copy to client; read and review. .50 hrs.

6/25/02    Meeting with Cook and he needs to meet with Parson's on this date for Parson's to update his report; able to get Parson's to place him in an open slot for evaluation and review of medical records, work history to determine ability to work; meet with him and answer questions to best of his ability.  1.75 hrs.

6/26/02    **Cook vs. Norwood (U.S. Dist.).** Letter from James Brockman with agreed protective order; notice from court.  .25 hrs.

6/26/02    Telephone call to Parsons to obtain information requested by Brookshire's office concerning Cook's ability to engage in gainful employment; telephone call to Cook to meet with me to review Parson's report and

7

prepare to send to Brookshire. 2.25 hrs.

6/26/02    **Cook vs. Norwood.** Letter from Lawrence Barbiere. .25 hrs.

6/27/02    Fax to Brookshire's office with additional information concerning vocational report prepared by Dr. Parsons per their request. .25 hrs.

6/28/02    Obtained Helm's report for submission to opposing party along with his CV; reviewed with Cook and provided him with a copy of the report. 1.75 hrs. Copies 23.

6/30/02    Pick up report from Calderon concerning therapy provided to Cook and records attached; provided a copy to Cook and met with him to review report submitted. 2.25 hrs. 39 pages.

*Excessive*

7/1/02    **Cook vs. Norwood (U.S. Dist. Ct.).** Agreed protective order. .25 hrs.

7/1/02    Fax from Brookshire's office concerning previous testimonies which are required for the disclosure of experts set by the Judge; reviewed testimonies and Brockman was a defense attorney in cases cited by Brookshire and Schroeder with Maundrell and Barbiere was also a defense attorney in cases where Brookshire testified; meeting with Cook to review prior testimonies of Brookshire, expert opinions prepared and sent and the case is up to date with information required to be disclosed by this date. 2.25 hrs.

7/1/02    Multiple faxes to Maritn, Brockman, Dixon and Barbiere concerning expert reports received on case from Dr. Brookshire, Dr. Helm and Ms. Calderon; sent pursuant to court order; fax to Dixon interrupted and could not be resent as fax machine at Dixon's office would not accept fax and drove to Troy, Ohio to hand deliver Helm and Calderon reports in compliance with Court order concerning discovery; cover letter to Dixon after his fax machine shut down with copies of Helm and Calderon reports. Mileage 140 miles round trip.    3.75 hrs for transmission of expert reports and 2.5 hours drive time to deliver reports to Dixon's office. 6.25 hrs.

*Excessive*

7/1/02    **Cook vs. Norwood (U.S. Dist. Ct.)** Letter from James Brockman ref. Cook's medical records being forwarded to their insurance representative. .25 hrs.

7/1/02    **Cook vs. Norwood (U.S. Dist.Ct.).** Received invoice from Brookshire and Associates for $1,768.00 along with economic analysis. .25 hrs.

7/2/02    **Dennis Cook (PERS).** Copy of 6/26/02 letter to Dennis Cook from PERS.

*D.A. - PERS*

8

.25 hrs.

7/2/02      Fax from Barbiere concerning Cook's treatment with Marzella and he
            wants to know if Cook was treated by Marzella; Marzella is the
            psychologist from Columbus that Hubbard sent Cook to for a bogus
            psychological examination; Faxed response to Barbiere letter dated
            7/2/02 concerning information on Cook visit to Marzella.      .25 hrs.

*Excessive*

7/3/02      **Cook vs. Norwood (U.S. Dist. Ct.).** Letter from L. Barbiere.  .25 hrs.

7/8/02      Letter to Brockman with medical releases signed by Cook as the result of
            the protective order; releases sent pursuant to agreement to forward
            copies of medical records to my office received by Brockman. .25 hrs.

7/9/02      Legal research on failure to train managers reference Mathis vs. Phillips
            Chevrolet.  1.0 hrs.

*L.R. - other claims*

7/11/02     Received letter from PERS concerning medical reports submitted for
            Cook's evaluations by PERS related to his disability.  .50 hrs.36 copies.

*O.A. - PERS*

7/12/02     Prepare and file with court notice of disclosure of expert witnesses.  1.25
            hrs.  6 copies.

7/15/02     **Dennis Cook.** Invoice from Dr. Parsons for $255.00.

7/15/02     Letter to opposing counsel with copy of notice of disclosure of expert
            witnesses. .25 hrs.  12 copies.

7/17/02     **Dennis Cook.** Letter from PERS with medical reports enclosed; read and
            review documents.  1.50 hrs.

*O. A. - PERS*

7/17/02     Payment to Parson's for expert report dated 6/26/02 and meeting with
            Cook on 6/25/02. $255.00.  .25 hrs.

7/18/02     Letter to opposing counsel with receipts for Brookshire and Parson reports
            expert reports. .50 hrs.  12 copies

7/24/02     **Cook vs. AFSCME.** Letter from Sean Grayson with Defendant
            AFSCME's motion for consolidation of Cook vs. Norwood and Union case.
            .25 hrs.

*O.A. - AFSCME*

7/26/02     **Cook vs. AFSCME & Cook vs. Norwood.** Motion for Consolidation of
            both cases received from Sean Grayson. .25 hrs.

*O.A. - AFSCME*

9

7/28/02        Notice from Dixon that he does not object to consolidation of case with
               AFSCME case. .25 hrs.

*O.A.- AFSCME*

8/7/02         Dixon letter reference disclosure of expert witnesses. .25 hrs.

8/14/02        Attendance at preliminary pretrial conference before Judge Weber; Cook
               was present; discussed Judge's rules and generally that he is going to
               control what occurs in his courtroom and he will not permit anyone to
               attempt to usurp his authority or take over his courtroom or the litigation in
               any manner; instructed to schedule deposition of Cook without delay and

*O.A.- AFSCME* dates picked in the meeting. Judge is not enthused about the
               consolidation of AFSCME and City case and he will not grant the motion
               to consolidate. 2.25 hrs.

8/16/02        Fax from Barbiere concerning the location of Cook's deposition and I don't
               care where it is held. .25 hrs.

8/17/02        Scheduling order received from Court and Order instructing certain pretrial
               and trial procedures; read and review and make sure Dee reads; copy
               sent to Cook for review. 1.25 hrs.

8/23/02        Legal research on issue of front pay Pollard v. DuPont, Raygor vs. Univ.
               Minn.,Swierkiewicz v. Sorema, O'Connor v. Consolidated, Reeves v.
               Sanderson, Landgraf v. USI.        6.5 hrs.

8/25/02        Letter from Barbiere with notice of deposition for Cook and forwarded a
               copy to client to notify of the date and time. .25 hrs.

8/26/02        Payment to Brookshire for expert report $1,768.00.

8/27/02        Letter from Barbiere concerning his availability for depositions on October
               10th and 11th; public records request for Perkins and Jones settlement and

*Other clients* the settlements are public records. .25 hrs

8/27/02        Prepare Rule 26 submission to the clerk. 2.75 hrs.

8/27/02        Barbiere letter concerning state court proceedings and interrelationship
               with federal proceedings.        .25hrs.

8/28/02        File Rule 26 submission with the clerk and copy sent to all other counsel.
               1.25 hrs. 68 copies

*excessive*

8/28/02        Fax from Barbiere concerning Rule 26 disclosures from Norwood. .50 hrs.

8/29/02        Letter from Barbiere concerning discovery requests; reviewed the

10

requests and forwarded a copy to Cook for him to answer to the best of his ability as soon as possible; told Cook whatever comes in has to go back to them as soon as possible because they are going to attempt to bury us in paperwork with five attorneys; need to stay on top of these discovery requests and other matters brought to our attention right away. 1.25 hrs.

8/29/02     Prepare and submit discovery requests (interrogatories and request for production of documents to opposing party; extensive meeting with client to finalize discovery requests.  12.25 hrs.  334 copies

8/29/02     Letter to opposing counsel via fax to set the depositions for Hochbein, Hubbard and Cross for October. .50 hrs.

8/29/02     Letter to Cook reference deposition date for his deposition and that it will be a video deposition. .25 hrs.

8/30/02     On line research concerning discrimination and issue of available web sites to obtain most recent information concerning cases and experts. 1.25 hrs.

8/30/02     Fax from Dixon reference Hochbbein available for deposition on 10/8/02 or 10/11/02.  25 hrs.

9/4/02      Letter to opposing counsel with copies of medical reports from PERS. 50 hrs. 52 copies

9/6/02      Letter from Dixon with Hochbein's disclosures; same as the others for the most part. .25 hrs.

9/18/02     Legal research reference review of Wallace v. Ohio Dept. Of Commerce. 1.75 hrs.

L.R.- Otherclaims

9/19/02     Letter to opposing counsel with notice of deposition for Hochbein for October 8, 2002 at 9:00 a.m. at my office. .50 hrs.  12 copies

9/20/02     Fax from Maundrell concerning EEOC charges filed by Cook; copy to client. .25 hrs.

9/21/02     Scan in interrogatories from the City of Norwood and preparation of responses by client; meeting with client to discuss answers to interrogatories and obtain information for his responses; discussed with client the need to return the responses timely to opposing counsel as it is anticipated additional filings will be submitted to attempt to inundate us with paperwork and there is a need to stay current with responses and all

11

court deadlines or it could affect his case and if opposing counsel starts complaining to the court it will be a problem that may result in dismissal of the case for failure to comply with rules governing trials in federal court; explained to client federal court is different than municipal court or mayor's court and when deadlines are set or the judge sets a time line, normally the judge means exactly as he says and there are drastic consequences for failure to comply.  4.25 hrs.

9/22/02    Meeting with client to prepare for deposition with opposing counsel; reviewed what occurred at City of Norwood and discussed with him the necessity to testify truthfully to facts he knows and what he experienced; if there are issues which he is unclear or can't remember simply state it and review records presented by opposing counsel in detail; explained to client that opposing side is going to attempt to aggravate him concerning the issues and he needs to remain calm and do not get upset at any point as he is required to testify; failure to attend or to respond to questions will present problems which may result in the dismissal of his case; they will attempt to confuse you and simply make sure the answers given are truthful based on your recollection; reviewed complaint with client and events which occurred during the past four years; explained to him the City is going to attempt to get out of this case anyway it can and it is not concerned with his health or well being; the insurance company is in charge of the case and likely wants to prove a point after paying on Jones and Perkins case; explained to him the insurance company had information in its possession concerning what was going on in Norwood and did nothing and there is no reason to expect its position to change; this is a business decision for the insurance company and it doesn't care one way or the other what occurs to you or your family as it is simply interested in not paying any money and will pay five attorneys to fight the case prior to offering you any money; this is going to be a difficult process but it will end and regardless of the outcome the facts will eventually be aired in court; if there is a problem with testifying or you need a break, request it and it should be granted and if not we will deal with the situation; indicates he is ok to testify.  9.25 hrs.

*Soothing*

9/25/02    On line research of Schroeder Maundrell web site. .25 hrs.

9/25/02    Attendance at Cook's deposition set pursuant to Judge Weber's instruction and Maundrell conducted the examination; not interested in the facts and what occurred but more focused on Cook's mental condition; obvious Cook has some problems which should not be a shock to anyone but the real issue is Maundrell appears to be attempting to prove Cook has a mental condition which is obvious from the records already made available; working Cook over pretty good and attempting to aggravate him but Cook is doing well; met with Cook in preparation for the next day's

12

deposition and needs to just stay focused on the questions and the documents presented and provide an answer to the questions; extremely nervous.  10.75 hrs.

9/25/02    Received hand delivered copies of the coverage documents from Barbiere pursuant to Rule 26; reviewed documents and need to discuss with Cook. 3.25 hrs.

9/26/02    Attendance for the second day of Cook's deposition and more of the same; Maundrell asking all the questions and merely attempting to hammer Cook about the letters he received from Hubbard; probably would be beneficial in most cases but the bottom line is Hubbard is a liar and Norwood knows it since they fired him for his foul mouth and what he did to Perkins, Jones and Cook; obvious the insurance company is not going to pay anything as Maundrell advised me that is the position of the insurance company; wants to take Cook's deposition for additional days and I told him and the other attorneys that is not going to occur since the past two days were a waste of time; not interested in getting to the facts of the case but more interested in attempting to drive Cook over the edge; deposition completed and reviewed with Cook.  9.25 hrs.

9/27/02    Reviewed with Cook the insurance documents and explained to him the best manner possible concerning the documents and the coverage available.  2.75 hrs.

9/29/02    Provide documents to client to review as the result of discovery and reviewed 200 pages of discovery with client; need to pick up the pace since there are more than 10,000 documents and need to proceed at a quicker pace to get through the documents.  6.0 hrs.

9/30/02    Met with Cook to review answers to Norwood's interrogatories and obtain his signature on the interrogatories; satisfied with his responses to the interrogatories and signature obtained; hand delivered to Barbiere's office; Maundrell calling and complaining about the interrogatories and advised him they are being delivered to his office as the date they are due is today.  7.75 hrs.

*excessive*

9/30/02    Fax to Barbiere concerning his request for tapes of Cook during the period he was employed at Norwood and the tapes will be delivered to Litigation Support System for copying.  .25 hrs.

Fax to Barbiere concerning Maundrell advising me Norwood is not going to settle Cook's case and there is no need to discuss settlement or attempt to work on settlement when Maundrell is making it clear settlement will not occur; Maundrell advises no settlement and Barbiere

mentions settlement and it is simply a run around and a waste of time. .25 hrs.

9/30/02    Letter to opposing counsel cancelling Hochbein's deposition due to a conflict in my schedule. No charge

10/1/02    Letter to Barbiere with completed first set of discovery responses. .25 hrs.

10/2/02    Letter from Barbiere with second set of discovery requests to be completed by Cook; copy made and sent to Cook. .25 hrs.

10/2/02    Letter from Barbiere concerning amended answer filed by Norwood; review answer for comparison to original answer filed; copy sent to Cook. 1.25 hrs.

10/2/02    Barbiere fax that second set of discovery requests may be incomplete so he faxes another; read and send to Cook. .25 hrs.

10/2/02    Barbiere fax with discovery responses; essentially they didn't answer anything which is not a surprise; relying on documents produced in Perkins case as the bulk of the discovery in this case. .75 hrs.

10/3/02    Letter from Maundrell concerning settlement agreement dated July 12, 1996 supplementing disclosures; copy to Cook; advised Cook they are taking turns sending letters and you can see the process is going to be non stop with paperwork. .50 hrs.

10/3/02    Fax to opposing counsel that Rick Grubb with Litigation Support Systems has in his possession the audio tapes and the VHS tapes requested and they can be copied by LSS. .25 hrs.

10/6/02    Letter from Barbiere that Maundrell is now trial counsel of record and copy of document filed with the Clerk sent to me; forward to Cook. .25 hrs.

10/6/02    Letter from Maundrell wanting to see exhibits produced in Jones, Perkins and Cook cases; copied and sent to client. .25 hrs.

10/6/02    Letter from Maundrell wanting the tape of Hubbard and Cross permitting city workers to drive city trucks and equipment to the Moose for lunch during the periods the employees were not clocking in and out for lunch while Cook was required; copy to Cook. .25 hrs.

10/8/02    Legal research concerning issues of statute of limitations as it pertains to 1983, 1985 and 1986 actions; read Martin v. Voinovich, 840 FSupp 1175 (S.D.), Ruff v. Runyon, 258 F3d 498 (6th Cir.), 2001 case, Plaintiffs in

L.R. - §§ 1983, F85, 1986

14

constitutional tort action knew of their injury only when drug charges
against them were dismissed; therefore, the two-year statute of limitations
did not begin to run until then, application since Cook was not aware of
Lacinak's actions until his testimony in federal court before Dlott in June
1981 how was he supposed to know Hubbard and Cross were lying about
the issue of the street sweeper and the disciplinary actions involved and
instructing individuals to lie at SERB and disciplinary hearings; Harris v.
Muchnicki, 932 FSupp 192 (N.D.), 1996 case, claims under § 1983
accrued when a party discovered that he had a cause of action; Wohl v.
Cleveland Bd. of Educ., 741 FSupp 688 (N.D.), 1990 case, 42 USC §
1983 action is two years by statute but it begins to run when the plaintiff
knows or has reason to know of the injury which is the basis of his action;
Ott v. Midland-Ross Corp., 600 F2d 24 (6th Cir.), 1979 case, deals with
misrepresentation by an employer and it is similar to fraud and the
concealment by Hubbard, Cross and Norwood concerning the
concealment of advising employees to lie and discovery at Cook's trial.
5.25 hrs.

10/8/02        Letter to opposing counsel that all documents are available at my office
               for viewing and merely contact me to arrange a time and the documents
               will be available. .25 hrs.

10/8/02        Letter to Maundrell reference him complaining about the location of the
               audio tapes and all the tapes are at LSS and available for inspection,
               copying or whatever use he needs; copy to all counsel. .50 hrs.  4 copies.

10/8/02        Letter to Barbiere reference his letter about discovery; Maundrell and
               Barbiere are taking turns sending letters and responses will be sent to
               discovery when required. .25 hrs.  5 copies

10/8/02        Letter to Barbiere, copy to all counsel, reference the discovery responses
               by Norwood; responses are one objection after the next; no documents
               sent; relying on what Hall sent; disks not sent although they are in his
               possession according to Hall so it now becomes a game to get documents
               from the City of Norwood; to be expected since it is the way Norwood
               operates. 1.25 hrs.  8 copies

10/8/02        Legal research and reviewed Reeves v. Sanderson, National v. Morgan,
               Supreme Court case concerning discrimination. 2.25 hrs.

L.R.-age+race
discrimination
10/9/02        Letter to Barbiere, copy to all counsel, with responses to Norwood's
               second request for production of documents. 1.50 hrs.  24 copies.

10/10/02       Another letter from Barbiere that Maundrell is now trial counsel of record
               and copy of document filed with the Clerk sent to me; this is the same

document he sent less than a week ago but the cover letter is dated 8/23/02 and the service date on the notice is 10/8/02; not going to get in to a paper war with them; forward to Cook. .25 hrs.

10/10/02     Fax from Barbiere wanting a copy of the Erwin videotape; second request in less than seven days; tape will be delivered to Litigation Support for copying; already sent a letter responding to the first request for the tapes and now a second; copy to client. .50 hrs.

10/14/02     Lacinak called to advise Maundrell contacted him about testifying in a case involving Norwood where an individual had his eye injured or put out and during the discussion about that case Cook's case was mentioned and Maundrell advised Lacinak that Cook was being picked on at Norwood. .50 hrs.

10/15/02     Fax to Barbiere concerning Cook availability for examination by Marzella on any date any date except October 17, 18, 26 or 29, 2002; told him to contact me if he has any questions and to confirm date and provide directions to his office. .25 hrs.

10/19/02     On line research of City of Norwood web site. .25 hrs.

10/20/02     Fax to Maundrell concerning examining documents at my office; sent him a prior fax telling him to make arrangements to view documents with Dixon, Martin and Brockman and I will be available at a mutually convenient time. .25hrs.

10/20/02     Letter to Barbiere, Brockman, Dixon and Martin notifying them the case of Cook vs. AFSCME was settled; notice sent per Rule 26. .25 hrs.

10/20/02     Letter to Brockman concerning discovery requests which were not answered and request to answer them as soon as possible; first attempt to resolve issue without intervention of court. .25 hrs.

10/20/02     Letter to Martin concerning public records request prepared and sent to the Hamilton County Clerk of Courts concerning Hubbard's employment. .25 hrs.

10/20/02     Letter to Dixon concerning discovery requests which were not answered and request to answer them as soon as possible; first attempt to resolve issue without intervention of court. .25 hrs.

10/20/02     Letter to Brockman concerning public records request prepared and sent to the Princeton School District concerning Cross' employment. .25 hrs.

16

10/20/02    Letter to Hamilton County Clerk of Courts, James Cissell, requesting information concerning employment of Hubbard concerning application, personnel file, letters or other writings from opposing attorneys, job description; telephone call to Clerks office to determine procedure to obtain records and instructed to send a letter requesting the information. .50 hrs.

10/20/02    Letter to Princeton School District, Dr. Michelle Means-Walker, requesting information concerning employment of Cross concerning application, personnel file, letters or other writings from opposing attorneys, job description; telephone call to Princeton School District to determine who is in charge of records for the district and procedure for obtaining the records. .50 hrs.

10/21/02    Fax to Maundrell and Barbiere concerning requests to inspect or copy diskettes downloaded from Hochbein's computer; no response to letters dated 10/1/02 and 10/8/02 concerning the issue; diskettes are in all likelihood of little value since they were altered after Judge Spiegel instructed Wall not to permit anything to be removed from the computer and Hochbein's secretary deleted items; explained to Cook it doesn't matter whether it is a federal judge or a state agency the City of Norwood, Hubbard, Hochbein and Cross do as they please and will make up some excuse to cover their tracks; there is no reason for the delay in providing the information since Maundrell was upset his discovery requests were according to him one day late; extensive meeting with Cook concerning the state of his case and the need for him to review documents and continue to stay focused on the facts of his case. 1.75 hrs.

10/22/02    Legal research concerning Truitt v. Wayne reference dismissal of complaint and its application to Cook's case; 90 days is 90 days for the filing of complaint and Cook is within time; Rivers v. Barberton. 1.75 hrs.

*L.R.- Statute of limitations*

10/22/02    Fax from Barbiere that he will meet me at City Hall at a mutually convenient time to review records and diskettes; copy to client. .25 hrs.

10/25/02    Letter from Barbiere no independent medical evaluation of Cook by Marzella; copy to client. .25 hrs.

10/25/02    Letter to client reference invoices from Litigation Support for depositions of Dennis Cook. .25 hrs.

10/27/02    Legal research on statute of limitations issue and read and reviewed Burgh v. Borough Council, Howlett v. Holiday Inn, Downes v. VW and Henderson v. AT&T. 5.25 hrs.

*L.R.- S of l*

17

10/28/02    Find out this date Parson's is no longer licensed as a psychologist and therefore his testimony maybe inadmissible; need to determine who is available to evaluate Cook and what can be done at this late date concerning a psychologist to testify; telephone calls to determine who is available and Bruce Growick's name was mentioned; made phone call to Growick but the time to disclose experts for the Plaintiff has passed; meeting with Cook to discuss the problem with Parson's and cutoff date for experts has passed; maybe able to use Growick for rebuttal and if that is a problem can still use Parson's for the vocational and rely on Helm for the psychiatric since he is disclosed; call to State Board of Psychology to get any records concerning Parsons and his suspension. 3.25 hrs.

10/29/02    Letter from Martin about VHS tapes; more complaints about the tapes and advised all counsel by letter that whatever tapes, audio or VHS, in my possession were delivered to LLS as represented in earlier correspondence. .25 hrs.

10/30/02    Letter to Litigation Support Systems with Cook's errata sheets to his deposition in Cook vs. Norwood; sent payment for $1,293.10 for the cost of transcripts in his case and payment of recent invoice in full. .25 hrs. Paid $1,293.10.

10/30/02    Letter from Dixon that he is working on discovery requests from Hochbein and hopes to produce them in the next week. .25 hrs.

10/30/02    Fax from Barbiere reference Norwood's designation of expert witnesses; read and review; copy to Cook. .25 hrs.

10/31/02    Letter to Brockman (copies to all other counsel) of records received from the Princeton School District concerning Cross. .25 hrs. 132 copies.

10/31/02    Letter to Martin (copies to all other counsel) of records received from the Hamilton County Clerk of Courts concerning Hubbard. .25 hrs.

10/31/02    Records received from the State Board of Psychology concerning Parsons and reviewed and advised client of the contents of the information received and discussed how to proceed from here. 2.25 hrs.

11/1/02    Another fax from Barbiere with Norwood's designation of experts; read and review and forward a copy to Cook. 1.25 hours.

11/4/02    Check to Princeton School District for copies.  $3.55

11/5/02    Meeting with Cook to review all medicines he is currently taking, the physician prescribing the medicine and the reason the medicine is being

Soothing

18

provided; the issue appears to amuse opposing counsel concerning the medication he is taking so he needs to take medicines as prescribed by his physicians and follow all physicians orders to the letter; if medicine is prescribed or treatment plans are suggested by the doctors follow the recommendations; it does not matter what anyone who is not a physician thinks or believes concerning the medications he is taking as the attorneys on the other side of the case are not doctors; discussed with him the need to continue to review documents and I will also continue to review all documents. 4.75 hrs.

| | |
|---|---|
| 11/6/02 | Fax from Barbiere that doucments are available in Norwood starting 11/12/02 for viewing by me and Cook; copy to Cook. .25 hrs. |
| 11/7/02 | Letter to Martin the VHS tapes are at Litigation Support; this is an endless stream of letters being sent because they are all requesting the tapes and I notified them all weeks ago I delivered the tapes to Litigation Support but one sends a letter and more follow. .25 hrs. |
| 11/11/02 | Fax to Barbiere that I will be at the Auditor's office on 11/12/02 at 9:00 a.m. to inspect the records. .25 hrs. |
| 11/12/02 | Arrive at the Auditor's office for inspection of records and documents are voluminous and it is easier to designate to copy documents and return copies to me than spend five or more days examining the records. 3.25 hrs. |
| 11/13/02 assembled. | Letter from Dixon reference Hochbein discovery and it is being<br><br>.25 hrs. |
| 11/21/02 | Letter to Dixon that discovery requests have been outstanding for more than two and one half months and I need a response or I will have to file a motion to compel. .25 hrs. |
| 11/22/02 | Letter to client with copy of Brockman's 11/8/02 letter with defendants' second supplemental designation of expert witness. .25 hrs. |
| 12/1/02 | Review documents from Norwood with client; take 500 pages at a time; meet with client and he needs to go over the documents at the same time. 5.75 hrs.  674 copies. |
| 12/2/02 | Letter to opposing counsel reference the issue of designating Growick as a rebuttal expert witness. .25 hrs.  36 copies. |
| 12/2/02 | Fax to Growick concerning possibly retaining him as an expert on Cook's |

case; Parsons' license was pulled by the psychology board some time ago and issue only recently uncovered as Parsons did not notify me; expert deadline has come and gone and it is extremely unlikely the Court will permit a change or substitution since the Defendants disclosed their experts and it will push the case back even further; discussed with client the continuing problem with Parsons so he understands Parsons can only be used as a vocational expert because the Defendants are probably aware of the situation with Parsons since they do a lot of defense work; will use Helm for expert on the causation factor and it is a good thing he was disclosed as an expert.  3.25 hrs.

| | |
|---|---|
| 12/2/02 | Review documents from Norwood with client; documents 675-1240.  5.25 hrs.  566 copies. |
| 12/3/02 | Review documents from Norwood with client; documents 1241-1854.  6.25 hrs.      613 copies. |
| 12/4/02 | Review documents from Norwood with client; documents 1855-2707.  5.00 hrs.  863 copies. |
| 12/4/02 | Letter to opposing counsel with notice of filing designating Growick as a rebuttal witness; file notice with the clerk designating Growick.  1.75 hrs.  12 copies. |
| 12/5/02 | Letter from Dixon with Hochbein's discovery requests; review responses and forward to client for his review.  1.50 hrs. |
| 12/6/02 | Review documents from Norwood with client; documents 2708-3645.  6.25 hrs.  918 copies. |
| 12/6/02 | Letter to client with copy of Hochbein's response to discovery requests.  .25 hrs. |
| 12/7/02 | Review documents from Norwood with client; documents 3646-4531.  5.75 hrs.  886 copies. |
| 12/8/02 | Review documents from Norwood with client; documents 4532-5601.  6.75 hrs.  1070 copies. |
| 12/9/02 | Review documents from Norwood with client; documents 5602-6843.  6.00 hrs.   1241 copies. |
| 12/10/02 | Review documents from Norwood with client; documents 6844-7925.  6.75 hrs.  1081 copies. |

12/11/02    Letter from Barbiere with invoice for documents requested to be copied at the City of Norwood for $1,224.00; copy to client. .25 hrs.

12/11/02    Review documents from Norwood with client; documents 7926-8640;
Cook
            wants to take break from examining documents and told him I will review. 4.75 hrs. 715 copies.

12/12/02    Review documents from Norwood; documents 8641-9543. 7.75 hrs. 903 copies.

12/13/02    Review documents from Norwood; documents 9544-10563.
            7.25 hrs. 1009 copies.

12/14/02    Review documents from Norwood with client; told him he needs to come up since we are on the last box and it is getting done this evening; documents 10,563-11473. 6.25 hrs. 910 copies.

Total Hours: 332.50
Hourly Rate: $225.00
Copies:     $1,660.00 (11,660 X .10)
Expenses:   $3,869.27
Charges:    $74,812.50

TOTAL AMOUNT DUE:    $80,341.77

TOTAL HOURS
L.R. - other claims - 2.75
L.R. - Statute of limitations - 7.0
L.R. - age and race discrimination - 20.75
L.R. - punitive damages - 3.25
L.R. - §§1983, 1985, 1986 - 5.25
O.A. - 8.75
excessive - 22.50
soothing - 17.75

21

Dennis J. Cook
4127 Ivanhoe Avenue
Norwood, Ohio 45212

| | |
|---|---|
| 1/10/03 | Letter to opposing counsel with additional documents submitted in response to discovery requests. .50 hrs.  4 copies |
| 1/16/03 | Letter to client reference invoice from Norwood for copies of records. .25 hrs. |
| 1/21/03 | **Cook vs. Norwood (U.S. Dist.)** Letter from L. Barbiere with notice to take deposition of Dr. David Helm on 2/28/03 at 10:30 a.m.; copy to client. 25 hrs. |
| 1/22/03 | **Cook vs. Norwood & Erwin vs. Norwood.** Letter from James Brockman ref. Bob's 1/10/03 letter and enclosures. .25 hrs. |
| 1/31/03 | **Cook vs. Norwood (U.S. Dist.).** Letter from Larry Barbiere requesting payment of $1224.00 for our third of copying charges for records from City of Norwood.  N/C. |
| 1/31/03 | Fax to Barbiere reference payment for copies of documents produced by the City of Norwood and I will forward a check for payment. Check sent for $1,224.00 for cost of copying charges for documents copied from City of Norwood; meeting with client. .50 hrs. |
| 2/2/03 | Review documents from City of Norwood reference discovery request and reviewed doucuments with client; extensive meeting in to the early hours of the morning; explained to client we must meet late in the day, after 6:00 p.m. to review the documents so there will not be any interruptions and we will work until we can no longer work and be productive; copies of documents made so we will have separate set for mark up for exhibit books.  7.75 hrs.  copies 983 @ .25. |
| 2/3/03 | Continue working on review of documents produced by the City of Norwood; continued to make copies for exhibit books; extremely taxing on Cook but the documents need to be reviewed and he is in a position to recall events.  6.75 hrs.  826 copies @ .25. |
| 2/6/03 | Fax to Dixon reference review of documents at the City of Norwood in Hochbein's possession and request for dates for Hochbein's deposition. .25 hrs. |

1