| | |
|---|---|
| 2/7/03 | **Cook vs. Norwood (U.S.Dist.).** Letter from W. McGregor Dixon that records are available for Bob's review on Tuesday, 2/11/03, at 1 p.m. .25 hrs. |
| 2/9/03 | Letter to Brockman reference no additional documents to be produced except the documents already referred to in the Erwin deposition which were already disclosed. .25 hrs. |
| 2/9/03 | Letter to client reference deposition of Helm is scheduled for 2/28/03 at 10:30 a.m. at Helm's office on Clifton Avenue; scheduled by Barbiere and if he wants to be present he is more than welcome to attend. .25 hrs. |
| 2/9/03 | Fax to Brookshire letter reference trial date is set for September 1, 2003 and he will need to be available to testify. .25 hrs. |
| 2/9/03 | Letter to Parsons notifying him of the trial date of September 1, 2003 and he will need to be present to testify. .25 hrs. |
| 2/10/03 | Fax to Dixon to confirm that I will inspect records at City Hall on 2/11/03. .25 hrs. |
| 2/11/03 | **Cook vs. Norwood (federal).** Letter from W. McGregor Dixon ref. Discovery ready on 2/11/03 at 1 p.m. at Norwood City Hall and also requesting confirmation of Joseph Hochbein's deposition set for 3/3/03 at 9 a.m. at this office. Inspect records at City Hall. 3.25 hrs. |
| 2/12/03 | Letter to Dixon and all counsel scheduling Hochbein's deposition for 3/3/03 at 9:00 a.m. .50 hrs. |
| 2/14/03 | **Cook vs. Norwood (federal).** Letter from Steven Martin's office that Gary Hubbard is on vacation and expected to return 2-19-03 and his deposition can be set at that time. .25 hrs. |
| 2/14/03 O.A. | **SERB vs. City of Norwood, et al.(1998-ULP-11-0658 & 1999-ULP-01-0039)(Dennis Cook).** Prehearing Order; Notice of Unfair Labor Practice Hearing and Prehearing Order; Complaint and Notice of Hearing. .25 hrs. |
| 2/14/03 | Letter to opposing counsel with notices of depositions for Hubbard, Cross, Kennedy, Jones and Molony. 1.50 hrs. 52 copies. |
| 2/18/03 | **Cook vs. Norwood (federal).** Letter from L. Barbiere reference getting Dr. Growick's report on Dennis Cook; read and review and sent to client; client here to discuss and there is no report for Growick since the expense and the short timeline do not permit report to be prepared. .75 hrs. |

| | |
|---|---|
| 2/24/03 | **Cook vs. Norwood et al (federal).** Letter from James Brockman that he cannot make Kevin Cross's deposition set for March 20 at 9 a.m. .25 hrs. |
| 2/27/03 | Preparation for Hochbein deposition and meeting with client; discuss with client the issue of documents to be resolved. 6.25 hrs. |
| 2/28/03 | **Dennis Cook - 1998 ULP and 1999 ULP.** Notice from SERB that they couldn't file-stamp our motion and return it because we did not send enough copies. .25 hrs. |

O. A.-U.L.P.

| | |
|---|---|
| 2/28/03 | Letter to opposing counsel via fax changing the location for Hochbein's deposition to the Quality Courts Motel. .25 hrs. |
| 2/28/03 | Prepare subpoena to METRO concerning Hubbard, subpoena for Marzella and travel to Columbus to serve BMV and Marzella with subpoenas. 5.5 hrs. |

excessive

| | |
|---|---|
| 2/28/03 | Prepare Plaintiff's 2nd Request for Production of Documents to Norwood; letter to opposing counsel; and prepared 3rd request for Production of Documents to Norwood. 3.25 hrs. |
| 3/1/03 | Letter and fax to opposing counsel with Cook's second request for production of documents. .75 hrs. 12 copies. |
| 3/3/03 | Letter to opposing counsel reference settlement within policy limits. .25 hrs. |
| 3/3/03 | Payment to Quality Courts for room rental for depositions. $250.00. |
| 3/3/03 | Attendance at Hochbein deposition. 2.50 hrs. |
| 3/3/03 | Research on the internet concerning bipolar, types of bipolar and what makes the condition worse and better; see bipolar disorder symptoms: Classic and Bipolar II. 1.25 hrs. |
| 3/3/03 | Legal research on internet conceerning failure to train and read and review Canton v. Harris. 1.50 hrs. |

L.R.-other claims

| | |
|---|---|
| 3/4/03 | **Cook vs. Norwood (fed).** Letter from L. Barbiere ref. Taking deposition of Dr. Merritt Oleski on 3/26/03; fax back to Barbiere that I am not available on the foregoing date but I am available 3/27/02 or 3/31/02. .25 hrs. |
| 3/4/03 | Letter to opposing counsel to concerning amended notice for Cross' |

3

deposition due to conflict of one or more of opposing counsel. .75 hrs. 12 copies

3/4/03    **Cook vs. Norwood (fed.).** Confirmation of Scheduling notice from Litigation Support for Kevin Cross's deposition here on 3/28/03 at 9 a.m. .25 hrs.

3/5/03    **Cook vs. Norwood (fed.)** Letter from L. Barbiere ref. Taking deposition of Dr. Merritt Oleski on 3/26/03. N/C.

3/5/03    **Cook vs. Norwood (fed.)** Letter from L. Barbiere in response to documents Bob requested be produced for depositions of Donnie Jones, Janet Kennedy and Timothy Molony; read and review and sent to client. .50 hrs.

3/5/03    **Cook vs. Norwood (fed.)** Letter from L. Barbiere with documents supplementing City of Norwood's response to our Request for Production of Documents (includes W2s for Dennis Cook, checks issued to Dr. Marzella, personnel file of Jack Cameron, Gary Hubbard, Kevin Cross and other paperwork). .75 hrs.

3/5/03    **Cook vs. Norwood (fed.)** Letter from James Brockman with medical records from Dr. Parsons, Dr. Stone, Dr. Beatty, Dr. Koppenhoffer, Dr. Bingham, Dr. Gangl, Dr. Sumida, Good Samaritan Hospital and Daum & Associates; review medical records. .75 hrs.

3/7/03    Letter to Barbiere concerning Oleski deposition and no report in my possession concerning his expected testimony. .25 hrs.

3/7/03    Letter to Barbiere cancelling Molony's deposition as the result of the production of documents; Kennedy's deposition will not be cancelled and a decision will be made at a later date concerning Donnie Jones deposition. .25 hrs.

3/10/03    Research Sixth Circuit cases concerning discrimination including the Robinson case, Kline case, Wells case and review cases cited therein concerning issues of discrimination, concept of pretextural reasons and

L.R: Otherclaims    standards or burdens of proof and necessary items/elements to establish case. 4.75 hrs.

3/11/03    **Cook vs. Norwood (fed.)** Letter from James Brockman with Joint Status Report he prepared and requesting to sign all counsels' names. .25 hrs.

3/11/03    Fax to Brockman concerning the Joint Status Report and requesting him

to make one change which is the deletion of Erwin from the individuals who were deposed. .25 hrs.

3/12/03    Fax to opposing counsel that certified copies of BMV records received but I would not remove staples without opposing counsel approval. .25 hours.

3/14/03    **Dennis Cook vs. City of Norwood.** Letter from L. Barbiere requesting that Bob send him copies of documents from BMV. .25 hrs.

3/14/03    Letter to opposing counsel concerning notice issued to Metro to obtain records and I will forward a copy when received. .75 hrs.  12 copies.

3/14/03    **Cook vs. Norwood (Fed).** Letter from James Brockman with second proposed draft of Joint Status Report. .50 hrs.

3/17/03    Letter to opposing counsel with BMV records recently received; hand delivered to all counsel. .25 hrs.  paid $63.00 for delivery of all items.

3/17/03    Letter to opposing counsel concerning notice issued to Dr. Bingham to obtain records and I will forward a copy when received. .75 hrs.  12 copies.

3/17/03    Letter to opposing counsel changing location of Kennedy and Hubbard depositions to Litigation Support Systems. .25 hrs.

3/18/03    **Cook vs. Norwood (fed.).** Letter from L. Barbiere ref. Documents to be produced for depositions; copy sent to client; documents being assembled by Norwood. .25 hrs.

3/18/03    **Cook vs. Norwood (fed.).** Letter from McGregor Dixon objecting to the use of any of the deposition of Mr. Hubbard against Mr. Hochbein because of his inability to be present. .25 hrs.

3/18/03    Preparation for deposition of Janet Kennedy with client; review payroll records, sick and vacation of employees to show Cook was treated differently than other employees and obtain benefit information; meeting with client to determine if he wanted additional areas pursued and the information which was going to be obtained from Kennedy. 4.25 hrs.

3/18/03    Fax to Barbiere requesting copies of payroll analysis prepared by Kennedy for 1997, 1998, 1999, 2000, 2001, 2002 and 2003, copies of the vacation calendars maintained by Norwood Public Works for the years 1997, 1998, 1999, 2000, 2001, 2002 and 2003, and documents for the health insurance for the City of Norwood employees. .50 hrs.

3/18/03    Additional fax to Barbiere requesting invoices for Marzella and requisitions. .25 hrs.

3/18/03    Fax to Dixon reference his request to continue Hubbard's deposition because he has a conflict; ok to continue if he gets agreement from all other counsel as to the new date and provided him with date when I can make it. .25hrs.

3/19/03    **Cook vs. Norwood (fed).** Letter from James Brockman with time stamped copy of Joint Status Report. .25 hrs.

3/20/03    **Cook vs. Norwood (fed).** Letter from W. McGregor Dixon availability for deposition dates. .25 hrs.

3/20/03    **Cook vs. Norwood (fed.).** Copy of transcript of Joseph Hochbein taken on 3/3/03; review transcript. 2.25 hrs.

3/21/03    **Cook vs. Norwood (fed).** Letter from L. Barbiere with notice of deposition of Dr. Merritt Oleski for 3/27/03 at 10 a.m. at the doctor's office; copy to client. .25 hrs.

3/21/03    Fax to Barbiere reference my objection to the deposition of Oleski. 25 hrs.

3/24/03    **Cook vs. Norwood (fed).** Invoice from Litigation Support Services for $382.10 for Joseph Hochbein's transcript and court reporter's attendance at deposition.

3/24/03    **Cook vs. Norwood (fed).** Letter from L. Barbiere ref. Dr. Oleski; no report but an earlier report to Workers' Compensation; copy to Cook. .25 hrs.

3/25/03    Letter to Barbiere requesting W-2 forms and health insurance and dental plan payments for Local 914 members. .25 hrs.

3/27/03    Fax to Martin reference Dixon still in trial in federal court and need to reschedule depositions for Cross and Hubbard to March 31, 2003 and want his consent to change date. .25 hrs.

3/28/03    Fax confirmation from Litigation Support reference Cross and Hubbard depositions for 3/31/03. .25 hrs.

3/28/03    **Cook vs. Norwood (fed).** Letter from W. McGregor Dixon reference his conflict in depositions since he is in trial. .25 hrs.

6

3/28/03    Fax to opposing counsel changing deposition dates for Hubbard and
           Cross due to conflict of opposing counsel. .25 hrs.

3/31/03    **Cook vs. Norwood (fed).** Letter from Linda Collier at METRO with
           information left out of original records sent to us; review additional
           records. .50 hrs.

3/31/03    Letter to opposing counsel with amended answers to discovery for
           Hochbein;  Meeting with client to amend answers to interrogatories for
           City of Norwood based on discovery provided since signing the original
           answers and to prevent any claim the answers were not truthful; disclosed
           additional medical providers; update answers to Hochbein's discovery
           requests consistent with information obtained during the course of
           discovery already provided to the other side and new information received
           immediately prior to amendment from people associated with Norwood or
           previously involved with Hochbein concerning what was going on in
           Norwood and treatment of Cook.  4.75 hrs.  60 copies.

3/31/03    Fax to Barbiere reference the vacation calenders delivered to the office
           are for 2002 and 2003 and not 1998 through 2001 as requested. .50 hrs.

4/2/03     Letter to client with copy of invoice from Litigation Support for Hochbein's
           deposition in sum of $382.10.  25 hrs.

4/3/03     **Cook vs. Norwood (fed).** Letter from L. Barbiere with documents
           regarding the health insurance and dental plans for City of Norwood
           pursuant to deposition notice of Tim Molony and stating that additional
           documents are being retrieved from storage and that copies of the W-2
           forms for members of Local 914 will be made available for inspection;
           review records.  1.0 hrs.

4/3/03     **Cook vs. Norwood (fed).** Letter from L. Barbiere with Norwood's
           responses to plaintiff's 2nd and 3rd request for production of documents.
           .25 hrs.

4/4/03     **Cook vs. Norwood (fed).** Letter from L. Barbiere asking that Bob
           withdraw 9 new witnesses he listed or in alternative extending discovery
           cutoff date and trial date; meet with client and the witnesses are not being
           withdrawn; defendants know exactly what they did and concealed it and
           there is no need to remove the names; witnesses only recently came to
           light and opposing side has a duty to disclose them but did not. 1.25 hrs.

4/4/03     Meeting with client to further amend (3rd) answers to Hochbein's discovery
           requests as it relates to question 15 concerning witnesses; the whole

situation is becoming rather complex with information received from Andler concerning contacts from Dixon when he interviewed her; recent information received from Andler concerning the 8/14/98 letter; Andler will talk at the present time because Hochbein is leaving office, Hubbard is gone and Cross is gone; refused to discuss the matter or disclose any information prior to this date; explained to Cook they all have been lying from the start and now the information is coming out when the other employees no longer have to deal with Hochbein, Cross and Hubbard. 5.25 hrs.

4/7/03      **Dennis Cook vs. Norwood (fed).** Letter from James Brockman's office with more records from Dr. Helm's office; review additional records. 1.25 hrs.

4/8/03      **Cook vs. Norwood (fed).** Letter from W. McGregor Dixon ref. Disclosure on Bob's latest witness. .25 hrs.

4/8/03      Telephone conference with Norwood Police and finally able to obtain the name of the individual interviewed by Hochbein and Hubbard for the position of safety director of Norwood in 2000 and his name is Victor Harris; name could not be obtained prior to this date as I attempted to obtain the information in discovery and it was not disclosed; letter to opposing counsel to add Harris' name to the witness list. 1.25 hrs. 8 copies

4/9/03      Letter to opposing counsel resending the statement of Harris because Dixon's copy was not legible. .50 hrs.

4/9/03      **Cook vs. Norwood (fed).** Letter from L. Barbiere with documents from Dr. Marzella's files and with additional job descriptions for positions within the Public Works Department. .50 hrs.

4/10/03     **Cook vs. Norwood (fed).** Letter from L. Barbiere with Motion to Strike Witnesses or in the alternative for continuance; read and review motion; meeting with client and explained the issue is pretty simple- the defendants knew about these witnesses, I tried to find Victor Harris through Norwood and met a roadblock and the police were unable to provide information and I finally got the information on his name and location, Andler only recently came forward and told me about her meeting with Dixon and what he said; it is a cesspool when you deal with Norwood. 2.75 hrs.

4/11/03     Fax to Barbiere concerning his letter dated April 7, 2003 concerning the subpoena issued to Dr. Marzella and the documents are not responsive to

8

the request issued to Dr. Marzella as the items requested to be produced were not "files ...relating to the 1998 visit" but rather all correspondence received or sent concerning any evaluation or request for evaluation from the City of Norwood, Kevin Cross, Gary Hubbard, Joseph Hochbein, their attorneys, agents or representatives. In addition I requested the complete file maintained by the office of Nick Marzella, Ph.D. for Dennis Cook. The documents you sent are not responsive and I want to examine the entire file and not selected portions. .25 hrs

4/13/03    **Cook vs. Norwood (fed).** Letter from James Brockman with amended notice of deposition of Dr. David Helm for 4/25/03 at 9:30 a.m. .25 hrs.

4/15/03    **Cook vs. Norwood (fed).** Received from Litigation Support Services a copy of Gary Hubbard's deposition taken on 3/31/03; review Hubbard deposition. 2.75 hrs.

4/15/03    Letter to Martin and copy to opposing counsel concerning additional documents received from Metro on Hubbard; medical records and they were sent to Martin and he can distribute them to remaining counsel as I do not have a release permitting me to release them to opposing counsel. .50 hrs.

4/15/03    **Cook vs. Norwood (fed).** Letter from L. Barbiere in response to Bob's letter about documents from Dr. Marzella. .25 hrs.

4/16/03    **Cook vs. Norwood (fed).** Letter from W. McGregor Dixon with defendant Hochbein's motion to strike; read and review and it is the same as before; if they would merely disclose the information and have their clients tell the truth this wouldn't be a matter of pulling teeth to get at the truth. .50 hrs.

4/16/03    Legal research on issue of attorney attempting to conceal, prevent or intimidate a witness not to testify; reference meeting between Dixon and Andler concerning her decision to finally testify to what she knew as the result of Cross and Hubbard leaving the City of Norwood and Hochbein on his way out; USA v. Talao. 1.25 hrs.

L.R.- other
claims

4/17/03    **Cook vs. Norwood (fed).** Letter from James Brockman with defendant Kevin Cross' motion to strike witnesses; same as Norwood and Hochbein motions to strike; have Cross tell the truth. .25 hrs.

4/21/03    **Cook vs. Norwood (fed).** Invoice from Litigation Support Services for $481.24 for Gary Hubbard deposition transcript.

4/22/03    **Dennis Cook vs. City of Norwood (fed).** Letter from L. Barbiere with two

9

invoices from Kinkos and requesting we forward our share amounting to $160.95. .25 hrs.

4/22/03    **Cook vs. Norwood (fed.)** Letter from James Brockman ref. Dr. Helm's 4/25/03 deposition cancelled. .25 hrs.

4/23/03    Payment of $382.10 to Litigation Support for deposition transcript of Joseph Hochbein. $382.10.

4/23/03    Motion filed to add an additional witness not previously disclosed by the City of Norwood or any of the Defendants and only recently discovered from the Norwood Police Department; naturally the other side objects. 4.5 hrs. 224 copies

4/24/03    **Cook vs. Norwood (fed).** Letter from Litigation Support Services with original completed and signed errata sheet and signature page of deposition of Joseph Hochbein. .50 hrs.

4/24/03    **Cook vs. Norwood (fed).** Letter from Litigation Support Services with transcript of Merritt S. Oleski, Ph.D.; review transcript. 1.25 hrs.

4/25/03    Meet with Melissa Andler to complete her affidavit concerning her meeting with Dixon. 1.25 hrs.

4/26/03    Legal research concerning intimidation of witness; reviewed U.S. v. Foster, Heffernan v. Hunter concerning issue of Dixon meeting with Andler. 1.75 hrs.

L.R.-other
claims

4/28/03    **Cook vs. Norwood (fed).** Copy of LLS's 4/24/03 letter to L. Barbiere with copy of deposition transcript of Janet Kennedy; review transcript. 1.50 hrs.

4/29/03    **Cook vs. Norwood (fed).** Letter from L. Barbiere with Motion for Summary Judgment of Defendant City of Norwood and Findings of Fact and Conclusions of Law; start review of motion for summary judgment. 3.75 hrs..

4/30/03    Continue to review motion for summary judgment filed by Norwood and it is time consuming going through because of multiple case citations which are required to be read and with all the attachments. 9.25 hrs.

5/1/03    **Cook v. Norwood (fed).** Invoice from Litigation Support Services for transcript of Dr. Merritt Oleski for $105.48.

5/1/03    **Cook vs. Norwood (fed).** Invoice from Litigation Support Services for

transcript of Janet Kennedy for $369.95.

5/1/03      **Cook vs. Norwood (fed).** Invoice from LSS for $250.00.

5/1/03      **Cook vs. Norwood (fed).** Letter from James Brockman with Kevin Cross' motion for summary judgment with proposed findings of fact and conclusions of law. 2.5 hrs

5/1/03      **Cook vs. Norwood (fed).** Copy of Steve Martin's 4/30/03 letter to clerk of courts with motion for summary judgment of Gary Hubbard. .25 hrs.

5/2/03      Letter to client with copy of invoice from Litigation Support for Kennedy's deposition, Oleski's depostion and duplication of tapes. .25 hrs.

5/5/03      Letter to Cook with copy of Norwood's motion for summary judgment and Hubbard's motion for summary judgment. .25 hrs.

5/9/03      **Cook vs. Norwood (fed).** Copy of Barbiere's 5/7/03 letter to Litigation Support Services with original signature page and errata sheet for Janet Kennedy. .25 hrs.

5/12/03      Fax to Dixon to get the diskettes which the defendants having been passing to each other since October when I initially tried to get them from Barbiere; no luck to date and I want the diskettes. .50 hrs.

5/12/03      Fax to Barbiere reference errata sheet to Kennedy deposition is so light I cannot read it and requested him to copy again on a darker setting and fax it to me. .25 hrs.

5/13/03      **Cook vs. Norwood (fed).** Letter from L. Barbiere with Reply Memorandum in Support of Motion to Strike Witnesses or, in the Alternative, for a Continuance. .75 hrs.

5/14/03      **Cook vs. Norwood (fed).** Letter from Valerie Jones at LSS with original completed and signed errata sheet and signature page of Janet Kennedy. .25 hrs.

5/15/03      **Cook vs. Norwood (fed).** Letter from Valerie Jones at LSS with copy of her 5/12/03 letter to Bob ref. Janet Kennedy's errata sheet. .25 hrs.

5/15/03      **Cook vs. Norwood.** Client dropped off address for David Helm, M.D., and directions to his office. .25 hrs.

Work on research on intra corporate conspiracy issues raised in motions

11

for summary judgment, qualified immunity, privacy, retaliation, hostile environment reference Sixth Circuit case law (Jackson) and Benningfield case from Fifth Circuit. 6.50 hrs.

5/16/03    **Cook vs. Norwood (fed).** Received from SERB copies of orders and opinions on Dennis Jones and Roger Perkins; cases where Cook testified and anticipated to be used for impeachment of Cook; need to review for response to summary judgment motions. 2.25 hrs.

5/16/03    Continue to research and work on responses to motions for summary judgment; work on computer research to address the issues concerning age discrimination and attempts to evade it. 6.75 hrs.

L.R.- age
discrimination

5/16/03    Meet with Dr. Helm for him to review his affidavit and discuss Cook's case; Helm signed the affidavit and confirmed Cook's condition was made worse by the actions of the City of Norwood. 1.50 hrs.

5/17/03    Meeting with Erwin to discuss signing an affidavit for Cook and interviewed him and started preparation of his affidavit; need to meet with him to review affidavit and he needs to read it over before next meeting to make sure it is accurate; if anything is not accurate simply let me know and it will be removed if after reviewing it he has no recollection of the event. 2.50 hrs.

5/17/03    Research on Sixth Circuit cases concerning Jackson case and blue collar environments and court's approach to language used in settings and toleration level of language concerning race, sex, etc; attempting to locate a case which endorses the conduct of the City of Norwood and defendants to continue to use the N word, cuss older men, permit a foul mouth environment and unable to locate one. 6.25 hrs.

L.R.- race and
sex
discrimination

5/18/03    Legal research Sharp v. Cureton; continue to work on responses to motions for summary judgment. 1.25 hrs.

5/19/03    Fax and letter to opposing counsel requesting an extension of time to file
an
answer to the various motions for summary judgment and preparation of agreed entry to extend time. .25 hrs.

5/22/03    **Cook vs. Norwood (fed).** Received file-stamped and recorded copy of Agreed entry extending time for plaintiff to file a memorandum in response to defendants' motions for summary judgment. .25 hrs.

5/22/03    Work on response to Hochbein motion for summary judgment; meeting with client to discuss the motions for summary judgment and responses to

the various motions; discussed with him the various motions.  7.75 hrs.

5/26/03       Review with client final draft of memorandum in opposition to Cross
              motion for summary judgment; read and review with client.  Prepare Ruth
              Cain's affidavit based on interview and telephone calls with her but need
              to get her to sign the affidavit; she has cold feet and allegedly has
              documents concerning meetings with the defendants but I have been
              unable to obtain the documents from her to date; will continue trying to
              reach her but if I am unable to reach her or she refuses to sign the
              document there will be no affidavit submitted by her in opposition to the
              motions for summary judgment.  6.25 hrs.

5/27/03       Prepare Toni Cook's affidavit opposing motions for summary judgment;
              meet with client and Toni Cook concerning content of her affidavit; review
              with Toni Cook for accuracy and make sure all information she can
              substantiate; don't assert anything which she cannot corroborate as
              everything must be truthful based on her knowledge and not something
              she heard from someone else unless it is something one of the
              defendants stated and she heard it.  3.75 hrs.

5/27/03       Fax and letter to opposing counsel requesting an extension of time to file
an
              answer to the various motions for summary judgment and preparation of
              agreed entry to extend time. .25 hrs.

5/27/03       Meeting with Ray Erwin and Cook reference preparation of Erwin's
              affidavit in response to motion for summary judgment; extensive meeting
              to complete affidavit and obtain Erwin's signature.  4.25 hrs.

5/30/03       **Cook vs. Norwood (fed).**  File-stamped copy of agreed entry extending
              time for plaintiff to file a memorandum in response to defendants' motions
              for summary judgment to 5/30/03. .25 hrs.

5/30/03       Meeting with client to finalize his affidavit in opposition to motions for
              summary judgment; reviewed final draft with client and made changes as
              requested and it is ready for his signature.  4.25 hrs.

              Continue to work on response to Norwood motion for summary judgment;
              continue work on response to Cross motion for summary judgment;
              additional research concerning response; will contact client to review final
              draft prior to filing concerning his approval.  6.25 hrs.

              Work on Osterday affidavit concerning opposition to motions for summary
              judgment; need to contact him to review to make sure it is accurate.  2.25
              hrs.

13

Finalize Andler affidavit and make arrangements for her to sign affidavit. 1.25 hrs.

5/31/03     Continue work on response to Norwood motion for summary judgment; continue work on response to Cross motion for summary judgment; continue to modify and clarify issues. 7.75 hrs.

6/1/03     Finalize Osterday affidavit and review with Osterday to assure it is accurate; if anything cannot be defended based on his personal knowledge the document should not be signed. 1.75 hrs.

6/2/03     **Cook vs. Norwood (fed).** Letter from W. McGregor Dixon with documents retrieved from computer disks provided to him from City of Norwood. .25 hrs.

Work on findings of fact and conclusions of law and mark copies as requested by the Judge and specified in his rules; work on all findings of fact and conclusions of law to meet the deadline for a response. 9.25 hrs.

6/10/03     **Cook v. Norwood (fed).** Letter from James Brockman with Defendant Kevin Cross' reply in support of motion for summary judgment; read and review. 1.25 hrs.

6/10/03     **Cook vs. Norwood (fed).** Letter from W. McGregor Dixon with reply memorandum of defendant Hochbein; typical, once I catch them they allege I am doing something improper or making improper allegations; the problem with these gentlemen are they are taking on the character of their clients. .75 hrs.

6/10/03     Letter to Dixon by regular mail and fax concerning him downloading the information from the disks from Hochbein's computers; attempting to get the information for months and still cannot get the disks but rather get a mound of papers; the entire process is a joke as the information was removed by Norwood from the computer and no one cares there is a violation of Judge Spiegel's specific instruction; told Dixon to send the disks. .75 hrs.

6/11/03     Fax to Dixon confirming Limoli will go to his office to copy the disks from Hochbein's computer as Dixon is unable to do it; if he informed me of this months ago the matter could be resolved; the motions for summary judgment are filed and Defendants continue to delay forwarding documents requested months ago. .50 hrs.

6/11/03     **Cook vs. Norwood (fed.)** Letter from W. McGregor Dixon in response to

14

Bob's 6/10/03 fax about zip disks; attempting to explain how Norwood removed information and I am not surprised. .25 hrs.

7/8/03     Payment to Blumberg for dividers for exhibit books. $1,016.00.

6/12/03     **Cook vs. Norwood (fed).** Letter from L. Barbiere with Reply Memorandum of City of Norwood in Support of Motion for Summary Judgment. 1.50 hrs.

7/10/03     **Cook vs. Norwood et al. (Fed).** Order from Judge Weber rescheduling the trial to the June 2004 trial term; copy sent to client; meet with client and discuss postponement of trial date and advised him that the Judge made it clear who is running his courtroom at the pretrial conference and there is no benefit to getting upset; case will go to trial when the Judge says it will and not when we want it too; so accept it. 1.25 hrs.

*Soothing*

7/24/03     Payment to Litigation Support for depositions taken. $956.67.

7/24/03     Payment to Litigation Support for duplication of Target 5 Investigation tapes. $250.00.

7/24/03     Payment sent to Barbiere for Kinko copies in the sum of $160.95. .25 hrs.

8/29/03     **Cook vs. Norwood (Common Pls. Ct.).** Notice from assign. Comm. Of case set for status report on 11/6/03 at 9 a.m.

9/2/03     **Cook vs. Norwood (fed).** Fax from Dr. Auvil at TriHealth with letter from him stating that Mr. Cook was not capable of having his deposition taken.

10/2/03     Legal research on offset of pension benefits as it applies to Cook; Hamlin v. Flint, jury verdict research, Brok v. Montgomery. 2.75 hrs.

10/6/03     Letter to Barbiere reference settlement of Cook case and it must be settled independent of Erwin or Osterday case. Letter to client reference meeting with attorneys for Norwood and efforts at settlement were unsuccessful as they are lumping cases together to attempt to settle the claims; prepare for trial. .25 hrs.

11/10/03     **Dennis Cook vs. Norwood (Judge Davis).** Notice from assign. Comm. Of case set for status report on 1/13/04 at 8:45 a.m.

12/17/03     **Cook vs. City of Norwood (A0309489).** Notice from assign. Comm. Of case set for CMC initial case management on 2/25/04 at 2 p.m.

12/17/03    **Cook vs. James Conrad. (A0309488).** Notice from assign. Comm. Of
case set for CMC initial case management on 2/25/04 at 2 p.m.

Total Hours: 217.75
Hourly Rate: $225.00
Copies:    $220.50 (10 X 2205)00
Expenses:  $3,078.72
Charges:   $48,993.75

TOTAL AMOUNT DUE:    $52,292.97

TOTAL HOURS

O.A. — .5

Excessive — 5.5

L.R.-other claims — 9.25

L.R.-age discrimination. 6.75

L.R. - sex and race discrimination — 6.25

Soothing — 1.25

16

Dennis J. Cook
4127 Ivanhoe Avenue
Norwood, Ohio 45212

| | |
|---|---|
| 1/6/04 | **Dennis Cook vs. Administrator, Bureau of Workers' Compensation.** Letter from William Haders of attorney general's office with answer of administrator and interrogatories to plaintiff. |
| 1/9/04 | **Cook v. Administrator, Ohio Bureau of Workers' Compensation, et al.** Letter from L. Barbiere with Answer of Defendant City of Norwood. |
| 1/14/04 | **Cook vs. Norwood (Case No. A0004738 - Judge Davis).** Notice from assign. Comm. Of case set for case management conference on 3/17/04 at 8:45 a.m. |
| 2/27/04 | **Cook vs. Norwood.** Notice from assign. Com. Of case management conference set for 5/20/04 at 2 p.m. before Judge Schweikert. |
| 2/28/04 | Copy of decision of Judge Weber received on Motion for Summary Judgment filed in the within cause of action; read and reviewed and contacted client to come in to read the decision; explained that case will proceed and the issues raised in the motion will be addressed on appeal; matter is not going to be dropped and it will go wherever it needs to go to be resolved.  4.75 hrs. |
| 3/1/04 | **Cook vs. James Conrad.** Notice from assign. Comm. Of case management conference set for 5/20/04 at 2 p.m. |
| 3/5/04 | Prepare fourth request for production of documents to the City of Norwood and copy to all other counsel. 1.25 hrs. |
| 3/8/04 | Letter to opposing counsel with copy of notice to depose Cross on 3/23/04. .50 hrs. |
| 3/8/04 | Prepare fifth request for production of documents to the City of Norwood and copy to all other counsel. 1.25 hrs. |
| 3/10/04 | **Cook vs. Norwood (fed).** Letter from James Brockman with notice to take deposition of Dr. David Helms; copy to client. .25 hrs. |
| 3/11/04 | Fax to Brockman concerning the setting of Helms deposition on the same date as White's deposition in another case; opposing counsel is aware of the conflict and my inability to attend depositions separated by 90 minutes and there is no way to attend both depositions; explained to him if Helm's |

*Soothing*

1

deposition is going to proceed than White's deposition has to be cancelled. .50 hrs.

3/12/04    More documents to review from Norwood; client needs to go through them at the same time; told him these documents are from the Auditor's office; and need to be reviewed. 6.25 hrs.

3/13/04    More documents to review from Norwood; client needs to go through them at the same time; told him these documents are from the Auditor's office; and need to be reviewed. 7.25 hrs.

3/14/04    More documents to review from Norwood; client needs to go through them at the same time; told him these documents are from the Auditor's office; and need to be reviewed. 5.25 hrs.

3/15/04    More documents to review from Norwood; client needs to go through them at the same time; told him these documents are from the Auditor's office; and need to be reviewed. 8.25 hrs.

3/16/04    More documents to review from Norwood; client needs to go through them at the same time; told him these documents are from the Auditor's office; and need to be reviewed. 7.25 hrs.

3/17/04    More documents to review from Norwood; client needs to go through them at the same time; told him these documents are from the Auditor's office; and need to be reviewed. 7.75 hrs.

3/17/04    Amended notice to take Cross deposition for change of location only. .25 hrs.

3/18/04    **Cook vs. Norwood et al (fed).** Confirmation of scheduling from Litigation Support for deposition of Kevin Cross on 3/23/04 at 1 p.m. at Brockman's office. .25 hrs.

3/18/04    More documents to review from Norwood; client needs to go through them at the same time; told him these documents are from the Auditor's office; and need to be reviewed; wearing down. 4.75 hrs.

3/19/04    More documents to review from Norwood; client needs to go through them at the same time; told him these documents are from the Auditor's office; and need to be reviewed; final night and will get through the night to finish it. 5.75 hrs.

3/19/04    **Dennis Cook vs. City of Norwood (C.P.).** Notice from assign. Comm of status report set for 7/26/04 at 8:45 a.m. before Judge Davis.

2

3/22/04    Meet with Cook in preparation for Cross' deposition; prepare questions for deposition and obtain information from Cook concerning areas he wants to be explored; obtain and review documents which will be shown to Cross during his deposition and review with Cook.  5.25 hrs.

3/24/04    Letter to opposing counsel with copy of filing with Court of no just cause for delay language in its order granting summary judgment so all issues can be resolved in an expeditious manner.    .25 hrs.

*Appeal MSJ*

3/25/04    **Cook vs. Norwood et al (Common Pleas).**  Letter from James Brockman's paralegal with copy of subpoena for deposition of Group Health Associates medical records custodian for 4/15/04 at 9 a.m. at 2915 Clifton Avenue. .25 hrs.

*O.A.*

3/26/04    Letter to opposing counsel with notice of appeal filed with the Sixth Circuit. .50 hrs.

*Appeal MSJ*

3/31/04    **Cook vs. Norwood et al (fed).**  Letter from James Brockman with medical records from Dr. Helms. .75 hrs.

4/2/04    **Cook vs. Norwood (fed).**  Letter from U.S. Court of Appeals with case number on it and notifying us that following forms are due by 4/15/04: appearance form; civil appeal conference statement; transcript order form.

4/3/04    Order from Judge Weber that request for no just cause for delay language is denied; called client and advised him that he is going to be required to wait to go to the Court of Appeals on the Judge's decision and it will be done at the appropriate time as the Sixth Circuit is going to dismiss the appeal as untimely.  .75 hrs.

*Appeal MSJ*

4/8/04    **Cook vs. Norwood et al (fed).**  Litigation Support Services dropped off large packet of records on case.  Review records which appear to be medical records from various care providers for Cook and majority are records of Helm.  3.25 hrs.

4/13/04    Work on draft of pretrial order using Judge Weber's format; opposing counsel working on their draft and two need to be blended to submit a final document to the Court; meet with Cook to review the necessity to file a pre trial order and obtain his input concerning witnesses.  4.75 hrs.

4/14/04    **Cook vs. Norwood.**  Received copy of transcript of Kevin Cross's deposition of 3/23/04 from Litigation Support along with invoice for $423.00; review deposition.  2.50 hrs.

3

4/15/04      **Cook vs. Norwood et al. (Federal appeal).** Letter from L. Barbiere with appearance of counsel.

4/15/04      Legal research on EEOC v. Braun, Sherrod v. American concerning ADA cases. 2.75 hrs.

4/20/04      **Cook vs. Norwood (U.S. Appeals Ct.).** Letter from James Brockman with  appearance of counsel form.

4/21/04      **Cook s. Norwood.** Letter from Brockman's office with certified copy of Group Health Associates medical records on Dennis Cook; review records. 5.75 hrs.

4/21/04      Legal research concerning date of claims as asserted and reviewed Oker v. Ameritech, DesMarais v. Strauss & Troy as to the effective date for statute of limitations. 1.75 hrs.

4/28/04      **Cook vs. Norwood et al. (Fed).** Letter from L. Barbiere that joint final pretrial order is due 5/5/04 and he is working on same to get to Bob by 5/3/04. .25 hrs.

4/28/04      Letter to opposing counsel reference video deposition of Helm and can be set for May 27 or 28 and to contact me on best dates and availability. .25 hrs.

5/3/04       **Cook vs. Norwood (fed).** Fax from Larry Barbiere with proposed Joint Final Pretrial Order; read and review; meet with client and certain items cannot be agreed to and amendments need to be made; this is the final document which will be submitted to the court concerning how the trial will proceed subject to amendment by the Judge. 1.75 hrs.

5/3/04       **Cook vs. Norwood (federal Court of Appeals).** Mediation conference notice follow up for 5/20/04 at 4 p.m.; letter from Robert Rack of Mediation for Sixth Circuit with motion for voluntary dismissal for Bob to sign and file on 5/20/04.

5/4/04       Call Helms' office and obtain an updated CV in preparation for trial; they will fax over a copy. .25 hrs

5/4/04       Work on proposed amendments to proposed Joint Final Pretrial Order and review with client; draft modifications to the document; provided to client to review and needs to get back in touch with me at once so the final document can be submitted to the Court. 3.25 hrs.

4

| | |
|---|---|
| 5/5/04 | **Cook vs. Norwood (Ct. Of Appeals).** Appearance of Counsel form from Steven Martin. |
| 5/5/04 | Fax to Barbiere with proposed changes to pretrial order; met with client and reviewed document with him and it is acceptable; prepare appendix B to pretrial statement and file same with the Court. 1.75 hrs. |
| 5/5/04 | **Cook vs. Norwood (fed).** Fax from Dr. David Helm with his CV. .25 hrs. |
| 5/5/04 | Norwood's motion in limine to prevent Cook from testifying and exclude evidence; discussed with Cook and I will file a response. 1.75 hrs. |
| 5/6/04 | Letter to opposing counsel with the Plaintiffs additions to the Joint Pretrial statement. 2.25 hrs. 612 copies. |
| 5/604 | Telephone conference with Hennessey from the Clerk's office concerning recent filing and it is going to be deleted and new document needs to be resubmitted. .50 hrs. |
| 5/7/04 | **Cook vs. Norwood (fed).** Copy of L. Barbiere's 5/5/04 letter to Steve Martin with copies (to Martin only) of Defendant City of Norwood's Motion for Order in Limine to Exclude Evidence; Defendant City of Norwood's Motion for Order in Limine to Find Plaintiff incompetent to testify at trial; joint final pretrial order; copy to client; meeting with client concerning latest attempt to keep him from his day in court. 1.75 hrs. |
| 5/10/04 | Meet with Cook to discuss mediation hearing; need to be reasonable as Norwood is not going to pay an outlandish sum to settle the case; Maundrell has advised me not one dime will be paid on the case so there is no need to get hopes up concerning settlement but need to be prepared for discussion. Filed amended pretrial order attachments on behalf of Cook. 2.25 hrs. |
| 5/11/04 | Attend mediation before Robert Rack per instructions from the Court; Cook present for the mediation; figures going back and forth concerning settlement and distinct impression the opposing side does not care if case is settled or if it goes to Court; unable to resolve and issue of settlement is done; complete waste of time attempting to deal with Norwood as it has no integrity. 3.75 hrs. |
| 5/13/04 | Fax from Litigation Support reference notice confirming deposition of Dr. Helm. .25 hrs. |
| 5/13/04 | Meet with client to assemble exhibit books for trial; required by the Court |

excessive

5

to be submitted in advance.  5.75 hrs.

5/13/04     Letter to counsel with notice to take deposition of Dr. Helm on May 27, 2004 at 9:00 a.m.   .25 hr.

5/14/04     **Cook vs. Norwood (Fed).**  Confirmation of scheduling from Litigation Support of Dr. David Helm's deposition (video and stencil) on 5/27/04 at 9 a.m. at their office. .25 hrs.

5/14/04     Prepare addendum to pretrial statement and file with the Court.  6.75 hrs.

5/14/04     Meet with client and continue to assemble exhibit books for trial; required by the Court to be submitted in advance. 7.25 hrs.

*excessive*

5/15/04     Meet with client to assemble exhibit books for trial and hopefully this will be the last evening it is necessary to work on the exhibit books. 8.75 hrs.

*excessive*

5/16/04     Prepare list of exhibits in preparation for trial and review draft; meeting with client for him to examine final exhibit list and obtain his approval of documents. 9.75 hrs. Expenses for binders-Staples $40.93; Office Depot $98.97.

*excessive*

5/14/04     **Cook vs. Norwood (fed. Appeal).**  Letter from Office of Circuit Mediators at Court of Appeals that the 5/20/04 hearing has been reset for 5/24/04 at 9 a.m.

5/16/04     Assemble exhibit books.  Staples $76.17, $40.93; Office Depot $98.47; total expense equals $215.57.  11.75 hours.

*excessive*

5/20/04     **Cook vs. Norwood (Ct. Appeals).**  Letter from Jill Colyer of Court of Appeals with briefing schedule.

5/20/04     Prepare for Helm deposition with client concerning issues needed to be proved at the trial of case; only shot with Helm so it is important to cover whatever bases are necessary; discussed with client hospitalizations and treatment.  5.75 hrs.

5/21/04     **Cook vs. Norwood (Common Pleas).**  Letter from James Brockman with Defendant Kevin Cross's notice of Edward Roberts as Co-trial counsel.

5/21/04     Letter hand delivered to Helm with his witness fee for deposition testimony; Helm refuses to testify live at the trial; explained to Cook that Helm is a necessary witness and if he will only testify by deposition than a deposition is what we will take; explained to Cook that Helm and most

6

other doctors do not like to testify in Court because it takes time away from their practice; their services and opinions are questioned and doctors do not like the courtroom experience. 2.25 hrs. Witness fee $1,000.00.

5/24/04    **Cook vs. James Conrad.** Notice from assign. comm. that case management conference is set for 7/1/04 at 2 p.m.

5/24/04    **Cook vs. Norwood (Common Pleas Case No. A-0309489).** Notice from assign. comm.of case management conference set for 6/29/04 at 2 p.m.

5/25/04    Research and prepare memoranda in opposition to Norwood's motion in limine to prevent Cook from testifying and exclude evidence; meeting with client concerning what Norwood wants to do; he is incompetent to testify according to Norwood but not too incompetent for Norwood to submit his deposition testimony in support of its motion for summary judgment; continuation of paperwork and making us work, claw and scratch to get through the court house door; if the Judge grants the motion then he should certainly revisit the issue of summary judgment; expect them to continue to file paperwork and argue about issues to interrupt the preparation process; there are five attorneys on the other side and they are definitely going to keep us on our toes so stay focused and if necessary consult with doctor if it starts to get overwhelming; end is coming as far as day in court is concerned and need to stay focused on the positive aspects of case; court can set motion for hearing or Judge may rule without a hearing; Judge decides what he wants to do based on information presented to him and I will notify Cook if a hearing date is set. 7.75 hrs.

5/27/04    Meeting with client in preparation for Helms deposition; Helm has been difficult and although he does not want to testify he is needed for the case; there is no opportunity to substitute anyone else; he is familiar with facts and circumstances and even Oleski states Helm is in the best position to testify concerning exacerbation of his bipolar condition; prepared questions and areas needed for Helms testimony; explained to Cook that if Helms does a miserable job at testifying it will hurt his case but if he testifies to what he has discussed and explains it, bases it on his office notes and does some preparation than it will be okay; explained to him the doctors do not like being deposed, hate coming to court and generally are uncooperative concerning legal matters unless they are one of the insurance companies standard doctors who do evaluations and make a livelihood from doing an insurance company's evaluations; whatever occurs we will deal with it and get through it; remain calm, follow the doctor's orders concerning care and treatment and do not worry as the entire situation is beyond our control at this time; evidence will be presented and a decision made and the case will come to an end at some

Soothing

7

point.  8.75 hrs.

5/28/04    **Cook vs. Norwood (Common Pleas No. AA0309489).** Notice from
assign. comm. of case management conference set for 7/14/04 at 2 p.m.

6/4/04    **Cook vs. Norwood.** Invoice from Litigation Support Services for $710.00
for Dr. Helm's video deposition. .25 hrs.

6/4/04    **Cook vs. Norwood.** Fax from W. McGregor Dixon with copy of e-mail he
sent to Emily Trost at federal court. .25 hrs.

6/7/04    **Cook vs. Norwood (fed.).** Invoice from Litigation Support Services for
$554.75.  Letter to client with copy of invoice from Litigation Support. .25
hrs.

6/8/04    **Cook vs. Norwood (fed).** Letter from Valerie Jones Conn at Litigation
Support Services with transcript of Dr. David Helm deposition; read and
review Helms deposition. 2.25 hrs.

6/9/04    **Cook vs. Norwood (fed).** Invoice from Litigation Support Services for
$548.72 for original and 1 copy of Dr. Helm's deposition transcript.

6/14/04    Letter to client with copy of Litigation Support bill received 6/9/04. .25 hrs.

6/15/04    Order from Court postponing trial date; called Cook and told him to come
in and meet me to discuss the document; explained that it is beyond our
control; Cook can't understand why he cannot get into Court when cases
of Perkins and Jones went to Court more than three years ago; explained
to him every case has its own unique set of circumstances and numerous
cases are set for trial and they are backed up and if the one ahead of you
goes to trial you wait; there are no options; any more postponements and
it is going to be difficult for him.  2.25 hrs.

Soothing

6/23/04    Court order setting hearing on motions filed by Norwood for July 8, 2004;
notice to client; am on vacation and will attempt to reschedule. .50 hrs.

6/23/04    Fax to opposing counsel to continue hearing set for July 8, 2004 as I am
out of town and to attempt to reschedule for July 15, 2004. .25 hrs.

6/23/04    **Cook vs. Norwood (federal).** Fax from Greg Dixon that he will be out of
town on July 15. .25 hrs.

6/24/04    **Cook vs. Norwood (federal.)** Fax from James Brockman's office that
Edward Roberts will attend if hearing is 7/15/04. .25 hrs.

8

6/25/04    Fax to opposing counsel to reschedule July 8, 2004 hearing and provided new dates for selection. .25 hrs.

6/25/04    **Cook vs. Norwood (federal).** Fax from Larry Barbiere that he is not available on 7/15/04. .25 hrs.

6/25/04    **Cook vs. Norwood (federal).** Fax from Greg Dixon that he is not available on 7/15/04. .25 hrs.

6/26/04    Fax from Dixon on availability for rescheduled date on Norwood motions in limine and he is not available 8/3/04 or 8/26/04. .25 hrs.

6/28/04    Motion to dismiss notice of appeal filed in 6th Circuit on appeal of summary judgment issue; copy to all counsel. No charge.

6/29/04    **Cook vs. Norwood (federal).** Fax from James Brockman/Ed Roberts with dates they are available. .25 hrs.

6/29/04    **Cook vs. Norwood (federal).** Fax from L. Barbiere that 8/26/04 at 1:30 p.m. is OK. .25 hrs.

7/1/04    Order setting hearing on motions for August 26, 2004 and copy sent to client. .25 hrs.

7/6/04    **Cook vs. Conrad (A0309488).** Notice from assign. Comm. That case is set for report on 12/7/04 at 2 p.m.

7/20/04    **Cook vs. City of Norwood (Case No. A0309489-Judge Schweikert).** Notice from assign. Comm. Of case set for entry or dismissal on 8/25/04 at 2 p.m.

7/29/04    **Cook s. Norwood (A0004738).** Notice from assign. Comm. Of case set for status report on 12/7/04 at 8:45 a.m. before Judge Davis.

8/23/04    **Cook vs. City of Norwood (appeal).** Letter from U.S. Court of Appeals with order entered in case.

8/24/04    Order postponing hearing on motions to September 13, 2004 at 9:00 a.m. on motions filed by Norwood; notice sent to client; called client and wanted to know if this will postpone trial date and advised there is no way to know or find out until we are before the Judge because it is impossible and unethical to contact the Judge concerning the issue unless all parties are before the Court. .50 hrs.

9

8/27/04    **Cook vs. Norwood (A0309489).** Notice from assign. Comm. Of case set for report on 12/7/04 at 2 p.m.

9/12/04    Meeting with client reference his ability to testify and motion in limine filed by Norwood; explained Norwood is using his testimony in his deposition to obtain summary judgment and then is turning around and telling the court he is incompetent; motion in limine is merely another attempt to distract the court from the facts; opposing side knows the facts are not on their side and with the death of his wife need to fight the motion in limine; hopefully the judge sees through the ploy but you never know what a court is going to do and no promises can be made concerning the outcome of the motion; review USA vs. Cassidy. 4.25 hrs.

*Soothing*

9/13/04    Hearing on motions in limine filed by Norwood; Judge denies motion to exclude Cook from testifying but prevents the Plaintiff from introducing the EEOC charges of the other parties who filed them at the same time as the Plaintiff; another setback but there is little to do at this time except to pursue the matters permitted by the Judge and address them with a higher authority. 2.5 hrs.

9/14/04    **Cook vs. Norwood (federal).** Invoice from Litigation Support Services for $1,098.47.

9/17/04    Letter to client with copy of invoice from Litigation Support. .25 hrs.

9/21/04    Order issued setting trial date for 11/1/04; notice to client; case will be heard and it is first in line so he will be going to trial. .25 hrs.

9/24/04    **Cook vs. Norwood (fed).** Letter from L. Barbiere with subpoena issued to Ohio PERS for copies of all records and file of Dennis Cook. .25 hrs.

10/1/04    Payment for depositions to Litigation Support Systems in federal case for depositions taken; paid $675.47. .50 hrs.

10/4/04    Preparation of binders for trial and purchase of supplies from Kinko's to comply with Court rules reference exhibit booklets. 5.75 hrs. Kinko expense $271.06

10/5/04    Duplication costs at Kinko's for one of the exhibit books. $271.06.

10/5/04    Purchase of exhibit labels from Kinko's. $802.50.

10/8/04    Travel to Florida to serve subpoena on Dennis Jones, prospective witness, who does not want to testify and advised he will not be home if I

*excessive*

10

come or anyone else comes to his residence to serve a subpoena; calls off and on all week that he will return and than he calls and says he won't be here; says he can't testify without a subpoena and Norwood's permission; last message from Jones on 10/6/08 was that he would permit a subpoena to be issue and he would accept it and then on 10/7/04 he says he won't accept it; travel to Florida with Erwin to get issue subpoena for Jones and unable to locate in the morning; returned to locate but could not find him; went to a friend of Jones told her who we were and why we were there and she advised he is not around and he doesn't want to testify; left Florida and got a phone call from Jones and he advised he would be at his house and he would accept the subpoena and then served him and drove him back with us to stay with family so he would testify. Left Friday at 7:00 p.m. and drove through the night and arrived Saturday morning at 7:15 a.m. in Paisley, Fla. and returned at 3:30 p.m. to return to Cincinnati but after numerous stops to get food for Jones did not arrive in Cincinnati until 5:00 a.m. on Sunday morning; plane is not an option as Jones will not fly and is agoraphobic so it was the only way to get him to testify. 34.0 hrs.

10/11/04   **Cook vs. Norwood et al. (fed).**  Letter from L. Barbiere ref. Exhibits missing from exhibit books. .25 hrs.

10/11/04   Start reading Cook's deposition transcript in preparation for trial. 6.25 hrs.

10/12/04   **Cook vs. Norwood (fed).** Letter from L. Barbiere with authorization for release of account information of Ohio PERS; stipulation on number of employees. .25 hrs.

10/12/04   Continue reading Cook's deposition transcript in preparation for trial and reviewed all exhibits attached to transcript. 3.50 hrs.

10/13/04   Final pretrial conference held before Judge Weber concerning trial procedures, challenges and expected time of trial and individual aspects of trial, i.e., opening, jury selection, etc. 2.50 hrs.

10/13/04   Read Helms and Oleski transcripts in advance of trial. 2.75 hrs.

10/14/04   Read Hubbard and Cross' transcripts from various cases where they were deposed and examine for questioning for trial. 7.75 hrs.

10/14/04   Legal research concerning continuing tort; review various cases in Sixth Circuit and other circuits concerning issue; explained to client the necessity for research; reviewed Alexander case. 5.25 hrs.

L.R.-other claims

11

10/18/04    **Cook vs. Norwood (fed).**  Copy of 10/15/04 letter to OPERS from L. Barbiere with subpoena. .25 hrs.

1018/04    Work on jury instructions and special jury verdicts for submission to the Court; research at law library; attempt to secure general format through computer search on line; use prior instructions in Perkins case as a general format or outline but need to substantially change the instructions. 9.75 hrs.

10/18/04    Telephone conference with Brookshire's office and forward copy of complaint to Barrett per his request; explained trial is going forward but the exact date he is needed to testify is unresolved. .25 hrs.  23 copies.

10/19/04    Continue to work on jury instructions and special jury verdicts for submission pursuant to court order.  8.75 hrs.

10/19/04    Letter to Barbiere and hand deliver release for PERS records for Cook; hand delivered to Barbiere. .75 hrs.

10/19/04    **Cook vs. Norwood (fed).**  Letter from M. Maundrell reference missing exhibits. .25 hrs.

10/19/04    **Cook vs. Norwood (fed).**  Letter from L. Barbiere requesting that Bob return to him the signed PERS authorization form for Cook and copy of Dr. Parson's vocational report. .25 hrs.

10/20/04    File jury instructions and special jury verdicts with the clerk on line. 1.00 hrs.

*excessive*

10/21/04    **Cook vs. Norwood et al (fed).**  Letter from J. Brockman with Kevin Cross's proposed additional jury instructions and additional special verdicts; read and review. 2.25 hrs.

10/25/04    **Cook vs. Norwood (fed).**  Letter from W. M. Dixon with defendant Hochbein's trial memorandum; read and review. 1.25 hrs.

10/25/04    **Cook vs. Norwood (fed).**  Fax from L. Barbiere with Joint Exhibit 1. .25 hrs.

10/26/04    **Cook vs. Norwood (fed).**  Letter from L. Barbiere with Joint Exhibit 1 and requesting a list of witnesses Bob is going to call at trial and in which order he will call them and also requesting Dr. Parsons' report; report was sent prior to the deadline for experts and they simply need to check their file as my time is not going to be occupied getting their case ready. .50 hrs.

10/26/04    **Cook vs. Norwood (fed).** Letter from L. Barbiere with copies of Mr. Cook's PERS file along with records Norwood will introduce into evidence. 1.25 hrs.

10/27/04    **Cook vs. Norwood (fed).** Letter from W. M. Dixon requesting order of Bob's witnesses. .25 hrs.

10/27/04    **Cook vs. Norwood (fed).** Letter from L. Barbiere with Trial brief of City of Norwood and Jury Charges highlighted by City of Norwood; read and review trial brief; jury instructions will be addressed in the future. 1.25 hrs.

10/27/04    Research on reply to trial brief of Hochbein; more last minute filings to distract from the issues of the case; not one factual issue is presented to demonstrate none of the alleged acts occurred; discussed with client and a response will be filed and Cook needs to follow advice of his doctor and continue to be prepared to go to trial as the Judge's staff said the case will go to trial on November 1, 2004 and he needs to be present and ready to assist in his trial. 6.75 hrs.

10/27/04    Fax to opposing counsel with list of witness and their most likely order of appearance. .75 hrs.

10/28/04    Finalize the trial brief and file with the Court. 3.75 hrs.

10/28/04    Extensive meeting with client concerning preparation of opening statement for trial; need to outline what will be shown and hopefully it is clear for the jury where the case will proceed; opening statement is like a map for the jury to give them an idea of what is coming; work with client on opening statement; needs to be here all weekend so he needs to make appropriate arrangements for the care of his family; continue to prepare for trial. 10.25 hrs.

10/28/04    Telephone call from Ms. Brockmeier concerning exhibit list and witness list; both the witness list and exhibit list need to be on forms contained in the pretrial instructions sent to counsel; current format is unacceptable; need to change entire submission on the exhibit list and deliver a witness list to the Court; explain latest issue to Cook and told him I will get it done if it takes an all nighter to get it finished; changed format for exhibit list. 6.25 hrs.

*Excessive*

10/28/04    **Cook vs. Norwood (fed).** Letter from L. Barbiere with proposed Joint Exhibit 2. .50 hrs.

10/28/04    **Cook vs. Norwood (fed).** Letter from L. Barbiere requesting copy of Dr.

13

Parsons' report; provided July 1, 2002. .25 hrs.

10/28/04   **Cook vs. Norwood (Common Pleas Ct.).** Fax from Alma at Litigation
Support with certification sheet dated 4/15/04 ref. Deposition of Kevin
Cross of 3/23/04; filed in the wrong court and need the deposition from
the federal court case. .75 hrs.

10/28/04   Fax to Barbiere with copy of Parson report. .25 hrs. 22 copies.

10/29/04   Continued work on exhibit list to get it in the format requested by the Court
and it needs to be submitted today; completed in the early a.m.; witness
list will be typed by Dee from rough draft left for her and both will be filed
when I get in to the office in the morning. 4.50 hrs. (left at 4:30 a.m.
continuation from 10/28/04).

*Excessive*

10/29/04   Prepare and file notice of filing of depositions of Hochbein, Hubbard and
Kennedy; telephone conference with Litigation Support System to
manually file Kennedy's deposition with the clerk's office; all depositions
delivered to Litigation support for filing with the Clerk in federal court. 2.25
hrs.

10/29/04   Deliver revised exhibit list and witness list to the Court per request of Ms.
Brockmeier. 1.25 hrs.

10/29/04   Finalize jury instructions for submission to the Court; meet with client and
discuss the submission of the final instructions and review to make sure
they are in format which should be acceptable. 6.75 hrs.

10/29/04   Fax to opposing counsel Exhibit 1128. .25 hrs.

10/29/04   Fax to opposing counsel that Exhibit 1099 will be the Manual of Uniform
Traffic Control Devices. .25 hrs.

10/29/04   Fax from Litigation Support ref. Kennedy's, Hubbard, Cross deposition
filed with the Court and fee is $369.95. .25 hrs. $369.95 for Kennedy's
deposition, $481.24 for Hubbard's deposition, $382.10 for Cross
deposition .

10/29/04   Fax from Brookshire's office concerning updated evaluation; review new
evaluation in comparison with prior evaluation. 1.75 hrs. 390 copies.

10/29/04   Fax from Barbiere that Jones and Perkins are permitted to testify despite
settlement language. .25 hrs.

10/29/04   Fax to Barbiere that Exhibit 494 will be enlarged and Molony is required to

14

be present for trial. .25 hrs.

10/30/04    Letter from Litigation Support System and Oleski deposition was not signed and nothing returned to the court reporter and reporter's certification to the foregoing. .25 hrs.

10/30/04    File Plaintiff's jury instructions with the Court upon review of the final document. 3.75 hrs.

10/30/04    Meet with witnesses concerning case to determine information which can be obtained at the trial; advised all witnesses to simply tell the truth concerning all issues whether it is good or bad for Cook; don't want to create any problems; discussed case with Cook, Erwin, Osterday, Andler (by phone), Harris. Unable to contact Jones or Perkins to speak with them; both are uneasy about testifying after the last trial and Perkins dog was killed and Jones went to Florida to get away from them; subpoenas issued to both of them and Erwin will attempt to contact Jones at his sister's residence to get him to contact me; went to Roger's house two times to attempt to catch him at home but he was not home and he is not returning any phone calls; both despise Norwood and the defendants so they will likely go on the witness stand and vent concerning what Norwood and the defendants did to them which is not going to be productive. All day event from 8:00 a.m. through 11: 30 p.m.; will meet at 8:00 a.m. tomorrow. 14.5 hrs.

10/31/04    Final meeting with Cook prior to trial; instructed him on how the trial will proceed from the jury selection, presentation of witnesses, etc., he will get a legal pad and write any questions or inconsistencies he notices from the witnesses on legal pad and issues will be addressed; be respectful of the court at all times and opposing counsel even if you find them distasteful; opposing counsel may attempt to get you upset but simply keep your composure and if you need a break simply ask the Judge if you can take a break if you are testifying or if you are not testifying I will attempt to get the Judge to take a recess; no smiling or laughing when anyone is testifying or anything comments of any kind concerning testimony of witnesses; if you laugh, smile or express disgust with testimony in all likelihood Judge Weber will take you apart right in the courtroom in front of the jury and you don't want that to occur not only because it will hurt your case in front of the jury but also because you want to continue to be a better person than the defendants ever thought about being. Continued to work on preparation and witnesses and assemble all documents for transport to the Court. Meet at 8:00 a.m. and we will drive downtown together. 16.25 hrs.

11/1/04    Cook v. Norwood; first day of trial and jury selection, opening statements

15

and initial witnesses; rules of trial set down by Judge Weber. Met client at office at 8:00 a.m. and court concluded at approximately 4:30 p.m. when we got out of court and returned to office at 5:00 p.m.; met with client from approximately 7:00 p.m. through 11:15 p.m. in preparation for the next day of trial and explained to him what I perceived as pluses and drawbacks from the first day of trial. 13.5 hrs.

| | |
|---|---|
| 11/1/04 | **Cook vs. Norwood(fed).** Copy of 10/28/04 letter to Robert Hiller, Esq. From Litigation Support Services ref. Deposition of Merritt S. Oleski, Ph.D. |
| 11/1/04 | **Cook vs. Norwood (fed).** Certification sheets from Litigation Support Services. |
| 11/2/04 | Cook v. City of Norwood; second day of trial and moving through the witnesses with the named defendants to come on the stand; met Cook at 8:00 a.m. at the office and went downtown; left downtown at approximately 4:30 p.m. and back to office; dropped client at his residence and will meet at 7:00 p.m. to review day of trial and what needs to be changed; contacted call before u dig to discuss issues concerning Hubbard and markings on Edwards Road; information will be sent to me for my review; Hubbard is lying again but the real issue the introduction of the information to show he is a liar; opposing counsel will probably raise five kinds of hell when they find out the records from call before u dig show Hubbard is a liar; doubt if they care since they do not want to pay anything to Cook. With Cook until 10:30 p.m. and then ended the day. 12.5 hrs. |
| 11/3/04 | Off day for Court but met with Cook to review the case and witnesses to be called; wanted to know about the issue with call before u dig and information is being faxed and sent via overnight mail; discussed his testifying and he can expect to be on the stand for a lengthy period of time and Maundrell will probably be the attorney who questions him; testify truthfully and there will not be a problem. 6.0 hrs. |
| 11/3/04 | **Cook vs. Norwood (fed).** Letter from Richard McLaughlin,Esq., ref. Ohio Utilities Protection Services. .25 hrs. |
| 11/4/04 | Third day of trial and continue with the presentation of the witnesses; full day was scheduled; met Cook at the office at 8:15 a.m. and concluded at approximately 5:00 p.m. when we returned to the office; met with client briefly and instructed him to go home, see his family and get some sleep and we will meet on Friday or the weekend to continue preparation for the hearings. 9.50 hrs. |

16

11/4/04      **Cook v. Norwood (fed).** Fax from SERB ref. 1997ULP12-0743 concerning Ray Erwin.

11/5/04      Meeting with client to review expected testimony of witnesses anticipated to testify at trial; explained the list of witnesses for the opposing side is still up in the air and although they have a witness list it is unlikely we will know what they intend to do until the last minute; stay as rested as possible since once the matter returns to court there will be long days. 6.0 hrs.

11/6/04      Meeting with client and issue of opposing witnesses once again becomes the issue; will deal with whatever arises when it occurs; explained this is what happens in a lawsuit and there is merely jockeying for position at the present time. 11.25 hrs.

11/7/04      Meeting with client reference his continued questions concerning the procedures in the court and how Hubbard can say the lines are painted when the records from call before u dig show otherwise; explained that Norwood and opposing side does not want the information introduced; Norwood has no use for Hubbard, Cross or Hochbein but they have a shared interest to get out of the lawsuit any way they can and that is exactly what they are attempting to do. 7.75 hrs.

11/8/04      Full day of trial; pick up Cook at office at 8:15 a.m. and court concluded at 4:30 p.m.; drop Cook off at his house at 5:00 p.m.; meet him back at the office in the evening for three hours so he can review what will occur during the next day of trial that we control. 11.50 hrs.

11/9/04      Full day of trial; pick up Cook at office at 8:00 a.m. and court concluded at 4:30 p.m.; drop Cook off at his house at 5:15 p.m.; meet him back at the office at 7: 00 p.m. to review what will occur during the next day of trial to the best of my ability; Cook left at 10:15 p.m. 12.75 hrs.

11/10/04      Full day of trial; pick up Cook at office at 8:00 a.m.: court concluded at 4:30 p.m. back at Cook's house at 5:00 p.m.; meet him back at the office so he can review what will occur during the next day of trial. 11.25 hrs.

11/12/04      **Cook v. Norwood (fed).** Letter from L. Barbiere ref. him calling Tom White, Dr. Oleski and Dr. Marzella to testify. .25 hrs.

11/14/04      Fax to Brockman concerning Parsons reports which were previously sent to him and are also contained in the records of Dr. Helm. .25 hrs.

11/15/04      Full day of trial; pick up Cook at office at 8:15 a.m. and court concluded at 4:30 p.m.; drop Cook off at his house at 5:00 p.m.; meet him back at the

office in the evening for three hours so he can review what will occur during the next day of trial that we control.  11.75 hrs.

11/16/04    Full day of trial; pick up Cook at office at 8:15 a.m. and court concluded at 4:30 p.m.; drop Cook off at his house at 5:00 p.m.; meet him back at the office in the evening for three hours so he can review what will occur during the next day of trial that we control.  11.50 hrs.

11/17/04    Full day of trial; pick up Cook at office at 8:15 a.m. and court concluded at 4:30 p.m.; drop Cook off at his house at 5:00 p.m.; meet him back at the office in the evening for three hours so he can review what will occur during the next day of trial that we control.  11.75 hrs.

11/17/04    Research on directed verdict; extensive research in preparation for Cook's motion for a directed verdict; work with Cook concerning the research not only to advance his motion for a directed verdict at the close of his case but also concerning Norwood and defendants attempt to get a directed verdict at the close of all the evidence.  8.25 hrs.

*L.R.-directed verdict*

11/18/04    Argue the motions at the conclusion of case by all parties; court concludes in the morning but the balance of the day is taken to address the exhibits and make sure the final exhibits are agreed upon by all parties and consistent with the court's rulings and records; Judge back on the bench and exhibits ruled upon by the court concerning admission or denial. Meet with client to explain the next step in the process. 8.50 hrs

11/22/04    Charge conference held in chambers starting at 1:00 p.m. and after much wrangling over the jury instructions I proposed just letting the judge decide the case and the Defendants don't know whether they can or cannot agree until they speak with their representatives; meeting adjourned.  2.50 hrs.

11/22/04    **Cook vs. Norwood (fed.).** Letter from Edward Roberts listing documents that are missing from exhibit book.

11/22/04    **Cook vs. Norwood (federal).** Statement for $1050.00 from Guidance Process Associates (Parsons).

*excessive costs*

11/22/04    **Cook vs. Norwood (fed).** Invoice from Michael Brookshire & Associates for $7606.64.

*excessive costs*

11/23/04    Receive copy of the first draft of jury instructions released to the attorneys; review and with client in preparation for jury charge conference.  9.25 hrs.

18

| | |
|---|---|
| 11/23/04 | Revise exhibit list for submission to the jury deleting all items not required. 3.75 hrs. |
| 11/24/04 | Meeting with Judge to refine the jury charge and eventually after a number of hours there is a charge which is subject to further revision to the Court. 3.75 hrs. |
| 11/24/04 | Letter to opposing counsel concerning objections to their proposed final exhibit list to be submitted to the jury to be taken to the jury room; explained at the last court hearing the editorial comments should be removed prior to submission to the jury; reviewed the proposed exhibit list and made my changes. 5.75 hrs. |
| 11/24/04 | Letter to client with copies of final bills for Brookshire & Associates ($9,806.64) and Guidance Process Associates ($1,050.00) for expert witness fees for testimony in Court. .25 hrs. |
| 11/27/04 | Review additional draft of jury instructions submitted after the conclusion of the charge conference; meeting with client to review the jury instructions and make proposed changes. 7.75 hrs. |
| the | Start preparation for closing arguments and meet with client concerning closing argument for the final hearing; will meet tomorrow morning to continue work on closing arguments. 6.25 hrs. |
| 11/28/04 | Continue work on closing argument and discussed the manner it will proceed to be most effective and obtain his opinion; make copies of exhibits to be used in closing argument and post to a board since marking on the board is going to be time consuming, ineffective and a bore after four weeks of trial. 13.25 hrs. |
| 11/29/04 | Continue to work on closing argument in preparation for final close and prepare typed closing with areas to be addressed; met with client at 12:00 noon and continued to work with client until 5:00 a.m. when the closing was completed. 5.00 hrs. |
| 11/29/04 | Meet client at office at 8:00 a.m. for trial close; Cook in good shape and happy with closing argument and the manner it will proceed. 9.00 hrs. |
| 11/30/04 | Jury deliberating and Judge wants attorneys within 5-10 minutes of the courthouse and there is nothing that can be accomplished so sat with Cook for the day awaiting the jury's verdict. 8.0 hrs. |
| 12/1/04 | Jury is still deliberating and returns its verdict and the Court reads it in |

*Soothing*

open court. 5.75 hrs.

12/2/04    Return to Judge Weber's courtroom and he is addressing the issues one by one concerning the jury's decision, the post trial motions and asks if there is any interest in settlement of the case; to get together and see if the case can be settled. 3.25 hrs.

12/2/04    Legal research on the issue of Hubbard lying throughout numerous depositions in preparation for this case and related cases and reviewed the issue of spoilation of evidence and in particular as Davis v. Wal-Mart Stores, Inc. (2001), 93 Ohio St.3d 488 as it pertains to the lying by Hubbard and Cross throughout the process; explained to client that Hubbard lied in Dlott's courtroom, Norwood violated Speigel's order concerning removing items from the computer and no one does a thing about it; if necessary another lawsuit will be filed concerning the issue or a motion for new trial will be filed. 6.25 hrs.

*L.R. - post-trial* (handwritten note in left margin)

12/2/04    **Cook vs. Norwood (fed).** Invoice from Litigation Support for $585 for video playback of David Helm, M.D.

12/6/04    **Cook vs. Norwood (Common Pleas Case No. A0309489 - Judge Schweikert)** Motion for leave to file answer out of time received from Theodore Kiser.

12/6/04    Fax to Barbiere to advise to contact me once he has the opportunity to discuss settlement with his client; sent per recommendation of Judge Weber about settlement and don't want Norwood saying I never contacted them concerning the issue; advised client fax was being sent and explained the reasons for the fax. .75 hrs.

12/6/04    **Dennis Cook vs. Norwood (fed).** Paid invoices faxed over from Litigation Support Services that Bob had requested from them.

12/6/04    Letter to client with Litigation Support charge for video playback of Dr. Helm's video at Court. .25 hrs. $585.00.

12/7/04    Telephone conference with Barbiere and he thinks Cook needs to make an offer of settlement and advised Barbiere that I would send a settlement offer to him; discussed issue with Cook and advised to give me a number to forward for settlement; discussed the need to be reasonable concerning demand recognizing all cases will be resolved except workers compensation and obtained a number and incorporated in a letter and sent by fax to Barbiere. 2.75 hrs.

20

12/9/04     **Cook vs. Norwood (Case No. 0004738 - Judge Davis).** Notice from assign. Comm. Of case set for status report on 2/25/05 at 8:45 a.m.

12/9/04     **Cook vs. Norwood (Case No. 0309489 - Judge Schweikert).** Notice from assignment commissioner that case is set for case management conference on 1/10/05 at 2 p.m.

12/9/04     **Cook vs. James Conrad.** Notice from assign. Comm. Of pretrial set for 8/10/05 at 2 p.m. and jury trial set for 8/24/05 at 10 a.m.

12/9/04     Legal research on the issue of front pay and back pay; analyze Norwood's proposal to permit Cook to return to work; number of cases provide that if the level of hostility is high the return of the employee to the same environment is not appropriate; Cook is unable to return to Norwood because the individual in charge of Public Works is the same individual who did nothing for him when the individual was the president of the union; multiple cases reviewed on computer research; judge has discretion to award back pay. 4.25 hrs.

12/10/04    **Cook vs. Norwood (C.P. Case No. 0309489 - Judge Schweiker).** Agreed entry granting motion for leave to file answer out of time received from L. Barbiere along with Notice of additional counsel for defendant City of Norwood.

12/12/04    Legal research concerning issue of four corners of EEOC complaint; read Duggins case from Sixth Circuit; research on issue of individual filing EEOC complaint without assistance of counsel and relying on EEOC to perform its obligations set by code. 4.75 hrs.

L.R. - post-trial

12/13/04    **Cook vs. Norwood (Common Pleas - Judge Davis).** Letter from James Brockman that he appeared in Judge Davis's courtroom on 12/6/04 and continued matter for 60 days.

12/14/04    **Cook vs. Norwood (fed).** Letter from L. Barbiere with settlement offer of $200,000.00. .25 hrs.

12/14/04    Telephone conference with client reference settlement offer tendered by Norwood and advised him of the offer; Cook rejected offer; told him the attempts to negotiate with Norwood were a joke since there was no good faith offer to settle the case and more of the same concerning wasting time dealing with Norwood; letter to Barbiere rejecting claim and no need for further negotiation and sent by fax. 1.25 hrs.

12/20/04    **Cook s. Norwood (Judge Davis case).** Fax from Greg Dixon that either

21

January 11 or January 14 are fine with him for a report date.

12/21/04     **Cook vs. Norwood (Judge Davis).** Fax from Larry Barbiere that he is available on 1/14/05 for report hearing.

12/22/04     **Cook vs. City of Norwood (Case No. A0309489 - Judge Schweikert).** Letter from L. Barbiere with Answer of Defendant City of Norwood to Plaintiff's complaint.

12/23/04     Prepare motion for new trial and do research on issue and review trial notes. 2.75 hrs.

*L.R.- post-trial*

12/27/04     Finish motion for new trial and file with the Court. 3.75 hrs.

*L.R.- post-trial*

12/28/04     Work on fee application for submission to the Court. 3.75 hrs.

12/29/04     Continue work on preparation of fee application. 4.25 hrs.

12/30/04     Fee application continue work and attempt to secure affidavits. 3.75 hrs.

12/31/04     Fee application and obtain name of individuals for affidavits. 4.25 hrs.

1/3/05     Final review of fee application; preparation of affidavits and fee statement. 8.75 hrs.


WITNESS FEES:     Erwin, Hubbard, Molony, Osterday, Smith, Cross, Lacinak, Harris, Laake, Kennedy, Hochbein, Perkins, Williams, Andler and Fox
All issued checks for $46.75 per individual.

| | |
|---|---|
| Total Hours: | 670 |
| Hourly Rate: | $225.00 |
| Copies: | $828.10 (.10 X 8281) |
| Expenses: | $17,305.90 |
| Charges: | $150,750.00 |
| Witness Fees: | $701.25 |

TOTAL AMOUNT DUE:     $169,585.25

22

*TOTAL HOURS*
*O.A. - .25*
*Soothing - 29*
*excessive - 7.25*
*excessive trial exhibit books - 43.25*
*excessive Florida - 34*
*excessive Fee Application - 24.75*
*L.R. - directed verdict - 8.25*
*L.R. - other claims - 5.25*
*L.R. - post-trial - 17.5*

Dennis J. Cook
4127 Ivanhoe Avenue
Norwood, Ohio 45212

Year 1998

Total Hours: 65.75
Hourly Rate: $225.00
Copies:       $.00
Expenses:    $.00
Charges:     $14,793.75

TOTAL AMOUNT DUE:    $14,793.75

Year 1999

Total Hours: 47.00
Hourly Rate: $225.00
Copies:       $.00
Expenses:    $.00
Charges:     $10,575.00

TOTAL AMOUNT DUE:    $10,575.00

Year 2000

Total Hours: 24.50
Hourly Rate: $225.00
Copies:       $.00
Expenses:    $.00
Charges:     $5,512.50

TOTAL AMOUNT DUE:    $5,512.50

Year 2001

Total Hours: 41.75
Hourly Rate: $225.00
Copies:       $.00
Expenses:    $194.43
Charges:     $9,393.75

TOTAL AMOUNT DUE:    $9,588.18

Year 2002

Total Hours:  332.50
Hourly Rate: $225.00
Copies:        $1,660.00 (11,660 X .10)
Expenses:     $3,869.27
Charges:       $74,812.50

TOTAL AMOUNT DUE:    $80,341.77

Year 2003

Total Hours:  217.75
Hourly Rate: $225.00
Copies:        $220.50 (10 X 2205)00
Expenses:     $3,078.72
Charges:       $48,993.75

TOTAL AMOUNT DUE:    $52,292.97

Year 2004-2005

Total Hours:        670
Hourly Rate:        $225.00
Copies:             $828.10 (.10 X 8281)
Expenses:           $17,305.90
Charges:            $150,750.00
Witness Fees:       $701.25

TOTAL AMOUNT DUE:    $169,585.25

Total Amount due all years at $225.00 per hour plus expenses and costs: $342,689.42

Multiplier of 1.5 x $342,689.42 = $514,034.13

## SCHROEDER, MAUNDRELL, BARBIERE & POWERS

John W. Hust [1]
Robert S. Hiller [1]
Lawrence E. Barbiere [1]
Todd M. Powers [1,2]
Christopher L. Moore [1,2,3]

Jay D. Patton [1,3]
Dennis J. Buckley
Dennis P. Deters
Derek W. Scranton [3]
Megan C. Ahrens

ATTORNEYS AND COUNSELORS AT LAW
11935 MASON ROAD, SUITE 110
CINCINNATI, OHIO 45249-3703
TEL. 513-583-4200
FAX. 513-583-4203

Of Counsel:

William P. Schroeder [1]
Michael E. Maundrell

1 Also Admitted in Kentucky
2 Also Admitted in West Virginia
3 Also Admitted in Indiana

Writer's Direct Dial Number

(513) 583-4210

lbarbiere@smbplaw.com

March 8, 2005

Robert G. Kelly
4353 Montgomery Road
Norwood, Ohio 45212
Via facsimile

**RE:    City of Norwood ads. Dennis Cook**
**U.S. Dist. Ct. , Case No. C-1-02-073**
**SMB&P Ref:  590-5**

Dear Bob:

Upon receipt of Plaintiff's Application for Attorney Fees in the above referenced case, I requested, in writing, you provide me with documentation of the costs being sought.  Although you advised me this documentation would be forthcoming, I have not yet received it.  Please forward it to me as soon as possible.  At the same time, please forward copies of the unreported cases that you cite in your Application: **McDaniel v. City of Cincinnati** and **Gatch v. Milacron**.

Thank you for your prompt attention to this matter.

Very truly yours,

**SCHROEDER, MAUNDRELL, BARBIERE & POWERS**

Lawrence E. Barbiere

LEB/sm
bcc:    Ronald Edwards, Mike McGuff, JWF Specialty Co., Inc.(Claim #3370-101), Ted Kiser, Esq.

**EXHIBIT**
*B*

## ROBERT G. KELLY CO., L.P.A.
### 4353 Montgomery Road
### Norwood, Ohio 45212
### Telephone (513) 531-3636
### Telecopier (513) 531-0135

### FAX TRANSMITTAL SHEET

TO:          Lawrence E. Barbiere, Esq.

FAX NO:     1-513-583-4203

COMPANY:    SMB & P

FROM:       Robert G. Kelly

DATE:        February 17, 2005

NOTE: This fax totals __1__ pages including the cover page. If you do not receive all pages, please call (513) 531-3636.

COMMENTS AND/OR SPECIAL INSTRUCTIONS:

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the recipients named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this document is strictly prohibited. If you have received this document in error, please immediately notify us by telephone and return the original facsimile to us.

Re:     Cook vs. Norwood

Dear Mr. Barbiere: I received your fax dated February 16, 2005. I am not opposed to the motion for the reasons mentioned to you in previous telephone conversations that I do not want multiple appeals on the case. In discussing this matter with you I indicated I am not opposed to the Court ruling on all post trial motions and the application for attorney fees at the same time. It was my understanding you were going to discuss this matter with Court personnel to determine if it was possible to time all rulings at the same time on post trial motions and the attorney fee application. I am uneasy to agree to an additional extension if you have not discussed the matter with the Court concerning ruling on all motions so there are not multiple appeals. The other issue is the content as I advised you that you have the contemporaneous records in your possession. The expenses are being copied and will be sent to you. Should you have any questions please contact me.

# SCHROEDER, MAUNDRELL, BARBIERE & POWERS

John W. Hust [1]
Robert S. Hiller [1]
Lawrence E. Barbiere [1]
Todd M. Powers [1,2]
Christopher L. Moore [1,2,3]
—————
Jay D. Patton [1,3]
Dennis J. Buckley
Dennis P. Deters
Derek W. Scranton [3]
Megan C. Ahrens

ATTORNEYS AND COUNSELORS AT LAW
11935 MASON ROAD, SUITE 110
CINCINNATI, OHIO 45249-3703
TEL. 513-583-4200
FAX. 513-583-4203

Of Counsel:

William P. Schroeder [1]
Michael E. Maundrell

1 Also Admitted in Kentucky
2 Also Admitted in West Virginia
3 Also Admitted in Indiana

Writer's Direct Dial Number
(513) 583-4210

lbarbiere@smbplaw.com

February 8, 2005

*via fax*

Robert G. Kelly, Esq.
4353 Montgomery Road
Norwood, OH  45212

**RE:**   City of Norwood ads. Dennis Cook - U.S. Dist. Ct. , Case No. C-1-02-073
          SMB&P Ref:  590-5

Dear Bob:

In order to respond to the Application for Attorneys' Fees and Costs I will need to review your contemporaneous time records with respect to the Fee Application and your backup documentation with respect to the costs.  I would appreciate if you would forward that information to me at your earliest convenience so that I can file a timely response.

Thank you for your anticipated courtesy and cooperation.

Very truly yours,

SCHROEDER, MAUNDRELL, BARBIERE & POWERS

Lawrence E. Barbiere

LEB\sm

## MESSAGE CONFIRMATION

```
                                    02/08/2005   10:02
                                    ID=SMB&P
```

| DATE 02/08 | S.R-TIME 00'36" | DISTANT STATION ID 95310135 | MODE TX | PAGES 002 | RESULT OK | S.C. 0000 |
|---|---|---|---|---|---|---|

```
02/08/2005   10:01    SMB&P → 95310135                    NO.715   0001
```

# FACSIMILE

Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, OH 45249
Phone: (513) 583-4200
Fax: (513) 583-4203

**TO:** Robert G. Kelly, Esq.

**FROM:** Larry Barbiere, Esq.

**FAX No:** 531-0135

**Date:** February 8, 2005

**Re:** City of Norwood ads. Dennis Cook
SMB&P Ref: 590-5

**TOTAL NUMBER OF PAGES INCLUDING COVER SHEET:**

**COMMENTS:**

The information contained in this facsimile message is attorney-client privileged and confidential information intended only for the use of the individual or entity named above. If the read of this message is note the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via mail. Thank you for your cooperation.