**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DENNIS COOK,

        Plaintiff

     v.                              C-1-02-073

CITY OF NORWOOD, et al.,

        Defendants.

## <u>ORDER</u>

This matter is before the Court upon a motion for judgment as a matter of law filed by

defendant City of Norwood (Norwood) (doc. 140), Norwood's motion for stay of proceedings to

enforce judgment pending resolution of post-trial motions (doc. 141), and plaintiff's motion for

new trial (doc. 142).

### I. Procedural history

Plaintiff filed his complaint in this action on February 1, 2002 (doc. 1). He named as

defendants the City of Norwood; Gary Hubbard, who was the Director of Public Service for

Norwood at all times relevant to the complaint; Kevin Cross, who was the Superintendent of

Norwood Public Works at all times pertinent to the complaint; and Joseph J. Hochbein, who was

the elected Mayor of the City of Norwood at all times pertinent to the complaint.

This case arose out of plaintiff's employment by the City of Norwood beginning January

16, 1975. In the complaint, plaintiff alleged that he was employed in the capacities of laborer,

truck driver, sweeper operator, leadman of the street crew, heavy equipment operator, truck

driver in the parks division, and truck driver and laborer in the street division. Plaintiff claimed

1

that defendants harassed him, discriminated against him, and subjected him to threats of physical violence, racial epithets, religious insults and vulgarities. Plaintiff asserted that he repeatedly complained to defendants and to Norwood officials concerning the harassment, but his complaints were ignored and the harassment increased. Plaintiff alleged that it was defendants' practice and policy to force older employees such as plaintiff from their higher paid positions and to replace them with younger employees and to restrict the ability of older employees to assume higher paying positions.

Plaintiff brought the following claims for relief: age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq., based on plaintiff's alleged constructive discharge from his employment at the age of 44 (Count I); age discrimination in violation of the ADEA based on various policies and practices outlined in the complaint, the use of arbitrary and subjective standards for filling vacancies, and toleration of a hostile work environment that forced older men to resign positions or that denied promotions to older men, which caused a significant adverse and disparate discriminatory impact upon individuals over the age of forty, including plaintiff (Count II); discrimination based on race, color, religion, sex, disability and age in violation of O.R.C. § 4112.02 arising from plaintiff's constructive discharge and actions taken against plaintiff with regard to the tenure, terms, conditions or privileges of his employment (Count III); sexual harassment-hostile work environment based on use of profanity, vulgarity and demeaning name calling on a daily basis by plaintiff's co-workers and superiors (Count IV); negligent hiring based on defendants' failure to exercise reasonable care in the supervision of the conduct of its employees and the operations of its business to comply with applicable laws and standards of conduct and to screen and hire

2

capable and qualified individuals to serve as supervisors (Count V); intentional infliction of emotional distress (Count VI); violation of 42 U.S.C. § 1983 (Count VII); violation of 42 U.S.C. § 1985 based on defendants' acts of conspiring to deny plaintiff the equal protection of the laws and to injure plaintiff or his property for lawfully enforcing or attempting to enforce his rights and the rights of other older employees to equal protection of the laws (Count VIII); violation of 42 U.S.C. § 1986 based on defendants' failure to prevent the commission of the wrongs that defendants conspired to commit (Count IX); and violation of the Americans with Disabilities Act (ADA) based on a physical or mental impairment and including failure to treat plaintiff's medical information as confidential and requiring plaintiff to submit to psychological and medical examinations.

Defendants moved for summary judgment on all claims against them. In issuing its summary judgment order, the Court relied on the undisputed facts, including facts regarding several charges that plaintiff had filed with the EEOC. These included the following:

•    On May 15, 1998, plaintiff filed a charge of discrimination, Charge No. 645, with the Equal Employment Opportunity Commission (EEOC) asserting a cause of action based on age discrimination. Plaintiff alleged that he had been replaced as leadman because of his age. (Defendants' trial exh. 553).

•    On June 16, 1998, plaintiff filed an Amended Charge 645 asserting a cause of action based upon race, religion, age and disability discrimination. In the charge, plaintiff complained that he had been denied a promotion to the position of leadman on April 13, 1998, and that Hubbard had informed him that it was because plaintiff had refused to operate the backhoe, which was an essential function of the job. Plaintiff denied that he had refused to operate the backhoe and stated that the leadman had never been required to operate the backhoe in the past. Plaintiff also stated that other workers mocked him and co-workers who prayed and discussed religion among themselves during breaks and that he was constantly harassed because his son-in-law is black. Plaintiff also stated that on or about May 6, 1998, he learned that Hubbard had passed out a psychologist's report on plaintiff to plaintiff's co-workers. (Defendants' trial exh. 557).

• On June 16, 1998, plaintiff filed Charge No. 717, alleging retaliation for the filing of Charge No. 645. Plaintiff claimed that he had filed a charge of discrimination on May 15, 1998, and that on April 20, 1998, in retaliation for filing that charge, he was given a letter stating that his commercial driving license was incorrect and that his license had a restriction that prevented him from operating vehicles with air brakes. Plaintiff stated that he was removed from operating the 472 street sweeper. Plaintiff claimed that he was treated differently than other employees in that he was not allowed to take a city truck to his driver's test to obtain a new license or to take the test while on the clock. Plaintiff stated that he was aware of employees who had never been asked to present a license and who were operating motor vehicles. (Defendants' trial exh. 556).

The Court determined that the charges on which plaintiff could base his claims in this action were Amended Charge No. 645 and Charge No. 717, both of which were filed on June 16, 1998. The Court granted summary judgment on the majority of plaintiff's claims. Specifically, the Court dismissed plaintiff's ADEA claim based on his alleged constructive discharge, finding that plaintiff had failed to file an administrative claim for constructive discharge based on his age, such claim could not reasonably be expected to grow out of the charges plaintiff did file with the EEOC, and the charge plaintiff filed would not have prompted an investigation into his alleged constructive discharge, which occurred over a year after the incidents that were the subject of his EEOC charges. The Court also determined that defendants were entitled to summary judgment on plaintiff's ADEA claim premised on a disparate impact theory because that claim could not reasonably be expected to grow out of plaintiff's EEOC charges. The Court further found that plaintiff had not come forward with sufficient evidence at the summary judgment stage to show the existence of a genuine issue of material fact with regard to the claim.

The Court stated that,

> Plaintiff asserts that he will offer statistical evidence which will demonstrate a
> pattern and practice of defendants to systematically discriminate against older
> workers, but the burden is on plaintiff to produce such evidence in response to
> defendants' summary judgment motions in order to avoid summary judgment.
> Plaintiff has failed to do so. Accordingly, his disparate impact ADEA claim must
> be dismissed.

The Court also granted summary judgment in favor of defendants on plaintiff's sexual

harassment claim because plaintiff had failed to allege sexual harassment in his EEOC charges

and such a claim could not reasonably be expected to grow out of the charges he had brought,

and plaintiff had not come forward with evidence to support a sexual harassment/hostile

environment claim.  The Court granted summary judgment in defendants' favor on plaintiff's §

1983 claims on the ground that those claims were  time-barred.  The Court also granted summary

judgment on plaintiff's claims under §§ 1985 and 1986 on the ground that plaintiff had failed to

come forward with evidence to raise a genuine issue of fact as to whether he was denied his right

of access to the courts or any other right in violation of those statutes.

The Court denied summary judgment on plaintiff's claim of disability discrimination.

The Court found that plaintiff had presented such a claim in Amended Charge No. 645 by

checking the box for disability discrimination in that charge, claiming that he had been denied a

promotion to the position of leadman on false grounds, and alleging that on or about May 6,

1998, he had learned that defendant Hubbard had passed out to plaintiff's co-workers a Service

Fitness Report on plaintiff written by a psychologist.  In his summary judgment motion, plaintiff

claimed that defendants had limited and classified him in a way that adversely affected his

opportunities or status as an employee because of his disability; Norwood knew of his medical

condition and had attempted to worsen the condition by repeatedly writing plaintiff up for no

5

legitimate purpose, harassing plaintiff, and disclosing his condition to fellow employees;

Norwood required repeated psychological examinations of plaintiff and others who filed

administrative complaints and the only purpose of the examinations was to harass plaintiff and

serve as a subterfuge to terminate his employment; and defendants placed plaintiff on

administrative leave and removed him from operation of the street sweeper without any medical

evidence to justify the removal.  The Court determined that plaintiff had timely filed a charge

alleging disability discrimination with the EEOC based on denial of a promotion and that it did

not appear that plaintiff's claim of harassment based on a number of adverse actions allegedly

taken against him on account of his psychological disability was time-barred in its entirety. The

Court found that such claim could reasonably be expected to grow out of Amended Charge No.

645, particularly given plaintiff's assertion regarding defendants' dissemination of a

psychologist's report to his co-workers.  The Court also found that it appeared likely that at least

some of the allegedly discriminatory acts of which plaintiff complained had occurred within 180

days of the filing of the charge and that plaintiff could pursue his claim with respect to incidents

occurring within the 180-day period.  The Court later amended its determination and advised the

parties at the final pre-trial conference that plaintiff could pursue his claim with respect to

incidents occurring within a 300-day period.

   Finally, the Court found that defendants were entitled to summary judgment on plaintiff's

state law claims of discrimination on the basis of sex, race, color, or religion because plaintiff

had not come forward with any evidence to support a finding that he was discriminated against

on any of these bases.  The Court determined that plaintiff could proceed against all defendants

on his disability discrimination claim under state law.  The Court declined to exercise

supplemental jurisdiction over plaintiff's state law claims for age discrimination, intentional infliction of emotional distress, and negligent hiring.

Trial to a jury on plaintiff's claims of disability discrimination under state and federal law began on November 2, 2004. After fifteen days of trial and jury deliberations, the jury rendered its special verdicts. The jury determined that plaintiff had not proved by a preponderance of the legal evidence that one or more of the defendants had intentionally discriminated against him because they perceived him to be disabled. The jury determined that plaintiff had proved by a preponderance of the legal evidence that one or more of the defendants had retaliated against him for engaging in activity protected by the ADA on or after August 20, 1997, but not on or after February 1, 2000; that defendants Kevin Cross and Gary Hubbard had acted with malicious purpose or in a wanton or reckless manner; that each of the individual defendants had taken an adverse employment action against plaintiff while acting within the scope of his employment with the City of Norwood; that defendants' stated reasons for the adverse employment action were pretextual; and that plaintiff could perform the essential functions of his job as leadman, sweeper II operator, and laborer. The jury determined that plaintiff had proved front pay damages of $250,000.00, that $50,000.00 should be deducted from that amount for failure to mitigate, that defendants Cross and Hubbard had acted with actual malice or reckless indifference to plaintiff's known rights, and that punitive damages should be awarded to plaintiff against defendant Cross in the amount of $10,000.00 and against defendant Hubbard in the amount of $30,000.00.

After the jury had returned its special verdicts, the Court issued the following Order:

On December 1, 2004, the jury duly empaneled and sworn unanimously returned their Special Verdicts in this action. Pursuant to Special Verdict No. 1, judgment is granted in favor of all defendants and against plaintiff on plaintiff's claims for disability discrimination under Ohio law and the Americans with Disabilities Act (ADA). Judgment is granted in favor of the individual defendants and against plaintiff on plaintiff's claim for punitive damages since plaintiff is not entitled to recover compensatory damages on the claim for disability discrimination under state law.
Pursuant to Special Verdict Nos. 4, 5, 7, 8, 9, 10, 12, 13, 14 and 15, judgment is granted in favor of plaintiff and against the defendant City of Norwood on plaintiff's claim for retaliation under the ADA in the amount of $200,000.00, plus attorney fees, costs and interest from the date of the jury verdict at the federal rate. Judgment is granted in favor of defendant Joseph Hochbein and against plaintiff on all claims against defendant Hochbein. Defendant Hochbein is dismissed from the lawsuit with prejudice. Defendants Kevin Cross and Gary Hubbard are dismissed from the lawsuit.
It is therefore ordered that the Clerk of this Court shall issue a judgment in favor of plaintiff Dennis Cook and against defendant City of Norwood in the amount of 200,000.00, plus attorney fees, costs and interest from the date of the jury verdict at the federal rate.

## II. Motion for a new trial

### A. The parties' positions

Plaintiff seeks a new trial on the ground that "the evidence profoundly demonstrates the viability of all of the claims originally presented by the Plaintiff in his complaint." Plaintiff argues that the Court should vacate the grant of summary judgment on his age discrimination claim. Plaintiff concedes that he did not allege constructive discharge from the City in his first EEOC complaint because he was still employed by Norwood at that time, but he claims that between the time of his removal from the leadman position and his termination, he was denied the increased rate of pay for the leadman position as mandated by the collective bargaining agreement and that a demotion can serve as the basis for a valid ADEA claim. Plaintiff further alleges that the unrefuted evidence presented to the Court demonstrates the fraudulent

8

concealment of plaintiff's claim for a violation of 42 U.S.C. § 1983 based on denial of a fair and impartial hearing of a grievance. Plaintiff alleges that defendants denied him the opportunity to fully discover the nature and extent of their lies in the discovery process by continuing to lie throughout the process.

Plaintiff further alleges that his § 1985 claim remains viable because he has demonstrated that (1) two or more persons conspired to deter witnesses from testifying in a court proceeding in order to deny plaintiff the equal protection of the laws, and (2) defendants deprived plaintiff of the full opportunity to a fair and impartial hearing as a result of plaintiff seeking the protection of the EEOC.

As to the ADA claim, plaintiff alleges that he was an individual with a disability that the defendants perceived dating back to 1996. Plaintiff contends that he has demonstrated a disability though the medical evidence of record showing that Norwood considered his impairment to be substantially limiting and that the impairment was substantially limiting because of others' attitudes toward it; that he was qualified to perform the requirements of his job with or without reasonable accommodation; and that he was prevented from performing his job solely by reason of his handicap. Plaintiff contends that there is also direct evidence of discrimination in this case.

Plaintiff further contends that the Court's failure to permit him to proceed on a state cause of action for retaliation necessitates a new trial. Plaintiff states that,

> The Court phrased an interrogatory whether any act occurred after February 1, 2000 and the record reflects, unrefuted, the coverup of the substance of the acts of the Defendants through at least September 2000. Further the record reflects the City of Norwood was attempting to prevent the Plaintiff's workers' compensation claim through November 2000. All the times are well within the statute of limitations. To be direct and to the point, the Defendant Hubbard's deposition and trial testimony provide the Court with ample documentation of information to toll the statute of limitations or make the effective date the date of his testimony before the Court.

Plaintiff concludes that the filing of his state claim was timely based upon OAC 4112-3-17, which allows the Ohio Civil Rights Commission (OCRC) to defer any charge within its jurisdiction to the EEOC.

In response, defendants assert that the claims that did not survive summary judgment and that were not presented to the jury are not properly the subject of a Rule 59 motion because the plain language of the Rule indicates that a new trial may be granted only upon issues that have once been tried to a jury. Defendants contend that there are no allegations or evidence that the trial was unfair to plaintiff and the jury cannot be found to have reached a "seriously erroneous result" with respect to claims and issues not submitted to it. Defendants further allege that plaintiff has not provided any legal basis for granting a "new trial" as to a state cause of action for retaliation because that claim was not asserted in plaintiff's complaint, it was not set forth in the final pretrial statement as a matter to be litigated before the jury, and the claim was not litigated.

Defendants also argue that plaintiff has not established grounds sufficient for a new trial under Rule 59 with respect to the jury's verdict denying his claims for disability discrimination

10

under Ohio law and the ADA.  Defendants contend that the jury's determination that plaintiff did

not prove by a preponderance of the legal evidence that one or more of the defendants

intentionally discriminated against him because they perceived or regarded him as disabled is not

against the weight of the evidence and is not unreasonable.  ***See Barnes v. Owens-Corning***

***Fiberglass Corp.,*** 201 F.3d 815, 820 (6th Cir. 2000).  Defendants specifically allege that the

testimony supported a conclusion that plaintiff was not an individual with a disability during the

300-day time period prior to the filing of his EEOC amended charge on June 16, 1998, since

plaintiff was working during this time period, and that the jury was entitled to make this

determination even if there was contrary evidence on this point.  Defendants also assert that there

was adequate evidence for a jury to reasonably conclude that plaintiff did not prove that an

adverse employment action was taken against him solely by reason of a disability or a perceived

disability.

**B. Standard of review**

A new trial is warranted where the jury has reached a "seriously erroneous result"

because the verdict was against the weight of the evidence, the damages were excessive, or the

trial was unfair to the moving party.  ***Holmes v. City of Massillon,*** 78 F.3d 1041, 1046 (6th Cir.

1996).  The trial court should deny a motion for new trial "if the verdict is one that reasonably

could be reached, regardless of whether the trial judge might have reached a different conclusion

were he trier of fact."  ***Wayne v. Village of Sebring,*** 36 F.3d 517, 525 (6th Cir. 1994).

**C. Opinion**

The Court will deny plaintiff's motion for a new trial.  The vast majority of plaintiff's

claims were dismissed on summary judgment.  A motion for a new trial is not an appropriate

vehicle for challenging the Court's dismissal of the claims that went out on summary judgment since those claims were never presented to the jury. Rather, the proper procedure for plaintiff to follow in order to challenge the Court's dismissal of his claims on summary judgment is an appeal to the Sixth Circuit. Thus, the Court will not revisit its summary judgment ruling by determining whether plaintiff in entitled to a trial on those claims that did not proceed past the summary judgment stage.

Plaintiff's state and federal disability discrimination claims, including a claim for retaliation, were tried to the jury. Plaintiff has not shown that the jury reached a "seriously erroneous result" as to any of those claims. First, the jury could have reasonably determined that defendants did not perceive plaintiff as disabled during the relevant time period since plaintiff was performing his job duties for the City of Norwood without accommodation. Accordingly, plaintiff is not entitled to a new trial on the ground that he was discriminated against with respect to the terms and conditions of his employment solely because of a disability.

Second, the jury could have reasonably determined based on the evidence presented at trial that defendants retaliated against plaintiff on or after August 20, 1997, but not on or after February 1, 2000, for activity protected by the ADA. Accordingly, plaintiff is not entitled to a new trial on his claim for retaliation.

Finally, to the extent plaintiff is claiming that the trial was unfair, his claim is not well-taken. Plaintiff was able at trial to attack the credibility of the defendants and their witnesses, to demonstrate inconsistencies between their trial testimony and prior testimony and statements, and to expose conduct by defendants that was far from admirable and, in certain respects, violative of state and federal law. The trial was not unfair to plaintiff, and a new trial is not

warranted on this or any other ground asserted by plaintiff.

### III. Motion for judgment as a matter of law

### A. The parties' positions

Defendant City of Norwood moves the Court for judgment as a matter of law in accordance with Fed. R. Civ. P. 50(b). As grounds for its motion, defendant claims that plaintiff is not entitled to front pay on a claim for ADA retaliation pursuant to the law set forth in *Kramer v. Banc of America Securities, LLC,* 355 F.3d 961 (7th Cir. 2004), 42 U.S.C. § 12203, and 42 U.S.C. § 2000e-5(g)(1). Defendant further asserts that plaintiff is not entitled to front pay because he was not discharged or constructively discharged by the City of Norwood. Norwood instead claims that plaintiff was placed on a five-year leave of absence by the Ohio Public Employees Retirement System (PERS) in accordance with Ohio Rev. Code § 145.362 and that Norwood made a bona fide offer to extend the leave of absence in accordance with that code section for an additional five years. In addition, defendant contends that it is undisputed that plaintiff has been disabled since May 1999 and has been unable to work. Norwood argues that plaintiff's inability to work is not a result of retaliation by the City, claiming that plaintiff did not present sufficient evidence to prove a causal connection between ADA retaliation and his loss of employment.

In addition, Norwood claims that although it is unclear what protected activity plaintiff is claiming brought about retaliation by the City, it is clear that no adverse employment action was taken against plaintiff as a result of his filing his charge for disability discrimination on June 16, 1998.

In response, plaintiff argues that when he filed EEOC complaints subsequent to the May

1998 age discrimination charge, he was assigned to the worst jobs and that defendants then lied to the State Employment Relations Board (SERB) when plaintiff complained about defendants' activities,  and that he was denied his right to bump job assignments permitted by the Union agreement.  Plaintiff also asserts that he was not represented at the time he filed his complaints with the EEOC.   Plaintiff argues that an examination of his trial exhibit 494 makes clear that he engaged in protected activity and was placed on administrative leave, demoted, and suffered adverse job actions.

Plaintiff also contends that defendant's reliance on the ***Kramer*** case to challenge the jury's award of front pay is misplaced because nowhere in that case is it stated or implied that front pay is not available to a party subjected to discrimination or retaliation.  Plaintiff notes that the Sixth Circuit has characterized front pay as an equitable remedy, and it is a remedy that is authorized under 42 U.S.C. § 2000e-5(g).

In addition, plaintiff disputes Norwood's position that he was not discharged.  Plaintiff claims that Norwood refused to permit him to work while allowing employees with the same or similar limitations to work.  Plaintiff further contends that Norwood's offer to extend plaintiff's medical leave of absence for an additional five years is ludicrous, as well as inadmissible because the offer was made in the midst of potential settlement discussions.

Finally, plaintiff reiterates his argument that the Court should revisit its ruling that certain claims are time-barred and its ruling that plaintiff failed to allege a constructive discharge on the ground that defendants Hubbard and Cross lied under oath and refused to testify truthfully until after the Court had ruled on the summary judgment motion.

In reply, Norwood claims that plaintiff's inability to work was caused by physical

injuries incurred while on the job in May of 1999 rather than by a mental condition. Norwood also disputes plaintiff's position as to the availability of front pay as a remedy by relying on the *Kramer* case, asserting that "*Kramer's* conclusion is that the available remedies [for ADA retaliation] are back pay and equitable remedies."

Defendant concedes that plaintiff filed an EEOC charge on June 16, 1998, in which he alleged retaliation, but defendant asserts that plaintiff did not allege disability discrimination in either that charge (Defendants' trial exh. 556) or in his amended charge (Defendants' trial exh. 557). Defendant claims that there is a failure to exhaust administrative remedies on the ADA retaliation claim and a failure to present evidence of ADA retaliation under the statute. Defendant states that plaintiff's retaliation claim "was so vague that the jury understandably did not understand the legal basis for the claim."

Fed. R. Civ. P. 50(a)(1) sets forth the standard for a grant of judgment as a matter of law. It states,

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

The court may not grant a motion for judgment as a matter of law "unless reasonable minds could not differ as to the conclusions to be drawn from the evidence." *Paschal v. Flagstar Bank,* 295 F.3d 565, 582 (6th Cir. 2002) (citing *McJunkin Corp. v. Mechanicals, Inc.,* 888 F.2d 481, 486 (6th Cir. 1989)). The court may not "weigh the evidence, pass on the credibility of witnesses, or substitute its judgment for that of the jury." *Id.* (citing *Toth v. Yoder Co.,* 749 F.2d 1190, 1194 (6th Cir. 1984)). The court must instead view the evidence in the light

15

most favorable to the successful party, drawing from the evidence all reasonable inferences in that party's favor.  *Id.*

**B. Opinion**

Initially, the Court finds that plaintiff exhausted his administrative remedies on his ADA retaliation claim by filing an EEOC charge claiming retaliation on June 16, 1998. (Defendants' trial exh. 556).  The fact that plaintiff, who apparently filed the charge without assistance, did not specify that the retaliation was for activity protected under the ADA is not fatal to his claim.

In addition, the Court finds that the standard for a grant of judgment as a matter of law on the ADA retaliation claim is not satisfied.  After hearing all of the evidence presented at trial, the Court finds that there is a legally sufficient evidentiary basis for a reasonable jury to conclude based on the evidence that defendants harassed plaintiff in retaliation for his filing of various EEOC charges, including a charge of disability discrimination.  The jury could have likewise reasonably determined that such harassment at times rose to the level of cruelty and psychological abuse and that such reprehensible conduct exacerbated plaintiff's mental condition, which had not prevented him from performing his job with the City over the preceding twenty-plus years, to the point where the condition became disabling.  For these reasons, the Court finds that defendant is not entitled to judgment as a matter of law on plaintiff's claim that Norwood retaliated against him for engaging in activity protected under the ADA.

The Court also finds that there is no basis for disturbing the jury's award of front pay. The ***Kramer*** case on which defendant relies to argue that the law precludes an award of front pay for ADA retaliation does not address the remedy of front pay or suggest that front pay can never

be awarded as a remedy for retaliation under the ADA.  To the contrary, as defendant notes, the

Seventh Circuit in **_Kramer_** ruled that the statutory remedies for ADA retaliation include certain

equitable relief.  The Sixth Circuit has characterized front pay as equitable relief.  ***See, e.g.,***

***Roush v. KFC Nat'l Management Co.,*** 10 F.3d 392, 398 (6th Cir. 1993).  Thus, because

equitable remedies are available under 42 U.S.C. § 2000e-5(g), and because front pay is properly

characterized as an equitable remedy, defendant's argument that such relief is not an available

remedy for retaliation in violation of the ADA is not well-taken.

Defendant's argument that it is entitled to judgment as a matter of law on plaintiff's claim

for front pay because Norwood did not cause plaintiff's loss of employment is likewise not well-

taken.  Although plaintiff worked for the City of Norwood until he sustained a physical injury in

May of 1999, PERS ultimately determined that plaintiff was permanently disabled due to his

mental condition retroactive to June 1, 1999.  This determination, coupled with the medical and

other evidence, provided a legally sufficient evidentiary basis for the jury to determine that

plaintiff's psychological condition prevented him from returning to work and, as stated above,

that the City of Norwood was responsible for plaintiff's inability to return to work because

harassment by defendants' agents exacerbated plaintiff's existing mental condition to the point

where it became disabling.  For these reasons, Norwood is not entitled to judgment as a matter of

law on plaintiff's claim for front pay.

## V. Conclusion

In accordance with the foregoing, plaintiff's motion for a new trial (doc. 142) is **DENIED.**

Defendant's motion for judgment as a matter of law (doc. 140) is **DENIED.** Defendant's motion

for stay of proceedings to enforce judgment pending resolution of post-trial motions (doc. 141) is

**DENIED** as moot.

**IT IS SO ORDERED.**

S/ Herman J. Weber
HERMAN J. WEBER, SENIOR JUDGE
UNITED STATES DISTRICT COURT

J:\HJWA\02-73posttrl.PUB.wpd