**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DENNIS COOK,

              Plaintiff,

      v.                                Case No. C-1-02-073

CITY OF NORWOOD, et al.,

              Defendants.

## <u>ORDER</u>

This matter is before the Court upon plaintiff's application for attorney fees and costs (doc. 143), defendant City of Norwood's objections (doc. 160), and plaintiff's response to the objections (doc. 165). The matter is also before the Court upon defendant's motion to strike Exhibit E to plaintiff's response to the objections (doc. 166) and plaintiff's response to the motion to strike (doc. 167). A hearing on the application was held on August 23, 2005.

### I. Procedural history

The procedural history of this case is set forth in the Court's Order denying the parties' post-trial motions for a new trial and for judgment as a matter of law (doc. 168). The matter is currently on appeal to the United States Court of Appeals for the Sixth Circuit.

## II. Motion to strike Exhibit E

Defendant has withdrawn its objection to the documentation of plaintiff's expenses attached to plaintiff's response to defendant's objections to the attorney fee application, which defendant mistakenly referred to as Exhibit E but is actually Exhibit 8. The Court will therefore deny the motion (doc. 166) as moot.

## III. Motion for attorney fees and costs

Plaintiff filed his application for attorney fees and costs after the trial had concluded. Plaintiff seeks an award of $314,831.25 for attorney fees plus a multiplier of 1.5 times that amount, and $27,858.17 in costs.[1] Plaintiff seeks the Court's approval of an hourly rate of $225.00. Plaintiff alleges that this hourly rate, the time spent on this action, and the expenditures made are reasonable.

Defendant objects to plaintiff's attorney fee request. Defendant argues that in calculating the lodestar, the court should exclude hours that were not reasonably expended in this litigation and reduce the hourly rate for certain administrative and other services performed by plaintiff's counsel to reflect the prevailing market rate for those particular services; the lodestar should be reduced based upon plaintiff's limited success; plaintiff is not entitled to an enhancement of the fee award; and plaintiff is not entitled to all of the costs that he seeks.

---

[1] Plaintiff asserts in the conclusion of his motion that he requests $130,505.00 for attorney fees and $6,344.31 in costs for a total of $136,849.31. This is an error which the Court will disregard.

### A. Applicable law

Title 42 U.S.C. § 1988 authorizes "the district courts to award a reasonable attorney's fee to prevailing parties in civil rights litigation." *Hensley v. Eckerhart,* 461 U.S. 424, 429, 103 S.Ct. 1933, 1937 (1983). A useful starting point for determining the amount of a reasonable fee is the lodestar, calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate. *Id.* at 433. Where the party seeking the fee has established that the number of hours and the rate claimed are reasonable, the lodestar rate is presumed to be the reasonable fee to which counsel is entitled. *Pa. v. Delaware Valley Citizens Council for Clean Air*, 478 U.S. 546, 564, 106 S.Ct. 3088, 3098 (1986) (citing *Blum v. Stenson,* 465 U.S. 886, 897, 104 S.Ct. 1541, 1548 (1984)).

Where the plaintiff has obtained "excellent results," his attorney should ordinarily recover a fully compensatory fee. *Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940. In such a case, the fee award should not be reduced solely because the plaintiff did not succeed on each of his claims. *Id* at 436, 103 S.Ct. at 1941. On the other hand, if a claimant has achieved only partial success, the number of hours reasonably expended on the litigation as a whole multiplied by the hourly rate may yield an excessive amount. *Id.* at 436, 103 S.Ct. at 1941. This may be true even if the claims raised were interrelated. *Id*. Under these circumstances, the most critical factor is the degree of success obtained. *Id*.

Where the plaintiff has succeeded on only some of his claims for relief, the court must address two issues. First, the court must determine whether the claims on which the plaintiff failed to prevail were unrelated to the claims on which he succeeded. *Id*. at 434, 103 S.Ct. at 1940. Second, the court must ascertain whether the plaintiff achieved a degree of success that

3

renders the hours reasonably expended a satisfactory basis for making a fee award. *Id.*

Where the plaintiff has presented distinctly different claims for relief based on different facts and legal theories, work on an unsuccessful claim cannot be considered to have been "expended in pursuit of the ultimate result achieved." *Id.* at 435, 103 S.Ct. at 1940 (quoting ***Davis v. County of Los Angeles***, 8 E.P.D. ¶9444, at 5049 (C.D. Cal. 1974)). Therefore, no fee may be awarded for services performed on the unsuccessful claim. *Id*. Conversely, where the plaintiff's claims for relief involve common facts or related legal theories, so that much of counsel's time will have been devoted generally to the litigation as a whole, the court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id*.

Counsel for the prevailing party must make a good faith effort to exclude from a fee application hours that are "excessive, redundant, or otherwise unnecessary," just as an attorney in private practice is expected to use "billing judgment" before submitting a bill to his client. *Id.* at 434, 103 S.Ct. at 1939-40. Detailed documentation is required to support the hours claimed to have been spent on the litigation. ***United Slate, Tile and Composition v. G & M Roofing and Sheet Metal Co***., 732 F.2d 495, 502 (6th Cir. 1984). The documentation offered must be of "sufficient detail and probative value to enable the Court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Id.* at 502 n.2.

Where the court determines that the fee requested should be reduced, it may attempt to identify specific hours to be eliminated or reduce the overall award to take into account the limited degree of success. ***Hensley,*** 461 U.S. at 436-37, 103 S.Ct. at 1941. The court should not

reduce the fee award based on a simple ratio of successful claims to claims raised. See *Thurman v. Yellow Freight Systems, Inc*., 90 F.3d 1160, 1169 (6th Cir. 1996), *amended by*, 97 F.3d 833 (6th Cir. 1996)(citing *Phelan v. Bell*, 8 F.3d 369, 374 (6th Cir. 1993)).

Upward adjustments of the lodestar amount are permissible in certain "rare" and "exceptional" cases. *Geier v. Sundquist,* 372 F.3d 784, 793 (6th Cir. 2004) (citing *Citizens' Council for Clean Air,* 478 U.S. at 565, 106 S.Ct. 3088). As the Sixth Circuit noted in *Geier,* the United States Supreme Court has cited with approval consideration of the twelve factors set forth in *Georgia Highway Express,* 488 F.2d at 717-19, for determining whether the lodestar amount should be adjusted upward or downward to achieve a reasonable result. 372 F.3d at 792. The Supreme Court has, however, limited application of the factors, acknowledging that "many of the factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Id.* (citing *Hensley,* 461 U.S. at 434 n. 9, 103 S.Ct. 1933).

Several of the *Johnson* factors are not appropriately considered in determining whether an upward adjustment in warranted. These include the complexity or novelty of the issues in a case, *Geier,* 372 F.3d at 793 (citing *Blum,* 465 U.S. at 898-99, 104 S.Ct. 1541), and the vindication of important but often unpopular constitutional rights. *Northcross*, 611 F.2d at 638. The risk factor of not prevailing in the litigation is applicable only where the trial court specifically finds that the case is an exceptional case in which an upward adjustment is appropriate and that there was a "real risk of not prevailing in the case." *Geier,* 372 F.3d at 793 (citing *Council for Clean Air,* 478 U.S. at 564, 106 S.Ct. 3088). The factor of the quality of counsel's representation is "generally . . . reflected in the reasonable hourly rate," although this factor may justify an upward adjustment "in the rare case where the fee applicant offers specific evidence to show that the

5

quality of the service rendered was superior to that one reasonably should expect in light of the hourly rates charged and that the success was 'exceptional.'" *Id.* (citing *Blum,* 465 U.S. at 899, 104 S.Ct. 1541). Similarly, the "results obtained . . . generally will be subsumed within other factors used to calculate a reasonable fee" and "normally should not provide an independent basis for increasing the fee award." *Id.* (citing *Blum,* 465 U.S. at 899, 104 S.Ct. 1541). Finally, the risk inherent in counsel taking the case on a contingency basis is not a justification for enhancement of the attorney fees. *Wolfel v. Morris*, 972 F.2d 712, 720 (6th Cir. 1992) (citing *City of Burlington v. Dague*, 505 U.S. 557, 112 S.Ct. 2638 (1992)).

Time spent preparing and litigating an attorney fee petition is compensable. *Id.* at 151. In the absence of unusual circumstances, the compensable hours for preparation and litigation of a fee petition should not exceed 3% of the hours expended on the litigation of the main case when the case is submitted on the papers without a trial, or 5% of the hours expended on litigation of the main case when there has been a trial. *Id*.

A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney. *Fuhr v. School Dist. of City of Hazel Park,* 364 F.3d 753, 762 (6th Cir. 2004)(citations omitted). The court determines whether a requested hourly rate is reasonable by reference to the prevailing market rate, i.e., the rate that is customarily paid in the community to attorneys of reasonably comparable skill, experience, and reputation. *Id.* (citing *Blum,* 465 U.S. at 896 n. 11). The hourly rate to be used is not that of a "renowned" lawyer but that required to attract competent counsel without producing windfalls to counsel. *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995); *Coulter v. Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986). A renowned lawyer who normally commands a higher hourly rate than competent and experienced lawyers in

the region should ordinarily be compensated at the lower, regional market rate. ***Coulter***, 805 F.2d at 149.

The Sixth Circuit has stated that "it is desirable, whenever possible, to vary the hourly rate awarded depending upon the type of service being provided." ***Northcross v. Board of Ed. of Memphis City Schools***, 611 F.2d 624, 638 (6th Cir. 1979). A division is appropriately made among "paralegal services, in-office services by experienced attorneys, and trial service." ***Id***.

### B. The parties' positions

In its objections to the fee petition, defendant contests the number of hours that plaintiff's counsel devoted to litigation of this lawsuit and claims that the Court should exclude hours that were not reasonably expended. First, defendant asserts that the hours set forth in the time records that counsel has submitted actually total 1,392.75 and not 1,399.25 as asserted by plaintiff. Plaintiff does not challenge defendant's calculation. Second, defendant argues that the lodestar should be reduced by 50% to 696.375 hours to account for time spent pursuing claims against the three individual defendants. Third, defendant submits that 172.75 hours should be deducted, leaving a total of 524.125 hours, with the breakdown as follows: (1) 57.25 hours that plaintiff's counsel spent pursuing other litigation on plaintiff's behalf, including time counsel spent representing plaintiff in disciplinary hearings and time devoted to charges filed with the EEOC that were dismissed, unfair labor practice charges, Ohio Bureau of Employment Services claims, Ohio State Employment Relations Board claims, criminal actions arising out of dog citations and building code violations, workers compensation claims, AFSCME filings, and a claim that the Norwood Fire Department mishandled plaintiff's son. (See notations of "O.A." for "Other Action" that defendant has marked on counsel's time sheet); (2) 20 of the 24.75 hours expended

by plaintiff's counsel in preparing the Application for Attorney Fees and Costs on the ground that the excessive time plaintiff's counsel required in order to purportedly research the fee issue and the format of the application is attributable to counsel's failure to maintain contemporaneous time records; (3) 94.5 hours that plaintiff's counsel ostensibly spent "soothing" his client; and (4) .5 hours set forth in the July 10, 2000 time entry pertaining to time plaintiff's counsel purportedly spent representing clients in other litigation.

Defendant argues for a further deduction of 62.75 hours from the remaining total for time purportedly devoted to paralegal and clerical tasks. Defendant contends that the following entries reflect in whole or in part the performance of clerical services for which no time should be charged:

| | | |
|---|---|---|
| 12/15/99: | Deliver plaintiff's medical records to EEOC per his request | 1.75 |
| 2/1/02: | Proofread complaint; meet with client to review; travel to federal court to file | 4.75 |
| 6/30/02: | Pick up report concerning therapy provided to plaintiff; provide a copy to plaintiff and meet with him to review the report | 2.25 |
| 7/1/02: | Fax transmission of expert reports to counsel | 3.75 |
| | Drive to Troy, Ohio, to hand-deliver reports to Dixon after his fax machine broke down | 2.50 |
| 8/28/02: | File Rule 26 submission with the clerk and send copy to other counsel | 1.25 |
| 9/30/02: | Meet with plaintiff to review answers to interrogatories and obtain his signature on the interrogatories | |
| | Deliver interrogatories to Barbiere's and Maundrell's offices | 7.75 |

8

2/28/03:  Prepare subpoena to METRO concerning Hubbard, subpoena for Marzella,
          travel to Columbus to serve BMV and Marzella with subpoenas                5.50

10/8/04   Travel to Florida to serve subpoena on prospective witness Dennis Jones    34.00

10/20/04: File jury instructions and special jury verdicts with the clerk on-line    1.00

    In addition, defendant argues for a reduction of 54.5 hours, to 406.875 hours, to reflect

time that counsel spent between May 13 and May 16, 2004, assembling exhibit books for trial,

and to reflect time spent between October 28 and October 29, 2004, revising exhibit and witness

lists in order to meet the requirements of the Court.  Defendant contends that if the Court

determines that these hours were reasonably spent, then plaintiff should be reimbursed at a rate

that is appropriate for a paralegal.

    To account for plaintiff's limited success, defendant argues that the Court should deduct

from the total number of hours expended on the litigation all time incurred prior to the pretrial

conference on October 13, 2004.  Defendant alleges that plaintiff first recognized at the

conference the claim for retaliation on which he ultimately prevailed, and therefore any hours

expended prior to that time could not have been devoted to the pursuit of that claim. Defendant

urges that of the 412.75 hours allegedly incurred following the pre-trial conference, an additional

71.75 hours should be deducted for the time that plaintiff specifically identified as being spent on

legal research for claims on which plaintiff failed to prevail, clerical tasks, paralegal tasks,

soothing the plaintiff, and preparing the Application for Attorney Fees and Costs, leaving a total

of 341 hours.

Defendant further argues in its objections that in the event the Court is not willing to proceed in this manner, then the Court should take into account plaintiff's failure to prevail on all claims pursued in the litigation. Defendant alleges that the sole claim on which plaintiff prevailed, which is his retaliation claim, could not have existed until the charge of disability discrimination was filed on June 16, 1998 (Amended Charge 645). Defendant alleges that the retaliation claim did not represent plaintiff's main goal, which was the pursuit of his claims arising out of alleged age discrimination. Defendant contends that pursuit of the age claims represented the bulk of plaintiff's complaint, discovery, summary judgment response, and post-trial efforts. Defendant also argues that a large number of plaintiff's claims were unrelated to the retaliation claim on which plaintiff prevailed, including his claims under §§ 1983, 1985, and 1986, and state claims for discrimination based on sexual harassment, sex, race, color and religion. Defendant alleges that these claims required different facts and legal theories, as did the dismissed claims for negligent hiring and intentional infliction of emotional distress and the dismissed federal and state claims for age discrimination under theories of disparate treatment and disparate impact. Defendant contends that plaintiff's federal and state disability discrimination claims were unrelated to the retaliation claim, which was based on events that occurred subsequent to the filing of the discrimination charge. Defendant proposes the following deductions from the lodestar based upon plaintiff's limited success: 69.75 hours for time devoted to legal research on claims on which plaintiff did not prevail; 17.5 hours for time devoted to plaintiff's interlocutory appeal from the summary judgment decision, research on a directed verdict, post-trial motions and appeals on which plaintiff has not yet prevailed, and legal research

10

in contemplation of another lawsuit; a 50% reduction of the lodestar to 154.9375 hours to reflect the time spent on unsuccessful claims unrelated to the retaliation claim; and a further 50% reduction to 77.46875 hours based on plaintiff's lack of success on his related claims.

At oral argument, defendant presented the Court with a different approach. Defendant argued that only 172.75 hours should be excluded from the total number of hours claimed, independent of any further reductions to account for plaintiff's lack of success of all claims. That number is the total number of hours that defendant attributes to work expended on other actions, excessive time spent on the fee application, and time spent soothing the plaintiff and representing clients in other litigation. When that number of hours is subtracted from the total number of hours claimed, the resulting total is 1,220 hours. Defendant argues that this number should be further reduced by 50% to account for plaintiff's failure to prevail on his disability discrimination claim, and that the resulting figure of 610 hours should be further reduced by 50% to account for plaintiff's failure to prevail on his claims against the individual defendants, leaving a total of 310 compensable hours.

In response to defendant's objections, plaintiff urges the Court to follow the twelve-step analysis employed by the Fifth Circuit in *Johnson v. Georgia Highway,* 488 F.2d 714 (5th Cir. 1974), to determine the reasonableness of the fee charged. Plaintiff sets forth the following reasons for granting his fee request under the *Johnson* analysis: (1) Time and labor required: Defendant and its staff used numerous Norwood employees to harass plaintiff over a period of years, while plaintiff had only his attorney to preserve his rights and oppose defendants' wrongful actions; (2) The novelty and difficulty of the questions presented: Plaintiff was dealing with deceitful and corrupt public officials who used tax dollars to violate the law; (3) The skill needed

11

to perform the legal service properly: Plaintiff's counsel has extensive experience with the City of Norwood, including serving as its Law Director for sixteen years, counsel knew plaintiff's work history and Norwood's cronyism, and counsel needed "to eviscerate the halo of sanctity around the management team to expose them for the thugs and reprobates they were to the employees of the City of Norwood" in order to obtain the truth from witnesses; (4) The preclusion of other employment by the attorney due to acceptance of the case: Plaintiff's counsel essentially worked two jobs to obtain relief for plaintiff, and Norwood permitted its management team to lie and subvert the truth while plaintiff's counsel sought the truth; (5) The customary fee: Plaintiff has submitted an affidavit regarding the customary fee from an attorney familiar with employment discrimination who practiced with one of the larger firms in town. Also, defendant utilized five attorneys to represent itself and its management team, whereas plaintiff worked on his own; (6) Whether the fee is fixed or contingent: The fee was contingent upon success; (7) Time limitations imposed by the client or circumstances: Plaintiff's counsel worked around the clock to deal with employees of Norwood who were purposefully violating the law; (8) The amount involved and the results obtained: The amount involved is $200,000.00 greater than an offer received from Norwood prior to trial. Also, the Court should consider that the same management team would in all likelihood still be operating in Norwood if their lawless behavior had not been exposed by plaintiff's counsel; (9) The experience, reputation, and ability of the attorneys: "Plaintiff's counsel is a practicing attorney with twenty-seven years experience, no prior disciplinary action and who worked the case as required within the Plaintiff's limited resources to limit the exposure of his client in the event of an unfavorable outcome;" (10) The "undesirability" of the case: It took seven years to vindicate plaintiff's rights, and the plaintiff was limited to compensatory

damages against Norwood since it is a governmental entity; (11) The nature and length of the professional relationship with the client: Plaintiff's counsel has only charged for work performed. He did not charge for "soothing" his client, although he remained with his client in the face of numerous mental breakdowns and difficult personal circumstances; and (12) Awards in similar cases: Plaintiff made a sizable recovery on a retaliation claim. The award is the highest jury award against Norwood in a civil rights case.

Plaintiff claims that Norwood needlessly protracted these proceedings by lying, covering up its actions, and employing stall tactics. Plaintiff asserts that counsel attempted to resolve this case with Norwood on numerous occasions, but Norwood refused to settle. Plaintiff denies that counsel is seeking a fee for time spent "soothing" him, claiming rather that counsel had to take additional steps to assist plaintiff in understanding, and being able to participate in, the court proceedings due to the plaintiff's mental condition. Plaintiff also alleges that counsel's actions related to criminal proceedings involving the plaintiff were designed to prevent Norwood from misusing the criminal process against plaintiff and subverting the civil proceedings. Plaintiff further argues that the claims against the individual defendants were part and parcel of the case against Norwood, which employed the individual defendants and is liable for their actions. Plaintiff alleges that he included only those items related to the case before the Court in his fee application. Plaintiff denies that counsel is charging him for work performed on other cases, noting that counsel utilized the same expert for three different cases but that the information requested and prepared for each one of the individuals was different. Plaintiff also claims that if counsel had utilized a paralegal or another attorney to be a "gopher" in this case, the cost would have been staggering.

Plaintiff claims that it is reasonable for counsel to charge for time spent delivering medical records because plaintiff's counsel accumulated the records, reviewed them, and delivered them when the case was being investigated and "wallowing at the EEOC." Plaintiff defends the 2/02/02 entry regarding the filing of the complaint by explaining that counsel reviewed the complaint with the plaintiff before filing it and that a trip to the courthouse and back takes approximately one hour. Plaintiff indicates that counsel had to deliver items by hand to opposing counsel when they wanted the documents and that counsel had to hand deliver a document to Dixon's office in Troy, Ohio, when the fax machine disconnected. Plaintiff contends that counsel's trip to Florida to deliver a subpoena was necessary because the witness, Dennis Jones, would not cooperate with the plaintiff or voluntarily appear on plaintiff's behalf because of Jones's fear of the City of Norwood.

Plaintiff alleges that he and counsel prepared the exhibit books together and that, like plaintiff, Norwood failed to follow the Court's instructions and was required to submit a revised exhibit list. Plaintiff asserts that the "premature appeal charges can be eliminated" and that plaintiff's counsel moved forward on the directed verdict issue after doing the same research in anticipation of Norwood's request for a directed verdict.

## C. Opinion

Upon careful consideration of the fee application, the arguments presented by counsel at the hearing on the fee petition, and the entire record of the case, the Court finds that plaintiff is entitled to an attorney fee award and costs. Plaintiff prevailed on his retaliation claim and received a substantial damages award so that an award of attorney fees and costs is appropriate. The requested fees and costs must, however, be reduced to account for plaintiff's partial success,

excessive hours, and non-compensable costs and expenses, as set forth below.

### 1. Attorney fee

The starting point for determining the amount of the fee award is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Defendant does not challenge the reasonableness of the hourly rate sought by plaintiff for the legal services counsel performed.  The Court notes that according to his affidavit, Mr. Kelly has been licensed to practice law in Ohio since 1977, and plaintiff has submitted the affidavit of another experienced attorney in the field, Christopher Ragonesi, who avers that experienced counsel in the employment law field routinely charge at or above $225.00 per hour.[2]  The Court finds that this rate is reasonable for an attorney of Mr. Kelly's qualifications and experience.

Plaintiff does not dispute that the hours included on the fee application add up to 1,392.75 hours as opposed to 1,399.25.  Accordingly, the total number of hours claimed will be reduced by 6.5 hours to account for this error.  The starting point for the Court's calculation is therefore 1,392.75 hours.

The Court finds that hours expended by counsel prior to issuance of the EEOC's Right to Sue letter on November 16, 2001, should not be allowed as attorney fees in this lawsuit. Accordingly, **174.75** hours will be deducted from the total number of hours allowed.

Plaintiff is not entitled to recover a fee for work performed by counsel on matters that

---

[2] Mr. Ragonesi states that his practice has focused primarily on employment law and his experience includes approximately six years in the labor and employment department at Dinsmore and Shohl, one of the region's largest defense firms.

were not part of the proceedings before this Court.  It is not sufficient that those matters involved the same parties and may have been tangentially related to this lawsuit.  Plaintiff does not dispute Norwood's calculation of the number of hours spent on other actions, which is 57.25.  Of that number, 9.75 hours were devoted to other actions following issuance of the right-to-sue letter, and the remaining hours have been deducted as being expended prior to issuance of the EEOC's right-to-sue notice. Therefore, **9.75** hours will be subtracted from the total number of compensable hours.

Defendant contends that plaintiff's counsel spent 94.5 hours soothing his client.  The Court accepts as valid counsel's assertion that plaintiff's mental state required counsel to take additional steps to make sure the plaintiff was aware of the proceedings and understood the process.  The Court, however, rejects as unfounded counsel's position that devoting fewer hours to the goal of keeping plaintiff informed of the proceedings would have constituted a violation of the disciplinary rules.  To the contrary, the entries disclose that counsel spent an inordinate amount of time providing plaintiff with advice that appears to have been outside the realm of an attorney's duties and more in the nature of personal counseling.  The Court finds that the number of hours reflected in the following post-right-to-sue entries should be reduced for this reason:

| | |
|---|---|
| 11/16/01 | 3.25 hours to discuss right-to-sue letter from EEOC. |
| 6/15/04 | 2.25 hours to meet with plaintiff regarding postponement of trial date. |
| 9/12/04 | 4.25 hours to meet with plaintiff regarding ability to testify and motion in limine; reviewed a case decision. |
| 11/29/04 | 9.0 to meet with plaintiff for trial close (after counsel had worked on closing argument for 24.5 hours and after prior time entry indicating that the closing had |

been completed).

It cannot be determined from these entries how much of the time recorded therein was spent providing legal counsel and how much time may have been spent providing comfort and personal advice that falls outside the realm of a lawyer's duties to his client. Plaintiff's counsel has not submitted documentation of sufficient detail and probative value to enable the Court to determine whether the hours claimed in these entries were actually and reasonably expended in the prosecution of the action. After reviewing the description of the work performed for each entry and the time allotted to the tasks described, however, the Court believes that halving the number of hours claimed in these entries is appropriate in order to reflect the amount of time that one could reasonably be expected to expend on the lawsuit-related aspects of these tasks. Accordingly, the Court finds that the total number of hours for these entries, 18.75, should be reduced by **9.25** hours, and those hours will be deducted from the total number of hours allowed.

A reduction in the lodestar is also warranted for time that counsel devoted to the performance of administrative or clerical tasks. While the Court understands that plaintiff's counsel is a sole practitioner who does not have a paralegal on staff, the Court finds that some of the services performed by plaintiff's counsel were administrative duties that required an inordinate amount of counsel's time and which could have been accomplished in a far less costly manner, such as by using a courier or process server or, in the case of the Dixon fax, by having the recipient designate an alternative fax machine. Accordingly, the Court finds that it is appropriate to reduce the number of hours allowed by **13** hours to account for tasks that could have been performed more efficiently or charged at a lower hourly rate.

With regard to service of the subpoena on Dennis Jones, devoting 34 hours to this endeavor at the rate of $225.00 per hour means that the cost of serving the subpoena was

$7,650.00. Plaintiff asserts that it was necessary for counsel to travel to Florida, serve the subpoena on Jones, and transport him to Cincinnati because this was the only way to get Jones to testify. The Court finds that performance of this administrative task was an unreasonable use of counsel's time and an exorbitant expenditure of money that was simply not justified and did not reflect good billing judgment. Accordingly, plaintiff is not entitled to attorney fees for the time devoted to this task, and the Court will accordingly reduce the total number of hours for which a fee will be awarded by **34** hours.

In addition, counsel is not entitled to recover a fee for time spent correcting submissions to the Court that had not been placed in the proper format when originally submitted. It appears from the entries that counsel devoted **12** hours to this task, and those hours will be deducted from the fee award.

Accordingly, the Court finds that a total of 252.75 hours should be deducted from the total number of compensable hours, yielding a total of 1,140 compensable hours before taking into account any deductions for plaintiff's limited success on his claims.

The Court declines to follow the approach advocated by defendant in either its opposing memorandum or at oral argument to account for plaintiff's limited success. The approach outlined by defendant in its objections would yield a total of 77.5 compensable hours, which defendant cannot seriously argue is a sufficient amount of time for an attorney to prepare and try a lawsuit of this nature, particularly since the case was tried to a jury over the course of 15 days and plaintiff's counsel had to deal with recalcitrant parties and witnesses throughout the course of the proceedings.

The approach advocated at oral argument likewise would not produce an acceptable result.

19

The claims that proceeded to trial were closely related. In order to succeed on his retaliation claim, plaintiff was required to demonstrate that defendant took an adverse employment action against him in retaliation for pursuing a disability discrimination claim and that he held a good faith belief that the conduct he opposed constituted unlawful discrimination, which required proof of the alleged discrimination. In addition, although plaintiff did not succeed in obtaining a judgment against the individual defendants, the claims against Norwood were based upon the actions of those defendants, the evidence showed that Norwood condoned those actions, and it was necessary for plaintiff to prove wrongdoing by these defendants in order to succeed on his case against Norwood. Thus, it appears that much of counsel's time was devoted to the litigation as a whole. Moreover, plaintiff received a substantial judgment, his counsel's representation was skillful, plaintiff's mental condition made counsel's job more difficult, plaintiff's counsel was aligned against five counsel representing the various defendants, and plaintiff's counsel, a sole practitioner, appears to have devoted a substantial portion of his time to this case over the course of the past several years. Thus, a reduction of the fee award of the magnitude suggested by defendant based on plaintiff's failure to prevail on all of the claims is not warranted.

On the other hand, it is clear from the record that counsel spent a significant amount of time pursuing claims on which plaintiff did not prevail and which did not survive summary judgment, including plaintiff's claims under §§ 1983, 1985, and 1986, his age discrimination claims, and his state law claims for discrimination based on sexual harassment, sex, race, color, and religion. Given that many of the claims to which counsel devoted a significant amount of time were dismissed before trial, the level of success does not make the hours reasonably expended a satisfactory basis for making the fee award. The time entries are not sufficiently

detailed, however, to enable the Court to ascertain what number of hours was spent on the unsuccessful claims. Accordingly, the Court believes that a percentage reduction is appropriate so that the fee accurately reflects the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. *See Hensley,* 461 U.S. at 435, 103 S.Ct. at 1940. The Court finds this approach to be consistent with the Sixth Circuit decisions cited by defendant in support of its objections. *See, e.g., Kentucky Restaurant Concepts, Inc. v. City of Louisville,* 117 Fed. Appx. 415, 2004 Fed.App. 0143N (6th Cir. 2004) (not published in Federal Reporter) (affirming 35% reduction based on partial success where trial court upheld substantive provision of challenged ordinance but enjoined the ordinance in its entirety); *Allen v. Allied Plant Maintenance Company of TN, Inc.,* 881 F.2d 291 (6th Cir. 1989) (35% reduction appropriate where plaintiff recovered against only two of ten defendants and on one of five causes of action and failed to prevail on his claim for punitive damages). In keeping with these decisions, the Court finds that an appropriate reduction for partial success in this case is a slightly smaller but comparable reduction of **30%**. This results in a total of 798 compensable hours (1140 x 30% = 342 hours/1140-342 = 798 hours), and a total fee award of $179,550.00 (798 hours x $225.00).

No further reduction is warranted for time dedicated to preparing the fee petition. Plaintiff's counsel has represented to the Court that he maintained contemporaneous time records, and the number of hours claimed for preparation of the petition does not exceed 5% of the total number of compensable hours.

As to plaintiff's request for a multiplier of 1.5, the Court finds that although this case was unusual in certain respects, it was not a "rare" and "exceptional" case such as would warrant use

21

of a multiplier. Plaintiff's counsel skillfully presented plaintiff's case, but plaintiff has not

offered specific evidence to show that the quality of the service rendered was superior to what one

would reasonably expect in light of the rate charged and that the degree of success was

exceptional. There is no other basis for applying a multiplier.

### 2. Costs

Plaintiff has attached documentation of his costs as Exhibit 8 to his response to

defendant's objections. Plaintiff submits that the following adjustments should be made to the

expenses claimed in order to correct calculation errors: (1) the 2001 payment to Parsons was

$120.00, not $125.00; (2) the 2002 payment to Princeton High School on 11/4/02 was $3.35, not

$3.55; (3) plaintiff cannot locate the receipt for the 6/19/02 Fed Ex charge, and $12.50 should be

deleted; (4) the calculation for 2003 should be $4,239.72 since an addition error was made, and

the entry dated 3/17/03 for delivery of items at a cost of $63.00 is being deleted as it was a cash

payment and no record was kept except on the time record; and (5) the calculation for 2004

should be reduced to $15,619.74 since the expense records for 10/1/04 and 10/29/04 cannot be

located. The total costs claimed by plaintiff, after making these adjustments, are as follows:

| | |
|---|---|
| 2001: | $    189.43 |
| 2002: | $ 5,516.57 |
| 2003: | $ 4,239.72 |
| 2004: | $15,619.74 |
| | $25,565.46 |

Defendant does not object to plaintiff's claimed costs, except as to certain expert witness

fees.  Defendant claims that plaintiff is not entitled to recover costs for expert witnesses with the

exception of travel expenses and witness fees of $30.00 per day for each day the witness appeared

at a deposition or in court. Defendant therefore objects to the additional costs for experts and for

Dr. Helm claimed by plaintiff, which are as follows:

| | | |
|---|---|---|
| 6/16/01 | Associates for Psychological Resources (Vocational evaluation) | $  120.00 |
| 7/17/02 | Associates for Psychological Resources (Vocational expert report) | $  255.00 |
| 8/26/02 | Michael L. Brookshire & Associates | $ 1,768.00 |
| 5/21/04 | Dr. David Helm (Witness fee for deposition testimony) | $ 1,000.00 |
| 11/2204- 11/24/04 | Michael L. Brookshire & Assocs. (Fee for in-court testimony) | $ 9,806.64 |
| 11/22/04- 11/24/04 | Guidance Process Associates | $  1,050.00 |
| | | $13,999.64 |

Defendant has cited one case in support of its position that expert witness fees are not

compensable as costs.  *See Knop v. Johnson*, 712 F. Supp. 571 (W.D. Mich. 1989).  The court in

*Knop* determined that it was bound by the Sixth Circuit's finding in *Northcross* that the cost of

expert witnesses is compensable, if at all, under 28 U.S.C. § 1920, and § 1920 limits

compensation to the statutory witness fee provided by 28 U.S.C. § 1821.  *Knop,* 712 F.Supp. at

589-90 (citing *Northcross,* 611 F.2d at 639; *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S.

437, 439, 107 S.Ct. 2494, 2496 (1987) (federal courts are bound by the limits of § 1821(b) absent explicit contractual or statutory authority for the taxation of the expenses of a litigant's witnesses as costs)).  Section 1821 authorizes an attendance fee of $40.00 per day for a witness and reimbursement for the cost of travel when the travel is by common carrier.

Plaintiff has not cited any case law or statutory authority to show that he is entitled to recover the above-listed costs of  $13,999.64, with the exception of an attendance fee of $40.00 per day as authorized under § 1821 for Dr. Helm, Dr. Parsons (Guidance Process Associates), and Brookshire & Associates for their deposition and in-court testimony.  Absent any authority for taxing these witnesses' additional fees as costs, the Court declines to tax costs exceeding $40.00 per day for these witnesses.  It is not clear from plaintiff's fee petition how many days of testimony each witness provided, so the Court will assume that each witness testified one day.  Plaintiff is therefore entitled to recover $120.00 in costs for these witnesses.  The Court will deduct from the total claimed costs the remaining witness fees of $13,879.64, leaving a total of $11,685.82 in compensable costs.

**V. Conclusion**

Plaintiff's application for attorney fees and costs is **GRANTED** as modified herein.

Plaintiff is awarded attorney fees in the amount of $179,550.00 and costs in the amount of

$11,685.82 for a total of $191,235.82.

**IT IS SO ORDERED.**

S/ Herman J. Weber
_____
HERMAN J. WEBER
SENIOR JUDGE, UNITED STATES DISTRICT COURT

J:\HJWA\02-73attyfeesPUB.wpd

25